

March 25, 2024

Hon. J. Paul Oetken
Thurgood Marshall, United States Courthouse
40 Foley Square
New York, NY 10007

Re:   *Jones v. Combs, et. al,* **Case No. 24-1457**

Dear Judge Oetken:

Our firm represents Universal Music Group (we believe Plaintiff intended to name UMG Recordings, Inc., as there is no juridical entity named Universal Music Group; nor are our clients "United" Music Group), Sir Lucian Grainge (the Chairman and CEO of UMG Recordings, Inc.), Ethiopia Habtemariam (the former Chairman and CEO of Motown Records) and Motown Records.  I write in response to the letter to Your Honor sent by Plaintiff's counsel, Tyrone Blackburn dated March 23, 2024.

Mr. Blackburn's letter makes reference to correspondence we have had, which he does not attach.  Unfortunately, consistent only with the allegations Mr. Blackburn has littered throughout the Amended Complaint in this action, his description of our correspondence is less than accurate.  I will not burden Your Honor with copies of the actual correspondence unless Your Honor wishes to examine the accuracy of any submissions being made to you.  I do feel it appropriate, however, to correct the record.

First, Mr. Blackburn's letter states that I falsely claimed to represent Ms. Habtemariam.  In fact, I do represent her in this action and have a retainer letter signed by her.  I am not in the habit of falsely claiming to represent people I do not represent.

Second, Mr. Blackburn indicates that he intends to file another amended complaint.  The current complaint is already an amended complaint and I do not believe that Mr. Blackburn has the right to amend again without making a motion to do so.  Unless he proposes, in any such further amendment, to dismiss all claims against all of our clients with prejudice, as there is no basis for any of the claims asserted in the existing Amended Complaint, we would oppose such motion.

Third, Mr. Blackburn's letter indicates that the Defendants we represent have yet to appear in the action, suggesting something untoward in our conduct.  What he does not mention is that he filed an amended complaint making completely false accusations of criminal behavior against my clients but that he has not bothered to serve the Amended Complaint (indeed, I do not even believe he has sought the issuance of summonses).  So the lack of appearance (which we intend to rectify speedily) is hardly untoward, nor should it be a surprise to him.



March 25, 2024
Page 2

Fourth, without going into the details of my communications with Mr. Blackburn, I can advise Your Honor that on March 4, 2024 I sent him a letter detailing the falsity and legal baselessness of his claims and allegations against our clients, demanding that he dismiss the claims against our clients with prejudice and advising that we will seek Rule 11 sanctions if he fails to do so.  He has failed to do so.  In our correspondence, when he says I supposedly ignored my professional duty to engage with him to find a solution, he is incorrect.  In fact, I fully engaged.  I told him, as I had in my March 4, 2024 letter, that there was a ready solution: he had no basis for and should never have brought any complaint against our clients and he should dismiss the amended complaint forthwith.  It appears that Mr. Blackburn does not believe that this is a satisfactory solution.  It is, however, an entirely appropriate solution given that the claims asserted against our clients are factually (and offensively) false and there is no legal basis for any claim against them.

We intend to file a motion to dismiss, even without our clients being served with process and will follow that, in accordance with the requirements of Rule 11, with a motion for sanctions against Mr. Blackburn and his client.

I appreciate Your Honor's attention to this matter.

Respectfully submitted

**PRYOR CASHMAN LLP**

_____

Donald Zakarin