# EXHIBIT 10

# PRYOR CASHMAN LLP

New York | Los Angeles

7 Times Square, New York, NY 10036-6569   Tel: 212-421-4100   Fax: 212-326-0806          www.pryorcashman.com

**Donald S. Zakarin**
Partner

Direct Tel: 212-326-0108
Direct Fax:  212-798-6306
dzakarin@pryorcashman.com

March 4, 2024

**VIA EMAIL:** Tblackburn@tablackburnlaw.com

Tyrone A. Blackburn, Esq.
1242 E 80th St., 3rd Floor
Brooklyn, NY 11236

> **Re:    Complaint of Rodney Jones against: Lucian Charles Grainge, Universal Music Group, Motown Records (improperly identified in the Complaint) and Ethiopia Habtemariam (24 Civ. 1457, SDNY)**

Dear Mr. Blackburn:

This firm represents Universal Music Group, Motown Records (which has been improperly identified in the complaint you have filed in the above-referenced action), Sir Lucian Grainge and Ethiopia Habtemariam (hereinafter sometimes collectively referred to as "Our Clients").   This letter is being sent to you in advance of our making a Rule 11 motion in accordance with the requirements Rule 11(c) of the Federal Rules of Civil Procedure.  Such motion, if we are required to make it, will provide you with the required twenty one (21) day notice before we seek the imposition of monetary sanctions against you and your client for having filed a complaint and now an amended complaint (collectively the "Complaint") both of which are in patent and egregious violation of the requirements of Rule 11(a) and (b).[1]

You can avoid a Rule 11 motion only by withdrawing the Complaint or immediately amending it to remove all allegations and claims against Our Clients.  If you fail to do so or fail to confirm to us that you will do so, in writing, no later than five (5) days from the date of this letter, we will proceed against you and your client without any further notice.

Rule 11(b) explicitly requires that an attorney filing a complaint thereby certifies to the Court that he has made a reasonable inquiry and that the Complaint is not presented for any improper purpose, such as to harass or increase cost.  The attorney further certifies to the Court that the claims are warranted by the law (or by a nonfrivolous argument for extending or modifying the law) and, perhaps most importantly here, that the factual contentions have evidentiary support (or if specifically identified, will likely have such support after further investigation or discovery).

---

[1] By failing to include your office address, email address and telephone number on the Complaint, it is in violation of Rule 11(a).  This failure, however, is the least of the problems with your Complaint.

# PRYOR CASHMAN LLP

March 4, 2024
Tyrone A. Blackburn, Esq.
Page 2 of 5

Such specific identification would be allegations framed as being on information and belief (no such allegations exist in the Complaint).

In the Complaint, you have certified to the Court accusations and conclusions about Our Clients that you have presented as "facts" that are completely and demonstrably fabricated and untrue. Had you conducted anything remotely resembling the reasonable inquiry required by Rule 11(b), you could not have filed a Complaint filled with such conclusory and materially false accusations against Our Clients. Indeed, as I will discuss below, not only did you file a Complaint in violation of Rule 11 (and then doubled down on that impropriety by filing your amended complaint), the Complaint also violates Rule 8's requirement of a "short and plain statement" (by way of example only, paragraph 343 (previously paragraph 317) of the Complaint goes on for 6 pages of single space type, not a single page of which contains a single fact of which you or your client have any knowledge and which are, in any event, patently false). Your Complaint also violates Rule 12(f), containing multiple paragraphs of knowingly false conclusory assertions regarding Our Clients, including accusing Our Clients of criminal activity without the slightest basis whatsoever (and if not knowingly false, you made the accusations without the slightest inquiry into the actual facts). These accusations are redundant, irrelevant, immaterial, impertinent, scandalous and prejudicial. In addition, the completely unnecessary and improper inclusion of personal residential addresses in the Complaint confirms that you and your client have acted with malice in furtherance of an extortionate attempt to extract an undeserved payment.

Your Complaint also fails to state a claim against Our Clients. The RICO allegations are wholly deficient, substituting non-specific group allegations and conclusions for a single factual allegation connecting Our Clients to your imagined over 20 year alleged criminal enterprise in which our clients have never had any involvement whatsoever. In essence, you attempt to connect Our Clients to your fabricated RICO conspiracy solely due to their alleged failure to exercise supervision over individuals that Our Clients have no duty to supervise, individuals that were also not employed by Our Clients, manufacturing and repeating multiple times a baseless allegation that Our Clients occupied the position of "Respondent Superior" (presumably you actually mean respondeat superior).

Similarly, your aiding and abetting alleged criminal trafficking allegations against Our Clients are premised on the same non-existent duty and on the alleged provision of "cash" to Mr. Combs (and the alleged failure to properly file tax reports relating to the supposed "cash" payments). To begin with, your client has no standing to pursue a civil claim under 28 U.S.C. §1591, which is a criminal statute, nor does your client have standing to pursue a civil claim under 18 U.S.C. §1595. But this just scratches the surface of your complete failure to conduct anything remotely resembling a reasonable inquiry into the facts before filing a pleading filled with offensively false accusations.

# PRYOR CASHMAN LLP

March 4, 2024
Tyrone A. Blackburn, Esq.
Page 3 of 5

To begin with, not only is there no conceivable basis on which you or your client could possibly have any knowledge of the existence of any "cash" payments (or Our Client's tax filings), in fact, there were no "cash" payments and there was no failure to properly file tax reports. These accusations are so materially and palpably false that there is not even the remotest possibility that you complied with your obligations as an attorney to conduct a reasonable inquiry into the facts. Instead, either you fabricated the entire story yourself or your client did. Either way, not only is there no viable claim pleaded (and not only does the Complaint violate Rule 8, Rule 12(b)(6) and 12(f)), it indisputably violates Rule 11.

In fact, the Complaint is virtually bereft of any actual facts regarding Our Clients as distinguished from a patently improper group pleading and sweeping conclusions that have no basis in fact. Instead of documenting each and every falsehood that is contained in the Complaint (which we will do should we have to proceed by motion, which will end up being entirely at your expense), I will merely enumerate a few examples:

1. In Paragraph 3, in a group pleading, you claim defendants engaged in torts in New York. Our Clients did nothing in New York (or anywhere else);

2. In Paragraph 14 you claim Motown founded Love Records. There is no basis for such a false statement (and perhaps your equally baseless "respondent superior" assertion derives from this non-existent "fact"). Indeed, Motown did not even distribute the album on which your client claims to have worked (a fact that would have required very little effort on your part to find out, but which was apparently beyond your ability to perform);"

3. In Paragraphs 51-53 you claim UMG and Motown that UMG and Motown had some "duty" with respect to the security that was allegedly breached. Not only did UMG and Motown not provide any such security, UMG and Motown had no such duty (again, this falsehood seems to derive from your fabricated assertion that Motown had or has some alleged ownership interest in Love Records);

4. In Paragraphs 162-167 and 171-176 (as well as elsewhere throughout the Complaint), in identical words, you claim that Sir Lucian Grainge and Ms. Habtemariam visited Combs' homes in Los Angeles and Miami, in the evenings, and both would "disappear for hours in Mr. Combs' bedroom." Aside from the absurd oddity of the identical alleged behavior by two individuals separately on apparently separate occasions, the entire story about their attendance at any events at Mr. Combs' homes or at any listening parties is completely fabricated. Sir Lucian Grainge has never been to Mr. Combs' house in Los Angeles or Miami and never attended or sponsored any listening parties at any of Mr. Combs' homes and was not present at any "writers' camps." Thus, everything alleged about both Sir Lucian Grainge's supposed knowledge of illicit and



March 4, 2024
Tyrone A. Blackburn, Esq.
Page 4 of 5

> illegal activities allegedly engaged in by Mr. Combs and others is categorically false. I would also note that your footnote 20 about Tik Tok has absolutely nothing to do with anything in the Complaint, is completely inappropriate and gratuitous and can only have been asserted for an improper purpose;

5. With respect to Ms. Habtemariam, she ceased working at Motown in the fall of 2022, just after, according to your Complaint, Mr. Jones claims he first became associated with Mr. Combs with respect to what became the Love Records album. As such, the Complaint's allegations regarding Ms. Habtemariam's alleged involvement in this matter are demonstrably false.

6. In Paragraphs 199-246, in addition to being a group pleading and not alleging a single fact addressed to Our Clients (other than repeating the patently false allegations regarding the non-existent ownership and "respondent superior" alleged relationship of Our Clients to Mr. Combs and his entities), the allegations present no facts against anyone but instead largely mouth the words of the statute and do not remotely satisfy the pleading requirements for a RICO claim (nor could you ever satisfy them as to Our Clients);

7. As stated above, with respect to the alleged Eighth Claim, the Complaint presumes Our Clients employed or otherwise had some alleged supervisory obligation with respect to Mr. Combs, which is utterly false and that Motown owned Love Records, which is also untrue, and that Our Clients consequently had some duty to supervise and provide security. There is no such duty and our clients undertook no such obligation; and,

8. With respect to the sex trafficking claims asserted against Our Clients, including your obstruction claim, beyond the completely false accusations of funneling "cash" to Mr. Combs and the presumption that Our Clients had some "respondent superior" role with respect to Mr. Combs and his companies or colleagues, there is not a single fact pleaded, just prolix conclusions that are not only false but as to which neither you nor your client have any knowledge sufficient to have made such accusations. And as stated above, the premise of all of these palpably false allegations – that Sir Lucian Grainge had some close and continuing personal relationship with Mr. Combs and spent hours with him at his homes while all manner of allegedly improper activities were ongoing is completely false. Sir Lucian Grainge had no such relationship, nor any knowledge of any of the activities alleged in the Complaint (and as discussed above, Ms. Habtemariam ceased being employed by Motown shortly after your client allegedly started working with Mr. Combs and had no involvement in or knowledge of the activities alleged in the Complaint).

As I stated above, while I have only provided a few examples of the materially false accusations that permeate the Complaint, these allegations form the heart of your baseless



accusations against Our Clients. And it is not merely that the entirety of the Complaint, as it pertains to Our Clients, is scandalously false – accusing Our Clients of engaging in criminal activity when the accusations have not the slightest factual basis – it is that you indisputably did not conduct the slightest inquiry into the facts, instead finding it expedient to spew this unadulterated mass of baseless accusations, as to which you were utterly indifferent to the truth, in a publicly filed Complaint. The sheer recklessness of your Complaint goes beyond any complaint I have seen in nearly fifty years of litigating in the Federal and State Courts in New York. That superlative is no compliment. I intend to examine whether, in addition to the other offenses you have committed, you are also guilty of ethical violations in the filing of this Complaint, which I believe you most certainly are.

In fact, not only were you apparently willing to file a Complaint in complete violation of Rule 11, Rule 8, Rule 12(b)(6) and Rule 12(f), we understand as well that you personally provided advance copies of this Complaint to the press. In doing so, under New York law (and potentially California law), you have forfeited whatever benefits of the litigation privilege that might arguably attend to the filing of a knowingly false pleading and have subjected yourself and your client to well-founded defamation claims involving not only libel per se, because you falsely accuse Our Clients of participating in a crime and aiding and abetting a crime but it is clear that you did so with actual malice. Depending on how swiftly you withdraw or amend this Complaint to delete all reference to Our Clients, we will evaluate when and where they will proceed against you and your client as well as evaluating proceeding under 28 U.S.C. Section 1927 against you.

This letter should not be taken as a full explication of UMG's position and its rights, all of which are specifically reserved.

Sincerely yours,

Donald S. Zakarin

cc: Alasdair McMullan, Esq.
    Jonathan Davis, Esq.