

# T. A. Blackburn Law

TYRONE A. BLACKBURN

MEMBER OF
NY, DC & NJ BAR

FEDERAL MEMBERSHIP
EDNY, NDNY, SDNY, ILND & DNJ

1242 East 80th Street, 3rd Floor
Brooklyn, New York 11236

March 27, 2024

VIA PACER:
Hon. J. Paul Oetken
Thurgood Marshall, United States Courthouse
40 Foley Square
New York, NY 10007

Re: <u>Jones v. Combs, et al.; Case No. 24-1457</u>

Dear Judge Oetken,

      As you are aware, this firm represents the Plaintiff in the above-referenced case. This letter addresses the Motion to Dismiss filed by Defendants Lucian Grainge, Motown Records, and Universal Music Group ("UMG") (collectively, "Defendants"). On March 4, 2024, Plaintiff received a letter from Defendants regarding opposition to Plaintiff's complaint. In accordance with the 21-day safe harbor rule, the Plaintiff amended the complaint on March 25, 2024, on the 21st day of the 21-day safe harbor. Rule 11 requires a party seeking sanctions to first serve the "challenged lawyer" with a sanctions motion describing the conduct that allegedly violates Rule 11, after which the "challenged lawyer has a 21-day 'safe harbor' to withdraw or amend" the allegedly deficient pleading. <u>ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.</u>, 579 F.3d 143, 150 (2d Cir. 2009) (citing Fed. R. Civ. P. 11(c)(2)). That is precisely what occurred here. The defendants notified the Plaintiff's counsel of alleged deficiencies in his first amended complaint on January 9, 2018. <u>Cotto v. City of N.Y.</u>, 2018 U.S. Dist. LEXIS 104068, at *7 (S.D.N.Y. June 20, 2018).

      As part of the Plaintiff's amendment, he received a declaration from Ethiopia Habtemariam. In Ms. Habtemariam's declaration, she states that Mr. Grainge was her direct supervisor and that UMG provided authorization to establish and fund the Love Album. The Plaintiff determined that UMG and Motown Records had a general business partnership based on the public statements on their websites and LinkedIn business pages. If the Court visits the attached link, it would see for



347-342-7432    tblackburn@tablackburnlaw.com    TABlackburnlaw.com



## T. A. Blackburn Law

itself that as of the filing of this letter, Motown still refers to the deal with Mr. Combs as a "partnership." https://www.motownrecords.com/culture/diddy-and-motown-partner-up/

In the relevant part, the Defendant's website states the following:

"DIDDY AND MOTOWN **PARTNER UP**"

"Diddy will be dropping his latest album on our label later this summer. On top of that, **we're helping establish** his latest and most exciting venture yet: **Love Records**."

On their LinkedIn page, which the Court can access from the following link, https://www.linkedin.com/posts/universalmusicgroup_sean-diddy-combs-partners-with-motown-records-activity-6929865360334626816-rpZw/?trk=public_profile_like_view   Defendant UMG states the following:

"Love Records 🤝 Motown Records

Diddy's new album will be the first release from

Love Records, in **partnership** with Motown"

Defendants are solely responsible for their public statements regarding their **partnership** with Mr. Combs. They did not have any issues marrying themselves to Mr. Combs when it was popular. Now, suddenly, after Ms. Cassie Ventura filed her lawsuit on November 16, 2023, they are treating Mr. Combs like he has the plague, and they are trying desperately to rewrite history despite what is PRESENTLY on their websites.

**The Plaintiff Informed The Court Of His Intention To File A Second Amended Complaint Two Days Before The Defendant's Appearance In The Case**:
The March 27, 2024, motion to dismiss the first amended complaint, which the Second Amended Complaint has replaced, was filed in bad faith and was nothing more than a Public Relations stunt by the Defendants.  The Plaintiff notified the Court on March 23, 2024, of his intention to amend the complaint to remove Ms. Habtemariam and Chalice Recording Studios as defendants.  Two days later, the Defendant's counsel filed a letter and finally made an appearance



📞 347-342-7432    ✉ tblackburn@tablackburnlaw.com    🌐 TABlackburnlaw.com



in this case. This was despite sending this writer threatening emails and letters and rejecting an opportunity for a conversation concerning the Plaintiff's claims.

Plaintiff did not formally file a motion to amend the pleading because he had a duty under the Safe Harbor rule to amend any issues raised by the Defendants, which Plaintiff did on March 25, 2024. Although the Plaintiff did not file a motion for leave to amend, the Plaintiff respectfully requests the Court grant the Plaintiff leave to amend nunc pro tunc. See <u>US Flour Corp. v. Certified Bakery, Inc</u>., 2012 U.S. Dist. LEXIS 29896, 2012 WL 728227, at * 1 (accepting Plaintiff's second amended complaint, which had been filed without leave of the court, as the "operative complaint" because leave to amend should be freely granted when justice so requires); Care Envtl. Corp. v. M2 Techs. Inc., No. 05 CV 1600, 2006 U.S. Dist. LEXIS 46322, 2006 WL 1896326, at *2-3, (E.D.N.Y. July 10, 2006) (declining to strike Plaintiff's amended complaint, which had been filed without permission, where Plaintiff would have prevailed on a motion to amend). Here, had the Plaintiff sought permission from the Court to amend the Complaint, his request would have been granted. <u>Shariff v. Amanda Realty, Inc</u>., No. 11 CV 2547 (SLT), 2013 U.S. Dist. LEXIS 143463, at *10 (E.D.N.Y. Apr. 4, 2013).

Although the Plaintiff's request to amend was informal, He did inform the Court of his intentions two days before the Defendant's March 25, 2024, letter.

**<u>The Defendants' Motion Was Filed In Bad Faith To Distance Themselves From Their Business Partners Recent Run-in With The Law</u>**:
Counsel for Defendants is aware of the 21-day safe harbor rule, which adds to Plaintiffs' belief that this motion was filed in bad faith. This motion was only filed to distract from the fact that the defendants' business partner, Sean Combs' homes in Los Angeles, California, and Miami, Florida, were both raided on March 25, 2024, by the Department of Homeland Security. Defendants are desperate to try and rewrite history. However, the facts will show that they gave him unfettered access to financial resources, did not have proper oversight and accounting for how the money was being used, and were his partners, despite what they are saying now.



# T. A. Blackburn Law

Of the 248 pages of the Defendant's Motion to Dismiss, the defendant has not provided one receipt or transaction history detailing how the money they provided Mr. Combs was spent. The plaintiff doubts there are any records, and he is eager to be proven wrong.

Furthermore, Ms. Habtemariam's claim that this writer speaks to bloggers is demonstrably false, and I made that very clear to her counsel, Ashlee Lin. She cannot point to one blogger or online platform with whom I have conducted an interview. I have rejected every interview request from major networks; I would never sit for an interview with a blog.

The Plaintiff respectfully requests that the Court deny the Defendant's bad faith motion to dismiss a complaint that has been amended pursuant to the 21-day safe harbor rule. If the Defendants would like to file a motion to dismiss the second amended complaint, the Plaintiff welcomes it and is fully prepared and eager to oppose.

We thank the Court for its time and attention to this matter.

.

                                                Respectfully Submitted,

                                                *Tyrone Blackburn, Esq.*
                                                Tyrone A. Blackburn, Esq.

CC: All attorneys of record via ECF.



347-342-7432   tblackburn@tablackburnlaw.com   TABlackburnlaw.com