

New York | Los Angeles | Miami

7 Times Square, New York, NY 10036-6569   Tel: 212-421-4100   Fax: 212-326-0806                    pryorcashman.com

March 28, 2024

Hon. J. Paul Oetken
Thurgood Marshall, United States Courthouse
40 Foley Square
New York, NY 10007

Re:   *Jones v. Combs, et. al*, Case No. 24-1457

Dear Judge Oetken:

We are counsel to defendants UMG Recordings, Inc. (erroneously sued as "Universal Music Group"), Motown Records and Sir Lucian Grainge (collectively, the "UMG Defendants") in the above-referenced Action. We respectfully write in response to the March 27, 2024 letter from Plaintiff's counsel, Tyrone Blackburn, Esq. (ECF No. ).

Mr. Blackburn complains about the UMG Defendants' *sua sponte* waiver of service of process and filing of a Rule 12(b)(6) motion to dismiss all claims against them asserted in Plaintiff's Amended Complaint dated March 2, 2024 ("FAC") (ECF No. 2). Having filed a complaint making baseless accusations of criminal behavior against the UMG Defendants on February 26, 2024 – over one month ago – Mr. Blackburn made no effort to serve process. It appears that Mr. Blackburn believes that unjustly accused defendants should be powerless to respond to such a pleading.

The UMG Defendants were absolutely entitled to waive service of process under Fed. R. Civ. P. 4(d) instead of allowing Mr. Blackburn to endlessly file unauthorized pleadings in his unilateral game of pleading "whack-a-mole." Perhaps he believes that he can make outrageously false allegations in a pleading, never serve them, let them marinate in the press for a month and then completely abandon them, file equally false and legally baseless claims based on completely different accusations and there is "no harm, no foul." There is harm and there is a foul. And that is what the UMG Defendants' motion addresses.

Effectively admitting that the FAC he authored, signed and filed against the UMG Defendants is foundationally based on completely fabricated allegations, which we pointed out to him by letter dated March 4, 2024, Mr. Blackburn protests that he filed a purported "Second Amended Complaint" ("SAC") that he suggests cures his and Plaintiff's prior frivolous pleading. Mr. Blackburn seeks shelter under Fed. R. Civ. P. 11(c)(2) and argues that his so-called SAC renders the UMG Defendants' motion to dismiss Plaintiff's Amended Complaint a "bad faith" filing. Mr. Blackburn is wrong for multiple reasons.



March 28, 2024
Page 2

First, Mr. Blackburn mischaracterizes our March 4 letter as the UMG Defendants' Rule 11(c)(2) motion, which supposedly triggered his and Plaintiff's 21-day clock to cure their frivolous conduct. That is incorrect. We expressly stated in our March 4 letter:

> This letter is being sent to you <u>in advance of our making a Rule 11 motion</u> in accordance with the requirements of Rule 11(c) …. <u>Such motion, if we are required to make it, will provide you with the required twenty one (21) day notice</u> before we seek the imposition of monetary sanctions against you and your client for having filed a complaint and now an amended complaint … both of which are in patent and egregious violation of the requirements of Rule 11(a) and (b).

(Exhibit A hereto; emphases supplied.)

Second, Mr. Blackburn mischaracterizes our Rule 11-based demand as seeking only the withdrawal of certain false and frivolous allegations, without withdrawing all allegations and claims against the UMG Defendants. That, too, is incorrect. We expressly stated in our March 4 letter: "You can avoid a Rule 11 motion only by withdrawing the Complaint or immediately amending it to remove <u>all</u> allegations and claims against Our Clients." (*Id.* (emphasis supplied).) That has not been done. We will serve and file our Rule 11 motion in due course.

In his unauthorized SAC, Mr. Blackburn has jettisoned every one of the FAC's foundational allegations against the UMG Defendants (improperly filed twice now, without leave of this Court, and without bothering to identify the changes he has made to the FAC). The FAC included the completely unfounded allegations that: (a) Plaintiff supposedly personally saw Sir Lucian Charles Grainge attend Combs's alleged sex trafficking parties (and also saw Ethiopia Habtemariam there); (b) Motown Records is supposedly liable under a doctrine of "respondent [sic] superior" as the "parent" company of co-defendant Love Records, which is Combs's record label; and (c) UMG Recordings and Motown Records supposedly funded Combs's alleged sex trafficking parties with "bags of cash."

Every one of these foundational allegations for the claims against the UMG Defendants have been wiped from the SAC (along with one of the claims he asserted against Motown Records for California premises liability). But while busy accusing the UMG Defendants of "bad faith" in filing their motion to dismiss – which would seem to be a textbook example for the psychological diagnosis of "projection" – nowhere does he offer any explanation for the provenance of these allegations to begin with. Indeed, his feeble attempt to justify his new "general partnership" allegation (an allegation directly refuted by both Ms. Habtemariam and her counsel, and conclusively contradicted by Paragraph 16.11 of the license agreement attached as Exhibit A to the Declaration of Ms. Braithwaite filed in support of the UMG Defendants' motion to dismiss) itself confirms that the "parent company" allegation was completely made up by Mr. Blackburn.

Further, since Sir Lucian Grainge has never been to any of Mr. Combs' homes, the Plaintiff's assertion in the FAC that he personally saw Sir Lucian Grainge disappear with Mr.



March 28, 2024
Page 3

Combs into Mr. Combs' room for hours can only be either a delusion or a lie.  Since the exact same allegation is made in the FAC as to Ms. Habtemariam, who also was never at any of Mr. Combs' homes after Plaintiff was supposedly hired by Mr. Combs, it seems fairly clear that it was no delusion but it is a lie.

Mr. Blackburn has simply swapped out the original baseless foundation for the RICO and sex trafficking claims against the UMG Defendants for a new baseless foundation.  Invoking only loosely worded press reports about Motown Records "partnering" with Combs's then-newly formed Love Records to distribute a single album, the unauthorized SAC invents a non-existent "general business partnership" between Motown and Love Records as the new linchpin for Plaintiff's liability theories.  As Ms. Habtemariam's declaration in support of the UMG Defendants' motion shows, Mr. Blackburn's assertion that she supports his allegation is untrue.

<u>Third</u>, Mr. Blackburn pretends that he was somehow authorized to file the SAC to address our demands and the UMG Defendants are barred from filing any Rule 11 motions as to the FAC.  Mr. Blackburn failed either to obtain the UMG Defendants' written (or any) consent or leave of the Court prior to his filing in violation of Rule 15(a)(2).  The UMG Defendants properly moved against the FAC.

As I indicated above, we will shortly be serving our Rule 11 motion on Mr. Blackburn and, assuming he does not drop all claims against our clients, will be filing it with the Court in accordance with Rule 11.

We regret burdening the Court further but we believe that the Court is entitled to the facts.

Respectfully submitted

**PRYOR CASHMAN LLP**

Donald Zakarin