

# T. A. BLACKBURN LAW

TYRONE A. BLACKBURN

MEMBER OF
NY, DC & NJ BAR

FEDERAL MEMBERSHIP
EDNY, NDNY, SDNY, ILND & DNJ

1242 East 80th Street, 3rd Floor
Brooklyn, New York 11236

March 28, 2024

VIA PACER:
Hon. J. Paul Oetken
Thurgood Marshall, United States Courthouse
40 Foley Square
New York, NY 10007

Re: <u>Jones v. Combs, et al.; Case No. 24-1457</u>

Dear Judge Oetken,

  As you know, this firm represents the Plaintiff Rodney Jones, ("Plaintiff") in the above-referenced case. This letter addresses the notice from the Clerk of the Court regarding the Second Amended Complaint and the letter filed by the defendants dated March 28, 2024. As I indicated in my letter dated March 23, 2024, and March 27, 2024, the second amended complaint was filed in response to the Rule 11 letter dated March 4, 2024. Pursuant to the 21-day safe harbor rule, Plaintiff has 21 days to withdraw or amend the allegedly deficient pleading. Plaintiff amended the "allegedly deficient" pleading on March 25, 2024, on the 21st day of the 21-day Safe Harbor window. On March 26, 2024, the Clerk issued a refiling notice due to an error in the Second Amended Pleadings heading. On March 27, 2024, Plaintiff corrected the document and refiled it. The Clerk has issued a notice stating that the Court needs to provide leave to amend.

  Plaintiff respectfully requests leave to amend, as the amendment is being made pursuant to the 21 safe harbor rule of what Plaintiff viewed as a demand to amend or withdraw. Federal Rule of Civil Procedure provides that a party may amend a pleading "once as a matter of course" within 21 days of receiving a responsive pleading under Rule 12(b). Fed. R. Civ. P. 15(a)(1)(B). If 21 days have passed since the filing of the pleading, a party may amend the pleading "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." Id. *Sassi v. Dutchess Cnty.*, No. 9:16-CV-1450, 2017 U.S. Dist. LEXIS 58016, at *1-2 (N.D.N.Y. April 17, 2017).

  Defendants have indicated that they have no intentions of giving Plaintiff consent to amend the pleading, even though they sent a threat of sanctions letter demanding that the complaint be withdrawn or amended. As Plaintiff sees no reason to withdraw the complaint against Defendants UMG, Motown, or Lucian Grainge, Plaintiff has opted to amend the pleading. It is clear from the Second Amended Pleading that Defendants either negligently or intentionally funded the activities of Defendant Sean Combs. Before filing his pleading, Plaintiff only had the word of Mr. Combs, the evidence in his possession, and his personal experience living with Mr. Combs from September




1



2022 to November 2023.  Ms. Habtemariam's declaration provided Plaintiff with the confirmation he needed concerning the business partnership and the funding of the Love Album that Mr. Combs had shared with Plaintiff directly.

Is it also clear that many of the claims raised by Plaintiff in his Second Amended Pleading are accurate, as the events of March 25, 2024, have revealed: 1.  Mr. Combs' drug mule, Brandan Paul, was arrested in Miami, Florida, for cocaine possession, and the cocaine was in his carry-on luggage, as Plaintiff stated in his amended pleading. 2.  Mr. Combs is being investigated for possible sex trafficking, as Plaintiff has alleged, and thoroughly detailed with exhibits and examples in his pleading.  3. The raid produced guns in both locations, as Plaintiff detailed in his pleadings.

If the Court requires a formal motion or letter motion so Plaintiff can lay out how the amendment against the moving Defendant would not be futile nor filed in bad faith, we will gladly do so.  The defendants were Sean Combs, general business Partner, as that term is defined by the Courts in the State of New York.  A partnership is an association of two or more persons to carry on as co-owners of a business for profit (Partnership Law § 10 [1]).  When there is no written partnership agreement between the parties, the Court must determine whether a partnership existed from the conduct, intention, and relationship between the parties (*Brodsky v Stadlen*, 138 AD2d 662, 663, 526 N.Y.S.2d 478).  No one characteristic of a business relationship is determinative in finding the existence of a partnership-in-fact (*Id***.**).  Factors to be considered by the Court include the sharing of profits and losses, the ownership of partnership assets, joint management and control, joint liability to creditors, the intention of the parties, compensation, the contribution of capital, and loans to the organization (*Id***.**).  *DeCristofaro v. Nest Seekers E. End, LLC*, 2017 NY Slip Op 50074(U), ¶ 7, 54 Misc.  3d 1209(A), 52 N.Y.S.3d 246 (Sup. Ct.)

Here, the Defendants are desperately trying to rewrite history to distance themselves from Mr. Combs.  By their own admission, they funded the creation of the Love album and partnered with him to establish Love Records.  These are their words, not the Plaintiffs'.

Aside from their public statements, their actions indicate a general business partnership under New York State Law.  Profit sharing is one of the two "most important" factors in determining the existence of a partnership, along with control over the business (*Stephens v Three Finger Black Shale Partnership*, 580 SW3d 687, 713 [Tex App 2019]).  To determine whether the parties expressed an intent to be in a partnership, the Court may look at their writings and conduct (*Westside Wrecker Serv. v Skafi*, 361 SW3d 153, 168 [Tex App 2011]).  **Evidence of expressions of intent could include the parties' statements that they are partners**, a signed partnership agreement, **or one party holding the other out as a partner** (*Westside*, 361 SW3d at 168).  This inquiry is "separate and apart from the other factors *[*evidencing partnership*]* and should only include evidence not specifically probative of the other factors" (*id.*).  *Offshore Expl. & Prod., LLC v. De Jong Capital, LLC*, 2023 NY Slip Op 50502(U), ¶¶ 8-9, 78 Misc. 3d 1241(A), 188 N.Y.S.3d 915 (Sup. Ct.).





# T. A. Blackburn Law

As detailed in the letter dated March 27, 2024, Plaintiff determined that UMG and Motown Records had a general business partnership based on his conversations with Mr. Combs and the public statements made by Defendants on their websites and on their LinkedIn business pages. In the relevant part, the Defendant's website states the following:

"DIDDY AND MOTOWN **PARTNER UP**"

"Diddy will be dropping his latest album on our label later this summer. On top of that, **we're helping establish** his latest and most exciting venture yet: **Love Records**."

On their LinkedIn page, which the Court can access from the following link, Defendant UMG states the following:

"Love Records 🤝 Motown Records

Diddy's new album will be the first release from

Love Records, in **partnership** with Motown."

These quotes are not one-offs. In the interest of time, Plaintiff has decided not to inundate the court with all the newspaper and magazine coverage that this partnership received. The plaintiffs' amended complaint outlines the Defendants' liability as a business partner. Defendants cannot have it both ways. You cannot profit off Mr. Combs at the expense of victims like Plaintiff, but when the Federal Investigators kick down his door, they try to cut and run and pretend that they only had limited involvement with Mr. Combs.

The Defendants pearl clutch is breathtaking. Defendants knew for YEARS that Mr. Combs had a propensity for violence. As detailed in the amended complaint, Mr. Combs assaulted their former executive, Steve Stoute. According to former UMG executive Steve Stoute, "Combs and two men barged into his New York City office and attacked him with a champagne bottle." Combs was charged with second-degree assault and criminal mischief. UMG knew this and did not end their business partnership with him; in fact, they turned a blind eye and continued their business partnership for several years after the attack.

If not for Cassie Ventura's November 16, 2023, lawsuit, UMG's history of running to Mr. Combs for partnership opportunities would have continued.

**Plaintiff Stands By The Claims Raised In The First Amended Complaint**:

The Plaintiff was clear when he said he witnessed Mr. Grainge and Ms. Habtemariam at Mr. Combs' homes and parties associated with the Love Album. Of course, Plaintiff did not meet them and speak with them; that was not his statement. He said Mr. Combs identified them and used them to impress and entice Plaintiff to engage in activities that Plaintiff did not want to do. This was one of the many tools Plaintiff identified as grooming mechanisms implemented by Mr. Combs.





# T. A. Blackburn Law

  Once Defendants sent Plaintiff a letter denying ever being present at Mr. Combs' residence or parties associated with the Love Album, Plaintiff took them at their word and amended the pleading as he was required.  As Plaintiff stated throughout his pleadings, Mr. Combs drugged him through laced alcohol at these parties.  Plaintiff has woken up next to several women not remembering what happened the night before.  If Mr. Combs lied to the Plaintiff concerning the identity of the attendees at his parties, and the Plaintiff later learned from those alleged attendees that they were misidentified, then the Plaintiff has an obligation to correct the record, which is what he did.

  This does not remove UMG, Motown, or Lucian Grainge's liability concerning their unchecked funding of the Love Album and Love Records, Inc.  It does not matter what document they produce evidencing the terms of their relationship with Mr. Combs.  It is important to thoroughly assess what is written versus what was done.  Plaintiff strongly believes that the Court will soon learn that the Defendants are engaging in a game of smoke and mirrors.

  We respectfully request leave to amend so Plaintiff can file his second amended complaint, which will include someของ the issues they wanted to be cured, as well as the addition of Cuba Gooding, Jr. as a defendant.  We thank the Court for its time and attention to this matter.
.

           Respectfully Submitted,

           *Tyrone Blackburn, Esq.*
           Tyrone A. Blackburn, Esq.

CC: All attorneys of record via ECF.

*Enclosed* is a copy of the proposed Second amended complaint and attachments.



📞 347-342-7432   ✉ tblackburn@tablackburnlaw.com   🌐 TABlackburnlaw.com