# EXHIBIT 2



March 26, 2024

**VIA EMAIL ONLY**

Tyrone Blackburn, Esq.
T.A. Blackburn Law, PLLC
1242 E. 80th Street, 3rd Floor
Brooklyn, NY 11236
E-Mail: tblackburn@tablackburnlaw.com

    RE:    **RODNEY JONES V. SEAN COMBS, ET AL. – SDNY NO. 24 CIV. 1457**
              **CEASE AND DESIST ISSUED BY ETHIOPIA HABTEMARIAM**

Dear Mr. Blackburn:

    As you are aware, this Firm is legal counsel to Ethiopia Habtemariam ("Ethiopia"). Reference is made to the lawsuit captioned *Rodney Jones v. Sean Combs et al.*, No. 24 Civ. 1457 (S.D.N.Y.) (the "Action") initiated by your client Rodney Jones ("Jones") on February 26, 2024. When the Action was first filed, you improperly named Ethiopia as a defendant, without any legitimate cause or factual basis.

    As you know, on March 21, 2024, Jones and Ethiopia entered into a "Dismissal Agreement" whereby Ethiopia agreed to provide a declaration concerning her complete lack of involvement in the claims or issues raised by the Action (the "Declaration"). In connection with the foregoing, as it was clear Ethiopia had no knowledge related to the claims in the lawsuit, Jones agreed to dismiss her from the Action with prejudice.

    The Declaration, which is less than two pages, summarizes Ethiopia's employment history with Universal Music Publishing Group ("UMG") and Motown Records ("Motown"). The Declaration notes Motown's license agreement with Love Records, Inc. ("Love Records"), relating to rights to distribute *The Love Album*, and goes on to confirm Ethiopia has no knowledge supporting Jones's claims that (i) Motown or UMG sponsored listening parties or writers camps, or (ii) Motown or UMG made cash payments to Sean Combs ("Combs") or Love Records.

    The Declaration provides no other information relating to the Action, does not mention your client, and expressly disclaims any knowledge or information relating to your client's allegations. The Declaration explains to your client that Ethiopia has nothing to do with the claims and issues raised by the Action; it does not support your client's allegations in any way, shape, or form. In fact, it is clear from the Declaration that Ethiopia has no knowledge whatsoever that would be useful to support any of Jones's claims.

    Nonetheless, you filed a fraudulent and misleading Second Amended Complaint, appending the Declaration, which completely mischaracterizes the Declaration. For example, the Second Amended Complaint alleges that the Declaration states that Motown and Love Records entered into a "general partnership" (¶ 11; *see also* ¶ 218)—you made this claim even **after our Firm informed you** that there was no partnership, **and after we rejected all of the language you had originally proposed** in any earlier draft of the Declaration related to this point.

    Further, it appears that you and your client have touted Ethiopia's innocuous Declaration to the media and social media channels as somehow indicating Ethiopia will be "testifying against" Combs, or otherwise

#2868195v4

433 North Camden Drive | 4th Floor | Beverly Hills, CA 90210                152 West 57th Street | 48th Floor | New York, NY 10019
T 310.855.3200 | F 310.855.3201        www.eisnerlaw.com        T 646.876.2600 | F 212.600.5020

testifying on behalf of Jones.  Indeed, it appears you and your client have gone as far as explicitly representing to the media, including outlets such as Sandra Rose and The Neighborhood Talk, that Ethiopia will "testify against" Combs, presumably in effort to garner additional media attention.  To be clear, such representation is spurious and without any factual basis whatsoever.  While Ethiopia will of course comply with her lawful obligations in responding to any subpoena, Ethiopia has never indicated, in the Declaration or otherwise, that she has any intention of providing testimony on behalf of Jones.

     Accordingly, your and your client's misrepresentations about Ethiopia are completely untrue, and blatantly defamatory. We are surprised that you would be willing to take actions, designed to spread false information, and risk exposing both you and your client to liability. We expect that Judge Oetken will not appreciate your conduct either.

     Accordingly, demand is hereby made that (i) you immediately cease and desist from making any further misrepresentations relating to Ethiopia, including any suggestion that she has agreed to testify against Combs or otherwise on Jones's behalf; and (ii) you contact any media outlets or other third parties to whom you misrepresented Ethiopia intends to testify against Combs and withdraw such representation.

     The foregoing is not a waiver of any defenses, nor a complete expression of our clients' rights and remedies, all of which remain expressly reserved.

Very truly yours,

Ashlee Lin

2868195

433 North Camden Drive | 4th Floor | Beverly Hills, CA 90210
T 310.855.3200 | F 310.855.3201
www.eisnerlaw.com
152 West 57th Street | 48th Floor | New York, NY 10019
T 646.876.2600 | F 212.600.5020