

# T. A. Blackburn Law

TYRONE A. BLACKBURN

---

MEMBER OF
NY, DC & NJ BAR

---

FEDERAL MEMBERSHIP
EDNY, NDNY, SDNY, ILND & DNJ

---

1242 East 80th Street, 3rd Floor
Brooklyn, New York 11236

April 9, 2024

VIA PACER:
Hon. J. Paul Oetken
Thurgood Marshall, United States Courthouse
40 Foley Square
New York, NY 10007

Re: <u>Jones v. Combs, et al.; Case No. 24-1457</u>

Dear Judge Oetken,

This firm represents Rodney Jones ("Plaintiff") in the above-referenced case. This letter addresses the letter filed by the defendant's counsel dated April 4, 2024. At the onset, I apologize for wasting the Court's time by having to read a letter that has nothing to do with the matters before Your Honor.

Defendants UMG, Lucian Grainge, and Motown Records have decided to scrummage through pacer in search of anything to distract and deflect from the blatantly obvious fact that they cannot defend their actions as it relates to their business partnership with Sean Combs. I will not delve into the facts of *Zunzurovski v. Fisher et al.*, No. 23-CV-10881, as that case is not before Your Honor. I will also not opine on the actions of Judge Cotes, as this is not the appropriate venue to do so.

I do not "improperly file cases in federal court to garner media attention, embarrass defendants with salacious allegations, and pressure defendants to settle quickly." I gain no benefit from filing cases in Federal Court over State Court, and I am not an ambulance-chasing attorney who lives in front of a camera. Before filing any case, I always provide an opportunity for private resolution. If the case cannot be resolved privately, then I file. I do not pursue media attention. With this case alone, I have been inundated with invitations to appear on television shows, podcasts, and radio shows both nationally and internationally, and I have rejected them all.

**<u>Although I pick my clients, I do not pick their facts</u>**. My practice focuses on what many would deem as "salacious" areas of law: sexual violence (rape, assault and harassment), malpractice (legal and medical), and employment litigation. The Federal Rules of Civil Procedure have long departed from the era when intricate pleading rules bedeviled lawyers and when lawsuits were won or lost on the pleadings alone. Thus, the courts should not tamper with the pleadings unless there is a strong reason for so doing. *Lipsky v. Commonwealth United Corp.*, 551 F.2d 887, 893

 



# T. A. Blackburn Law

(2d Cir. 1976).  *Washington v. CT Scoop Shops LLC*, No. 21-cv-276, 2022 U.S. Dist. LEXIS 40410, at *6-7 (D. Conn. March 8, 2022).

If a client comes to me with a complaint of sexual assault and she or he has evidence to support their claims, it is my duty to include all materials relied upon in drafting the complaint into the pleading.  The complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference." O'Shea v. Board of Educ. of Poughkeepsie City Sch. Dist., 521 F. Supp. 2d 284, 288 (S.D.N.Y.2007).  *Holmes v. City of N.Y.*, No. 14 CV 5253-LTS, 2016 U.S. Dist. LEXIS 27945, at *5 (S.D.N.Y. March 4, 2016).

Finally, a referral is not a sanction.  My pleadings in this district have consistently comported with the standard established pursuant to Rule 8 of the FRCP and the standard established by the Second Circuit Court of Appeals.  If defendants are concerned about having a salacious claim filed against them, they should not engage in salacious acts.  It was the defendant's choice to enter a general business partnership with Sean Combs, which funded his sex trafficking operation.

Respectfully Submitted,

*Tyrone A. Blackburn, Esq.*
Tyrone A. Blackburn, Esq.

CC: All attorneys of record via ECF.



347-342-7432    tblackburn@tablackburnlaw.com    TABlackburnlaw.com

2