# EXHIBIT # 1

**From:** Tyrone Blackburn tblackburn@tablackburnlaw.com
**Subject:** Re: Jones v. Combs et. al. 24 Civ. 1457
**Date:** May 10, 2024 at 12:54 PM
**To:** Donald S. Zakarin DZakarin@pryorcashman.com

Donald,

The handwriting experts have worked for your firm, so they can't be that bad.  Regarding the former executive, I have contracts between UMG and Mr. Combs, which Mr. Combs purportedly "signed."  My witness was the one who actually signed the contracts, and your client was none the wiser.  Mr. Combs has exposed your client, and I suggest you warn them and get him to indemnify them before other lawsuits are filed. I mention this as a courtesy to let you know that more lawsuits, with potentially severe consequences, will come soon.

According to the document you shared, it was purportedly signed on May 4, 2022. I am confident the metadata will reveal that Mr. Combs did not sign the contract. I am also confident it will show that he was not located anywhere near the vicinity of the signer's IP address, which has been registered by DocuSign. The document clearly states that the contract had to be signed by Mr. Combs; it did not give an option for an authorized representative to sign. If your client did their research, they would know that Mr. Combs has seldom personally signed documents for nearly two decades. I have dealt with this DocuSign issue in other cases with high-profile artists and athletes and have yet to be proven wrong.

I do not see the need to engage in an extended fight to prove what will be proven through discovery against Mr. Combs.  I was just allowing your client to save face now, as it will be very embarrassing for them to explain how they handed over 1.3 million dollars to Mr. Combs without ensuring that he signed the agreement.

In any event, we will consent to dismiss all claims against your clients with prejudice.  But we will reserve all rights.

Regards,

Tyrone A. Blackburn, Esq.
T. A. Blackburn Law, PLLC.
Phone: 347-342-7432
TABlackburnlaw.com

> On May 9, 2024, at 1:39 PM, Zakarin, Donald S. <DZakarin@pryorcashman.com> wrote:
>
> Mr. Blackburn:
>
> After three complaints with completely different "factual" allegations and theories, you now propose to "withdraw" all claims against Sir Lucian Grainge.  Of course you should withdraw all claims and allegations as the claims and the allegations had no factual or legal basis to begin with.  Accordingly your belated proposal to "withdraw" the claims, in the face of a pending motion to dismiss, is absolutely necessary, but it is not sufficient.  A complete dismissal of all claims and all allegations against all of our clients with prejudice is mandated.  You can only make a partial or incomplete withdrawal of claims with our consent or with the Court's permission.  Our consent requires the dismissal of all claims and all allegations against Sir Lucian Grainge being with prejudice.
>
> As to your refusal to dismiss all of the claims and allegations against Motown Records and UMG Recordings, Inc. with prejudice, it is painfully obvious that you either have no comprehension of what you are talking about or are simply dissembling, as you have before, even in response to direct questions from the Judge.  If you obtained advice from handwriting experts that the Docusign signatures on the license agreement are not Mr. Combs' handwriting, it is either completely meaningless or your purported experts have no understanding of how Docusign works (or both).  You also seem not to comprehend that your supposed former Bad Boy witness has nothing to do with Love Records and has no competent evidence to provide (and if he did have any competent evidence, as you describe his supposed testimony, it would simply underscore that Mr. Combs authorized people to sign on his behalf, making the agreements they signed on his behalf no less binding than if he had signed them himself).  Neither Motown Records nor Love Records, Inc. has ever disputed the validity of the license agreement or that it

was entered into by Motown Records and Love Records, as Ms. Braithwaite and Ms. Habtemariam both testified in their declarations.  As per usual, you are advancing legally irrelevant and factually baseless assertions without doing the slightest factual inquiry.  Your desperation does not justify your disregard for your obligations under Rule 11.

You have filed complaints that not only lack any basis but are filled with knowingly false accusations.  We have made a motion to dismiss (actually two motions to dismiss at this point).  In the face of a pending motion to dismiss, the mere fact that you filed a complaint does not authorize you to pursue discovery to try to find some basis for the claims you already asserted (you have no basis and never had any basis for any of the claims against our clients) so your demand for an unredacted copy of the license and any Docusign certification was previously rejected and remains rejected.  Similarly, you have no right or ability to serve a subpoena on Docusign at this time, nor are you entitled to more time to respond to our motion to dismiss and our Rule 11 motion.  Our current motion is substantially the same as our prior motion served on March 27, 2024.  You thus will have had not three weeks to respond to our motion but actually 7 full weeks.  We will oppose any attempt by you to further drag out this baseless complaint against any of our clients.  Your problem in responding is not due to a lack of information or knowledge on your part but due to the fact that you filed knowingly false complaints without any factual or legal basis and your desperate effort to manufacture some way to avoid dismissal and Rule 11 sanctions will be quite obvious to the Judge when you seek further time and discovery.  Oh, and you should be aware that a frivolous motion for sanctions is itself sanctionable.

Mr. Blackburn, the first rule of self-preservation is when you are in a hole of your own creation, stop digging.  You obviously have not yet learned that lesson.  You are going to find it a painful lesson here but you have earned that pain.

Donald S. Zakarin
Pryor Cashman, LLP
7 Times Square
New York, NY 10036
212-326-0108 (P)
212-798-6306 (F)
347-820-0793 (C)
dzakarin@pryorcashman.com

**From:** Tyrone Blackburn <tblackburn@tablackburnlaw.com>
**Sent:** Wednesday, May 8, 2024 9:36 PM
**To:** Zakarin, Donald S. <DZakarin@pryorcashman.com>
**Cc:** Janowitz, James A. <JJanowitz@pryorcashman.com>; Charron, William <WCharron@pryorcashman.com>
**Subject:** Re: Jones v. Combs et. al. 24 Civ. 1457

Counsel,

Counsel,

My client has decided to withdraw all claims against Lucian Grainge. We will proceed with our causes of action against Motown and UMG.

A few weeks ago, around April 11, 2024, I asked you to provide the signature certification page from DocuSign for the agreement you alleged Sean Combs signed with Motown Records. You refused to provide the signature certification page. As a result, we have secured over 30 examples of Mr. Combs' signature and retained the services of two handwriting experts with a combined experience of 70+ years. These experts have concluded that Mr. Combs did not sign the document you presented to the Court.

In addition to the expert reports I will receive and file with the Court this week, I have a sworn declaration from a former Bad Boy Records executive who attests to personally signing agreements and contracts at Mr. Combs' direction.

As required by the Court's individual rules, I am making a final request to receive the signature certification page from DocuSign and the unreacted version of this contract. If you refuse, I will issue a subpoena to DocuSign for these records, and I will write a letter to the Court to present them with our findings and to ask for a 45-day extension of all motions so Plaintiff can acquire these documents and adequately respond to your clients' motions.

Additionally, in light of my expert reports and what I am confident will be a signature certification from DocuSign that will confirm the same, I will file a cross-motion for sanctions under the Courts inherent power against your clients and your firm for conducting this litigation in bad faith by intentionally filing a document which you knew or should have known was false. I attempted to resolve this issue with you. You refused to speak with me on the phone or provide the DocuSign signature confirmation page. You chose instead to be rude and disrespectful. As a result, Plaintiff had to spend thousands of dollars on experts to establish what could have been easily discovered through conversation and a review of the DocuSign signature confirmation page.

Regards,

Tyrone A. Blackburn, Esq.

> On Apr 24, 2024, at 10:13 PM, Tyrone Blackburn <tblackburn@tablackburnlaw.com> wrote:
>
> And just so we are clear, your sanctions letter was for the first amended complaint, not the second. I think the Court made that point during the hearing when the Judge allowed me to file the second amended complaint.
>
> Regards,
>
> Tyrone A. Blackburn, Esq.
> T. A. Blackburn Law, PLLC.
> Phone: 347-342-7432
> TABlackburnlaw.com
>
>> On Apr 24, 2024, at 10:07 PM, Tyrone Blackburn <tblackburn@tablackburnlaw.com> wrote:

Counsel,

Prior to filing this lawsuit, I spoke with several individuals who were present at the recording studios at Chalice and Mr. Combs' homes, as well as the parties that Mr. Combs hosted for the Love Album. They all stated to me that they witnessed the things my client claimed in his pleadings. We will secure those declarations.

You reached out and denied those claims. For example, you said that your client never provided bags of cash to Mr. Combs. My client says he saw people bringing bags of cash into Mr. Combs' house and provided those details to law enforcement about where those bags of cash were located in his home. He said he was informed by Mr. Combs that the money came from your clients. You denied it, so it was removed from the pleading. The same goes for the remaining claims, and I am not going to rehash them all here.

If your client's position is that they adhered to the terms of the agreement with Mr. Combs and Love Records, then it should not be a problem for them to attest to this. If you do not want to turn over any documents, that's fine. Your client has a duty to preserve them, and we will get the requested documents via a subpoena.

Attesting to the fact that your client was not aware of Mr. Combs' actions, which will be spelled out in clear and certain terms by the SDNY, and that they adhered to the terms of the agreement should be an easy lift unless your client cannot honestly attest to it.

If you want to file your sanctions motion, you are free to do so. I did my due diligence, and I have my declarations and witness statements to defend my actions. I am pretty clear about the standards that have been set by the FRCP as well as the second circuit.

Regards,

Tyrone A. Blackburn, Esq.
T. A. Blackburn Law, PLLC.
Phone: 347-342-7432
[TABlackburnlaw.com](TABlackburnlaw.com)

> On Apr 24, 2024, at 9:44 PM, Zakarin, Donald S. <DZakarin@pryorcashman.com> wrote:
>
> Mr. Blackburn:

I have received your two emails proposing "terms" on which you would dismiss the SAC as against the UMG Defendants with prejudice and your further email below. You seem to believe that, having filed three separate complaints over the past two months, each of which is filled with offensively false accusations of criminal conduct that you either knew were completely false or as to which you were completely indifferent to whether they were true or false, you can skate away unscathed by your conduct simply by proposing terms on which you would dismiss the current version of the complaint with prejudice. You appear indifferent to the harm you and your client have caused to completely innocent people and companies.

Your proposed terms for the dismissal of the complaint are rejected. The facts are completely and accurately set out in the declarations we submitted in support of the motion to dismiss the FAC and in the motion to dismiss the SAC and you have neither any need or entitlement to anything more. On March 4, I gave you clear warning what would happen if you did not dismiss the complaint forthwith as against our clients. You failed to avail yourself of the opportunity I provided to you. As a result, you have were served with a motion to dismiss the FAC, filed on March 27, 2024 and a Rule 11 motion. As you acknowledge below, you have now also been served with our motion to dismiss the SAC and we will be serving our second Rule 11 motion shortly.

You and your client never had any basis in law or fact for any of the three complaints you have lodged against our clients. I have no doubt that the Court will agree and will act accordingly. However, you may yet be able to moderate, however slightly, some of the impending adverse consequences that you and your client are going to face for your conduct by immediately dismissing the SAC with prejudice as against our clients. Subject to how Judge Oetken chooses to deal with such a dismissal, it will at least obviate the necessity of his deciding our motion to dismiss. But there are no terms and no conditions we will accept or agree to for such dismissal.

Donald S. Zakarin
Pryor Cashman, LLP
7 Times Square
New York, NY 10036
212-326-0108 (P)
212-798-6306 (F)
347-820-0793 (C)
dzakarin@pryorcashman.com

**From:** Tyrone Blackburn <tblackburn@tablackburnlaw.com>
**Sent:** Wednesday, April 24, 2024 9:37 PM
**To:** Zakarin, Donald S. <DZakarin@pryorcashman.com>
**Subject:** Re: Jones v. Combs et. al. 24 Civ. 1457

Mr. Zakarin,

I see that you filed your motion to dismiss the second amended complaint.   Please advise if your client is open to the offer that was made in my previous emails which you have chosen to ignore. If yes, then Plaintiff will voluntarily dismiss the claims against your client with prejudice.   We will then move to have the complaints sealed on consent.

I think the offer is pretty straightforward, and accomplishes what your client seeks to accomplish.

Regards,

Tyrone A. Blackburn, Esq.
T. A. Blackburn Law, PLLC
TABlackburnlaw.com

> On Apr 23, 2024, at 6:22 PM, Tyrone Blackburn <tblackburn@tablackburnlaw.com> wrote:
>
> For Settlement Purposes Only
>
> Just wanted to follow up to say, that we

will also strike all mention of your clients in the pleading except for a section explaining the agreement and the declaration, as we did with Ethiopia.

We will also consent to the court Sealing the prior iterations of the complaint via a joint letter request if that is something that your client wants.

Regards,

Tyrone A. Blackburn, Esq.
T. A. Blackburn Law, PLLC
TABlackburnlaw.com

> On Apr 22, 2024, at 8:45 PM, Tyrone Blackburn <tblackburn@tablackburnlaw.com> wrote:
>
> For settlement purposes only
> In exchange for a declaration detailing the following, as well as the requested documents, Plaintiff will dismiss the UMG defendants from this case with prejudice:
> UMG, Motown, and Lucian Grainge ("UMG Defendants") did not have any part in hiring or retaining Rodney Jones to work as a producer on the Love Album or for Love Records, Inc. The UMG Defendants were not aware that Mr. Combs may or may not have used the money provided to him for the expenses associated with the creation of the Love Album to rent a Yacht from December 2022 to January 2023.
> The UMG Defendants were not aware that Mr. Combs may or may not have used the money provided to him for the expenses associated with the creation of the Love Album to pay for and host parties deemed as "Club

host parties deemed as "Club Love," where there may or may not have been sex workers, illegal narcotics, and underaged women in attendance.

The UMG Defendants were not aware that Mr. Combs may or may not have used the money provided to him for the expenses associated with the creation of the Love Album to transport narcotics and sex workers across state lines via commercial and private planes.

The UMG Defendants were not aware that Mr. Combs may or may not have used the money provided to him for the expenses associated with the creation of the Love Album to purchase unmarked guns, which may or may not have been distributed to members of local street gangs in Los Angeles, California, and Miami, Florida.

The UMG Defendants provided Mr. Combs with a total of (**insert amount**) to be used specifically for all authorized expenses related to the creation of the Love Album.  Pursuant to the agreement between Mr. Combs and Motown Records, dated (**insert date**), Mr. Combs, through his representatives, provided the following reimbursement requests for the expenses associated with the creation of the Love Album.  As a result, payment was made via wire transfer from the UMG's account to Mr. Combs' and or Love Records account number (**insert number**).

The UMG Defendants are not aware of any arrangements Mr. Combs or Love Records had with Rodney Jones or any other artist, musician, engineer, or producer for the Love Album.

The UMG Defendants did not and would not authorize Mr. Combs or Love Records to use the money provided to them to

reimburse the authorized expenses for the Love Album for any purpose other than those intended as outlined in the agreement.

**Requested Documents**:
1. The unredacted copy of the agreement between the UMG Defendants, Love Records, and Mr. Combs, including the DocuSign signature confirmation page.
2. All communications between Mr. Combs, Love Records, and or his representatives and the UMG Defendants from January 2022 to December 2023 that concern Love Records and the Love Album.
3. All itemized receipts provided by Mr. Combs, Love Records, or their representatives that identified authorized recording expenses for the Love Album. Include all receipts and transactions provided to substantiate these claimed expenses.
4. Bank statements or wire statements evidencing all money provided to Mr. Combs and Love Records from January 2022 to the present day.

All of these documents will remain confidential pursuant to a protective order. The plaintiff will not disclose any of these documents unless it is a part of the Plaintiff's discovery disclosure requirements pursuant to the protective order. If the Documents must be

uploaded on the docket, Plaintiff will request that the documents be uploaded under seal, or in camera.

Regards,

Tyrone A. Blackburn, Esq.
T. A. Blackburn Law, PLLC.
Phone: 347-342-7432
TABlackburnlaw.com

> On Apr 11, 2024, at 11:29 AM, Zakarin, Donald S. <DZakarin@pryorcashman.com> wrote:
>
> Mr. Blackburn:
>
> I will respond to your note further but first, please explain what you mean by "All of this could have been avoided with a simple phone call, a declaration, and dismissal."
>
> My March 4, 2024 letter advised you to dismiss the action as against my clients as your client has neither any factual nor legal basis for the claims. I repeated that

repeated that advice subsequently. Our motion to dismiss your FAC makes clear your client has no claim against our clients and that the "facts" you allege, in both the FAC and proposed SAS, were completely unfounded. Indeed, your client's declaration confirms the complete lack of any factual basis for the claims (supposed hearsay statements by Mr. Combs to your client, even assuming they occurred, provide no basis whatsoever and they provide no legal basis in any event). Your SAC as against our clients, if slightly less offensive, is equally baseless. The transcript of our hearing with the Judge confirms

that that he too heard nothing that gave your client any viable claim against our clients.

You have our clients' declarations. You have my declaration, both in support of our motion to dismiss and our Rule 11 motion. You can avoid the problems confronting you with respect to our clients by dismissing the complaint as against them, as you did with Ms. Habtemariam. I strongly suggest you do so.

Donald S. Zakarin
Pryor Cashman, LLP
7 Times Square
New York, NY 10036
212-326-0108 (P)
212-798-6306 (F)
347-820-0793 (C)
dzakarin@pryo

dzakarin@pryorcashman.com

---

**From:** Tyrone Blackburn <tblackburn@tablackburnlaw.com>
**Sent:** Thursday, April 11, 2024 11:03 AM
**To:** Zakarin, Donald S. <DZakarin@pryorcashman.com>
**Cc:** Charron, William <WCharron@pryorcashman.com>; Janowitz, James A. <JJanowitz@pryorcashman.com>
**Subject:** Re: Jones v. Combs et. al. 24 Civ. 1457

Donald,

You can attack my character all you want, but your client has unclean hands. I have spoken to many recently former UMG employees, some of whom worked close to your beloved Lucian, and I know for a FACT that your client does not have any

documents of approved recording invoices for the Love Album. I also know for a FACT that your client has engaged in questionable and unethical business practices for **years if not decades**. I will not put all I know in this email, but I do know that you, sir, are doing your client a huge disservice.

**Your Question**: "do you have any "good faith" basis for questioning the authenticity of the agreement (which has been authenticated by the person who negotiated it and signed it in her declaration)."

**Answer**: YES!

All of this could have been avoided with a simple phone call, a declaration, and dismissal.

I will file the amended complaint today. In the three weeks you have to file your motion to dismiss, I would suggest a fresh review of your clients legal documents.

Regards,

Tyrone A.

Tyrone A. Blackburn, Esq.
T. A. Blackburn Law, PLLC.
Phone: 347-342-7432
TABlackburnlaw.com

On Apr 10, 2024, at 6:07 PM, Zakarin, Donald S. <DZakarin@pryorcashman.com> wrote:

do you have an

y "good faith" basis for questioning the authenticity of the agreement (which has been authenticated by the person who negotiated it and sig

ned it in her declaration)

***CONFIDENTIALITY NOTICE*** This email contains confidential information which may also be legally privileged and which is intended only for the use of the recipient(s) named above. If you are not the intended recipient, you are hereby notified that forwarding or copying of this email, or the taking of any action in reliance on its contents, may be strictly prohibited. If you have received this email in error, please notify us immediately by reply email and delete this message from your inbox.

***CONFIDENTIALITY NOTICE***
This email contains confidential information which may also be legally privileged and which is intended only for the use of the recipient(s) named above. If you are not the intended recipient, you are hereby notified that forwarding or copying

of this email, or the taking of any action in reliance on its contents, may be strictly prohibited. If you have received this email in error, please notify us immediately by reply email and delete this message from your inbox.

***CONFIDENTIALITY NOTICE***

This email contains confidential information which may also be legally privileged and which is intended only for the use of the recipient(s) named above. If you are not the intended recipient, you are hereby notified that forwarding or copying of this email, or the taking of any action in reliance on its contents, may be strictly prohibited. If you have received this email in error, please notify us immediately by reply email and delete this message from your inbox.