# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

RODNEY JONES,                 :   Civil Action No. 24-cv-01457 (JPO)

                          :

            Plaintiff,      :   **ORAL ARGUMENT REQUESTED**

                           :

         v.                    :

                           :

SEAN COMBS, JUSTIN DIOR COMBS, CUBA   :
GOODING, JR., LUCIAN CHARLES GRAINGE,   :
KRISTINA KHORRAM, LOVE RECORDS,       :
MOTOWN RECORDS, UNIVERSAL MUSIC     :
GROUP, COMBS GLOBAL ENTERPRISES,      :
JOHN and JANE DOES 1-10, and ABC         :
CORPORATIONS 1-10,                  :

                           :

            Defendants.    :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x


## MEMORANDUM OF LAW IN SUPPORT OF
## MOTION TO DISMISS THE SECOND AMENDED COMPLAINT AGAINST
## <u>SEAN COMBS, LOVE RECORDS, AND COMBS GLOBAL ENTERPRISES</u>


SHER TREMONTE LLP
90 Broad St., 23rd Floor
New York, New York 10004
(212) 202-2600

*Attorneys for Defendants*
*Sean Combs, Love Records, Inc. and*
*CEOpCo, LLC (t/a Combs Global) f/k/a Combs Enterprises, LLC*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ........................................................................................................... ii

PRELIMINARY STATEMENT ...................................................................................................... 1

FACTS ALLEGED IN THE SECOND AMENDED COMPLAINT ............................................. 3

STANDARD OF REVIEW .............................................................................................................. 4

ARGUMENT ..................................................................................................................................... 5

    I.      PLAINTIFF HAS FAILED TO STATE A RICO CLAIM ................................... 5

          A.      Plaintiff Lacks Standing............................................................................. 6

          B.      The SAC Fails to Plausibly Plead a "Pattern of Racketeering".................. 7

          C.      The SAC Fails to Plead "Relatedness" or "Continuity" ........................... 11

          D.      The SAC Fails to Plausibly Plead an "Enterprise" ................................... 12

    II.     PLAINTIFF HAS FAILED TO STATE A TVPA CLAIM ................................. 14

          A.      Plaintiff Has Failed to Plead a Primary Claim Under the TVPA ............. 14

          B.      Plaintiff Has Failed to Plead a TVPA Claim Against Combs Global....... 17

    III.    JONES FAILS TO STATE A SEXUAL ASSAULT CLAIM AGAINST
          MR. COMBS ........................................................................................................ 18

    IV.    THE PREMISES LIABILITY CLAIMS AGAINST MR. COMBS FAIL .......... 18

    V.     THE EMOTIONAL DISTRESS CLAIMS AGAINST MR. COMBS FAIL....... 21

          A.      The SAC Fails to State a Claim for Negligent Infliction of Emotional
                 Distress.................................................................................................... 21

          B.      The SAC Fails to Allege Intentional Infliction of Emotional Distress..... 22

    VI.    THE BREACH OF ORAL CONTRACT CLAIM FAILS ................................... 23

CONCLUSION................................................................................................................................. 24

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Abblett v. First Nat'l Bank & Tr. Co. of Riviera Beach*,
  392 So. 2d 331 (Fla. Dist. Ct. App. 1981) .............................................................. 20

*Achtman v. Kirby, McInerney & Squire LLP*,
  464 F.3d 328 (2d Cir. 2006) ..................................................................................... 9

*Adilovic v. Cnty. of Westchester*,
  No. 08 CIV. 10971 (PGG), 2009 WL 10740170 (S.D.N.Y. June 9, 2009) ............... 18

*Ahmed v. Wells Fargo Bank & Co.*,
  No. 11-cv-0436, 2011 WL 1751415 (N.D. Cal. May 9, 2011) .................................. 23

*AJ Energy LLC v. Woori Bank*,
  No. 18-cv-3735 (JMF), 2019 WL 4688629 (S.D.N.Y. Sept. 26, 2019) ............... 5, 15

*Andrews v. Sony/ATV Music Publ., LLC*,
  No. 15-CV-7544 (AJN), 2017 WL 770614 (S.D.N.Y. Feb. 24, 2017) ..................... 23

*Appleby v. Knauf Gips KG*,
  No. 22-CIV-6141 (RAR), 2023 WL 3844770 (S.D. Fla. June 5, 2023) ................... 21

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ................................................................................................... 4

*Askew v. Beauregard*,
  No. 15-62154-CIV, 2016 WL 11781910 (S.D. Fla. Apr. 12, 2016) ........................ 22

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ............................................................................................... 4, 5

*Bigsby v. Barclays Cap. Real Est., Inc.*,
  170 F. Supp. 3d 568 (S.D.N.Y. 2016) ....................................................................... 7

*Broemer v. United States*,
  No. CV0104340MMMRZX, 2003 WL 27382055 (C.D. Cal. Sept. 30, 2003) ........ 22

*BWP Media USA Inc. v. Hollywood Fan Sites, LLC*,
  69 F. Supp. 3d 342 (S.D.N.Y. 2014) ................................................................... 12, 13

*Canosa v. Ziff*,
  No. 18-cv-4115 (PAE), 2019 WL 498865 (S.D.N.Y. Jan. 28, 2019) ................... 5, 22

*Cartategui v. Walgreen Co.*,
No. 3:20-cv-380, 2021 WL 1795345 (M.D. Fla. Feb. 1, 2021) ................................................ 21

*Cedar Swamp Holdings, Inc. v. Zaman*,
487 F. Supp. 2d 444 (S.D.N.Y. 2007) .................................................................................... 13

*Clarke v. UFI, Inc.*,
98 F. Supp. 2d 320 (E.D.N.Y. 2000) ...................................................................................... 23

*Conner v. Marriott Hotel Servs., Inc.*,
559 F. Supp. 3d 1305 (M.D. Fla. 2021) .................................................................................. 19

*Conte v. Tapps Supermarket*,
No. 22-cv-3109 (DG) (JMV), 2023 WL 6594351 (E.D.N.Y. July 3, 2023), *report and
recommendation adopted sub nom. Conte v. Tapps Supermarket, Inc.*, No.
22CV03109DGJMW, 2023 WL 6140182 (E.D.N.Y. Sept. 20, 2023) ..................................... 12

*Corradino v. Liquidnet Holdings Inc.*,
No. 19 CIV. 10434 (LGS), 2021 WL 2853362 (S.D.N.Y. July 8, 2021) ........................... 15, 17

*Cruz v. FXDirectDealer, LLC*,
720 F.3d 115 (2d Cir. 2013) .................................................................................................... 13

*D. Penguin Bros. v. City Nat'l Bank*,
No. 13-cv-0041 (TPG), 2014 WL 982859 (S.D.N.Y. Mar. 11, 2014), *aff'd*, 587 F. App'x 663
(2d Cir. 2014) .......................................................................................................................... 10

*D. Penguin Bros. v. City Nat'l Bank*,
587 F. App'x 663 (2d Cir. 2014) ............................................................................................. 14

*DeSilva v. N. Shore-Long Island Jewish Health Sys., Inc.*,
770 F. Supp. 2d 497 (E.D.N.Y. 2011) ............................................................................. 6, 7, 10

*Est. of Gottdiener v. Sater*,
35 F. Supp. 3d 386 (S.D.N.Y. 2014), *on reconsideration*, 35 F. Supp. 3d 402 (S.D.N.Y.2014),
*aff'd*, 602 F. App'x 552 (2d Cir. 2015) ..................................................................................... 8

*Fernandez v. City of New York*,
457 F. Supp. 3d 364 (S.D.N.Y. 2020) ..................................................................................... 21

*First Cap. Asset Mgmt., Inc. v. Satinwood, Inc.*,
385 F.3d 159 (2d Cir. 2004) .............................................................................................. 12, 13

*Forest Park Pictures v. Universal Television Network, Inc.*,
683 F.3d 424 (2d Cir. 2012) ..................................................................................................... 5

*Franzone v. City of New York*,
No. 13-cv-5282 (NG), 2015 WL 2139121 (E.D.N.Y. May 4, 2015) ......................................... 8

*Gallop v. Cheney*,
    642 F.3d 364 (2d Cir. 2011) .................................................................................. 16

*Geiss v. Weinstein Co. Holdings LLC*,
    383 F. Supp. 3d 156 (S.D.N.Y. 2019) ............................................................ 5, 6, 17

*Giunta v. Dingman*,
    893 F.3d 73 (2d Cir. 2018) ....................................................................................... 4

*H.J. Inc. v. Nw. Bell Tel. Co.*,
    492 U.S. 229 (1989) ............................................................................................... 11

*Hammer v. Lee Mem'l Health Sys.*,
    No. 2:18-cv-347, 2018 WL 3707832 (M.D. Fla. Aug. 3, 2018) ............................ 19

*Harris v. Bear Valley Cmty. Serv. Dist.*,
    No. 12-CV-01664 (JLT), 2013 WL 4402823 (E.D. Cal. Aug. 14, 2013) ............... 22

*Highlands Ins. Co. v. PRG Brokerage, Inc.*,
    No. 01-cv-2272, 2004 WL 35439 (S.D.N.Y. Jan. 6, 2004) .................................... 10

*Hollis v. Miami-Dade Cnty.*,
    No. 20-cv-21930, 2022 WL 4124300 (S.D. Fla. Aug. 10, 2022), *report and recommendation adopted sub nom. Hollis v. Miami-Dade Cnty., Fla.*, No. 20-21930-CIV, 2022 WL 4119753 (S.D. Fla. Sept. 9, 2022) .................................................................................... 23

*Johnson v. Del Monte Fresh Produce Company*,
    No. 09-22425-CIV-UNGARO, 2010 WL 11606066 (S.D. Fl. Dec. 8, 2010) ......... 21

*Johnson v. Exxon Mobil Corp.*,
    No. 605CV874ORL28DAB, 2006 WL 8439360 (M.D. Fla. June 22, 2006) .......... 20

*Katzman v. Victoria's Secret Catalogue*,
    167 F.R.D. 649 (S.D.N.Y. 1996), *aff'd*, 113 F.3d 1229 (2d Cir. 1997) ..................... 7

*Lacey v. Healthcare & Ret. Corp. of Am.*,
    918 So. 2d 333 (Fla. Dist. Ct. App. 2005) ............................................................. 24

*Leib-Podry v. Tobias*,
    No. 22-CV-8614 (VEC) (JW), 2024 WL 1421152 (S.D.N.Y. Feb. 13, 2024), *report and recommendation adopted*, 2024 WL 1134597 (S.D.N.Y. Mar.15, 2024) ......................... 16, 18

*Linens of Europe, Inc. v. Best Mfg., Inc.*,
    No. 03-cv-9612 (GEL), 2004 WL 2071689 (S.D.N.Y. Sept. 16, 2004) .................. 11

*Lynn v. McCormick*,
    No. 17-CV-1183 (CS), 2017 WL6507112 (S.D.N.Y. Dec. 18, 2017), *aff'd*, 760 F. App'x 51 (2d Cir. 2019) .......................................................................................................... 14

*Manhattan Telecommns. Corp. v. DialAmerica Mktg., Inc.*,
156 F. Supp. 2d 376 (S.D.N.Y. 2001)................................................................. 5

*Marraccini v. Bertelsmann Music Grp. Inc.*,
221 A.D.2d 95 (3d Dep't 1996) ........................................................................ 24

*Miller v. Cnty. of Erie*,
No. 17-CV-00928W(F), 2019 WL 1244196 (W.D.N.Y. Feb. 27, 2019), *report and
recommendation adopted*, No. 17-CV-00928 (EAW), 2019 WL 1243680 (W.D.N.Y. Mar. 18,
2019) ................................................................................................................. 22

*Mills v. Polar Molecular Corp.*,
12 F.3d 1170 (2d Cir. 1993)............................................................................... 11

*Moss v. Morgan Stanley, Inc.*,
719 F.2d 5 (2d Cir. 1983)..................................................................................... 5

*Mullan v. Daniels*,
No. 19-CV-04058 (KAW), 2020 WL 1043621 (N.D. Cal. Mar. 4, 2020) ............ 22

*Nasik Breeding & Research Farm Ltd. v. Merck & Co.*,
165 F. Supp. 2d 514 (S.D.N.Y. 2001)................................................................ 10

*Noble v. Weinstein*,
335 F. Supp. 3d 504 (S.D.N.Y. 2018)................................................................ 17

*Paraohao v. Bankers Club, Inc.*,
225 F. Supp. 2d 1353 (S.D. Fla. 2002) ............................................................. 22

*Perez v. Ritz-Carlton (Virgin Islands), Inc.*,
59 V.I. 522 (2013) ............................................................................................. 19

*Petrosurance, Inc. v. Nat'l Ass'n of Ins. Comm'rs*,
888 F. Supp. 2d 491 (S.D.N.Y. 2012)................................................................. 6

*PNCEF, LLC v. Highlander Enterprises, LLC*,
No. 09-80974-CIV, 2010 WL 11504754 (S.D. Fla. Mar. 2, 2010) ...................... 24

*Polanco v. S. Holdings, LLC*,
2024 V.I. 8 (Jan. 18, 2024) ............................................................................... 19

*Pu v. Charles H. Greenthal Mgmt. Corp.*,
No. 08-cv-10084 (RJH) (RLE), 2010 WL 774335 (S.D.N.Y. Mar. 9, 2010).......... 5

*Red Ball Interior Demolition Corp. v. Palmadessa*,
874 F. Supp. 576 (S.D.N.Y. 1995) ...................................................................... 7

*Reich v. Lopez,*
  858 F.3d 55 (2d Cir. 2017) .......................................................................................... 7, 11

*Robinson v. Island Time Watersports (Caribbean) LLC,*
  No. 3:23-CV-0053, 2024 WL 1211932 (D.V.I. Mar. 20, 2024) ................................ 20

*Salahuddin v. Cuomo,*
  861 F.2d 40 (2d Cir. 1988) ............................................................................................. 8

*Sirico v. F.G.G. Prods., Inc.,*
  71 A.D.3d 429 (1st Dep't 2010) .................................................................................. 24

*Spool v. World Child Int'l Adoption Agency,*
  520 F.3d 178 (2d Cir. 2008) ........................................................................................... 8

*Stevens v. Jefferson,*
  436 So. 2d 33 (Fla. 1983) ............................................................................................. 19

*Taylor v. Quayyum,*
  No. 16-cv-1143, 2021 WL 6065743 (S.D.N.Y. Dec. 21, 2021) ................................ 23

*Thiam v. Am. Talent Agency, Inc.,*
  No. 11 CIV 1465 GBD, 2012 WL 1034901 (S.D.N.Y. Mar. 27, 2012) .................... 24

*Tracy v. NVR, Inc.,*
  667 F. Supp. 2d 244 (W.D.N.Y. 2009) ........................................................................ 19

*United States v. Burden,*
  600 F.3d 204 (2d Cir. 2010) ......................................................................................... 11

*United States v. Indelicato,*
  865 F.2d 1370 (2d Cir. 1989) ......................................................................................... 7

*W. 79th St. Corp. v. Congregation Kahl Minchas Chinuch,*
  No. 03-cv-8606 (RWS), 2004 WL 2187069 (S.D.N.Y. Sept. 29, 2004) ................... 14

*White v. Soc. Sec. Admin.,*
  111 F. Supp. 3d 1041 (N.D. Cal. 2015) ....................................................................... 21

*Zimmerman v. Poly Prep Country Day Sch.,*
  888 F. Supp. 2d 317 (E.D.N.Y. 2012) ........................................................................... 6

*Zuhovitzky v. UBS AG CHE 101.329.562,*
  No. 21 CIV.11124 (KPF), 2023 WL 4584452 (S.D.N.Y. July 18, 2023) ................. 14

*Zunzurovski v. Fisher,*
  No. 23 Civ. 10881, 2024 WL 1434076 (S.D.N.Y. Apr. 3, 2024) ................................. 1

**Statutes**

18 U.S.C. § 933 .................................................................................................. 10

18 U.S.C. § 1341 .................................................................................................. 9

18 U.S.C. § 1343 .................................................................................................. 9

18 U.S.C § 1591 ........................................................................................ 15, 16, 17

18 U.S.C § 1595 .................................................................................................. 15

18 U.S.C. § 1961 .............................................................................................. 8, 9

18 U.S.C. § 1962 .......................................................................................... 6, 7, 8

18 U.S.C. § 1964 .................................................................................................. 6

21 U.S.C. § 841 .................................................................................................. 9

21 U.S.C. § 843 .................................................................................................. 9

21 U.S.C. § 846 .................................................................................................. 9

Cal. Civ. Code § 1624 ......................................................................................... 23

Fla. Stat. Ann. § 725.01 ...................................................................................... 23

N.Y. Gen. Oblig. Law § 5-701 ............................................................................ 23

**Rules**

Fed. R. Civ. P. 12(b)(6) ................................................................................... 1, 4

Fed. R. Civ. P. 8(a)(2) ......................................................................................... 8

Fed. R. Civ. P. 9(b) ....................................................................................... 9, 10

This memorandum of law is respectfully submitted on behalf of Defendants Sean Combs ("Mr. Combs"), Love Records, Inc.[1] ("Love Records"), and CEOpCo, LLC (t/a Combs Global) f/k/a Combs Enterprises, LLC[2] ("Combs Global") (collectively, the "Combs Defendants") in support of their motion under Fed. R. Civ. P. 12(b)(6) for an order dismissing the Second Amended Complaint (ECF No. 38) (the "SAC") with prejudice.

## PRELIMINARY STATEMENT

Jones' Second Amended Complaint is his third attempt to dress up a run of the mill commercial disagreement as a salacious RICO conspiracy. Running to nearly 100 pages, it includes countless tall tales, shameless celebrity namedrops, and irrelevant images. Yet, despite all its hyperbole and lurid theatrics, the SAC fails to state a single viable claim against any of the Combs Defendants.

Replete with legally meaningless allegations and blatant falsehoods, the SAC's true purpose is to generate media hype and exploit it to extract a settlement—no surprise, given that Jones' attorney was recently referred to this Court's Grievance Committee for engaging in a "pattern" of "improperly fil[ing] cases in federal court to garner media attention, embarrass defendants with salacious allegations, and pressure defendants to settle quickly."[3] Taking a page from his attorney's playbook, Jones recently posted a video on the "X" platform in which he, together with a performer known as "Uncle Murda," laughed about this lawsuit (despite his allegations of "severe emotional distress"), demanded Mr. Combs pay him "that money by

---

[1] Named incorrectly in the Summons and Complaint as Love Records.
[2] Named incorrectly in the Summons and Complaint as Combs Global Enterprises.
[3] *Zunzurovski v. Fisher*, No. 23 Civ. 10881, 2024 WL 1434076, at *5 (S.D.N.Y. Apr. 3, 2024).

Monday," and warned: "I'm from Chicago, we don't play about our business."[4]  Like the SAC, Jones' videotaped threats on social media are part of a calculated effort to promote his personal brand and profit from the exposure.  Such tactics have no place in federal court.

First, the RICO claim must be dismissed because the SAC does not establish standing to sue, fails to plead a "pattern of racketeering activity," and fails to plead the existence of a RICO "enterprise."

Second, the Trafficking Victims Protection Act ("TVPA") claim must be dismissed because the SAC fails to allege any facts from which a plausible inference could be drawn that "threats of force, fraud [or] coercion" were used to compel Jones to commit a "commercial sex act" or that Jones is a "victim" under the statute.

Third, Jones' sexual assault claim against Mr. Combs must be dismissed because Jones fails to plead the most basic facts, such as where and when any purported instance of assault occurred or what allegedly transpired.

Fourth, Jones' baseless attempt to hold Mr. Combs liable for alleged sexual advances of third parties (which Jones alleges he rebuffed) on a premises liability theory must be dismissed because he fails to allege facts showing that any claimed assault was foreseeable by Mr. Combs, that Plaintiff suffered any injury, or that Mr. Combs exercised control over the alleged

---

[4]     In the video, Jones and the rapper Leonard Carl Grant (a/k/a "Uncle Murda"), who were attending a public event hosted by Curtis Jackson (a/k/a "50 Cent"), both address the camera. Referring to this lawsuit, Jones stated:  "Not playing with you. . . I'm from Chicago. We don't play about our business . . Want that money by Monday."  Mr. Grant made similar threats:  "Yo my n***a that's suing Diddy for all that bread . . . Stop playing, n***a. . . . My boy wants that check, n***a. . . . I'm just saying, rapper vibes! . . . We want that money by Monday, Diddy." https://x.com/ArtOfDialogue_/status/1824166587600879676?ref_src=twsrc%5Etfw%7Ctwcamp %5Etweetembed%7Ctwterm%5E1824166587600879676%7Ctwgr%5E12ae1561f5b266aa4fa96 2be6eba51094b5e1bdb%7Ctwcon%5Es1_&ref_url=https%3A%2F%2Fd-40365072794118323354.ampproject.net%2F2406131415000%2Fframe.html.

perpetrator or premises.

Fifth, the negligent infliction of emotional distress ("Negligent Distress") and intentional infliction of emotional distress ("Intentional Distress") claims against Mr. Combs must be dismissed because they are entirely duplicative of other claims, and because the SAC fails to plead intent, "outrageous" behavior by Mr. Combs towards Jones, or any injury.

Sixth, the breach of oral contract claim against Love Records and Mr. Combs must be dismissed because it is barred by the Statute of Frauds, and the SAC fails to allege sufficient facts to plead an enforceable contract.

### FACTS ALLEGED IN THE SECOND AMENDED COMPLAINT

Jones claims he worked as a music producer on Mr. Combs' Love Album from September 2022 to September 2023. SAC ¶ 23. During this time, Jones allegedly resided with Mr. Combs at his residences in Miami and Los Angeles, where he claims to have witnessed and participated in drug use, firearms possession, and sex parties. *Id*. ¶ 25, *passim*. Although the SAC is replete with farfetched tales of misconduct, it contains very few allegations relating to Jones, apart from the (disputed) claim that Mr. Combs did not pay Jones as promised for purportedly working as a producer on the Love Album. *Id*. ¶ 137.

Although Jones claims he was "forced" into soliciting and having sex with sex workers, the SAC fails to identify what this force consisted of and does not link any specific threat to any specific act. *Id*. ¶¶ 99-114. Jones claims he was repeatedly "groped" and "touched" by Mr. Combs, but fails to allege the specific date, location, or details of any such incident. *Id.* ¶¶ 73-81. Jones also claims a female guest of Mr. Combs attempted to sexually assault him, and he pushed her away. *Id.* ¶¶ 92-98. Jones further alleges that on an unspecified date on a yacht near the Virgin Islands, a famous actor made "advances" that Jones rebuffed. *Id.* ¶¶ 125-30. A purported "screenshot of the encounter" shows a smiling Jones seated next to the actor. *Id.*

3

¶ 130.

Jones claims a generalized fear of violence due to Mr. Combs' reputation and alleged ownership of firearms, but alleges no specific threat of violence and fails to connect any such threat to any coerced act. The only specific threat—that Mr. Combs said he would "eat his face" in April 2023—is not tied to any coerced act. *Id*. ¶ 252(c). Jones further claims (implausibly) that Mr. Combs promised him extravagant gifts, including a Grammy statue, $250,000.00 to purchase musical instruments, ownership of Mr. Combs' $20,000,000 home, and "access to record label executives." *Id.* ¶ 114. The SAC fails to allege any date, location, or context in connection with these claimed "promises."[5]

## STANDARD OF REVIEW

Under Fed. R. Civ. P. 12(b)(6), a district court "accept[s] all of the complaint's factual allegations as true and draw[s] all reasonable inferences in the plaintiffs' favor." *Giunta v. Dingman*, 893 F.3d 73, 79 (2d Cir. 2018). The complaint must, however, plead allegations that state a plausible claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has 'facial plausibility' when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable

---

[5] After Jones filed his original Complaint, individuals who had been identified as "underage" or as "sex workers" disputed those allegations and law enforcement sources confirmed that Jones' description of the alleged shooting at Chalice Recording Studio was not accurate. *See Diddy Lawyer Says Women Are Denying Being 'Underage' as Described in Suit*, TMZ (Feb. 28, 2024), https://www.tmz.com/2024/02/28/diddy-lawyer-women-come-forward-deny-underage-claim-lawsuit/; *Gay Porn Star Takes Credit for Alleged Stevie J Image in Diddy Lawsuit*, TMZ (Feb. 27, 2024), https://www.tmz.com/2024/02/27/gay-porn-star-knockout-takes-credit-stevie-j-image-diddy-lawsuit/. And, despite two attempts at repleading his purported claims, the SAC still falsely claims the Combs Defendants conspired with Universal Music Group and its affiliates as part of the alleged RICO enterprise. *See, e.g.*, *id*. ¶¶ 173, 202-03. After they moved to dismiss, Plaintiff's attorney acknowledged "there is no legal basis for the claims and allegations that were made against the UMG Defendants" and requested the SAC be amended "to delete . . . all references to the UMG Defendants." Blackburn Decl. (Dkt. No. 49-1) ¶ 3.

4

for the misconduct alleged.'" *Forest Park Pictures v. Universal Television Network, Inc.*, 683 F.3d 424, 429 (2d Cir. 2012) (citation omitted).  It is not enough to assert mere "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp.*, 550 U.S. at 555.  A court "is not required to credit conclusory allegations unsupported by facts, . . . or to suspend common sense in conducting its analysis." *AJ Energy LLC v. Woori Bank*, No. 18-cv-3735 (JMF), 2019 WL 4688629, at *3 (S.D.N.Y. Sept. 26, 2019), *aff'd*, 829 F. App'x 533 (2d Cir. 2020).

**ARGUMENT**

## I. PLAINTIFF HAS FAILED TO STATE A RICO CLAIM

Because litigants frequently attempt to transform "garden-variety fraud or breach of contract cases" into RICO claims, "the civil provisions of [RICO] are the most misused statutes in the federal corpus of law[.]" *Pu v. Charles H. Greenthal Mgmt. Corp.*, No. 08-cv-10084 (RJH) (RLE), 2010 WL 774335, at *2 (S.D.N.Y. Mar. 9, 2010).  Thus, courts "strive to flush out frivolous RICO allegations at an early stage of the litigation." *Manhattan Telecommns. Corp. v. DialAmerica, Mktg., Inc.*, 156 F. Supp. 2d 376, 380 (S.D.N.Y. 2001) (citation omitted).

"To state a cause of action under RICO, a plaintiff must plead the seven constituent elements . . . : '(1) that the defendant (2) through the commission of two or more acts (3) constituting a pattern (4) of racketeering activity (5) directly or indirectly invests in, or maintains an interest in, or participates in (6) an enterprise (7) the activities of which affect interstate or foreign commerce.'" *Pu*, 2010 WL 774335, at *3 (quoting *Moss v. Morgan Stanley, Inc.*, 719 F.2d 5, 17 (2d Cir.1983)).  A RICO plaintiff must also establish standing to sue, which is available only to a "'person injured in [his] business or property by' a RICO violation." *Geiss v. Weinstein Co. Holdings LLC*, 383 F. Supp. 3d 156, 170 (S.D.N.Y. 2019) (quoting *Canosa v. Ziff*, No. 18-cv-4115 (PAE), 2019 WL 498865, at *25 (S.D.N.Y. Jan. 28, 2019)) (citing RICO's

civil remedy provision, 18 U.S.C. § 1964(c)). "The phrase 'business or property' excludes both 'personal injuries suffered' and 'the economic consequence of personal injuries.'" *Id.* (citations omitted). Applying these standards, the SAC does not come close to stating a sustainable RICO claim. It fails to establish Jones' standing to sue, plead a "pattern of racketeering" activity, or plead the existence of a RICO "enterprise."[6]

### A.  Plaintiff Lacks Standing

The sole injury to "business or property" alleged in the SAC is the purported non-payment for services Jones claims he performed on the Love Album. SAC ¶¶ 132-41, 226.[7] The SAC alleges no causal connection between this injury and any purported RICO "predicate act." Nor does this alleged injury relate to the SAC's fantastical RICO narrative.

To confer standing to sue, the alleged RICO "predicate act" must be both the "but for" and proximate cause of an alleged injury to "business or property." *Geiss*, 383 F. Supp. 3d at 171 (no RICO standing for financial injuries allegedly caused by "blacklisting" because "[b]lacklisting . . . is not a RICO violation"); *DeSilva v. N. Shore-Long Island Jewish Health Sys., Inc.*, 770 F. Supp. 2d 497, 524 (E.D.N.Y. 2011) (no RICO standing for alleged "wage theft"

---

[6]     The SAC purports to bring its RICO claim under 18 U.S.C. §§ 1962(a), (c), and (d). SAC ¶¶ 206-08; *id.* First Cause of Action Header. For the reasons that follow, *infra*, the claims under § 1962(a) (use or investment of income derived from "a pattern of racketeering") and § 1962(c) (participation in "a pattern of racketeering") are unsustainable. Because Plaintiff has not stated a claim under §§ 1962(a) or 1962(c), the SAC's claim under § 1962(d) (RICO conspiracy) is also barred. *See Petrosurance, Inc. v. Nat'l Ass'n of Ins. Comm'rs*, 888 F. Supp. 2d 491, 507 (S.D.N.Y. 2012) (collecting cases), *aff'd*, 514 F. App'x 51 (2d Cir. 2013).

[7]     Plaintiff also claims non-economic injuries, including "sever[e] trauma[]," "suffer[ing] from PTSD, severe anxiety, depression, and insomnia," "diminished . . . health through consistent drugging and forced sexual encounters," and "mental anguish, humiliation, embarrassment, stress and anxiety, emotional pain and suffering, and emotional distress." SAC ¶¶ 53, 226, and Prayer for Relief § (c). RICO does not confer standing for any of those alleged injuries. *See Geiss*, 383 F. Supp. 3d at 171 (no RICO standing for injuries stemming from alleged sexual abuse); *Zimmerman v. Poly Prep Country Day Sch.*, 888 F. Supp. 2d 317, 323, 329 (E.D.N.Y. 2012) (no RICO standing for "severe psychological and emotional difficulties").

caused "simply [by] the retention of plaintiffs' wages"). It is not enough that a "predicate act" may have "furthered, facilitated, permitted or concealed an injury which happened or could have happened independently of the act." *Id.* at 524 (quoting *Red Ball Interior Demolition Corp. v. Palmadessa*, 874 F. Supp. 576, 587 (S.D.N.Y. 1995) (internal quotation marks omitted)).

The SAC alleges injury to Jones' "business or property" caused by a breach of contract. It contends Jones worked on the Love Album "as a result" of a purported agreement with Defendants. SAC ¶ 134 ("As a result [of the purported agreement], Mr. Jones began working on the album."). It alleges the Combs Defendants breached the contract by failing to pay Jones, causing him injury. *Id.* ¶¶ 132, 137-39, 213. This alleged chain of causation is fatal to Jones' claim because a breach of contract is not a RICO "predicate act." *See*, *e.g.*, *Bigsby v. Barclays Cap. Real Est., Inc.*, 170 F. Supp. 3d 568, 577 (S.D.N.Y. 2016) ("plaintiffs' . . . allegations 'are nothing more than breach of contract claims, and therefore do not constitute predicate acts'" (internal citation omitted). Because the SAC has not alleged any injury to Jones' "business or property" caused by a RICO "predicate act," Jones lacks standing to sue and his RICO claim must be dismissed.[8]

### B. The SAC Fails to Plausibly Plead a "Pattern of Racketeering"

A "pattern of racketeering" requires two or more "predicate acts," *Reich v. Lopez*, 858 F.3d 55, 59 (2d Cir. 2017), which must be related "because RICO does not apply to 'isolated or sporadic criminal acts,'" *id.* at 60 (quoting *United States v. Indelicato*, 865 F.2d 1370, 1383 (2d Cir. 1989)). The SAC fails to plead any "predicate act."

---

[8] Not only does Jones lack standing under RICO's civil remedies provision, he also lacks standing under 18 U.S.C. § 1962(a), which requires that plaintiff allege injury resulting "from the reinvestment of defendants' racketeering income." *DeSilva*, 770 F. Supp. 2d at 522-23. The SAC's boilerplate allegations (*see* SAC ¶¶ 225-26) are insufficient. *See Katzman v. Victoria's Secret Catalogue*, 167 F.R.D. 649, 657 (S.D.N.Y. 1996), *aff'd*, 113 F.3d 1229 (2d Cir. 1997).

"A RICO claim must allege every essential element of each predicate act."[9]  *See Est. of Gottdiener v. Sater*, 35 F. Supp. 3d 386, 392 (S.D.N.Y. 2014), *on reconsideration*, 35 F. Supp. 3d 402 (S.D.N.Y. 2014), *aff'd*, 602 F. App'x 552 (2d Cir. 2015).  This requirement is evaluated "with respect to each defendant individually," as a plaintiff "must show that each defendant personally committed or aided and abetted the commission of two predicate acts."  *Franzone v. City of New York*, No. 13-cv-5282 (NG), 2015 WL 2139121, at *8 (E.D.N.Y. May 4, 2015).

The SAC purports to allege "predicate acts" by loosely referring to the body of the pleading.  *See, e.g.*, SAC ¶ 210 ("Throughout this pleading, Mr. Jones has detailed many acts . . . which are prohibited under 18 U.S.C. § 1962), ¶ 235 (alleging Defendants committed "three (3) or more . . . predicate acts . . . as described in this Complaint.").  This is insufficient as a matter of law.  *Est. of Gottdiener*, 35 F. Supp. 3d at 392-93 (RICO elements "cannot be incorporated loosely from a previous narration, but must be tightly particularized and connected in a complaint[]" and "[p]arroting statutory language while generally referring the reader back to the previous 100 paragraphs in a complaint is inadequate."  (internal quotations and citations omitted)); *Franzone*, 2015 WL 2139121, at *9 (same).[10]

The SAC also fails to allege "Racketeering Acts."  SAC ¶ 237.  First, it fails to properly allege violations of the TVPA.  *Id.* ¶ 245.  *See* Section II, *infra*.  And it impermissibly lumps

---

[9]    Because the SAC fails to plead the minimum number of "predicate acts," it also cannot satisfy the RICO "continuity" requirement, which demands each act occur within ten years of the other.  18 U.S.C. § 1961(5); *Spool v. World Child Int'l Adoption Agency*, 520 F.3d 178, 183 (2d Cir. 2008).

[10]    The SAC's group pleading also violates Fed. R. Civ. P. 8(a)(2).  *Franzone*, 2015 WL 2139121, at *6 ("lump[ing] defendants together in a sprawling narrative that gives individual defendants inadequate notice of the allegations" is deficient for RICO pleading purposes (quoting *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988))).

defendants and events together (*id.* ¶¶ 245, 248), regurgitates boilerplate language (*id.* ¶¶ 248, 253), and loosely incorporates the narrative of the pleading as a whole (*id.* ¶¶ 245, 247).

Second, although the SAC alleges that Defendants "committed multiple acts of procuring, transporting, and distributing controlled substances," it fails to describe how any federal or state statute was violated. It vaguely cites 18 U.S.C. § 1961(1), which includes a catch-all provision adding to the list of RICO predicates: "any act or threat involving . . . dealing in a controlled substance . . . which is chargeable under State law and punishable by imprisonment for more than one year[.]" SAC ¶ 255. The SAC then string cites a number of state statutes (*see id.*) but never explains what those statutes are, how their elements are satisfied, or why a violation would suffice as a RICO "predicate act."[11] The SAC fails to establish the elements of any controlled substance offense because it never alleges for any specific instance the specific individuals, controlled substances, and amounts of any such controlled substance involved. *See*, *e.g.*, *id.* ¶¶ 182, 188, 258, 260. Moreover, the SAC's specific drug allegations relate to obtaining or transporting drugs for personal use, not "dealing" as required by 18 U.S.C. § 1961. *See*, *e.g.*, *id.* ¶¶ 29(d), 93, 178-79, 188, 219. Conclusory inclusion of the words "dealing" or "distributing" without any factual support does not satisfy federal pleading standards. *See Achtman v. Kirby, McInerney & Squire LLP, 464 F.3d 328, 337 (2d Cir. 2006)*.

Third, the SAC alleges that Defendants committed "mail and wire" fraud in violation of 18 U.S.C. §§ 1341 and 1343. *Id.* ¶¶ 264-73. To adequately plead mail or wire fraud as "predicate acts," the SAC must satisfy the heightened pleading standard under Fed. R. Civ. P.

---

[11]    The SAC also obliquely references 21 U.S.C. §§ 841, 843, and 846 without even attempting to establish the elements of any of those offenses. SAC ¶ 263. Regardless, none of those statutes is identified as "predicate acts" in 18 U.S.C. § 1961(1).

9(b). *Nasik Breeding & Research Farm Ltd. v. Merck & Co.*, 165 F. Supp. 2d 514, 537 (S.D.N.Y. 2001). It fails to do so. The SAC alleges Defendants "placed cash, letters, marketing materials, advertisements, agreements and other matters in depositories," but never identifies what the "materials" are, when or by whom they were placed in "depositories," how they were in any way fraudulent, the nature of any particular defendant's involvement, or whether the individuals involved possessed the necessary fraudulent intent. SAC ¶ 267; *see also, e.g.*, *id.* ¶ 270 (alleging that "Defendants agreed to each of the acts of wire fraud described throughout this Complaint," without specifying a single act). Such allegations fall far short of the minimum pleading requirements under Rule 9(b) and, therefore, a RICO "predicate act" is not sufficiently stated. *See*, *e.g.*, *DeSilva*, 770 F. Supp. 2d at 526 (finding "plaintiffs' allegations of mail fraud . . . wholly conclusory" because "plaintiffs have failed to identify which defendants caused each allegedly fraudulent statement to be spoken, written, or mailed; what the content of the allegedly fraudulent misrepresentation was; or when the communication was made"); *D. Penguin Bros. v. City Nat'l Bank*, No. 13-cv-0041 (TPG), 2014 WL 982859, at *6 (S.D.N.Y. Mar. 11, 2014) (same), *aff'd*, 587 F. App'x 663 (2d Cir. 2014); *Highlands Ins. Co. v. PRG Brokerage, Inc.*, No. 01-cv-2272, 2004 WL 35439, at *2 (S.D.N.Y. Jan. 6, 2004) (same).

Finally, the SAC alleges a hodgepodge of miscellaneous purported misdeeds, including allegations involving firearms, threats, and bribery. *See*, *e.g.*, SAC ¶¶ 30-54, 190-200. While many of those acts are not alleged as part of the "Racketeering Acts" in Paragraph 237 of the SAC, even if they were, they suffer from the same defects described above.[12] Vague allegations

---

[12] For example, the SAC mentions 18 U.S.C. § 933 in passing. *Id*. ¶ 205. This statute makes it unlawful to transfer firearms knowing that "use, carrying, or possession of a firearm by the recipient would constitute a felony." 18 U.S.C. § 933(a). The vague firearms-related allegations do not plead these elements. *See, e.g.*, *id*. ¶ 177.

unconnected to the elements of any identifiable criminal statute fail to state a RICO "predicate act." Further, "bragging," making "fake promises," and "intimidation and harassment" are not "predicate acts." *Mills v. Polar Molecular Corp.*, 12 F.3d 1170, 1176 (2d Cir. 1993) ("broken promises . . . cannot serve as predicate acts"); *Linens of Europe, Inc. v. Best Mfg., Inc.*, No. 03-cv-9612 (GEL), 2004 WL 2071689, at *15 (S.D.N.Y. Sept. 16, 2004) ("intimidation and harassment" do "not even qualify as predicate acts").

### C.     The SAC Fails to Plead "Relatedness" or "Continuity"

Even if the SAC alleged cognizable "predicate acts" (it alleges none), they would not be sufficiently related to comply with the statute's requirements. RICO's "relatedness" requirement has two components: "predicate acts" must be both related to each other ("horizontal relatedness") and related to the "enterprise" as a whole ("vertical relatedness"). *Reich*, 858 F.3d at 60. The SAC fails to plead either.

Vertical relatedness requires "that the defendant was enabled to commit the offense solely because of his position in the enterprise or his involvement in or control over the enterprise's affairs, or because the offense related to the activities of the enterprise." *Id.* (quoting *United States v. Burden*, 600 F.3d 204, 216 (2d Cir. 2010)). Because the SAC fails to plausibly plead any "enterprise," *see* Section I.D, *infra*, it cannot meet this requirement.

Horizontal relatedness requires the "predicate acts" to "have the same or similar purposes, results, participants, victims, or methods of commission, or otherwise are interrelated by distinguishing characteristics and are not isolated events." *Reich*, 858 F.3d at 61 (quoting *H.J. Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 240 (1989)). Such relatedness cannot be established where, despite those acts being allegedly committed by the same participants, "there is little else" to connect them. *Id.* It is not enough if, in some vague sense, all the acts somehow "helped" the "enterprise." *Id.* at 62. The SAC's theory of horizontal relatedness—that the "Racketeering

11

Acts" all "followed the same pattern and purpose: to defraud the Plaintiff for the Defendants' benefit," SAC ¶ 237; *see also id.* ¶ 215—is nonsensical.  This conclusory assertion falls well short of the required relatedness of such disparate allegations as the Chalice Recording Studio shooting, throwing parties, hiring sex workers, and drug use to the purported goal to "defraud" Jones.  *See Conte v. Tapps Supermarket*, No. 22-cv-3109 (DG) (JMW), 2023 WL 6594351, at *13 (E.D.N.Y. July 3, 2023) (no relatedness where "[p]laintiff's scattershot allegations of varying types of seemingly disconnected illegal conduct are coupled with the driving assertion that Defendants were engaged in a single goal – a fraudulent scheme to defraud him"), *report and recommendation adopted sub nom. Conte v. Tapps Supermarket, Inc.*, No. 22CV03109DGJMW, 2023 WL 6140182 (E.D.N.Y. Sept. 20, 2023).  Instead, the SAC's allegations consist of unconnected acts that are patched together, as obviously lacking in relatedness as they are calculated to make the pleading as shocking and disparaging as possible.

The SAC also fails to allege the requisite close-ended or open-ended continuity.  Jones' allegations span a one-year period (SAC ¶ 23), which is too short for close-ended continuity.  *See First Cap. Asset Mgmt., Inc. v. Satinwood, Inc.*, 385 F.3d 159, 181 (2d Cir. 2004) ("[T]his Court has never found a closed-ended pattern where the predicate acts spanned fewer than two years").  Nor does the SAC allege open-ended continuity, which requires "a threat of continued criminal activity."  *Id*. at 181.  To the contrary, the SAC pleads the RICO activities concluded in November 2023, shortly after release of the Love Album.  *See* SAC ¶ 375(b).

### D.     The SAC Fails to Plausibly Plead an "Enterprise"

The SAC's attempt to establish the "Combs RICO Enterprise" is also deficient.  SAC ¶¶ 199, 212-14, 256-59.  To establish an "enterprise" via "association-in-fact," plaintiff must allege "hierarchy, organization, and activities" sufficient to show that the "members functioned as a unit."  *BWP Media USA Inc. v. Hollywood Fan Sites, LLC*, 69 F. Supp. 3d 342, 360

(S.D.N.Y. 2014) (citations and internal quotations omitted). The mere "conclusory naming of a string of entities does not adequately allege an enterprise." *Id.* Further, a plaintiff must allege the members of an "enterprise" share a common, legally sufficient purpose. *Cruz v. FXDirectDealer, LLC*, 720 F.3d 115, 121 (2d Cir. 2013). The SAC utterly fails to meet these requirements.

Plaintiff alleges no discernable "hierarchy, organization, and activities" from which to conclude that the alleged "members functioned as a unit." At its most specific, the SAC lists several individuals and their purported roles in alleged sex-related, drug-related, and weapons-related activities. SAC ¶¶ 177-89. But these paragraphs leave out Love Records and the UMG Defendants, and the SAC does not provide a coherent explanation of the overall membership of the alleged "enterprise" or how the members functioned as a unit. Instead, it provides a long list of purported members without any allegations describing a structure. *See, e.g.*, *id.* ¶ 204. Therefore, a proper "enterprise" is not stated. *Cedar Swamp Holdings, Inc. v. Zaman*, 487 F. Supp. 2d 444, 450-51 (S.D.N.Y. 2007) (no "enterprise" without allegation as to "structure or hierarchy" because "an *ad hoc* collection of entities and individuals" is insufficient); *see also First Cap. Asset Mgmt., Inc.*, 385 F.3d at 175 (same).[13]

Further, the SAC fails to identify a cognizable "purpose." Each of the six purposes claimed in the SAC is deficient. *See* SAC ¶ 259. "[C]ontrolling" persons "to force [them] to purchase, transport, and distribute illegal firearms and drugs" impermissibly conflates an enterprise's "purpose" with the alleged "pattern of racketeering." *See Lynn v. McCormick*, No.

---

[13]    Notably, following the UMG Defendants' filing a motion to dismiss, Plaintiff withdrew all allegations and claims against the UMG Defendants – which were allegedly key members in the RICO "enterprise" – further undermining the already-deficient RICO allegations in the SAC. *See* Blackburn Decl. (Dkt. No. 49-1) ¶ 3.

17-CV-1183 (CS), 2017 WL 6507112, at *5 (S.D.N.Y. Dec. 18, 2017), *aff'd*, 760 F. App'x 51 (2d Cir. 2019). Enhancing an enterprise's status "with respect to rival music labels, artists, and executives" and "protecting the power, territory, and criminal ventures" is deficient because the SAC does not allege any "rivals" or "territory" of any labels, artists, or executives. And "[e]nriching the members and associates" of an "enterprise" is insufficient because advancing self-interest cannot serve as a "purpose" as a matter of law. *See D. Penguin Bros.*, 587 F. App'x at 668 (no "enterprise" alleged without allegations defendants "acted 'on behalf of the enterprise as opposed to on behalf of [themselves] in their individual capacities, to advance their individual self-interests'"). Lastly, "concealing the activities of the enterprise from law enforcement" and "keeping victims in fear" are not RICO "purposes," but, instead, the means by which to accomplish them; these are, in any event, "little more than [] 'naked assertion[s]' devoid of 'further factual enhancement[.]'" *Id.* Without any discernable "structure" or "purpose," the SAC fails to allege a RICO "enterprise."[14]

## II.     PLAINTIFF HAS FAILED TO STATE A TVPA CLAIM

### A.     Plaintiff Has Failed to Plead a Primary Claim Under the TVPA

The TVPA provides for liability against a defendant who:

> knowingly and in interstate or foreign commerce . . . [1] recruits, entices, harbors, transports, provides, obtains, advertises, maintains, patronizes, or solicits by any means a person . . . [2] ***knowing,*** or . . . in reckless disregard of the fact, ***that means of force, threats of force, fraud, coercion*** . . . ***will be used [3] to cause the person to engage in a commercial sex act***.

---

[14]     The SAC also fails to plead a § 1962(c) claim as to Love Records or Combs Global because that section imposes liability "only upon defendants who operate or manage RICO enterprises." *W. 79th St. Corp. v. Congregation Kahl Minchas Chinuch*, No. 03-cv-8606 (RWS), 2004 WL 2187069, at *13 (S.D.N.Y. Sept. 29, 2004). The SAC is devoid any facts giving rise to a plausible inference that corporate entities Combs Global or Love Records were involved in any of the purported bad acts. *Zuhovitzky v. UBS AG CHE 101.329.562*, No. 21 CIV.11124 (KPF), 2023 WL 4584452, at *1 n.3 (S.D.N.Y. July 18, 2023).

18 U.S.C § 1591(a) (emphasis added); *id.* § 1595 (providing civil remedy for victims of § 1591 violations).  A "commercial sex act" is defined as a "sex act, on account of which anything of value is given or received by any person."  18 U.S.C. § 1591(e)(3).  Jones does not allege he was forced or coerced to engage in any sex act within this definition.  *See Corradino v. Liquidnet Holdings Inc.*, No. 19 CIV. 10434 (LGS), 2021 WL 2853362, at *4 (S.D.N.Y. July 8, 2021) (TVPA claim dismissed for failure to plead "force, threats of force, fraud or coercion" were used to cause plaintiff to engage in a commercial sex act).  The bulk of Jones' allegations concerning sex trafficking relate to unidentified persons other than Jones, who engaged in unspecified acts on unspecified dates purportedly under pressure from unspecified Defendants.  *See, e.g.*, SAC ¶¶ 29, 298-313 (including generalized allegations about unidentified "sex workers" and "others" who were purportedly "recruited, enticed, provided, obtained, advertised, and solicited by various means").  Jones lacks standing to pursue a TVPA claim based on these allegations, and any cause of action based on witnessing such acts fails because the TVPA confers standing only upon trafficking victims.  *See* 18 U.S.C. § 1595.

Although the SAC alleges that Jones solicited women he presumably paid for sex, these allegations cannot support a TVPA claim because Jones does not allege he was compelled to do so by "force, fraud or coercion."  *See* SAC ¶¶ 298-313.  And, although Jones alleges in conclusory terms that he was "forced" to have sex with sex workers through Mr. Combs' "power and influence," the SAC fails to allege how such "force" was applied in any particular instance.  *See* SAC ¶¶ 100-13.  Such vague allegations fall well short of federal pleading standards.  *See AJ Energy LLC*, 2019 WL 4688629, at *3 (a court "is not required to credit conclusory allegations unsupported by facts").

Because no specific threat is causally linked to any sex act involving Jones, his

allegations of a generalized fear of Mr. Combs' fail to establish "force or coercion" under the TVPA. The only specific allegation of an arguable threat of violence is Mr. Combs' purported statement to Mr. Jones that he would "eat his face." SAC ¶ 252(c). This statement is not alleged to have been made in connection with any sex act, and it post-dates nearly all Jones' alleged solicitations of sex workers. *Id*. ¶ 252(d). Vague allegations that Mr. Combs flaunted firearms and boasted of previous criminal exploits and power over law enforcement are similarly disconnected from any sex act. *See, e.g.*, SAC ¶¶ 145-59.

Jones' claim that Mr. Combs promised gifts, financial benefits and professional advancement similarly fail to establish that any sex act by Jones was procured by fraud or coercion. None of these facially implausible promises—a Grammy Award, ownership of a $20,000,000 property in Miami, $250,000 to buy musical instruments, and access to record label executives—was allegedly made to induce any sex act. *See* SAC ¶¶ 114,189, 215, 227. Moreover, the notion that Mr. Combs was willing to provide millions of dollars in rewards to his record producer if only he would have sex with sex workers is so implausible that it cannot satisfy the TVPA's "reasonability" requirement. 18 U.S.C. § 1591(e)(5) (financial and reputational coercion must constitute a threat of "serious harm" sufficient to "compel a reasonable person of the same background and in the same circumstances to perform . . . commercial sexual activity."). Claims this outlandish also fail to meet the general requirement that pleadings be plausible. *See Gallop v. Cheney*, 642 F.3d 364, 368 (2d Cir. 2011) ("A court may dismiss a claim as factually frivolous" if it relies upon factual allegations that are "clearly baseless—that is, if they are fanciful, fantastic[] or delusional**."** (internal quotation marks omitted)); *Leib-Podry v. Tobias*, No. 22-CV-8614 (VEC) (JW), 2024 WL 1421152, at *5 (S.D.N.Y. Feb. 13, 2024), *report and recommendation adopted*, 2024 WL 1134597 (S.D.N.Y.

Mar. 15, 2024) (dismissing as "conclusory" and "implausible" allegation that plaintiff "was made to submit to surgery by compulsion" consisting of "demeaning remarks").

Jones' failure to plead a plausible causal connection between any commercial sex act and any means of force or coercion is fatal to his claim. *See Noble v. Weinstein*, 335 F. Supp. 3d 504, 519 (S.D.N.Y. 2018) (The "causal relationship between . . . the force [a defendant] employed on the one hand, and the sex act's occurrence on the other, is a crucial inquiry."). Generalized allegations about "[s]tatements made incidental to the sex act-made for a reason other than to bring about the act-are not enough." *Id*. at 518-19 ("Defendant must have intended, or been aware, that the fraud and force *would cause* a sex act to take place," such as by physically forcing a sex act or making quid pro quo promises (emphasis in original)).

Finally, Jones' allegations of purported sexual assaults against him—by Mr. Combs, Yung Miami's cousin, and Cuba Gooding Jr.—are irrelevant to his TVPA claim because they do not allege "commercial sex acts." Jones does not allege "anything of value [was] given or received by any person" in connection with these alleged assaults. *See Corradino*, 2021 WL 2853362, at *3 (allegations of sexual overtures did not constitute "commercial sex acts" under TVPA in absence "any sort of quid pro quo, like sex for career advancement").

### B. Plaintiff Has Failed to Plead a TVPA Claim Against Combs Global

The SAC fails to allege any direct or indirect claim against Combs Global. Under 18 U.S.C. § 1591(a)(2), a party may be indirectly liable for a TVPA violation only if it "benefits, financially or by receiving anything of value, from participation in a venture" that has committed a primary violation. "Participation in a venture" requires a showing of "knowingly assisting, supporting, or facilitating a violation of subsection (a)(1)." 18 U.S.C. § 1591(e)(4). Because there are no allegations that Combs Global participated in or benefitted from any alleged sex act involving Jones, the TVPA claim against it must be dismissed. *See Geiss*, 383 F. Supp. 3d at

17

170 (dismissing TVPA claim against company due to failure to allege that it benefitted from executive's TVPA violation).

## III. JONES FAILS TO STATE A SEXUAL ASSAULT CLAIM AGAINST MR. COMBS

The Second Cause of Action against Mr. Combs purports to allege combined claims for "sexual assault" and "sexual harassment." SAC ¶¶ 277-282. In two vague paragraphs, Jones asserts he experienced "constant unsolicited and unauthorized groping and touching of his anus." SAC ¶¶ 73-74. The SAC fails to allege essential facts, such as the where, when, and how of the purported misconduct, or even any conversation about, report of, or witness to any particular occurrence. Not only does this render Plaintiff's claim implausible on its face, it provides insufficient notice of the claim to Mr. Combs, warranting their dismissal. *See*, *e.g.*, *Adilovic v. Cnty. of Westchester*, No. 08 CIV. 10971 (PGG), 2009 WL 10740170, at *2 (S.D.N.Y. June 9, 2009) (dismissing claim for alleged assaults over one month period for failure to allege key details: "whether [plaintiff] was the victim of a single assault or multiple assaults . . . when the assault(s) took place . . . what allegedly happened during the assault(s)"); *Leib-Podry*, 2024 WL 1421152, at *6-8 (dismissing sexual assault claim in pleading that provided "no detail about the alleged sexual assault beyond claiming [defendant] 'rubbed his genitals' against Plaintiff because plaintiff's claims were "'fanciful,' 'fantastic,' and 'delusional'"").

## IV. THE PREMISES LIABILITY CLAIMS AGAINST MR. COMBS FAIL

The Fourth and Fifth Causes of Action against Mr. Combs purport to allege claims for premises liability involving two incidents of purported "sexual assault": first, by "Jane Doe 1," on November 24, 2022, at Mr. Combs' Miami residence; and second, by a famous actor on an unspecified date aboard a chartered yacht at sea somewhere near the U.S. Virgin Islands. SAC ¶¶ 92-98, 125-30, 288-97. Under Florida law, to sustain a premises liability action, a plaintiff

must prove all the elements of a negligence claim and "that the landowner had possession or control of the premises when the alleged injury occurred." *Conner v. Marriott Hotel Servs., Inc.*, 559 F. Supp. 3d 1305, 1308 (M.D. Fla. 2021). Virgin Islands law is similar. *See Perez v. Ritz-Carlton (Virgin Islands), Inc.*, 59 V.I. 522, 529 (2013).

The SAC does not plead any breach of duty pertaining to either alleged assault because it does not allege they were foreseeable. "The duty of care owed by a landowner to an invitee with respect to protection from criminal acts of a third person is dependant [sic] upon the foreseeability of that third party's activity." *Hammer v. Lee Mem'l Health Sys.*, No. 2:18-cv-347, 2018 WL 3707832, at *3 (M.D. Fla. Aug. 3, 2018) (emphasis added) (internal citation omitted). *See also Polanco v. S. Holdings, LLC*, 2024 V.I. 8, ¶¶ 6-7 (Jan. 18, 2024) ("[f]oreseeability . . . is the touchstone of the existence of the duty of reasonable or ordinary care" in "premises liability actions"). A plaintiff must demonstrate that defendant "knew or should have known of the dangerous propensities of a particular [person]." *Stevens v. Jefferson*, 436 So. 2d 33, 34 (Fla. 1983) (citations omitted). Plaintiff's failure to allege facts giving rise to a plausible inference the purported assaults were foreseeable to Mr. Combs is fatal to this claim.

As to Jane Doe 1, the SAC does not allege even in conclusory terms that Mr. Combs knew or should have known of her tortious propensity.[15] As to the famous actor, the SAC relies upon a November 22, 2023 article concerning his alleged unwanted advances towards women for the conclusory assertion that the actor "has a storied history of sexually assaulting and forcibly

---

[15] The SAC also fails to allege that Mr. Combs intentionally caused the alleged sexual assault by Jane Doe 1. Jones claims only that he "*believes* that Mr. Combs sent [Jane Doe 1] in there to sexually assault [him]." SAC ¶ 94 (emphasis added). Plaintiff's speculation is legally irrelevant. *See Tracy v. NVR, Inc.*, 667 F. Supp. 2d 244, 247 (W.D.N.Y. 2009) (dismissing claim alleging "upon information and belief" and "without any supporting details" that defendant had "authority" and "control" because such allegations are "insufficient to raise plaintiffs' right to relief 'above a speculative level' with respect to that individual's liability").

touching individuals[.]"  SAC ¶ 130 n.17.  The article was published nearly a year *after* the

alleged assault and the SAC includes no facts to support an inference that Mr. Combs knew

about the actor's claimed propensity prior to the alleged incident.[16]  These deficiencies are fatal.

*See Abblett v. First Nat'l Bank & Tr. Co. of Riviera Beach*, 392 So. 2d 331, 331 (Fla. Dist. Ct.

App. 1981) (affirming dismissal where pleading contained only "conclusory allegations" that

risk of robbery outside bank was foreseeable due to regular cash withdrawals); *Robinson v.

Island Time Watersports (Caribbean) LLC*, No. 3:23-CV-0053, 2024 WL 1211932, at *4 (D.V.I.

Mar. 20, 2024) (dismissing complaint where plaintiff failed to "allege facts sufficient to show

both foreseeability and notice").  To the contrary, the only plausible inference from the SAC's

allegations, including the photograph "of the encounter" that shows a grinning Jones seated next

to the actor (SAC ¶ 130), is that Mr. Combs had no reason to suspect the actor had any

propensity to make unwanted sexual advances towards Jones.

The premises liability claims fail for the additional reason that the SAC does not allege

Mr. Combs exercised sufficient control.  Because "Florida courts have long been loathe to

impose liability based on a defendant's failure to control the conduct of a third party," Florida

has adopted the "special relationship" test which requires either a special relation between the

actor and the third person imposing a duty on the actor to control the third person's conduct, or a

special relation between the actor and the third person giving rise to a right to protection.  *See

Johnson v. Exxon Mobil Corp.*, No. 605CV874ORL28DAB, 2006 WL 8439360, at *2 (M.D. Fla.

June 22, 2006).  The SAC does not plead the existence of any such special relationship.[17]

---

[16]     In any event, the article reporting alleged assaults on women would not make Mr. Gooding Jr.'s alleged propensity to sexually assault men foreseeable to anyone.

[17]     Jones also fails to allege Mr. Combs controlled the premises where the alleged assault occurred, alleging only that Mr. Combs chartered the yacht.  SAC ¶ 366.  "Unlike [a] vessel owner,

Finally, the SAC does not plead facts sufficient to show damages relating to either purported assault, as it alleges Plaintiff rebuffed the attempted tortfeasors. SAC ¶¶ 95, 98, 130. The SAC alleges in rote legalese that Plaintiff generally suffered "physical injury, severe emotional distress, humiliation, anxiety, and other consequential damages" (*id.* ¶¶ 286, 368), which fails to specify any actual physical or emotional injury. *Cartategui v. Walgreen Co.*, No. 3:20-cv-380, 2021 WL 1795345, at *3 (M.D. Fla. Feb. 1, 2021) (rejecting negligence claim because "boilerplate allegations that [plaintiff] suffered 'lost wages, medical bills and other economic . . . damages' are too conclusory to suffice under the *Twombly/Iqbal* standard").

## V. THE EMOTIONAL DISTRESS CLAIMS AGAINST MR. COMBS FAIL

### A. The SAC Fails to State a Claim for Negligent Infliction of Emotional Distress

The Ninth Cause of Action for Negligent Distress should be dismissed as duplicative because it is premised on the same allegations as a host of "traditional torts" in the SAC, including assault and premises liability. *See Appleby v. Knauf Gips KG*, No. 22-CIV-6141 (RAR), 2023 WL 3844770, at *2 (S.D. Fla. June 5, 2023) (negligence claim duplicative where premised on same allegations, subject to same legal standard, and seeking same relief as other torts); *Fernandez v. City of New York*, 457 F. Supp. 3d 364, 398 (S.D.N.Y. 2020) ("New York law explicitly bars recovery for negligent or intentional infliction of emotional distress when such claims are based on conduct that is 'embraced by a traditional tort remedy.'"); *White v. Soc. Sec. Admin.*, 111 F. Supp. 3d 1041, 1054 (N.D. Cal. 2015) (dismissing negligent distress claim "as duplicative of Plaintiffs' negligence claim").

The Ninth Cause of Action, even if not duplicative, is deficiently pled. While

---

a time charterer is traditionally not an owner or possessor of a vessel and therefore owes no general duty as such to [the] invitees." *Johnson v. Del Monte Fresh Produce Company*, No. 09-22425-CIV-UNGARO, 2010 WL 11606066, at *7 (S.D. Fl. Dec. 8, 2010).

purportedly based upon instances of "sexual assault," it fails to identify which alleged sexual assault it is based on, much less "plead facts supporting the existence of a duty" owed by Mr. Combs or "identify the nature or source of the duty" purportedly breached (SAC ¶¶ 337-41). *See Broemer v. United States*, No. CV0104340MMMRZX, 2003 WL 27382055, at *6 (C.D. Cal. Sept. 30, 2003). Absent such allegations, Mr. Combs lacks the most basic notice about the nature of the claim. If based on an assault allegedly perpetrated by Mr. Combs, it fails because a negligent distress claim cannot be premised on such misconduct. *See, e.g.*, *Mullan v. Daniels*, No. 19-CV-04058 (KAW), 2020 WL 1043621, at *3 (N.D. Cal. Mar. 4, 2020); *Canosa*, 2019 WL 498865, at *8; *Askew v. Beauregard*, No. 15-62154-CIV, 2016 WL 11781910, at *3 (S.D. Fla. Apr. 12, 2016). And, if premised on negligence in connection with specific assaults allegedly perpetrated by Jane Doe 1 and the famous actor, it fails for the reasons discussed in Section IV, *supra*.

### B. The SAC Fails to Allege Intentional Infliction of Emotional Distress

The claim for Intentional Distress (SAC ¶¶ 348-53) must be dismissed as duplicative of the assault claim. *See Miller v. Cnty. of Erie*, No. 17-CV-00928W(F), 2019 WL 1244196, at *4 (W.D.N.Y. Feb. 27, 2019) ("claims for intentional infliction of emotional distress that are duplicative of assault and battery claims are routinely dismissed as fatally flawed"), *report and recommendation adopted*, No. 17-CV-00928 (EAW), 2019 WL 1243680 (W.D.N.Y. Mar. 18, 2019). Jones separately fails to plead the required elements, which include "extreme and outrageous conduct" that was intended to, and did, cause severe emotional distress or suffering. *See, e.g.*, *Harris v. Bear Valley Cmty. Serv. Dist.*, No. 12-CV-01664 (JLT), 2013 WL 4402823, at *11 (E.D. Cal. Aug. 14, 2013). As discussed in Section III, *supra*, the SAC fails to identify any actionable act of "sexual assault" by Mr. Combs against Jones; and non-descript "touching" is not "outrageous" under the high bar for an intentional distress claim. *See, e.g.*, *Paraohao v.*

*Bankers Club, Inc.*, 225 F. Supp. 2d 1353, 1361 (S.D. Fla. 2002) (unwanted sexual comments, touching, vulgarities, and solicitations *insufficiently outrageous*); *Clarke v. UFI, Inc.*, 98 F. Supp. 2d 320, 325 (E.D.N.Y. 2000) (same).

The SAC also fails to allege intent or injury, relying instead on the bald assertions that Mr. Combs acted "with the intent to cause or disregard for the substantial probability of causing severe emotional distress," and that "Plaintiff has suffered severe emotional distress" (SAC ¶¶ 351-52), which are inadequate. *See Hollis v. Miami-Dade Cnty.*, No. 20-cv-21930, 2022 WL 4124300, at *7 (S.D. Fla. Aug. 10, 2022) (rejecting claim where plaintiff "merely states in a conclusory fashion that she suffered severe emotional distress"), *report and recommendation adopted sub nom. Hollis v. Miami-Dade Cnty., Fla.*, No. 20-21930-CIV, 2022 WL 4119753 (S.D. Fla. Sept. 9, 2022); *Taylor v. Quayyum*, No. 16-cv-1143, 2021 WL 6065743, at *9 (S.D.N.Y. Dec. 21, 2021) (same); *Ahmed v. Wells Fargo Bank & Co.*, No. 11-cv-0436, 2011 WL 1751415, at *6 (N.D. Cal. May 9, 2011) (same).

## VI.    THE BREACH OF ORAL CONTRACT CLAIM FAILS

Plaintiff's breach of contract claim is barred by the Statute of Frauds because any contract that cannot be performed within one year is unenforceable unless in writing. *See* Cal. Civ. Code § 1624; Fla. Stat. Ann. § 725.01; N.Y. Gen. Oblig. Law § 5-701.[18]  Plaintiff contends the purported oral agreement for music services involved payment to him of "royalty points" in perpetuity. SAC ¶¶ 133, 395, 398. As the alleged perpetual obligation cannot be performed within a year, it is barred by the Statute of Frauds. *See Andrews v. Sony/ATV Music Publ., LLC*, No. 15-CV-7544 (AJN), 2017 WL 770614, at *6 (S.D.N.Y. Feb. 24, 2017) ("New York courts

---

[18]    It is unclear whether Plaintiff is alleging a contract under New York, Florida, or California law. The Statute of Frauds would bar the purported contract regardless of which law applies.

have specifically determined that open-ended oral agreements for the payment of royalties are subject to the Statute of Frauds") (collecting cases); *Sirico v. F.G.G. Prods., Inc.*, 71 A.D.3d 429, 434 (1st Dep't 2010) ("any agreement to pay royalties extending beyond one year must be in writing to satisfy the statute of frauds"). The royalty component cannot be severed to salvage the other terms of the alleged oral contract. *See Thiam v. Am. Talent Agency, Inc.*, No. 11 CIV. 1465 GBD, 2012 WL 1034901, at *4 (S.D.N.Y. Mar. 27, 2012) ("Under New York law, an oral agreement that is void under the Statute of Frauds may not be severed to save an otherwise enforceable agreement."); *Lacey v. Healthcare & Ret. Corp. of Am.*, 918 So. 2d 333, 335 (Fla. Dist. Ct. App. 2005) (entire agreement void because unenforceable provision was essential term of alleged agreement and thus could not be severed).

Jones' breach of contract claim also fails because the SAC fails to allege "that the 'parties mutually assented to 'a certain and definite proposition' and left no essential terms open.'" *PNCEF, LLC v. Highlander Enterprises, LLC*, No. 09-80974-CIV, 2010 WL 11504754, at *2 (S.D. Fla. Mar. 2, 2010); *see also Marraccini v. Bertelsmann Music Grp. Inc.*, 221 A.D.2d 95, 97 (3d Dep't 1996). The SAC's vague, inconsistent and conclusory allegations fall well short of meeting this requirement. It fails to describe the essential terms of the alleged oral agreement, leaving out even the specific services Jones agreed to perform, and does not allege that Love Records ever agreed to or breached any terms. SAC ¶¶ 394-402. Accordingly, the oral contract claim must be dismissed. *See PNCEF, LLC*, 2010 WL 11504754, at *2 (dismissing oral contract claim where pleading did "not state any underlying facts showing mutual assent" and did not allege essential terms).

## CONCLUSION

For all the foregoing reasons, the Combs Defendants respectfully request that the Court grant an order dismissing the SAC against them with prejudice.

24

Dated: August 26, 2024
New York, New York

Respectfully submitted,

SHER TREMONTE LLP

By:   */s/ Erica A. Wolff*
Erica A. Wolff
Michael Tremonte
Mark Cuccaro
Katie Renzler
90 Broad Street, 23rd Floor
New York, NY 10004
(212) 202-2600
mtremonte@shertremonte.com
ewolff@shertremonte.com

*Attorneys for Defendants Sean Combs,*
*Love Records, Inc., and CEOpCo, LLC*
*(t/a Combs Global) f/k/a Combs Enterprises, LLC*