

# T. A. BLACKBURN LAW

TYRONE A. BLACKBURN

_____

MEMBER OF
NY, DC & NJ BAR

_____

FEDERAL MEMBERSHIP
EDNY, NDNY, SDNY, ILND & DNJ

_____

1242 East 80th Street, 3rd Floor
Brooklyn, New York 11236

September 9, 2024

VIA ECF:
Hon. J. Paul Oetken
Thurgood Marshall, United States Courthouse
40 Foley Square
New York, NY 10007

Re: Jones v. Combs, et al.; Case No. 24-1457

Dear Judge Oetken,

This firm represents Rodney Jones ("Plaintiff") in the above-referenced case. I write this letter to inform the Court of the status of Plaintiff's ability to effectuate service of process on Defendants Justin Dior Combs and Cuba Gooding, Jr. Additionally, Plaintiff respectfully requests a 60-day extension to perfect service of process on Justin Dior Combs and Cuba Gooding, Jr.

Fed. R. Civ. P. 4(m), provides: If a defendant is not served within 120 days after the complaint is filed, the court must dismiss the action without prejudice against the defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. Fed. R. Civ. P. 4(m). *Hahn v. Office & Prof'l Emples. Int'l Union, AFL-CIO*, 107 F. Supp. 3d 379, 381 (S.D.N.Y. 2015).

Here, as detailed below Plaintiff has attempted to work with defendant's counsel in good faith to serve Justin Combs. Unfortunately, Defendant Comb's counsel have engaged in deception to run out the clock on serving Justin Combs. On the other hand, Cuba Gooding, Jr. has intentionally evaded service of process in this case, and all the other active cases he has in the state of New York.

Justin Combs:
On or about May 17, 2024, I spoke with Jonathan Davis, longtime counsel for Sean Combs and the remaining Combs' defendants. He advised that he accept a rule 4 waiver of service on behalf of all Combs defendants and businesses. (**Attachment A**). He indicated that he is not representing Defendant Kristina Khorram or Cuba Gooding, Jr.

I prepared the Rule 4 Waiver and emailed it to him on 5/20/2024. (**Attachment B**). I contacted him several times, asking him to return the fully executed Rule 4 waivers. (**Attachment C**). Mr. Davis assured me that it would be forthcoming. (**Attachment C**). I foolishly relied on his word and stopped my process server from attempting to serve Justin and Sean Combs.

 347-342-7432     ✉ tblackburn@tablackburnlaw.com     TABlackburnlaw.com     1



# T. A. Blackburn Law

On or about July 11, 2024, I received an email and call from Erica Wolf, who informed me that she would represent the "Combs Defendants" in the cases I filed against Mr. Combs in New York and New Jersey. (*Jones v. Combs et al*. 2-24-cv-1457; *Lampros v. Combs et al.* 154859/2024, and *Gardner v. Combs et al*. 2:24-cv-07729). She requested additional time to answer or move in all of the cases. I granted her request.

On or about August 26, 2024, Ms. Wolf filed a motion to dismiss Mr. Jones's case but conveniently left out Justin Combs as one of the "Combs Defendants."

This is a clear game that Mr. Combs and his ever-evolving legal team have implemented in an effort to have Justin Combs dismissed from this case due to lack of service of process. This is the same game that Jonathan Davis and Sean Combs's former counsel, Shawn Holly, recently implemented in California in another lawsuit this writer filed against Sean Combs and his other son Christian Combs. (*O'Marcaigh v. Combs et al*.; 24-STCV-08571).

In *O'Marcaigh*, Shawn Holly represented to my co-counsel, Rodney Diggs, that she represented Christian Combs. A week or two later, she was terminated, and Jonathan Davis represented that he was counsel for Christian and Sean Combs. Recently, Mr. Davis informed my Mr. Diggs that he would only accept service of process for Sean Combs. As a result, we now must request leave of Court in California to perfect the service of Christian Combs.

This is not a coincidence. Sean Combs and his counsels clearly plan to misuse and abuse the collegial conversations and agreements counsels have with each other to obtain an unfair advantage through deception. Court expects attorneys to act professionally and collegially with each other. *Benthos Master Fund, Ltd.. v. Etra,* No. 20-CV-3384 (VEC), 2023 U.S. Dist. LEXIS 226880, at *10 (S.D.N.Y. Dec. 15, 2023). The Court expects that, … counsel will collegially agree … without the need for Court intervention."); *Madej v. Yale Univ.*, No. 3:20-CV-00133, 2020 U.S. Dist. LEXIS 241219, 2020 WL 7640067, at *4 (D. Conn. Dec. 23, 2020). *PC-41 Doe v. Poly Prep Country Day Sch.*, No. 20-CV-03628-DG-SJB, 2022 U.S. Dist. LEXIS 15696, at *5 (E.D.N.Y. Jan. 20, 2022).

<u>Cuba Gooding, Jr.</u>:
Mr. Gooding, Jr. has dogged service of process in this case and every other case he currently has pending in the Supreme Court for the State of New York, New York County. In *Abbay v. Gooding Jr*., 952279/2023, Plaintiff served Defendant at his last known address at 10230 W. Sunset Blvd. through nail and mail service. In *Harbert v. Gooding, Jr*., 952280/2023, Plaintiff served Defendant via personal service on or about May 30, 2024, at 101 Ocean Drive, Miami Beach, FL 33139. Based on information and belief, the Florida address is for the Hilton Bentley Hotel.

Despite receiving nail and mail service and being personally served, Mr. Gooding Jr. has yet to appear in either of the cases. The *Abbay* Plaintiff has now moved for default.



# T. A. Blackburn Law

In this case, we have attempted to serve Mr. Gooding Jr. in California and New York. We did not attempt Florida because it was reported that he was living out of hotels in Florida, so he was served at the Hilton Bentley Hotel in the *Harbert* case. Instead of accepting service of process or making an appearance in this case, Mr. Gooding, Jr. decided to conduct a YouTube interview where he discussed Plaintiff Jones and this case. The Court can access the interview via the following link:

https://youtu.be/djuUGTfzPJY?si=2FIrhI0DGRsOcuSw

Upon information and belief, the Internal Revenue Service recently filed a tax lien on a property owned by Mr. Gooding, Jr., located at 12100 Wilshire Blvd, Los Angeles, CA 90025. On July 10, 2024, the State of California filed a state tax lien against Mr. Gooding, Jr., located at 12100 Wilshire Blvd STE 1150, Los Angeles, CA 90025.

The Plaintiff believes that Mr. Gooding, Jr. still resides in New York City and believes that his residence may be 60 Collister Street. The Plaintiff has attempted to serve Mr. Gooding, Jr. at this location several times and he has refused to answer the door. The Plaintiff discovered this is Mr. Gooding, Jr.'s address from conducting a skip trace search, which was also confirmed through court filings, *Jane Doe v. Cuba Gooding, Jr.* (SDNY Case No. 1:20-cv-06569). Additionally, this was his address of record for his recent criminal case where he plead guilty for sexual assault.

Conclusion:
Plaintiff respectfully requests a 60-day extension to perfect the service of process on Justin Dior Combs and Cuba Gooding, Jr. Plaintiff will attempt to serve Mr. Gooding Jr. at the California and NYC addresses identified in two paragraphs above. The Plaintiff will attempt to serve Justin Dior Combs at his California or Florida residence.

I thank the Court for its time and consideration and welcome any suggestions.

Respectfully Submitted,

*Tyrone A. Blackburn, Esq.*
Tyrone A. Blackburn, Esq.

CC: All attorneys of record via ecf.

