UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------x
RODNEY JONES,                       :  Civil Action No. 24-cv-01457 (JPO)
                                    :
              Plaintiff,            :  ORAL ARGUMENT REQUESTED
                                    :
    v.                              :
                                    :
SEAN COMBS, JUSTIN DIOR COMBS, CUBA :
GOODING, JR., LUCIAN CHARLES GRAINGE,:
KRISTINA KHORRAM, LOVE RECORDS,     :
MOTOWN RECORDS, UNIVERSAL MUSIC     :
GROUP, COMBS GLOBAL ENTERPRISES,    :
JOHN and JANE DOES 1-10, and ABC    :
CORPORATIONS 1-10,                  :
                                    :
              Defendants.           :
------------------------------------x
```

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF
MOTION TO DISMISS THE SECOND AMENDED COMPLAINT AGAINST
SEAN COMBS, LOVE RECORDS, AND COMBS GLOBAL ENTERPRISES**

SHER TREMONTE LLP
90 Broad St., 23rd Floor
New York, New York 10004
(212) 202-2600

*Attorneys for Defendants
Sean Combs, Love Records, Inc. and
CEOpCo, LLC (t/a Combs Global) f/k/a Combs Enterprises, LLC*

## TABLE OF CONTENTS

Page(s)

TABLE OF AUTHORITIES ................................................................................................................ ii

PRELIMINARY STATEMENT ......................................................................................................... 1

ARGUMENT ........................................................................................................................................ 2

    I.    PLAINTIFF HAS FAILED TO STATE A RICO CLAIM .................................. 2

    II.    PLAINTIFF HAS FAILED TO STATE A TVPA CLAIM ................................. 5

    III.    JONES FAILS TO STATE A SEXUAL ASSAULT CLAIM AGAINST MR. COMBS .............................................................................................................. 7

    IV.    THE PREMISES LIABILITY CLAIMS AGAINST MR. COMBS FAIL ........................................................................................................................... 7

    V.    THE EMOTIONAL DISTRESS CLAIMS AGAINST MR. COMBS FAIL ........................................................................................................................... 8

    VI.    THE BREACH OF ORAL CONTRACT CLAIM FAILS .................................. 9

    VII.    LEAVE TO AMEND SHOULD BE DENIED AS FUTILE ............................... 9

CONCLUSION .................................................................................................................................... 10

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544 (2007) .................................................................................................................. 3

*Bernard v. United States*,
  25 F.3d 98 (2d Cir. 1994) .......................................................................................................... 3

*BWP Media USA Inc. v. Hollywood Fan Sites, LLC*,
  69 F. Supp. 3d 342 (S.D.N.Y. 2014) ......................................................................................... 5

*Cartategui v. Walgreen Co.*,
  No. 3:20-cv-380, 2021 WL 1795345 (M.D. Fla. Feb. 1, 2021) ................................................. 8

*Corradino v. Liquidnet Holdings Inc.*,
  No. 19 Civ. 10434 (LGS), 2021 WL 2853362 (S.D.N.Y. July 8, 2021) .................................... 5

*DeSilva v. N. Shore-Long Island Jewish Health Sys., Inc.*,
  770 F. Supp. 2d 497 (E.D.N.Y. 2011) ....................................................................................... 4

*Doe (G.N.C.) v. Uniquest Hosp., LLC*,
  No. 23-cv-7890, 2024 WL 4149251 (S.D.N.Y. Sept. 11, 2024) ................................................ 6

*Doe v. Norwegian Cruise Lines, Ltd.*,
  No. 23-cv-24236, 2024 WL 3916800 (S.D. Fla. Aug. 22, 2024) ............................................... 8

*Earl v. Good Samaritan Hosp. of Suffern NY*,
  625 F. Supp. 3d 292 (S.D.N.Y. 2022) ..................................................................................... 10

*Fuentes v. Classica Cruise Operator Ltd, Inc.*,
  32 F.4th 1311 (11th Cir. 2022) .................................................................................................. 8

*In re Nordlicht*,
  115 F.4th 90 (2d Cir. 2024) ....................................................................................................... 7

*Kane v. Mount Pleasant Cent. Sch. Dist.*,
  80 F.4th 101 (2d Cir. 2023) ....................................................................................................... 9

*McCracken v. Verisma Sys., Inc.*,
  91 F.4th 600 (2d Cir. 2024) ..................................................................................................... 10

*N.X. v. Cabrini Med. Ctr.*,
  97 N.Y.2d 247 (2002) ................................................................................................................ 7

*Noble v. Weinstein*,
  335 F. Supp. 3d 504 (S.D.N.Y. 2018) ................................................................................... 5, 6

*Shah v. Helen Hayes Hosp.*,
   252 F. App'x 364 (2d Cir. 2007) .................................................................................. 2

*Stevenson v. Thornburgh*,
   No. 23 Civ. 4458 (CM), 2024 WL 645187 (S.D.N.Y. Feb. 14, 2024) .................................. 2, 4

*United States v. Int'l Longshoremen's Ass'n*,
   518 F. Supp. 2d 422 (E.D.N.Y. 2007) ........................................................................ 2, 4

*United States v. Kelly*,
   462 F. Supp. 3d 191 (E.D.N.Y. 2020) ........................................................................... 3

**Statutes**

18 U.S.C. § 1591 ............................................................................................................... 5, 6

18 U.S.C. § 1961 ................................................................................................................... 4

**Rules**

Fed. R. Civ. P. 9(b) ............................................................................................................... 3

Fed. R. Civ. P. 12(b)(6) ......................................................................................................... 9

This reply brief is respectfully submitted by the Combs Defendants[1] in further support of their motion to dismiss the SAC and in response to Plaintiff's opposition brief (ECF No. 78, the "Opposition" or "Opp.").

**PRELIMINARY STATEMENT**

Because Jones is unable to refute any of the Combs Defendants' arguments for dismissal of the incoherent Second Amended Complaint, his Opposition focuses heavily on ad hominem attacks. For the most part, Jones does not even attempt to argue that he has pled the elements of his purported claims. Instead, he points to a recent federal criminal indictment of Mr. Combs (the "Indictment")[2] and other unrelated civil actions against him as "proof" of Mr. Combs' alleged bad character. As an initial matter, Jones cannot supplement his inadequate pleading through his motion opposition papers. But even if allegations from the Indictment and other lawsuits could be added to Jones' pleading, they still would not satisfy the elements of any of his claims, for the fundamental reason that none of them pertain to alleged wrongs *against Jones*.

To the limited extent that Jones even attempts to address the legal sufficiency of his own claims, his arguments are entirely unsuccessful. His centerpiece RICO claim still fails off the bat for lack of standing because he has not pled any economic injury to himself; nor can he rely on the Indictment to make up for his failure to allege predicate acts or the numerous other requirements for this claim. His TVPA claim still fails because of his admitted inability to plead a causal link between any threat or promise and any commercial sex act. His vague assault claim against Mr. Combs fails because Jones has still not identified when, where, or how these purported acts occurred. His premises liability claims against Mr. Combs fail because he still

---

[1] The abbreviations defined in the opening memorandum of law (ECF No. 67, "MOL") are used again herein.
[2] Mr. Combs has pleaded not guilty to all charges in the Indictment, each of which he vehemently denies and will vigorously contest.

1

has not alleged that any claimed assault by third parties was foreseeable or that he suffered any injury. His emotional distress claims fail because they are duplicative, because Jones does not allege the requisite negligence and "outrageous" conduct necessary to support them, and because he fails to plead any injury. And his breach of oral contract claim still fails as barred by the Statute of Frauds because it involves a royalty claim that cannot be performed within a year.

Apparently recognizing the SAC's insufficiency, Jones repeatedly asks for permission to replead after the Combs Defendants' motion is inevitably granted. Leave to replead—in what would be his ***fourth*** complaint—should be denied as futile. Despite his efforts to supplement his pleading with new allegations in his Opposition, nothing in the Opposition suggests that Jones has additional facts to allege that would remedy the essential deficiencies of his claims.

## ARGUMENT

### I. PLAINTIFF HAS FAILED TO STATE A RICO CLAIM

In his Opposition, Jones impermissibly attempts to piggy-back off the Indictment to make up for the SAC's failure to plead any of the elements of a RICO claim. As an initial matter, Plaintiff cannot supplement his pleading through an opposition brief or exhibits thereto. *See Shah v. Helen Hayes Hosp.*, 252 F. App'x 364, 366 (2d Cir. 2007) ("A party may not use his or her opposition to a dispositive motion as a means to amend the complaint."). Moreover, even if the Indictment had been incorporated by reference into the SAC (it was not), an indictment cannot be incorporated wholesale to satisfy the pleading requirements of a civil RICO claim. *See Stevenson v. Thornburgh*, No. 23 Civ. 4458 (CM), 2024 WL 645187, at *17 (S.D.N.Y. Feb. 14, 2024) (rejecting "effort to plead essential elements" of RICO claim "by incorporating allegations from several prior civil and criminal actions"); *United States v. Int'l Longshoremen's Ass'n*, 518 F. Supp. 2d 422, 463 (E.D.N.Y. 2007) (rejecting civil plaintiff's attempt to plead RICO elements through incorporation by reference of criminal indictment as "a blatant violation of Rule

2

8(a)(2)'s direction that a civil plaintiff provide a short and plain statement of the claim showing that the pleader is entitled to relief"). This prohibition makes sense because the civil pleading standards are more stringent than the rules governing criminal indictments, which are not required to meet the pleading requirements of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), or Fed. R. Civ. P. 9(b). *See United States v. Kelly*, 462 F. Supp. 3d 191, 197–98 (E.D.N.Y. 2020) ("unlike criminal RICO charges, civil RICO claims are governed by the heightened pleading standards in Rule 9 of the Federal Rules of Civil Procedure and *Bell Atlantic Corp. v. Twombly*").[3]

But most fundamentally, even if every allegation contained in the Indictment were deemed part of Plaintiff's pleadings (they are not), the RICO claim would *still* fail for lack of standing because of the absence of any alleged economic injury suffered by Plaintiff resulting from a RICO violation. No cognizable RICO injury was alleged in the SAC. *See* MOL § I(A). Nothing in the Indictment could remedy this deficiency because the Indictment does not refer to Jones in any way (directly or otherwise), let alone describe any RICO-related economic harm suffered by him. This standing issue alone remains dispositive of the RICO claim.

The Opposition also does not refute that Jones has failed to plead any predicate acts. Jones argues (notably, without citation to the SAC) that mail and wire fraud have been pled with particularity through "detailed charts" in the SAC. *See* Opp. at 9. There are no such charts. The SAC does not allege the who, what, and when of any fraudulent communications in any form. Jones' offer to amend his wire fraud claims should also be disregarded, because he does not

---

[3] Jones' nonsensical contention that an indictment creates a presumption of "probable cause" is based on an inapplicable standard pertaining to claims for wrongful arrest. *See* Opp. at 7 (citing *Bernard v. United States*, 25 F.3d 98, 104 (2d Cir. 1994)) (grand jury indictment creates presumption that arrest was based on probable cause when evaluating elements of malicious prosecution claim).

3

identify any dates, senders/recipients, or fraudulent content of any alleged communications that he could add. *See DeSilva v. N. Shore-Long Island Jewish Health Sys., Inc.,* 770 F. Supp. 2d 497, 526 (E.D.N.Y. 2011) (dismissing mail fraud allegation because plaintiff did not "identify which defendants caused each allegedly fraudulent statement to be spoken, written, or mailed; what the content of the allegedly fraudulent misrepresentation was; or when the communication was made"). All Jones says (in what sounds more like an attempt to threaten than a legitimate effort to support a request to amend) is that he could list the names of travel agents, accountants, and account numbers. *See* Opp. at 9.[4] Such allegations would not suffice to make out the elements of a fraud claim. *See* MOL § I(B); *DeSilva*, 770 F. Supp. 2d at 526.

Nor does the Opposition remedy the fact that any validly alleged "predicate acts" (there are none) would still fail to meet the relatedness and continuity requirements. *See* MOL § I(C). Plaintiff's only counterargument is that the Indictment satisfies these elements. Opp. at 10. This argument fails because the Indictment is not incorporated into Jones' pleadings; even if it were, such a blanket incorporation could not satisfy the RICO pleading requirements. *See Stevenson,* 2024 WL 645187, at *17; *Int'l Longshoremen's Ass'n,* 518 F. Supp. 2d at 461.

Finally, Plaintiff's arguments that he has pleaded a RICO enterprise are without merit. The Opposition repeats a list of names of individuals and disparate alleged illegal activities without any apparent coordination or purpose: one individual was a "drug runner;" another

---

[4] The Opposition's stray references to drugs similarly fail to identify a RICO predicate. Plaintiff claims that he could identify instances in which Mr. Combs and associates "used TSA to transport cocaine, tusi, ketamine, and other illegal drugs." Opp. at 10. But Plaintiff does not identify any specific instances involving "dealing" that satisfy the elements of any federal or state statute qualifying as a RICO predicate. *See* 18 U.S.C. § 1961(1) (RICO predicates include "dealing in a controlled substance . . . which is chargeable under State law and punishable by imprisonment for more than one year[.]"). Indeed, the SAC's specific drug allegations all relate to personal recreational use, not "dealing." *See* SAC ¶¶ 29(d), 93, 178-80, 188, 219.

would "recruit women;" another would "pay the sex workers;" another would "carry Sean Combs['] gun in and out of clubs." Opp. at 8. This mere "conclusory naming of a string of entities" without alleging "hierarchy, organization, and activities" sufficient to show that the "members functioned as a unit" is insufficient to plead an association-in-fact enterprise. *BWP Media USA Inc. v. Hollywood Fan Sites, LLC*, 69 F. Supp. 3d 342, 360 (S.D.N.Y. 2014).[5]

## II. PLAINTIFF HAS FAILED TO STATE A TVPA CLAIM

Jones has failed to plausibly allege that "force, fraud, or coercion" were used to make him engage in a commercial sex act. MOL § II(A). In the Opposition, Jones argues that an atmosphere of fear due to Mr. Combs' alleged history of misconduct is sufficient to support his preposterous claims that he was "forced" to have sex with sex workers.[6] Opp. at 10-11. This argument fails because it does not establish a causal link between any sex act and any threat. MOL at 15-16. Jones' contention that no such causal link is required (Opp. at 11) is absurd and contradicted by the case law. *See Noble v. Weinstein*, 335 F. Supp. 3d 504, 519 (S.D.N.Y. 2018) (The "causal relationship between . . . the force [a defendant] employed on the one hand, and the sex act's occurrence on the other, is a crucial inquiry.");[7] *see also Corradino v. Liquidnet*

---

[5] While it is unclear how this argument purportedly relates to Plaintiff's attempts to plead an "enterprise," the Opposition groundlessly asserts that Love Records was a "sex trafficking money laundering operation." Opp. at 8. However, the SAC contains no allegations that any alleged RICO activities generated any money (from sex trafficking or otherwise) to be "laundered." Nor is there any coherent explanation of how the miscellaneous misconduct alleged in the SAC otherwise ties into this purported "operation."

[6] As previously noted, Jones' allegations of purported sexual assaults against him—by Mr. Combs, Yung Miami's cousin, and Mr. Gooding—are irrelevant to his TVPA claim because they do not allege "commercial sex acts." Jones does not allege that "anything of value [was] given to or received by any person" in connection with these alleged assaults. 18 U.S.C. § 1591(e)(3); MOL at 17.

[7] The fact that *Noble* upheld a TVPA claim does not help Jones. *Noble* only highlights the deficiency of Jones' allegations: in *Noble*, unlike here, the plaintiff made specific allegations of coercion tied to specific sexual encounters. *See, e.g., id.*, 335 F. Supp. 3d at 518-19 (finding sex act caused by force where defendant "forcibly pulled [plaintiff] into the bathroom," "gripped her firmly," "pulled down [her] shirt," and "forced her to masturbate him").

*Holdings Inc.*, 19 Civ. 10434 (LGS), 2021 WL 2853362, at *4 (S.D.N.Y. July 8, 2021) (rejecting argument that a hostile work environment was sufficient to "cause" a sex act under the TVPA).

Jones also argues that he was "coerced" through various promises referenced in the SAC. Opp. at 11.  But only one of his listed allegations even mentions sex acts in connection with a promise: "Combs promised to make sure that Mr. Jones wins producer of the year at the Grammys if he engaged in homosexual acts." SAC ¶ 91.  And even with respect to that one alleged promise, there is no allegation that Jones ever "engaged in homosexual acts" for which "anything of value" was "given or received," let alone that he did so in reliance on some farfetched promise that Mr. Combs would rig the Grammys in his favor.  The other "promise" allegations in the SAC cited by Jones do not even attempt to draw a connection between a promise and any commercial sex act involving Jones.  *See* SAC ¶¶ 114, 189, 211, 215.  Jones has accordingly failed to allege the necessary element of causation under the TVPA.

The TVPA claim against Combs Global fails both because there is no underlying claim against Mr. Combs and because Jones concededly does not allege that Combs Global "participated [in] and benefitted" from a TVPA violation sufficient to create indirect liability under 18 U.S.C. § 1591(a)(2).  Instead, Jones makes a conclusory argument that Combs Global can be liable under an alter ego or vicarious liability theory.  This argument fails because the SAC contains no factual allegations supporting these theories.  *See Doe (G.N.C.) v. Uniquest Hosp., LLC*, 23-cv-7980 (PKC), 2024 WL 4149251, at *5 (S.D.N.Y. Sept. 11, 2024) (dismissing TVPA claims based on vicarious liability and alter ego theories because "[c]onclusory allegations of alter ego status are not actionable.  The same is true of conclusory allegations of agency." (citation omitted)).  Jones alleges none of the requirements necessary to justify reverse veil-piercing.  *See In re Nordlicht*, 115 F.4th 90, 107 (2d Cir. 2024) (reverse veil-piercing

6

requires showing that "(1) the owner exercised complete domination over the corporate entity with respect to the transactions at issue; and (2) such domination was used to commit a fraud or wrong that injured the party seeking to pierce the veil."). Nor does he allege that any "sex trafficking" by Combs Global employees would have been within the scope of their employment, as required to support a vicarious liability finding. *See N.X. v. Cabrini Med. Ctr.*, 97 N.Y.2d 247, 251 (2002) ("an employer may be vicariously liable for the tortious acts of its employees only if those acts were committed in furtherance of the employer's business and within the scope of employment"). The SAC does not allege facts supporting a plausible inference that Combs Global was in the sex trafficking business, or that any defendant made any money from sex acts.

### III. JONES FAILS TO STATE A SEXUAL ASSAULT CLAIM AGAINST MR. COMBS

The sexual assault claim fails because the SAC does not identify the key facts, such as the where, when, and how of the alleged assaults. MOL § III. Rather than rebut this argument, Jones admits that he "did not go into graphic detail" on his assault claim and argues that this vagueness is excused because details about other alleged assaults on other alleged victims have been pled in other litigations: "it is evident from the multiple civil lawsuits and the fourteen-page indictment the kind of sexually deviant monster Sean Combs is." Opp. at 12. Needless to say, the Indictment and other lawsuits are not part of Jones' pleading nor do they contain any facts relating to any assault against Jones. They accordingly do nothing to salvage this claim.

### IV. THE PREMISES LIABILITY CLAIMS AGAINST MR. COMBS FAIL

The SAC does not plead any breach of duty pertaining to alleged assaults against Jones by Jane Doe 1 and Mr. Gooding because it does not allege they were foreseeable. MOL at 19-20. The Opposition's muddled account of the alleged Jane Doe assault indicates, at most, that Mr. Combs was in the vicinity when the assault occurred, not that he had reason to foresee it

before its occurrence. Opp. at 12-13; *see Doe v. Norwegian Cruise Lines, Ltd.*, 23-cv-24236, 2024 WL 3916800, at *5 (S.D. Fla. Aug. 22, 2024) (rejecting allegations that third party's propensity for sexual assault was foreseeable where the allegations "[a]t best . . . indicate[] awareness after the incident occurred").

With respect to Mr. Gooding, the Opposition cites a news story stating that he pled guilty to forcibly kissing a waitress at a nightclub. Opp. at 13 n.13. Even if Mr. Combs were aware of this story (which is not alleged in the SAC), it would provide no reason for believing that Mr. Gooding had a propensity to sexually assault men. *See Fuentes v. Classica Cruise Operator Ltd, Inc.*, 32 F.4th 1311, 1318 (11th Cir. 2022) (on a negligence claim for third party assault, foreseeability cannot be based "on some generalized theory of foreseeability that is divorced from the particular events in question").

The SAC also fails to plead facts sufficient to show damages relating to either purported assault, relying on vague and unspecified allegations of "physical injury, severe emotional distress, humiliation, anxiety, and other consequential damages." SAC ¶¶ 286, 368. The Opposition only attempts to add that Jones is "in ongoing therapy," without arguing that these particular incidents caused the need for therapy. Opp. at 13. This allegation is neither in the SAC nor would it satisfy the pleading requirement for damages if it were. *See* MOL at 21 (citing *Cartategui v. Walgreen Co.*, No. 3:20-cv-380, 2021 WL 1795345, at *3 (M.D. Fla. Feb. 1, 2021)).[8]

## V.   THE EMOTIONAL DISTRESS CLAIMS AGAINST MR. COMBS FAIL

Jones fails to address or rebut arguments that his emotional distress claims are impermissibly duplicative of other torts, and they should be dismissed on that ground alone.

---

[8] The premises liability claims also fail because Jones has not pled that Mr. Combs had sufficient "control" over the premises or alleged third party assailants. *See* MOL at 20.

MOL at 21-22.  Nor does Jones rebut that the Negligent Distress claim independently fails because it depends on the deficient premises liability allegations.  *See* MOL at 22; *supra* § IV.

The Intentional Distress claim also fails because Jones has not pleaded "extreme and outrageous" conduct against him.  MOL at 22-23.  The Opposition claims that this conduct is based on sexual assault by Mr. Combs and forced sex acts with prostitutes.  Opp. at 15.  But Jones has failed to plausibly allege either type of conduct.  *See supra* § III (failure to allege assault by Mr. Combs); § II (failure to allege Jones was "forced" into sex acts with prostitutes).

## VI.     THE BREACH OF ORAL CONTRACT CLAIM FAILS

Jones does not rebut the argument that the Statute of Frauds bars his oral contract claim because the alleged contract cannot be performed within one year.  MOL § VI.  While he argues that ***his*** performance was completed within a year (Opp. at 16), he has also alleged that his counterparty's performance includes the obligation to pay royalites in perpetuity (*see* SAC ¶¶ 133, 395, 398).  The Statute of Frauds bars a claim for such royalty payments.  MOL at 23-24.

Jones also fails to address the separate dispositive argument that his vague contract claim fails to allege mutual assent to an agreement including all material and essential terms.  *Id.* at 24.

## VII.    LEAVE TO AMEND SHOULD BE DENIED AS FUTILE

Leave to amend should be denied where, as here, amendment would be futile because a new pleading would not withstand a motion to dismiss for failure to state a claim.  *See Kane v. Mount Pleasant Cent. Sch. Dist.*, 80 F.4th 101, 107 (2d Cir. 2023) ("Proposed amendments are futile if they would fail to cure prior deficiencies or to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.").  In his Opposition, Jones repeatedly hints that he could include additional facts in an amended pleading, but he does not explain how they would salvage his deficient claims.  At most, he proposes to add tangential details, like Mr. Combs' alleged

associates' names, that have no bearing on the legal sufficiency of his claims.[9]  There is thus no basis for granting him leave to amend.  *See McCracken v. Verisma Sys., Inc.*, 91 F.4th 600, 610 (2d Cir. 2024) (denying leave to amend as futile because proposed "additional allegations simply add detail to the underlying allegations which are insufficient to state a claim").

Leave to amend should also be denied where, as here, the plaintiff has already repeatedly amended his complaint and failed to address its fundamental deficiencies.  *See Earl v. Good Samaritan Hosp. of Suffern NY*, 625 F. Supp. 3d 292, 308 (S.D.N.Y. 2022) (leave to amend may be denied for "repeated failure to cure deficiencies by amendments previously allowed").  Many of the pleading deficiencies raised in this motion were previously raised by the UMG Defendants with respect to the prior complaint (including Jones' fundamental failure to plead the elements of a RICO claim), and Plaintiff filed the SAC following that motion and thus already had an opportunity to cure those deficiencies (but could not do so).  *See* ECF No. 25.  Jones has already amended his complaint twice and the operative pleading is 98 pages long – if he had any facts to allege against the Combs Defendants that made out a valid claim, he would (and should) have alleged them by now.  His request to file *another* amended pleading should be denied as futile.

## CONCLUSION

For all the foregoing reasons and those stated in their initial moving papers, the Combs Defendants respectfully request that the Court grant an order dismissing the SAC against them with prejudice and denying leave to file an amended complaint.

---

[9]  *See, e.g.*, Opp. at 6 (offering to provide names of Mr. Combs' accountant, travel agent, and attorney); *id*. at 8 (offering unspecified details about how Mr. Combs' associates "fit[] into the RICO enterprise"); *id*. at 9-10 (offering name of charter flight company); *id*. at 12 (offering unspecified "additional detail" and "relevant penal statutes" on sexual assault claim).

Dated: October 18, 2024
      New York, New York

                                  Respectfully submitted,

                                  SHER TREMONTE LLP

By:   */s/ Erica A. Wolff*
        Erica A. Wolff
        Michael Tremonte
        Mark Cuccaro
        Katie Renzler
        90 Broad Street, 23rd Floor
        New York, NY 10004
        (212) 202-2600
        mtremonte@shertremonte.com
        ewolff@shertremonte.com

        *Attorneys for Defendants Sean Combs,*
        *Love Records, Inc., and CEOpCo, LLC*
        *(t/a Combs Global) f/k/a Combs Enterprises, LLC*