**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

RODNEY JONES,                                    :
                                                 :
Plaintiff,                                       :
                                                 :
v.                                               :        Case No. 24-cv-01457 (JPO)
                                                 :
SEAN COMBS, JUSTIN DIOR COMBS, CUBA              :        **DEFENDANT SEAN COMBS'S**
GOODING, JR., LUCIAN CHARLES GRAINGE,            :        **ANSWER TO THE SECOND**
KRISTINA KHORRAM, LOVE RECORDS,                  :        **AMENDED COMPLAINT[1]**
MOTOWN RECORDS, UNIVERSAL MUSIC                  :
GROUP, COMBS GLOBAL ENTERPRISES, JOHN            :        **JURY TRIAL DEMANDED**
and JANE DOES 1-10; and ABC CORPORATIONS         :
1-10,                                            :
                                                 :
Defendants.                                      :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

Defendant Sean Combs ("Defendant") by his attorneys, hereby answers the Second

Amended Complaint (ECF No. 38) of Plaintiff, Rodney Jones, as follows and states any

allegation in the Second Amended Complaint not expressly admitted is hereby denied:

## JURISDICTION AND VENUE

1.      Paragraph 1 of the Second Amended Complaint states legal conclusions to which no

        response is required.

2.      Paragraph 2 of the Second Amended Complaint states legal conclusions to which no

        response is required.

---

[1] By Opinion and Order dated March 24, 2025, the First, Ninth, Eleventh, and Seventeenth Causes of Action in the Second Amended Complaint were dismissed in their entirety, and the Sixth Cause of Action was dismissed as to CEOpco, LLC (t/a Combs Global) f/k/a Combs Enterprises, LLC (named incorrectly in the Complaint as Combs Global Enterprises and referred to herein as "Combs Global"). ECF No. 86 (the "Motion to Dismiss Decision"). Accordingly, pursuant to the Motion to Dismiss Decision all claims against Defendants Love Records, Inc. (named incorrectly in the Summons and Complaint as Love Records) and Combs Global have been dismissed and Love Records, Inc. and Combs Global are no longer parties to this action. Accordingly, Love Records, Inc. and Combs Global have no obligation to answer the allegations in the Second Amended Complaint, and in any event deny all allegations as to them in the Second Amended Complaint.

3.    Paragraph 3 of the Second Amended Complaint states legal conclusions to which no response is required.

4.    Paragraph 4 of the Second Amended Complaint states legal conclusions to which no response is required.

**PARTIES**

5.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 of the Second Amended Complaint.

6.    Defendant admits the allegations in Paragraph 6 of the Second Amended Complaint except as to Mr. Combs' alleged domiciles.  The allegations in Paragraph 6 of the Second Amended Complaint concerning Mr. Combs' alleged domiciles are legal conclusions to which no response is required.

7.    Defendant admits the allegations in Paragraph 7 of the Second Amended Complaint except as to Mr. Justin Dior Combs' domicile.  The allegation in Paragraph 7 of the Second Amended Complaint concerning Mr. Justin Combs' alleged domicile is a legal conclusion to which no response is required.

8.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 of the Second Amended Complaint.

9.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 of the Second Amended Complaint.

10.    Defendant admits the allegation in the first sentence of Paragraph 10 of the Second Amended Complaint. The second and third sentence of Paragraph 10 of the Second Amended Complaint contain legal conclusions as to which no response is required, and to the extent a response is required, Defendant denies them.

11.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 of the Second Amended Complaint.

12.     Defendant denies the allegations in Paragraph 12 of the Second Amended Complaint which concern Defendant, and otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning others in Paragraph 12 of the Second Amended Complaint.

13.     Defendant admits that Mr. Sean Combs launched Love Records, but denies that Love Records has a principal place of business in California and Delaware, and lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning others in Paragraph 13 of the Second Amended Complaint.

14.     Defendant admits that CEOpco, LLC (t/a Combs Global) f/k/a Combs Enterprises, LLC (named incorrectly in the Second Amended Complaint as Combs Global Enterprises and referred to herein as "Combs Global") was involved in businesses across the music, fashion, beverage, marketing, film, television, and media industries, but otherwise denies the allegations in Paragraph 14 of the Second Amended Complaint.

## **RODNEY LIL ROD JONES**

15.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 of the Second Amended Complaint.

16.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 of the Second Amended Complaint.

17.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 of the Second Amended Complaint.

18.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 of the Second Amended Complaint.

19.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 of the Second Amended Complaint.

20.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 of the Second Amended Complaint.

21.     The allegations in Paragraph 21 of the Second Amended Complaint are legal conclusions to which no response is required.

22.     The allegations in Paragraph 22 of the Second Amended Complaint are legal conclusions to which no response is required.

## SUMMARY OF EVENTS

23.     Defendant denies the allegations in Paragraph 23 of the Second Amended Complaint.

24.     Defendant denies the allegations in Paragraph 24 of the Second Amended Complaint.

25.     Defendant denies the allegations in Paragraph 25 of the Second Amended Complaint.

26.     Defendant denies the allegations in Paragraph 26 of the Second Amended Complaint.

27.     Defendant denies the allegations in Paragraph 27 of the Second Amended Complaint.

28.     Defendant denies the allegations in Paragraph 28 of the Second Amended Complaint.

29.     Defendant denies the allegations in Paragraph 29 of the Second Amended Complaint to the extent they concern Defendants.  As to the allegations in Paragraph 29 of the Second Amended Complaint that pertain to persons and entities other than Defendant, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 of the Second Amended Complaint.

## CHALICE RECORDING STUDIOS SHOOTING

30.     Defendant admits the allegations in Paragraph 30 of the Second Amended Complaint.

31.     Defendant admits the allegations in Paragraph 31 of the Second Amended Complaint concerning Defendant and his son Justin Combs. As to the allegations in Paragraph 31 of

the Second Amended Complaint pertaining to persons other than Defendant and his son, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31 of the Second Amended Complaint.

32.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32 of the Second Amended Complaint.

33.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33 of the Second Amended Complaint.

34.    Defendant denies the allegations in Paragraph 34 of the Second Amended Complaint.

35.    Defendant denies the allegations in Paragraph 35 of the Second Amended Complaint.

36.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36 of the Second Amended Complaint.

37.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37 of the Second Amended Complaint.

38.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38 of the Second Amended Complaint.

39.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39 of the Second Amended Complaint.

40.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40 of the Second Amended Complaint.

41.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41 of the Second Amended Complaint.

42.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42 of the Second Amended Complaint.

43.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43 of the Second Amended Complaint.

44.    Defendant denies the allegations in Paragraph 44 of the Second Amended Complaint to the extent they concern Defendants. As to the allegations in Paragraph 44 of the Second Amended Complaint pertaining to persons and entities other than Defendant, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44 of the Second Amended Complaint.

45.    Defendant denies the allegations in Paragraph 45 of the Second Amended Complaint.

46.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 46 of the Second Amended Complaint.

47.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 47 of the Second Amended Complaint.

48.    Defendant denies the allegations in Paragraph 48 of the Second Amended Complaint to the extent they concern Defendant.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 48 of the Second Amended Complaint concerning the alleged "screenshots."

49.    Defendant denies the allegations in Paragraph 49 of the Second Amended Complaint.

50.    Defendant admits there was private security at the writers' camp, and otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 50 of the Second Amended Complaint.

51.    Defendant denies the allegations in Paragraph 51 of the Second Amended Complaint.

52.    Paragraph 52 of the Second Amended Complaint states legal conclusions to which no

response is required.   To the extent a response is required, Defendant denies the

allegations in Paragraph 52 of the Second Amended Complaint.

53.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the

allegations in Paragraph 53 of the Second Amended Complaint

54.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the

allegations in Paragraph 54 of the Second Amended Complaint.

**CHALICE RECORDING STUDIOS, AND DEFENDANTS SEAN COMBS AND JUSTIN COMBS REPRESENTATIVE SHAWN HOLLEY PROVIDE CONFLICTING AND INTELLECTUALLY DISHONEST ACCOUNTS CONCERNING THE SHOOTING**

55.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the

allegations in Paragraph 55 of the Second Amended Complaint

56.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the

allegations in Paragraph 56 of the Second Amended Complaint

57.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the

allegations in Paragraph 57 of the Second Amended Complaint.

58.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the

allegations in Paragraph 58 of the Second Amended Complaint.

59.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the

allegations in Paragraph 59 of the Second Amended Complaint.

60.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the

allegations in Paragraph 60 of the Second Amended Complaint.

61.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the

allegations in Paragraph 61 of the Second Amended Complaint.

62.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 62 of the Second Amended Complaint.

63.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 63 of the Second Amended Complaint.

64.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 64 of the Second Amended Complaint.

65.    Defendant denies the allegations in Paragraph 65 of the Second Amended Complaint.

66.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 66 of the Second Amended Complaint.

67.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 67 of the Second Amended Complaint.

68.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 68 of the Second Amended Complaint.

69.    Defendant denies the allegations in Paragraph 69 of the Second Amended Complaint to the extent they concern Defendant. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning others in Paragraph 69 of the Second Amended Complaint.

**THE DEAFENING SILENCE FROM THE ATTENDEES OF THE CRS SHOOTING STEMS FROM UNDERSTANDABLE FEAR THAT THE ATTENDEES WOULD BE SUED BY MR. COMBS FOR VIOLATING A NON-DISCLOSURE AGREEMENT**

70.    Defendant denies the allegations in Paragraph 70 of the Second Amended Complaint.

71.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 71 of the Second Amended Complaint.

72.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 72 of the Second Amended Complaint.

## MR. JONES WAS SEXUALLY HARASSED, AND ASSAULTED BY MR. COMBS

73.    Defendant denies the allegations in Paragraph 73 of the Second Amended Complaint.

74.    Defendant denies the allegations in Paragraph 74 of the Second Amended Complaint.

75.    Defendant denies the allegations in Paragraph 75 of the Second Amended Complaint.

76.    To the extent the allegations in Paragraph 76 of the Second Amended Complaint pertain
to Mr. Combs, Defendant denies the allegations in Paragraph 76 of the Second Amended
Complaint. As to the allegations in Paragraph 76 of the Second Amended Complaint that
pertain to persons other than Mr. Combs, Defendant lacks knowledge or information
sufficient to form a belief as to the truth of the allegations in Paragraph 76 of the
Amended Complaint.

77.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the
allegations in Paragraph 77 of the Second Amended Complaint.

78.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the
allegations in Paragraph 78 of the Second Amended Complaint.

79.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the
allegations in Paragraph 79 of the Second Amended Complaint.

80.    Defendant denies the allegations in Paragraph 80 of the Second Amended Complaint
concerning Mr. Combs.  As to the allegations in Paragraph 80 of the Second Amended
Complaint that pertain to persons other than Mr. Combs, Defendant lacks knowledge or
information sufficient to form a belief as to the truth of the allegations in Paragraph 80 of
the Amended Complaint.

81.    Defendant denies the allegations in Paragraph 81 of the Second Amended Complaint.

## MR. COMBS ATTEMPTED TO GROOM MR. JONES INTO ENGAGING IN GAY SEX

82. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 82 of the Second Amended Complain.

83. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 83 of the Second Amended Complaint.

84. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 84 of the Second Amended Complaint.

85. Defendant admits the allegations in Paragraph 85 of the Second Amended Complaint.

86. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 86 of the Second Amended Complaint.

87. Defendant admits the allegations in Paragraph 87 of the Second Amended Complaint.

88. Defendant denies the allegations in Paragraph 88 of the Second Amended Complaint.

89. Defendant denies the allegations in Paragraph 89 of the Second Amended Complaint.

90. Defendant denies the allegations in Paragraph 90 of the Second Amended Complaint.

91. Defendant denies the allegations in Paragraph 91 of the Second Amended Complaint.

## THANKSGIVING 2022, MR. JONES IS SEXUALLY ASSAULTED BY YUNG MIAMI'S COUSIN

92. Defendant admits the allegations in Paragraph 92 of the Second Amended Complaint as they relate to Mr. Combs and Yung Miami, but otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 92 of the Second Amended Complaint.

93. Defendant denies the allegations in Paragraph 93 of the Second Amended Complaint that pertain to him. As to the allegations in Paragraph 93 of the Second Amended Complaint that pertain to persons other than Mr. Combs, Defendant lacks knowledge or information

sufficient to form a belief as to the truth of the allegations in Paragraph 93 of the Second Amended Complaint.

94.     Defendant denies the allegations in Paragraph 94 of the Second Amended Complaint that pertain to him. As to the allegations in Paragraph 94 of the Second Amended Complaint that pertain to persons other than Mr. Combs, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 94 of the Second Amended Complaint.

95.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 95 of the Second Amended Complaint.

96.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 96 of the Second Amended Complaint.

97.     Defendant denies the allegations in Paragraph 97 of the Second Amended Complaint.

98.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 98 of the Second Amended Complaint.

## TRAFFICKING AND VICTIMS' PROTECTION ACT

99.     Defendant denies the allegations in Paragraph 99 of the Second Amended Complaint.

100.    Defendant denies the allegations in Paragraph 100 of the Second Amended Complaint.

101.    Defendant denies the allegations in Paragraph 101 of the Second Amended Complaint.

102.    Defendant denies the allegations in Paragraph 102 of the Second Amended Complaint.

103.    Defendant denies the allegations in Paragraph 103 of the Second Amended Complaint.

104.    Defendant denies the allegations in Paragraph 104 of the Second Amended Complaint.

105.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 105 of the Second Amended Complaint.

106.    Defendant denies the allegations in Paragraph 106 of the Second Amended Complaint.

107.    Defendant denies the allegations in Paragraph 107 of the Second Amended Complaint.

108.    Defendant denies the allegations in Paragraph 108 of the Second Amended Complaint that pertain to him. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations pertaining to others in Paragraph 108 of the Second Amended Complaint.

109.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations pertaining to others in Paragraph 109 of the Second Amended Complaint.

110.    Defendant denies the allegations in Paragraph 110 of the Second Amended Complaint.

111.    Defendant denies the allegations in Paragraph 111 of the Second Amended Complaint that pertain to him. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations pertaining to others in Paragraph 111 of the Second Amended Complaint.

112.    Defendant denies the allegations in Paragraph 112 of the Second Amended Complaint.

113.    Defendant denies the allegations in Paragraph 113 of the Second Amended Complaint that pertain to him. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations pertaining to others in Paragraph 113 of the Second Amended Complaint.

114.    Defendant denies the allegations in Paragraph 114 of the Second Amended Complaint.

115.    Defendant denies the allegations in Paragraph 115 of the Second Amended Complaint.

## **MR. JONES HAS PERSONALLY WITNESSED MR. COMBS AND J. COMBS SOLICIT, DRUG AND ENGAGE IN ILLICIT SEX ACTS**

116.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 116 of the Second Amended Complaint.

117.    Defendant denies the allegations in Paragraph 117 of the Second Amended Complaint.

118.    Defendant denies the allegations in Paragraph 118 of the Second Amended Complaint.

119.    Defendant denies the allegations in Paragraph 119 of the Second Amended Complaint.

120.    Defendant denies the allegations in Paragraph 120 of the Second Amended Complaint.

121.    Defendant denies the allegations in Paragraph 121 of the Second Amended Complaint.

122.    Defendant denies the allegations in Paragraph 122 of the Second Amended Complaint.

123.    Defendant denies the allegations in Paragraph 123 of the Second Amended Complaint.

124.    Defendant denies the allegations in Paragraph 124 of the Second Amended Complaint.

### MR. COMBS ATTEMPTS TO PASS OFF MR. JONES TO CUBA GOODING JR.

125.    Defendant denies the allegations in Paragraph 125 of the Second Amended Complaint.

126.    Defendant denies the allegations in Paragraph 126 of the Second Amended Complaint.

127.    Defendant denies the allegations in Paragraph 127 of the Second Amended Complaint.

128.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 128 of the Second Amended Complaint.

129.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 129 of the Second Amended Complaint.

130.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 130 of the Second Amended Complaint.

131.    Defendant denies the allegations in Paragraph 131 of the Second Amended Complaint.

132.    Defendant denies the allegations in Paragraph 132 of the Second Amended Complaint.

133.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 133 of the Second Amended Complaint.

134.    Defendant denies the allegations that pertain to him in Paragraph 134 of the Second Amended Complaint. Defendant lacks knowledge or information sufficient to form a

belief as to the truth of the allegations concerning others in Paragraph 134 of the Second Amended Complaint.

135. Defendant denies the allegations in Paragraph 135 of the Second Amended Complaint.

136. Defendant denies the allegations that pertain to him in Paragraph 136 of the Second Amended Complaint. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning others in Paragraph 136 of the Second Amended Complaint.

137. Defendant denies the allegations that pertain to him in Paragraph 137 of the Second Amended Complaint. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning others in Paragraph 137 of the Second Amended Complaint.

138. Defendant denies the allegations that pertain to him in Paragraph 138 of the Second Amended Complaint. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning others in Paragraph 138 of the Second Amended Complaint.

139. Defendant denies the allegations that pertain to him in Paragraph 139 of the Second Amended Complaint. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning others in Paragraph 139 of the Second Amended Complaint.

140. Defendant denies the allegations in Paragraph 140 of the Second Amended Complaint.

141. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning others in Paragraph 141 of the Second Amended Complaint.

## <u>MR. COMBS USED HIS POWER, AND INFLUENCE TO THREATEN AND INTIMIDATE MR. JONES</u>

142.    Defendant denies the allegations in Paragraph 142 of the Second Amended Complaint.

143.    Defendant denies the allegations in Paragraph 143 of the Second Amended Complaint.

144.    Defendant denies the allegations in Paragraph 144 of the Second Amended Complaint.

145.    Defendant denies the allegations in Paragraph 145 of the Second Amended Complaint.

146.    Defendant denies the allegations in Paragraph 146 of the Second Amended Complaint.

147.    Defendant denies the allegations in Paragraph 147 of the Second Amended Complaint.

148.    The allegations in Paragraph 148 of the Second Amended Complaint purport to describe a pleading filed in a different litigation; Defendant refers the Court to that document for a full and complete recitation of its contents, and otherwise denies the allegations in Paragraph 148 of the Amended Complaint.

149.    Defendant denies the allegations in Paragraph 149 of the Second Amended Complaint.

150.    Defendant denies the allegations in Paragraph 150 of the Second Amended Complaint.

151.    Defendant denies the allegations that pertain to him in Paragraph 151 of the Second Amended Complaint. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning others in Paragraph 151 of the Second Amended Complaint.

152.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 152 of the Second Amended Complaint.

153.    Defendant denies the allegations in Paragraph 153 of the Second Amended Complaint.

154.    Defendant denies the allegations in Paragraph 154 of the Second Amended Complaint.

155.    Defendant denies the allegations in Paragraph 155 of the Second Amended Complaint.

156. Defendants lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 156 of the Second Amended Complaint.

157. Defendant denies the allegations in Paragraph 157 of the Second Amended Complaint.

158. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 158 of the Second Amended Complaint.

159. Defendant denies the allegations that pertain to him in Paragraph 159 of the Second Amended Complaint. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning others in Paragraph 159 of the Second Amended Complaint.

**DEFENDANT LUCIAN CHARLES GRAINGE IN HIS CAPACITY AS CEO OF UMG, MOTOWN RECORDS, AND UNIVERSAL MUSIC GROUP THROUGH THEIR GENERAL BUSINESS PARTNERSHIP, AND THEIR FINANCIAL SUPPORT OF SEAN COMBS AND LOVE RECORDS, INC., AIDED AND ABETTED MR. COMBS ACTIONS AS DETAILED BELOW**

160. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 160 of the Second Amended Complaint.

161. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 161 of the Second Amended Complaint.

162. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 162 of the Second Amended Complaint.

163. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 163 of the Second Amended Complaint.

164. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 164 of the Second Amended Complaint.

165. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 165 of the Second Amended Complaint.

166.    Defendant admits that Plaintiff Jones worked on the Love Album.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 166 of the Second Amended Complaint

167.    Defendant denies the allegations in Paragraph 167 of the Second Amended Complaint.

168.    Defendant denies the allegations in Paragraph 168 of the Second Amended Complaint.

169.    Defendant admits the allegations in Paragraph 169 of the Second Amended Complaint.

170.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 170 of the Second Amended Complaint.

171.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 171 of the Second Amended Complaint.

172.    Defendant denies the allegations in Paragraph 172 of the Second Amended Complaint.

173.    The allegations in Paragraph 173 of the Second Amended Complaint contain legal conclusions as to which no response is required. To the extent a response is required, Defendant denies the allegations.

174.    Defendant denies the allegations that pertain to him in Paragraph 174 of the Second Amended Complaint. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning others in Paragraph 174 of the Second Amended Complaint

175.    Defendant denies the allegations that pertain to him in Paragraph 175 of the Second Amended Complaint. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning others in Paragraph 175 of the Second Amended Complaint

176.    Defendants denies the allegations in Paragraph 176 of the Second Amended Complaint.

## DEFENDANT KRISTINA KHORRAM IS THE GHISLAINE MAXWELL TO SEAN COMBS JEFFREY EPSTEIN[2]

177.    Defendant denies the allegations in Paragraph 177 of the Second Amended Complaint.

178.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 178 of the Second Amended Complaint.

179.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 179 of the Second Amended Complaint.

180.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 180 of the Second Amended Complaint.

181.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 181 of the Second Amended Complaint.

182.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 182 of the Second Amended Complaint.

183.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 183 of the Second Amended Complaint.

184.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 184 of the Second Amended Complaint.

185.    Defendant denies the allegations that pertain to him in Paragraph 185 of the Second Amended Complaint. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning others in Paragraph 185 of the Second Amended Complaint.

186.    Defendant denies the allegations in Paragraph 186 of the Second Amended Complaint.

---

[2] To the extent the allegations in Paragraphs 177 - 200 (or any other part) of the Second Amended Complaint relate exclusively to Mr. Jones's RICO claim (as they appear to) no response is required because the RICO claim was dismissed in its entirety as to all Defendants pursuant to the Motion to Dismiss Decision.

187.    Defendant denies the allegations that pertain to him in Paragraph 187 of the Second Amended Complaint. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning others in Paragraph 187 of the Second Amended Complaint.

188.    Defendant denies the allegations that pertain to him in Paragraph 188 of the Second Amended Complaint. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning others in Paragraph 188 of the Second Amended Complaint

189.    Defendant denies the allegations in Paragraph 189 of the Second Amended Complaint.

## **MR. COMBS IS ALLOWED TO WREAK HAVOC**

190.    Defendant denies the allegations in Paragraph 190 of the Second Amended Complaint.

191.    Defendant denies the allegations in Paragraph 191 of the Second Amended Complaint.

192.    Defendant denies the allegations in Paragraph 192 of the Second Amended Complaint.

193.    Defendant denies the allegations in Paragraph 193 of the Second Amended Complaint.

194.    Defendant denies the allegations in Paragraph 194 of the Second Amended Complaint.

195.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning others in Paragraph 195 of the Second Amended Complaint.

## **DEFENDANT MR. COMBS HIRED PRIVATE INVESTIGATOR RUSSELL L. GREENE TO SEEK OUT, HARASS, AND BRIBE INDIVIDUALS TO PROVIDE DIRT ON MR. JONES**

196.    Defendants lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 196 of the Second Amended Complaint.

197.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 197 of the Second Amended Complaint.

198. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 198 of the Second Amended Complaint.

199. Defendant denies the allegations in Paragraph 199 of the Second Amended Complaint.

200. Defendants lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 200 of the Second Amended Complaint.

**FIRST CAUSE OF ACTION CONDUCT AND PARTICIPATE IN A RICO ENTERPRISE THROUGH A PATTERN OF RACKETEERING ACTIVITY VIOLATION OF RACKETEER INFLUENCED AND CORRUPT ORGANIZATION ACT, CODIFIED AT 18 U.S.C. § 1962(A), (C)-(D) (Against Defendants Sean Combs, Justin Combs, Kristina Khorram, Combs Global, and Love Records)**

201. Defendant repeats his answers to all preceding paragraphs as if fully set forth herein. Moreover, pursuant to the Opinion and Order of United States District Judge Paul Oetken dated March 24, 2025, the First Cause of Action in the Second Amended Complaint has been dismissed in its entirety and thus no response to Paragraphs 201-276 is required. *See* ECF No. 86 at pp. 8 – 12. In the event it is determined that a response to Paragraphs 201-276 is required, Defendant expressly reserves the right to amend his responses to these Paragraphs, including to deny the allegations and deny Plaintiff's entitlement to any relief requested therein.

**SECOND CAUSE OF ACTION SEXUAL ASSAULT AND SEXUAL HARASSMENT (against Mr. Combs)**

277. Defendant repeats his answers to the allegations in all preceding paragraphs as if fully set forth herein.

278. The allegations in Paragraph 278 of the Second Amended Complaint contain legal conclusions as to which no response is required. To the extent a response is required, Defendant denies the allegations.

279. Defendant denies the allegations in Paragraph 279 of the Second Amended Complaint.

280.   Defendant denies the allegations in Paragraph 280 of the Second Amended Complaint.

281.   The allegations in Paragraph 281 of the Second Amended Complaint contain legal

conclusions as to which no response is required. To the extent a response is required,

Defendant denies the allegations.

282.   The allegations in Paragraph 282 of the Second Amended Complaint contain legal

conclusions as to which no response is required. To the extent a response is required,

Defendant denies the allegations.

**THIRD CAUSE OF ACTION SEXUAL ASSAULT (against Jane Doe 1 (Yung Miami's Cousin))**

283.   Defendant repeats his answers to all preceding paragraphs as if fully set forth herein. The

Third Cause of Action in the Second Amended Complaint does not assert allegations

against Mr. Combs and thus no response by Defendant to Paragraphs 283-287 of the

Second Amended Complaint is required. To the extent a response is required, Defendant

denies the allegations in Paragraphs 283-287 of the Second Amended Complaint as they

pertain to him, and lacks knowledge or information sufficient to determine the truth of

allegations as to persons other than him.

**FOURTH CAUSE OF ACTION PREMISES LIABILITY FOR THE SEXUAL ASSAULT COMMITTED BY JANE DOE 1 (YUNG MIAMI'S COUSIN) (against Mr. Combs)**

288.   Defendants repeats his answers to all preceding paragraphs as if fully set forth herein.

289.   The allegations in Paragraph 289 of the Second Amended Complaint contain legal

conclusions as to which no response is required. To the extent a response is required,

Defendant denies the allegations as they pertain to him and lacks knowledge or

information sufficient to determine the truth of allegations pertaining to others.

290.   The allegations in Paragraph 290 of the Second Amended Complaint contain legal

conclusions as to which no response is required. To the extent a response is required,

Defendant denies the allegations as they pertain to him and lacks knowledge or information sufficient to determine the truth of allegations pertaining to others.

291.    The allegations in Paragraph 291 of the Second Amended Complaint contain legal conclusions as to which no response is required. To the extent a response is required, Defendant denies the allegations as they pertain to him and lacks knowledge or information sufficient to determine the truth of allegations pertaining to others.

292.    The allegations in Paragraph 292 of the Second Amended Complaint contain legal conclusions as to which no response is required. To the extent a response is required, Defendant denies the allegations as they pertain to him and lacks knowledge or information sufficient to determine the truth of allegations pertaining to others.

**FIFTH CAUSE OF ACTION PREMISES LIABILITY FOR THE SEXUAL ASSAULT COMMITTED BY CUBA GOODING, JR. (against, Mr. Combs)**

293.    Defendant repeats his answers to all preceding paragraphs as if fully set forth herein.

294.    The allegations in Paragraph 294 of the Second Amended Complaint contain legal conclusions as to which no response is required. To the extent a response is required, Defendant denies the allegations as they pertain to him and lacks knowledge or information sufficient to determine the truth of allegations pertaining to others.

295.    The allegations in Paragraph 295 of the Second Amended Complaint contain legal conclusions as to which no response is required. To the extent a response is required, Defendant denies the allegations as they pertain to him and lacks knowledge or information sufficient to determine the truth of allegations pertaining to others.

296.    The allegations in Paragraph 296 of the Second Amended Complaint contain legal conclusions as to which no response is required. To the extent a response is required,

Defendant denies the allegations as they pertain to him and lacks knowledge or information sufficient to determine the truth of allegations pertaining to others.

297.    The allegations in Paragraph 297 of the Second Amended Complaint contain legal conclusions as to which no response is required. To the extent a response is required, Defendant denies the allegations as they pertain to him and lacks knowledge or information sufficient to determine the truth of allegations pertaining to others.

### SIXTH CAUSE OF ACTION TRAFFICKING AND VICTIMS' PROTECTION ACT (against, Defendants Sean Combs, Justin Combs, Kristina Khorram, And Combs Global)[3]

298.    Defendant repeats his answers to all preceding paragraphs as if fully set forth herein.

299.    The allegations in Paragraph 299 of the Second Amended Complaint contain legal conclusions as to which no response is required. To the extent a response is required, Defendant denies the allegations as they pertain to him and lacks knowledge or information sufficient to determine the truth of allegations pertaining to others.

300.    The allegations in Paragraph 300 of the Second Amended Complaint contain legal conclusions as to which no response is required. To the extent a response is required, Defendant denies the allegations as they pertain to him and lacks knowledge or information sufficient to determine the truth of allegations pertaining to others.

301.    The allegations in Paragraph 301 of the Second Amended Complaint contain legal conclusions as to which no response is required. To the extent a response is required, Defendant denies the allegations as they pertain to him and lacks knowledge or information sufficient to determine the truth of allegations pertaining to others.

---

[3] Pursuant to the Opinion and Order of United States District Judge Paul Oetken dated March 24, 2025, the Sixth Cause of Action in the Second Amended Complaint has been dismissed as to Defendant Combs Global. *See* ECF No. 86 at 21.

302.    The allegations in Paragraph 302 of the Second Amended Complaint contain legal conclusions as to which no response is required. To the extent a response is required, Defendant denies the allegations as they pertain to him and lacks knowledge or information sufficient to determine the truth of allegations pertaining to others.

303.    The allegations in Paragraph 303 of the Second Amended Complaint contain legal conclusions as to which no response is required. To the extent a response is required, Defendant denies the allegations as they pertain to him and lacks knowledge or information sufficient to determine the truth of allegations pertaining to others.

304.    The allegations in Paragraph 304 of the Second Amended Complaint contain legal conclusions as to which no response is required. To the extent a response is required, Defendant denies the allegations as they pertain to him and lacks knowledge or information sufficient to determine the truth of allegations pertaining to others.

305.    The allegations in Paragraph 305 of the Second Amended Complaint contain legal conclusions as to which no response is required. To the extent a response is required, Defendant denies the allegations as they pertain to him and lacks knowledge or information sufficient to determine the truth of allegations pertaining to others.

306.    The allegations in Paragraph 306 of the Second Amended Complaint contain legal conclusions as to which no response is required. To the extent a response is required, Defendant denies the allegations as they pertain to him and lacks knowledge or information sufficient to determine the truth of allegations pertaining to others.

307.    The allegations in Paragraph 307 of the Second Amended Complaint contain legal conclusions as to which no response is required. To the extent a response is required,

Defendant denies the allegations as they pertain to him and lacks knowledge or information sufficient to determine the truth of allegations pertaining to others.

308. The allegations in Paragraph 308 of the Second Amended Complaint contain legal conclusions as to which no response is required. To the extent a response is required, Defendant denies the allegations as they pertain to him and lacks knowledge or information sufficient to determine the truth of allegations pertaining to others.

309. The allegations in Paragraph 309 of the Second Amended Complaint contain legal conclusions as to which no response is required. To the extent a response is required, Defendant denies the allegations as they pertain to him and lacks knowledge or information sufficient to determine the truth of allegations pertaining to others.

310. The allegations in Paragraph 310 of the Second Amended Complaint contain legal conclusions as to which no response is required. To the extent a response is required, Defendant denies the allegations as they pertain to him and lacks knowledge or information sufficient to determine the truth of allegations pertaining to others.

311. The allegations in Paragraph 311 of the Second Amended Complaint contain legal conclusions as to which no response is required. To the extent a response is required, Defendant denies the allegations as they pertain to him and lacks knowledge or information sufficient to determine the truth of allegations pertaining to others.

312. The allegations in Paragraph 312 of the Second Amended Complaint contain legal conclusions as to which no response is required. To the extent a response is required, Defendant denies the allegations as they pertain to him and lacks knowledge or information sufficient to determine the truth of allegations pertaining to others.

313.    The allegations in Paragraph 313 of the Second Amended Complaint contain legal
conclusions as to which no response is required. To the extent a response is required,
Defendant denies the allegations as they pertain to him and lacks knowledge or
information sufficient to determine the truth of allegations pertaining to others.

**SEVENTH CAUSE OF ACTION AIDING, ABETTING, AND INDUCING A SEX-
TRAFFICKING VENTURE IN VIOLATION OF THE TRAFFICKING VICTIMS'
PROTECTION ACT, 18 U.S.C. §§ 2, 1591(a)(1) & (2), 1595 (against Defendants Lucian
Charles Grainge in his capacity as CEO of UMG, Motown Records, and Universal Music
Group)**

314.    Defendant repeats his answers to all preceding paragraphs as if fully set forth herein. The
Seventh Cause of Action in the Second Amended Complaint does not assert allegations
against Mr. Combs and thus no response by Defendant to Paragraphs 314-331 of the
Second Amended Complaint is required.  Moreover, Plaintiff voluntarily dismissed his
claims against Defendants Lucian Charles Grainge, UMG, Motown Records, and
Universal Music Group—the only Defendants against whom the Seventh Cause of
Action was brought.  *See* ECF No. 86 at 2 n.2.  Because Plaintiff voluntarily dismissed
the Seventh Cause of Action, Defendant need not address the allegations in Paragraphs
314-331 of the Second Amended Complaint.

**EIGHTH CAUSE OF ACTION NIED (FOR SEXUAL ASSAULT) (against Defendant Jane
Doe 1 (Yung Miami's Cousin))**

332.    Defendant repeats his answers to all preceding paragraphs as if fully set forth herein. The
Eighth Cause of Action in the Second Amended Complaint does not assert allegations
against Mr. Combs and thus no response by Defendant to Paragraphs 332-336 of the Second
Amended Complaint is required. To the extent a response is required, Defendant denies the
allegations in Paragraphs 332-336 of the Second Amended Complaint as they pertain to him

and lacks knowledge or information sufficient to determine the truth of allegations as to persons other than him.

### NINTH CAUSE OF ACTION NIED (FOR SEXUAL ASSAULT) (against Mr. Combs)

337.    Defendant repeats his answers to all preceding paragraphs as if fully set forth herein. Moreover, pursuant to the Opinion and Order of United States District Judge Paul Oetken dated March 24, 2025, the Ninth Cause of Action in the Second Amended Complaint has been dismissed in its entirety and thus no response to Paragraphs 337-341 is required. *See* ECF No. 86 at pp. 24 - 25.

### TENTH CAUSE OF ACTION IIED (FOR SEXUAL ASSAULT) Defendant Jane Doe 1 (Yung Miami's Cousin)

342.    Defendant repeats his answers to all preceding paragraphs as if fully set forth herein. The Tenth Cause of Action in the Second Amended Complaint does not assert allegations against Mr. Combs and thus no response by Defendant to Paragraphs 342-347 of the Second Amended Complaint is required. To the extent a response is required, Defendant denies the allegations in Paragraphs 342-347 of the Second Amended Complaint as they pertain to him, and lacks knowledge or information sufficient to determine the truth of allegations as to persons other than him.

### ELEVENTH CAUSE OF ACTION IIED (FOR SEXUAL ASSAULT)
(against Mr. Combs)

348.    Defendant repeats his answers to all preceding paragraphs as if fully set forth herein. Moreover, pursuant to the Opinion and Order of United States District Judge Paul Oetken dated March 24, 2025, the Eleventh Cause of Action in the Second Amended Complaint has been dismissed in its entirety and thus no response to Paragraphs 348-353 is required. *See* ECF No. 86 at pp. 24 - 25.

**TWELFTH CAUSE OF ACTION IIED (FOR SEXUAL ASSAULT)**
**(against Mr. Gooding, Jr.)**

354.    Defendant repeats his answers to all preceding paragraphs as if fully set forth herein. The

Twelfth Cause of Action in the Second Amended Complaint does not assert allegations

against Mr. Combs and thus no response by Defendant to Paragraphs 354-359 of the Second

Amended Complaint is required. To the extent a response is required, Defendant denies the

allegations in Paragraphs 354-359 of the Second Amended Complaint as they pertain to him,

and lacks knowledge or information sufficient to determine the truth of allegations as to

persons other than him.

**THIRTEENTH CAUSE OF ACTION NIED (FOR SEXUAL ASSAULT) (against Mr.**
**Gooding, Jr.)**

360.    Defendant repeats his answers to all preceding paragraphs as if fully set forth herein. The

Thirteenth Cause of Action in the Second Amended Complaint does not assert allegations

against Mr. Combs and thus no response by Defendant to Paragraphs 360-364 of the Second

Amended Complaint is required. To the extent a response is required, Defendant denies the

allegations in Paragraphs 360-364 of the Second Amended Complaint as they pertain to him,

and lacks knowledge or information sufficient to determine the truth of allegations as to

persons other than him.

**FOURTEENTH CAUSE OF ACTION SEXUAL ASSAULT (against Mr. Gooding, Jr.)**

365.    Defendant repeats his answers to all preceding paragraphs as if fully set forth herein. The

Fourteenth Cause of Action in the Second Amended Complaint does not assert allegations

against Mr. Combs and thus no response by Defendant to Paragraphs 365-369 of the Second

Amended Complaint is required. To the extent a response is required, Defendant denies the

allegations in Paragraphs 365-369 of the Second Amended Complaint as they pertain to him,

and lacks knowledge or information sufficient to determine the truth of allegations as to

persons other than him.

### FIFTEENTH CAUSE OF ACTION KNOWING BENEFICIARY IN A SEX-TRAFFICKING VENTURE IN VIOLATION OF THE TRAFFICKING VICTIMS' PROTECTION ACT, 18 U.S.C. §§ 1591(A)(2), 1595 (against Defendants Lucian Charles Grainge in his capacity as CEO of UMG, Motown Records, and Universal Music Group)

370.     Defendant repeats his answers to all preceding paragraphs as if fully set forth herein. The

Fifteenth Cause of Action in the Second Amended Complaint does not assert allegations

against Mr. Combs and thus no response by Defendant to Paragraphs 370-376 of the Second

Amended Complaint is required.  Moreover, Plaintiff voluntarily dismissed his claims

against Defendants Lucian Charles Grainge, Motown Records, and Universal Music Group—

the only Defendants against whom the Fifteenth Cause of Action was brought.  *See* ECF No.

86 at 2 n.2.  Because Plaintiff voluntarily dismissed the Seventh Cause of Action, Defendant

need not address the allegations in Paragraphs 370-376 of the Second Amended Complaint.

### SIXTEENTH CAUSE OF ACTION OBSTRUCTION OF THE ENFORCEMENT OF THE TRAFFICKING VICTIM PROTECTION ACT, 18 U.S.C. § 1591(d) (against, Defendants Lucian Charles Grainge in his capacity as CEO of UMG, Motown Records, and Universal Music Group)

377.     Defendant repeats his answers to all preceding paragraphs as if fully set forth herein. The

Sixteenth Cause of Action in the Second Amended Complaint does not assert allegations

against Mr. Combs and thus no response by Defendant to Paragraphs 377-393 of the Second

Amended Complaint is required.  Moreover, Plaintiff voluntarily dismissed his claims

against Defendants Lucian Charles Grainge, Motown Records, and Universal Music Group—

the only Defendants against whom the Sixteenth Cause of Action was brought.  *See* ECF No.

86 at 2 n.2.  Because Plaintiff voluntarily dismissed the Sixteenth Cause of Action,

Defendant need not address the allegations in Paragraphs 377-393 of the Second Amended

Complaint.

**SEVENTEENTH CAUSE OF ACTION Breach of Oral Contract (against, Love Records, and Sean Combs)**

394.    Defendant repeats his answers to all preceding paragraphs as if fully set forth herein. Moreover, pursuant to the Opinion and Order of United States District Judge Paul Oetken dated March 24, 2025, the Seventeenth Cause of Action in the Second Amended Complaint has been dismissed in its entirety and thus no response to Paragraphs 394-402 is required. *See* ECF No. 86 at pp. 29 – 30.

**RESPONSE TO PRAYER FOR RELIEF**

Defendant, Sean Combs, denies every allegation in the Complaint except those expressly admitted above, and denies that Plaintiff is entitled to any damages, relief, judgment, award, fees, or costs whatsoever.

**AFFIRMATIVE DEFENSES**

Defendant states the following affirmative defenses and reserves his right to later assert other and additional defenses, cross-claims, counterclaims, and third-party claims not asserted herein of which he becomes aware through discovery or other investigation as may be appropriate.  In asserting these affirmative defenses, Defendant does not assume any burden of proof, persuasion, or production with respect to any issue where the applicable law places the burden upon another party.

**FIRST AFFIRMATIVE DEFENSE**

1.  The Second Amended Complaint fails to state a claim against Defendant upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

2.  Plaintiff's claims are barred in whole or in part through accord and satisfaction.

### THIRD AFFIRMATIVE DEFENSE

3.  Plaintiff's claims are barred in whole or in part by the statute of limitations.

### FOURTH AFFIRMATIVE DEFENSE

4.  Plaintiff's claims are barred in whole or in part by the doctrine of latches.

### FIFTH AFFIRMATIVE DEFENSE

5.  Plaintiff's claims are barred in whole or in part by the doctrine of waiver and/or estoppel.

### SIXTH AFFIRMATIVE DEFENSE

6.  Plaintiff has suffered no damages attributable to any wrongful conduct by Defendant.

### SEVENTH AFFIRMATIVE DEFENSE

7.  If Plaintiff has any injuries or damages, such injuries or damages were the result of acts of third parties over which Defendant has no responsibility or control. Any damage, loss, or liability sustained by Plaintiff must be reduced, diminished, and/or barred in proportion to the wrongful or negligent conduct of persons or entities other than Defendant under the principles of equitable allocation, set-off, proportionate responsibility, and comparative fault.

### EIGHTH AFFIRMATIVE DEFENSE

8.  Plaintiff's claims are barred by the doctrine of unclean hands.

### NINTH AFFIRMATIVE DEFENSE

9.  Plaintiff's claims are barred by Plaintiff's failure to mitigate.

### TENTH AFFIRMATIVE DEFENSE

10. Plaintiff is not entitled to recover any punitive damages because Defendant did not engage in any wrongful conduct, let alone conduct with malice or reckless disregard for Plaintiff's rights.

### ELEVENTH AFFIRMATIVE DEFENSE

11. Plaintiff voluntarily engaged in or otherwise consented to the alleged conduct at issue.

**TWELFTH AFFIRMATIVE DEFENSE**

12. Plaintiff's claims are barred, in whole or in part, by the doctrine of *in pari delicto*, as Plaintiff was equally or more responsible for the alleged conduct at issue.

**DEMAND FOR A JURY TRIAL**

Defendant Sean Combs demands a jury trial.

**WHEREFORE**, Defendant prays for relief as follows:

1. That the Second Amended Complaint be dismissed, with prejudice and in its entirety as to Defendant;

2. That Plaintiff take nothing by reason of this Second Amended Complaint as to Defendant and that judgment be entered against Plaintiff and in favor of Defendant;

3. That Defendant be awarded his attorney's fees and costs incurred in defending against this frivolous and vexatious action as asserted against him; and

4. That Defendant be granted such other and further relief as the Court may deem just and proper.


Dated: April 7, 2024
       New York, New York

                              Respectfully submitted,

                              SHER TREMONTE LLP

                    By:    */s/ Erica A. Wolff*
                           Erica A. Wolff
                           Michael Tremonte
                           Mark Cuccaro
                           90 Broad Street, 23rd Floor
                           New York, NY 10004
                           (212) 202-2600
                           mtremonte@shertremonte.com
                           ewolff@shertremonte.com
                           mcuccaro@shertremonte.com

*Attorneys for Defendants Sean Combs,*
*Love Records, Inc., and CEOpCo, LLC*
*(t/a Combs Global) f/k/a Combs Enterprises, LLC*