UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RODNEY JONES,
                      Plaintiff,

       -v-

SEAN COMBS, *et al.*,
                      Defendants.

24-CV-1457 (JPO)

ORDER

J. PAUL OETKEN, District Judge:

In its March 24, 2025 Opinion and Order, this Court directed Plaintiff Rodney Jones to file a letter explaining the status of service of process as to Defendants Cuba Gooding, Jr. and Justin Combs. *See Jones v. Combs*, No. 24-CV-1457, 2025 WL 896829, at *14 (S.D.N.Y. Mar. 24, 2025). Previously, the Court had granted Jones's request for an extension of time to serve Gooding and Combs, and had set a November 8, 2024 deadline. *Id.* Jones missed that deadline without effectuating service or requesting an additional extension. *Id.*

Jones now moves this Court to allow alternative service of Gooding and Combs by means of publication in two newspapers. (ECF No. 91.) In support of that motion, Jones filed, on April 8, 2025, a proposed order (ECF No. 91-1), a memorandum of law (ECF No. 91-2), an affidavit from Plaintiff's counsel, Tyrone Blackburn (ECF No 91-3), and documentation of unsuccessful attempts to serve Gooding and Combs through traditional means (ECF Nos. 91-4 through 91-11).

Federal Rule of Civil Procedure 4(e) dictates how a person within the United States must be served. Service may be made by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). Pursuant to New York Civil Practice Law and Rules ("CPLR") Section 308, service may be made by personal delivery or by a combination of

1

mailing and delivery to a suitable representative at the recipient's home or place of business. CPLR § 308(1)-(2). If service cannot be made under those methods "with due diligence," nail-and-mail service is authorized. *Id.* § 308(4). Only if "service is impracticable" under the previous three methods may alternative service be made "in such manner as the court . . . directs." *Id.* § 308(5). "The meaning of 'impracticable' depends on the facts and circumstances of a particular case." *Cargill Fin. Servs. Int'l, Inc. v. Barshchovskiy*, No. 24-CV-5751, 2024 WL 4240998, at *4 (S.D.N.Y. Sept. 19, 2024) (quotation marks omitted). While Section 308(5) does not "require proof of due diligence or of actual prior attempts to serve," *Fortunato v. Chase Bank USA, N.A.*, No. 11-CV-6608, 2012 WL 2086950, at *1 (S.D.N.Y. June 7, 2012), "in general, [a] plaintiff must make some showing that the other prescribed methods of service could not be made," *Cargill Fin. Servs. Int'l*, 2024 WL 4240998, at *4 (brackets omitted). "Mere 'conclusory assertions about difficulty' do not suffice." *Lateral Recovery LLC v. Benchmark Builders, Inc.*, No. 22-CV-10447, 2023 WL 4549529, at *2 (S.D.N.Y. July 14, 2023) (quoting *Transclick, Inc. v. Rantnetwork, Inc.*, No. 11-CV-8171, 2013 WL 4015768, at *3 (S.D.N.Y. Aug. 7, 2013)).

Regarding Cuba Gooding, Jr. Blackburn provides documentation of attempts to effect service at three addresses in California. (ECF Nos. 91-4, 91-5, 91-6.) Blackburn sent a process server to the third address only after the November 8 deadline had already passed. (ECF No. 91-6 at 2 (stating that the process server received the summons from Blackburn on November 10, 2024).) Despite previously claiming that he "attempted to serve [Gooding] in . . . New York" (ECF No. 74 at 3), Blackburn provides no documentation of any such service attempts. Blackburn also did not attempt to serve Gooding in Florida, despite acknowledging that similar

attempts were successful in other cases. (ECF No. 74 at 2-3.)[1] Nor does Blackburn provide evidence that nail-and-mail service pursuant to CPLR § 308(4) is impracticable, as would be required for the Court to approve alternative service under CPLR § 308(5).

Regarding Justin Combs, Blackburn provides a transcript of his correspondence with a process service provider showing that attempts to effect service using a process server began on October 19, 2024. (ECF No. 91-8 at 14.) Blackburn first provided the process server with two incorrect addresses. (*Id.* at 12, 14.) Blackburn then provided a third address at 7:46 p.m. on November 6, 2024—two days before the deadline this Court imposed for effecting service. (*Id.* at 10; ECF No. 76.) The process server attempted to effect service the next day and confirmed that "subject resides" at the address, but "was unable to access the address due to private gate/fence." (ECF No. 91-8 at 9.) That afternoon, Blackburn (correctly) instructed the process server to leave the summons and complaint with a security guard at the property if unable to reach Justin Combs himself. (*Id.*)[2] However, despite Blackburn's instructions, the process server responded later that day that "[s]ervice to the security guard or front desk personnel will not be accepted by your court." (*Id.*) Blackburn did not respond that day. (*Id.*) The process server again attempted service the next day but did not leave the papers with Justin Combs's security guard. (*Id.* at 8-9.) The process server so informed Blackburn, but despite the

---

[1] According to Blackburn, "[w]e did not attempt Florida because it was reported that [Gooding] was living out of hotels in Florida." (ECF No. 74 at 3.) Blackburn provides no source for this allegation, and he acknowledges that Gooding was served in a New York state case while he was supposedly residing at one such hotel. (*Id.* at 2.)

[2] Service in that manner is indeed acceptable under New York law. *See Ahluwalia v. St. George's Univ., LLC*, 63 F. Supp. 3d 251, 261 (E.D.N.Y. 2014), *aff'd sub nom. Ahluwalia v. St. George's Univ.*, 626 F. App'x 297 (2d Cir. 2015) ("Service to a guard outside a gated community has been held to be a proper location for service, since the outer bounds of defendant's actual dwelling place are deemed to extend to the security booth." (quotation marks omitted)).

November 8 deadline, Blackburn did not respond until November 9 at 3:46 p.m. (*Id.* at 7-8.) At that time, Blackburn reiterated that service could be made by leaving the summons and complaint with a security guard, and told the process server "[l]et me worry about the court rule, and you worry about serving the documents." (*Id.* at 8.) Blackburn and the process server continued to argue, and at one point Blackburn changed the service location to the address next door without explanation, but the papers were never left with a security guard or otherwise delivered to Combs's address. (*Id.* at 2-7.)

In sum, for both Gooding and Justin Combs, Blackburn waited until the service deadline was imminent to make meaningful efforts to effect service, and then failed to notify the Court or request a further extension when his efforts failed. The Court therefore determines that Plaintiff has not shown "good cause" for failing to serve Gooding and Justin Combs, as required by Rule 4(m) of the Federal Rules of Civil Procedure.

Accordingly, Plaintiff's motion to effectuate service by alternative means is DENIED, and Plaintiff's claims against Gooding and Justin Combs are dismissed without prejudice.

The Clerk of Court is directed to close the motion at Docket Number 91, and to terminate Cuba Gooding, Jr. and Justin Combs as parties in this action.

SO ORDERED.

Dated: May 6, 2025
New York, New York

_____
J. PAUL OETKEN
United States District Judge