UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RODNEY JONES

_____,
                Plaintiff(s),

-v-

SEAN COMBS et al.,

_____,
                Defendant(s).

24-CV-1457 (JPO)

CIVIL CASE MANAGEMENT PLAN
AND SCHEDULING ORDER

This Civil Case Management Plan (the "Plan") is submitted by the parties in accordance with Fed. R. Civ. P. 26(f)(3).

1. All parties [consent ☐ / do not consent ✓] to conducting all further proceedings before a United States Magistrate Judge, including motions and trial. 28 U.S.C. § 636(c). The parties are free to withhold consent without adverse substantive consequences. [*If all parties consent, the remaining paragraphs should not be completed. Instead, within three (3) days of submitting this Proposed Case Management Plan and Scheduling Order, the parties shall submit to the Court a fully executed Notice, Consent, and Reference of a Civil Action to a Magistrate Judge, available at https://nysd.uscourts.gov/sites/default/files/2018-06/AO-3.pdf.*]

2. Settlement discussions [have ☐ / have not ✓] taken place.

3. The parties [have ✓ / have not ☐] conferred pursuant to Fed. R. Civ. P. 26(f).

4. The parties [have ✓ / have not ☐] reviewed the Local Civil Rules of the Southern District of New York and the Court's Individual Rules and Practices in Civil Cases.

5. Additional parties may not be joined except with leave of the Court. Amended pleadings may not be filed except with leave of the Court or the consent of all opposing parties. Any motion for leave to amend or to join additional parties shall be filed within __30__ days from the date of this Order. [*Absent exceptional circumstances, thirty (30) days.*]

6. Initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) shall be completed no later than 14 days from the start of fact discovery. [*Absent exceptional circumstances, fourteen days.*]

Clear Form

7.     **Fact Discovery:** The parties agree that fact discovery will commence 14 days after Mr. Combs's sentencing, which is scheduled to take place on October 3, 2025.

    a.     All fact discovery shall be completed no later than <u>180 days from the start of fact discovery</u>. [*A date not later than exceed 120 days after the date of the scheduled initial pretrial conference, unless the Court finds that the case presents unique complexities or other exceptional circumstances.*] **Requests to extend the time to complete fact discovery must be made at least than 2 business days before this date. The parties may not make a unilateral decision to stay or halt discovery (on the basis of settlement negotiations or otherwise) in the anticipation of an extension.** This case presents unique complexities that require additional time for discovery because of Mr. Combs's present detention and forthcoming sentencing, and because of the volume of civil cases pending against him

    b.     Initial requests for production of documents shall be served by <u>30 days from the start of fact discovery</u>. [*Absent exceptional circumstances, a date not more than thirty (30) days following the initial pretrial conference.*]

    c.     Interrogatories pursuant to Local Civil Rule 33.3(a) shall be served by <u>30 days from the start of fact discovery</u>. [*Absent exceptional circumstances, a date not more than thirty (30) days following the initial pretrial conference. No Rule 33.3(a) interrogatories need to be served with respect to disclosures automatically required by Fed. R. Civ. P. 26(a).*]

    d.     Unless otherwise ordered by the Court, contention interrogatories pursuant to Local Civil Rule 33.3(c) must be served no later than thirty (30) days before the close of discovery. No other interrogatories are permitted except upon prior express permission of the Court.

    e.     Depositions shall be completed by <u>180 days from the start of fact discovery</u>. [*Absent an agreement between the parties or an order from the Court, depositions are not to be held until all parties have responded to initial requests for document production. Absent an agreement between the parties or an order from the Court, non-party depositions shall follow initial party depositions.*]

    f.     Requests to admit shall be served by <u>30 days before the close of fact discovery</u>. [*Absent exceptional circumstances, a date not more than thirty (30) days before the close of fact discovery.*]

    g.     [*If applicable*] The plaintiff(s) shall provide HIPAA-compliant medical records release authorizations to the defendant(s) no later than <u>30 days from the start of fact discovery</u>.

    h.     [*If applicable*] If the parties contemplate the need for a protective order, they shall file such a proposed order by <u>30 days from the start of fact discovery</u>. [*A model protective order is available at https://www.nysd.uscourts.gov/hon-j-paul-oetken*].

    i.     Any of the deadlines in paragraphs 7(b) through 7(h) may be extended by the written consent of all parties without application to the Court, provided that all fact discovery is completed by the date set forth in paragraph 7(a).

8. Expert Discovery

   a. The parties agree that there [is __✓__ / is not ____ ] need for expert discovery. [*If the parties agree that there is no expert discovery, they need not fill out the rest of paragraph 8.*]

   b. All expert discovery, including reports, production of underlying documents, and depositions, shall be completed no later than __75 days after the close of fact discovery__. [*Absent exceptional circumstances, a date forty-five (45) days from the date in paragraph 7(a) (i.e., the completion of all fact discovery).*]

   c. In the event that there is expert discovery, no later than thirty (30) days prior to the date in paragraph 7(a) (i.e., the completion of all fact discovery), the parties shall meet and confer on a schedule for expert disclosures, including reports (including rebuttal reports, if applicable), production of underlying documents, and depositions, provided that (1) expert report(s) of the party with the burden of proof shall be due before those of the opposing party's expert(s); and (2) all expert discovery shall be completed by the date set forth in paragraph 8(b).

9. All motions and applications shall be governed by the Federal Rules of Civil Procedure, the Local Civil Rules of the Southern District of New York [*available at* https://www.nysd.uscourts.gov/rules] and the Court's Individual Rules and Practices in Civil Cases [*available at* https://www.nysd.uscourts.gov/hon-j-paul-oetken].

10. In the case of discovery disputes, parties should follow Local Civil Rule 37.2 and the Court's Individual Rules and Practices in Civil Cases. Any party wishing to raise a discovery dispute with the Court must first confer in good faith with the opposing party, in person or by telephone, in an effort to resolve the dispute. If this meet-and-confer process does not resolve the dispute, the party shall promptly file a letter motion, no longer than four single-spaced pages, explaining the nature of the dispute and requesting an informal conference. Any letter motion seeking relief must include a representation that the meet-and-confer process occurred and was unsuccessful. Any opposition to a letter motion seeking relief shall be filed as a letter, not to exceed four pages single-spaced, within three business days. Counsel should be prepared to discuss with the Court the matters raised by such letters, as the Court will seek to resolve discovery disputes quickly, by order, by conference, or by telephone. **Counsel should seek relief in accordance with these procedures in a timely fashion; if a party waits until near the close of discovery to raise an issue that could have been raised earlier, the party is unlikely to be granted the relief that it seeks, let alone more time for discovery.**

11. Counsel for the parties have discussed an informal exchange of information in aid of early settlement of this case and have agreed upon the following:
    Defendants do not believe settlement discussions will be productive.
    _____
    _____
    _____

3

12. Counsel for the parties have discussed the use of the following alternate dispute resolution mechanisms for use in this case:
    ☐ Settlement Conference Before a Magistrate Judge
    ☐ Participation in the District's Mediation Program
    ☐ Retention of a Privately Retained Mediator
    ☐ Other: _____
    ☑ N/A

13. Counsel for the parties recommend that the alternate dispute resolution mechanism designated in paragraph 12 be employed at the following point in the case (*e.g.*, within the next 60 days; after the deposition of plaintiff is completed (specify date); after the close of fact discovery):
    N/a

14. The use of any alternative dispute resolution mechanism does not stay or modify any date in this Order.

15. Post-discovery deadlines, including motions for summary judgment and pretrial motions, shall be governed by the Court's Individual Rules and Practices in Civil Cases.

16. Unless otherwise ordered by the Court, within thirty (30) days of the close of all discovery, or, if a dispositive motion has been filed, within thirty (30) days of a decision on such motion, the parties shall submit to the Court for its approval a Joint Pretrial Order prepared in accordance with the Court's Individual Rules and Practices and Fed. R. Civ. P. 26(a)(3). The parties shall also follow paragraph 5 of the Court's Individual Rules and Practices for Civil Cases, which identifies submissions that must be made at or before the time of the Joint Pretrial Order, including any motions *in limine*.

17. The parties shall be ready for trial on  14 days after the deadline for the proposed Joint Pretrial Order . [*Absent exceptional circumstances, a date within two weeks following the Joint Pretrial Order due date.*]

18. This case [is ☑ / is not ☐ ] to be tried to a jury.

19. Counsel for the parties have conferred and their present best estimate of the length of trial is     5-7 days    .

20. Other issues to be addressed at the Initial Pretrial Conference, including those set forth in Fed. R. Civ. P. 26(f)(3), are set forth below.
    _____
    _____
    _____
    _____

**COUNSEL FOR ALL PARTIES:**

Plaintiff Jones                                        T. A. Blackburn Law, PLLC

Defendants Combs, Love Records, Combs Global Enterprises       Sher Tremonte LLP

Kristina Khorram                                       Cohen Williams LLP; Moskowitz Colson Ginsberg & Schulman;

**TO BE COMPLETED BY THE COURT IF APPLICABLE:**

[X] The initial pretrial conference scheduled for   Aug. 6, 2025   is adjourned *sine die*.

[X] The parties are directed to file a joint status letter, one week after the deadline to conclude fact discovery, that includes (1) whether the parties intend to proceed with expert discovery; (2) whether the parties wish to be referred to the District's mediation program or to a settlement conference before a magistrate judge; (3) proposed dates for summary judgment briefing; or (4) proposed trial dates within six months of the filing of the status letter.

[ ] The next pretrial conference is scheduled for _____.

This Order may not be modified or the dates herein extended, except by further Order of this Court for good cause shown. Any application to modify or extend the dates herein (except as provided in paragraph 7(i)) shall be made in a written application in accordance with Court's Individual Practices and shall be made no less than two (2) business days prior to the expiration of the date sought to be extended.

SO ORDERED.

_____
J. PAUL OETKEN
United States District Judge

Dated:  8/1/2025
        New York, New York