**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

RODNEY JONES,

                        Plaintiff,

        v.

SEAN COMBS, JUSTIN DIOR COMBS, CUBA
GOODING, JR., LUCIAN CHARLES GRAINGE,
KRISTINA KHORRAM, LOVE RECORDS,
MOTOWN RECORDS, UNIVERSAL MUSIC
GROUP, COMBS GLOBAL ENTERPRISES, JOHN
and JANE DOES 1-10, and ABC CORPORATIONS 1-
10,

                        Defendants.

Case No. 24-cv-01457 (JPO)

**STIPULATED**
**PROTECTIVE ORDER**

J. PAUL OETKEN, United States District Judge:

      WHEREAS all of the parties to this action (collectively, the "Parties," and individually, a "Party") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of certain nonpublic and confidential material that will be exchanged pursuant to and during the course of discovery in this case;

      WHEREAS, certain material that may be exchanged pursuant to and during the course of discovery in this case may be subject to that certain Protective Order entered on October 4, 2024 in the matter *United States v. Sean Combs*, 24 Cr. 542 (AS) (S.D.N.Y.) (the "Criminal Case"), ECF No. 26 as amended thereafter by that certain Addendum to Protective Order entered on February 20, 2025, 24 Cr. 542 (AS), ECF No. 156, and that certain Second Addendum to Protective Order entered on November 24, 2025, 24 Cr. 542 (AS), ECF No. 550, and as may be amended thereafter (the "Criminal Protective Order"), annexed as Exhibit A hereto;

1

WHEREAS certain material that may be exchanged pursuant to and during the course of discovery in this case may have been designated or must be designated as "Sealed Material" pursuant to the Criminal Protective Order;

WHEREAS certain material that may be exchanged pursuant to and during the course of discovery in this case may have been designated or must be designated as "Attorney's Possession Only ('APO') Material" pursuant to the Criminal Protective Order;

WHEREAS certain material that may be exchanged pursuant to and during the course of discovery in this case may have been designated or must be designated as "Attorney's Eyes Only ('AEO') Material" pursuant to the Criminal Protective Order;

WHEREAS, the Parties, through counsel, agree to the following terms;

WHEREAS, the Parties acknowledge that this Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords only extends to the limited information or items that are entitled, under the applicable legal principles, to confidential treatment;

WHEREAS, except as otherwise set forth in this Protective Order and otherwise contemplated by the Criminal Protective Order, the Parties further acknowledge that this Protective Order does not create entitlement to file confidential information under seal; and

WHEREAS, in light of these acknowledgements, and based on the representations of the Parties that discovery in this case will involve confidential documents or information the public disclosure of which will cause harm to the producing person and/or third party to whom a duty of confidentiality is owed, and to protect against injury caused by dissemination of confidential documents and information, this Court finds good cause for issuance of an appropriately tailored confidentiality order governing the pretrial phase of this action;

IT IS HEREBY ORDERED that any person subject to this Protective Order—including without limitation the Parties to this action, their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Protective Order—shall adhere to the following terms:

1.      Any person subject to this Protective Order who receives from any other person subject to this Protective Order any "Discovery Material" (*i.e.*, information of any kind produced or disclosed pursuant to and in course of discovery in this action) that is designated as "Confidential" pursuant to the terms of this Protective Order (hereinafter "Confidential Discovery Material") or that is designated "Sealed Material," "Attorney's Possession Only ('APO') Material" ("APO Material"), or "Attorney's Eyes Only ('AEO') Material" ("AEO Material") pursuant to the Criminal Protective Order shall not disclose Discovery Material that is designated as Confidential, Sealed Material, APO Material, or AEO Material to anyone else except as expressly permitted hereunder.

2.      To the extent Discovery Material has not been designated or is not required to be designated Sealed Material, APO Material, or AEO Material pursuant to the Criminal Protective Order, the person producing any given Discovery Material may designate as Confidential only such portion of such material the public disclosure of which is either restricted by law or will cause harm to the business, commercial, financial or personal interests of the producing person and/or a third party to whom a duty of confidentiality is owed and that consists of:

> (a) previously nondisclosed financial information (including but not limited to profitability reports or estimates, percentage fees, design fees, royalty rates, non-public salaries, minimum guarantee payments, sales reports, and sale margins);

(b) previously nondisclosed material relating to ownership or control of any non-public company;

(c) previously nondisclosed business plans, product development information, or marketing plans;

(d) any information of a personal or intimate nature regarding any individual, including but not limited to information concerning sexual conduct, sexual assault, medical information, psychological or psychiatric information, audio or video recordings of a personal or intimate nature, photographs or images of a personal or intimate nature, or other sensitive personal information; or

(e) any other category of information hereinafter given confidential status by the Court.

3.     With respect to the Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the producing person or that person's counsel may designate such portion as "Confidential" by: (a) stamping or otherwise clearly marking as "Confidential" the protected portion in a manner that will not interfere with legibility or audibility; and (b) producing for future public use another copy of said Discovery Material with the confidential information redacted.  Discovery Material may be designated APO Material or AEO Material by stamping or otherwise clearly marking as "APO" or "AEO" the protected portion in a manner that will not interfere with legibility or audibility.

4.     Pursuant to the Criminal Protective Order, any material designated as APO Material or AEO Material shall also be deemed Sealed Material.

(a) Scope of Criminal Protective Order Provisions.  The designations and restrictions regarding Sealed Material, APO Material, and AEO Material set

4

forth in paragraphs 4, 7-9 apply only to materials that were actually produced in the Criminal Case and are subsequently produced in this civil action. Discovery obtained independently in this civil action through subpoenas, depositions, or other discovery mechanisms not involving the Criminal Case shall be governed solely by the Confidential designation framework unless otherwise agreed by the parties or ordered by the Court.

5.    With respect to deposition transcripts, a producing person or that person's counsel may designate such portion as Confidential either by (a) indicating on the record during the deposition that a question calls for Confidential information, in which case the reporter will bind the transcript of the designated testimony (consisting of question and answer) in a separate volume and mark it as "Confidential Information Governed by Protective Order"; or (b) notifying the reporter and all counsel of record, in writing, within 30 days after a deposition has concluded, of the specific pages and lines of the transcript and/or the specific exhibits that are to be designated Confidential, in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript or exhibit (as the case may be), in their possession or under their control as directed by the producing person or that person's counsel by the reporter. During the 30-day period following the conclusion of a deposition, the entire deposition transcript will be treated as if it had been designated Confidential.

6.    If at any time prior to the trial of this action, a producing person realizes that some portion(s) of Discovery Material that she, he, or it had previously produced without limitation should be designated as Confidential, Sealed Material, APO Material, or AEO Material she, he, or it may so designate by so apprising all prior recipients of the Discovery Material in writing, and thereafter such designated portion(s) of the Discovery Material will thereafter be deemed to

be and treated as Confidential, Sealed Material, APO Material, or AEO Material, as relevant, under the terms of this Protective Order.

7.     Pursuant to the Criminal Protective Order, any material designated as Sealed Material shall be maintained in a safe and secure by counsel and any personnel for whose conduct counsel is responsible.  Sealed Material may be viewed by the Parties only in the presence of their counsel, any personnel for whose conduct counsel is responsible, and, with respect to Mr. Combs, in the presence of his counsel, any personnel for whose conduct counsel is responsible, the Bureau of Prisons, or law enforcement personnel.  Counsel may disclose Sealed Material to prospective witnesses for purposes of defending or prosecuting this action provided that counsel has reviewed this Protective Order with such prospective witness and that such prospective witness has been provided with a copy of this Protective Order and has signed and dated Exhibit B to this Protective Order, without further order of the Court, upon obtaining the signature on Exhibit B of the prospective witness (and the prospective witness's counsel, if Sealed Material is disclosed to or discussed with such counsel), and provided that neither the prospective witness nor any counsel for the prospective witness is permitted to review, handle, or otherwise possess any Sealed Material outside the presence of counsel to the Parties or personnel for whose conduct counsel to the Parties is responsible.[1]  Each time a prospective witness or their counsel signs and dates Exhibit B, the Parties' counsel will promptly file Exhibit B under seal and *ex parte* with the Court.  In the event any Party wishes to attach any portion of the Sealed Material to public filings made with the Court, the Party's counsel must either: (1) file the Sealed Material under seal and indicate to the Court their position with regard to whether the

---

[1] Personal Identifying Information ("PII") of alleged victims in the Criminal Case (names, contact information, dates of birth, other PII, etc.) shall be redacted from any materials to be shared with personnel and prospective witness pursuant to this paragraph.

Sealed Material should remain under seal, such that any other Party's counsel may then inform the Court of its position with regard to sealing and the Court can decide whether the filed Sealed Material should remain sealed; or (2) confer with the opposing Party as to whether the Sealed Material should remain under seal, such that upon agreement of the Parties, such restriction may be lifted and the material may be publicly filed without further order of the Court.

8.    Pursuant to the Criminal Protective Order, any material designated as APO Material shall be maintained in a safe and secure manner by counsel and any personnel for whose conduct counsel is responsible and shall not be possessed by the Parties, except in the presence of the Parties' counsel and any personnel for whose conduct counsel is responsible; and shall not be disclosed in any form by the Parties, their counsel, or any personnel for whose conduct counsel is responsible, except that APO Material may be disclosed in any hearing or trial held in this action, to any judge or magistrate judge, for purposes of this action, or as otherwise set forth in the Criminal Protective Order.

9.    Pursuant to the Criminal Protective Order, any material designated as AEO Material shall be maintained on an attorney's eyes only basis and the Parties' counsel shall not share any material designated as AEO Material or the content of AEO Material with any other persons, including the Parties, except for any personnel for whose conduct the Parties' counsel is responsible.

10.    No person subject to this Protective Order other than the producing person shall disclose any of the Discovery Material designated by the producing person as Confidential to any other person whomsoever, except to:

(a)    the Parties to this action, their insurers, and counsel to their insurers;

(b)    counsel retained specifically for this action, including any paralegal, clerical and other assistant employed by such counsel and assigned to this matter;

(c)    outside vendors or service providers (such as copy-service providers and document-management consultants, graphic production services or other litigation support services) that counsel hire and assign to this matter, including computer service personnel performing duties in relation to a computerized litigation system;

(d)    any mediator or arbitrator that the Parties engage in this matter or that this Court appoints, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit B hereto;

(e)    as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

(f)    any witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit B hereto;

(g)    any person retained by a Party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit B hereto;

(h)    stenographers engaged to transcribe depositions conducted in this action; and

(i)    this Court, including any appellate court, and the court reporters and support personnel for the same.

11.    Prior to any disclosure of any Confidential Discovery Material to any person referred to in subparagraphs 10(d), 10(f) or 10(g) above, such person shall be provided by

counsel with a copy of this Protective Order and shall sign a Non-Disclosure Agreement in the form annexed as Exhibit B hereto stating that that person has read this Protective Order and agrees to be bound by its terms. Said counsel shall retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel either prior to such person being permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

12.     With the exception of designations made pursuant to the Criminal Protective Order, which are not subject to challenge in this action, any Party who objects to any designation of confidentiality may at any time prior to the trial of this action serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection. If the Parties cannot reach agreement promptly, counsel for all Parties will address their dispute to this Court in accordance with this Court's Individual Rules and Practices in Civil Cases.

13.     Any Party who requests additional limits on disclosure (such as "attorneys' eyes only" in extraordinary circumstances) may at any time prior to the trial of this action serve upon counsel for the receiving Party a written notice stating with particularity the grounds for the request. If the Parties cannot reach agreement promptly, counsel for all Parties will address their dispute to this Court in accordance with this Court's Individual Rules and Practices in Civil Cases.

14.     A Party may be requested to produce Discovery Material that is subject to contractual or other obligations of confidentiality owed to a third party.  On or before the deadline for responding to such a request, the receiving Party subject to such obligation shall inform the third party of the request and that the third party may seek a protective order or other relief from this Court. If neither the third party nor the receiving Party seeks a protective order or

other relief from this Court within 21 days of that notice, the receiving Party shall produce the information responsive to the discovery request but may affix the appropriate controlling designation.

15.    Recipients of Confidential Discovery Material, Sealed Material, APO Material, or AEO Material under this Protective Order may use such material solely for the prosecution and defense of this action and any appeals thereto, and specifically (and by way of example and not limitations) may not use Confidential Discovery Material, Sealed Material, APO Material, or AEO Material for any personal, media, social-media, business, commercial, or competitive purpose, and may not disseminate Confidential Discovery Material, Sealed Material, APO Material, or AEO Material to the media or to any person whatsoever except as provided herein. Nothing contained in this Protective Order, however, will affect or restrict the rights of any person with respect to its own documents or information produced in this action. Nor does anything contained in this Protective Order limit or restrict the rights of any person to use or disclose information or material obtained independently from and not through or pursuant to the Federal Rules of Civil Procedure.

16.    Nothing in this Protective Order will prevent any person subject to it from producing any Confidential Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction, provided, however, that such person receiving a request, will provide written notice to the producing person before disclosure and as soon as reasonably possible, and, if permitted by the time allowed under the request, at least 10 days before any disclosure. Upon receiving such notice, the producing person will have the right to oppose compliance with the

subpoena, other compulsory process, or other legal notice if the producing person deems it appropriate to do so.

17.    All persons seeking to file redacted documents or documents under seal with the Court shall comply with this Court's Individual Rules and Practices in Civil Cases. No person may file with the Court redacted documents or documents under seal without first seeking leave to file such papers. All persons producing Confidential Discovery Material are deemed to be on notice that the Second Circuit puts limitations on the documents or information that may be filed in redacted form or under seal and that the Court retains discretion not to afford confidential treatment to any Confidential Discovery Material submitted to the Court or presented in connection with any motion, application or proceeding that may result in an order and/or decision by the Court unless it is able to make the specific findings required by law in order to retain the confidential nature of such material. Notwithstanding its designation, there is no presumption that Confidential Discovery Material will be filed with the Court under seal. The Parties will use their best efforts to minimize such sealing.

18.    All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced in evidence at trial or supporting or refuting any motion for summary judgment, even if such material has previously been sealed or designated as Confidential.

19.    Any Party filing a motion or any other papers with the Court under seal shall also publicly file a redacted copy of the same, via the Court's Electronic Case Filing system, that redacts only the Confidential Discovery Material itself, and not text that in no material way reveals the Confidential Discovery Material.

20.     Each person who has access to Discovery Material that has been designated as Confidential, Sealed Material, APO Material, or AEO Material, shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

21.     Any PII (*e.g.*, social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the persons who receive such information and are bound by this Protective Order in a manner that is secure and confidential. In the event that the person receiving PII experiences a data breach, she, he, or it shall immediately notify the producing person of the same and cooperate with the producing person to address and remedy the breach. Nothing herein shall preclude the producing person from asserting legal claims or constitute a waiver of legal rights or defenses in the event of litigation arising out of the receiving person's failure to appropriately protect PII from unauthorized disclosure.

22.     This Protective Order shall survive the termination of the litigation. Within 30 days after the final disposition of this action, all Discovery Material designated as Confidential, Sealed Material, APO Material, or AEO Material, and all copies thereof, shall be promptly returned to the producing person, or, upon permission of the producing person, destroyed.

23.     All persons subject to this Protective Order acknowledge that willful violation of this Protective Order could subject them to punishment for contempt of Court. This Court shall retain jurisdiction over all persons subject to this Protective Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

24.     The inadvertent production of any document or electronically stored information that is subject to attorney-client privilege, work product protection, or any other applicable privilege, shall not constitute a waiver of such privilege. If a receiving Party becomes aware that

it has received privileged material, the receiving Party shall immediately notify the producing

Party in writing, shall not review, use, or disclose the privileged material, and shall promptly

return or destroy all copies of the privileged material, including all copies, excerpts, or

summaries, and provide a certification to counsel that all such information has been returned or

destroyed. If a disclosing Party makes a claim of inadvertent disclosure, the receiving Party shall,

within five business days, return or destroy all copies of the inadvertently disclosed information,

including all copies, excerpts, or summaries, and provide a certification to counsel that all such

information has been returned or destroyed. This Protective Order is intended to implement the

procedures of Federal Rule of Evidence 502(d) and (e).

SO STIPULATED AND AGREED.

*/s/ Rodney Diggs*                                        Dated: January 15, 2026
Rodney Diggs
IVIE MCNEILL WYATT PURCELL & DIGGS
444 S. Flower Street
Suite 3200
Los Angeles, CA 90071
Tel: (213) 489-0552
rdiggs@imwlaw.com

Tyrone Anthony Blackburn
T. A. BLACKBURN LAW, PLLC
1242 East 80th St.
3d Floor
Brooklyn, NY 11236
Tel: (347)-342-7432
tblackburn@tablackburnlaw.com

*Attorneys for Plaintiff Rodney Jones*

_/s/ Erica A. Wolff_                                          Dated: January 15, 2026
Erica A. Wolff
Michael Tremonte
Katie Renzler
Benjamin J. Shack Sackler
SHER TREMONTE LLP
90 Broad Street, 23rd Floor
New York, NY 10004
(212) 202-2600
mtremonte@shertremonte.com
ewolff@shertremonte.com
krenzler@shertremonte.com
bshacksackler@shertremonte.com

_Attorneys for Defendant Sean Combs_


_/s/ Neil Jahss_                                             Dated: January 15, 2026
Reuven Cohen
Marc S. Williams
Neil Jahss
COHEN WILLIAMS LLP
724 South Spring Street
Ste 9th Floor
Los Angeles, CA 90014
Tel: (213) 232-5160
rcohen@cohen-williams.com
mwilliams@cohen-williams.com
njahss@cohen-williams.com

Deborah Austern Colson
MOSKOWITZ COLSON GINSBERG &
SCHULMAN
80 Broad St
Suite 1900
New York, NY 10004
Tel: (212) 257-6455
dcolson@mcgsllp.com

_Attorneys for Defendant Kristina Khorram_

SO ORDERED

Dated: New York, NY

January __15__, 2026


_____
J. PAUL OETKEN
United States District Judge

# **EXHIBIT A**

Criminal Protective Order (Incl. Addendums)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| United States of America | **Protective Order** |
| v. | **24 Cr. 542 (AS)** |
| SEAN COMBS,<br>    a/k/a "Puff Daddy,"<br>    a/k/a "P. Diddy,"<br>    a/k/a "Diddy,"<br>    a/k/a "PD,"<br>    a/k/a "Love," | |
| *Defendant.* | |

Upon the application of the United States of America, with the consent of the undersigned

counsel, and the defendant having requested discovery under Fed. R. Crim. P. 16, the Court hereby

finds and orders as follows:

## Categories

1. **Disclosure Material.** The Government will make disclosure to the defendant of

documents, objects and information, including electronically stored information ("ESI"), as a

courtesy, or pursuant to Federal Rule of Criminal Procedure 16, 18 U.S.C. § 3500, and the

Government's general obligation to produce exculpatory and impeachment material in criminal

cases, all of which will be referred to herein as "Disclosure Material." The Government's

Disclosure Material may include material that (i) affects the privacy and confidentiality of

individuals; (ii) would impede, if prematurely disclosed, the Government's ongoing investigation

of uncharged individuals; (iii) would risk prejudicial pretrial publicity if publicly disseminated;

(iv) may be produced with more limited redactions than would otherwise be necessary; and (v)

that is not authorized to be disclosed to the public or disclosed beyond that which is necessary for the defense of this criminal case.

2. **Sealed Material.** Certain of the Government's Disclosure Material, referred to herein as "Sealed Material," contains information that identifies, or could lead to the identification of, witnesses who may be subject to intimidation or obstruction, and whose lives, persons, and property, as well as the lives, persons and property of loved ones, will be subject to risk of harm absent the protective considerations set forth herein.

3. **Attorney's Possession Only ("APO") Material.** Certain materials in this case raise a particular risk of affecting the privacy or safety of victims or witnesses, or the confidentiality of ongoing investigations. Disclosure Material produced by the Government to defense counsel that is either (1) designated in whole or in part as "Attorney's Possession Only" by the Government in emails or communications to defense counsel, or (2) that includes a Bates or other label stating "Attorney's Possession Only" or "APO" shall be deemed "APO Material." Any material designated as APO Material shall also be deemed Sealed Material.

4. **Attorney's Eyes Only ("AEO") Material.** Certain materials in this case raise a more significant risk of affecting the privacy or safety of victims or witnesses, or the confidentiality of ongoing investigations. Disclosure Material produced by the Government to the defense counsel that is either (1) designated in whole or in part as "Attorney's Eyes Only" by the Government in emails or communications to defense counsel, or (2) that includes a Bates or other label stating "Attorney's Eyes Only" or "AEO" shall be deemed "AEO Material." Any material designated as AEO Material shall also be deemed Sealed Material.

NOW, THEREFORE, FOR GOOD CAUSE SHOWN, IT IS HEREBY ORDERED:

2023.11.26

**Disclosure and Treatment**

5. Disclosure Material shall not be disclosed by the defendant or defense counsel, including any successor counsel ("the defense") other than as set forth herein, and shall be used by the defense solely for purposes of defending against the charges in the above-captioned case, including but not limited to preparation for trial and any sentencing, appeal, or collateral attack, which was commenced within a year of the exhaustion of the defendant's appellate rights, involving the charges in the above-captioned case. The defense shall not post any Disclosure Material that is not publicly available on the docket in the above-captioned case on any Internet site or network site, including any social media site such as Facebook or Twitter, to which persons other than the parties hereto have access, and shall not disclose any Disclosure Material to the media.

6. Sealed Material may be disclosed by defense counsel to:

    a. The defendant, who may only review such material in the presence of Bureau of Prisons ("BOP") or law enforcement personnel, defense counsel, or any personnel for whose conduct defense counsel is responsible;

    b. Personnel for whose conduct defense counsel is responsible, *i.e.*, personnel employed by or retained by counsel, as needed for purposes of defending this action; and

    c. Prospective witnesses for purposes of defending this action, provided that defense counsel has reviewed this Order with such prospective witness and that such prospective witness has been provided with a copy of this Order and has signed and dated Attachment A to this Order, without further order of the Court, upon obtaining the signature on Attachment A of the prospective witness (and the prospective witness's counsel, if Sealed Material is disclosed to or discussed with such counsel), and provided that neither the prospective witness nor any counsel

2023.11.26

for the prospective witness is permitted to review, handle, or otherwise possess any Sealed Material outside the presence of defense counsel or personnel for whose conduct defense counsel is responsible.[1]  Each time a prospective witness or their counsel signs and dates Attachment A, defense counsel will promptly file Attachment A under seal and *ex parte* with the Court. In the event either party wishes to attach any portion of the Sealed Material to public filings made with the Court, defense counsel and/or the Government must either: (1) file the Sealed Material under seal and indicate to the Court their position with regard to whether the Sealed Material should remain under seal, such that the Government or defense counsel may then inform the Court of its position with regard to sealing and the Court can decide whether the filed Sealed Material should remain sealed; or (2) confer with the opposing party as to whether the Sealed Material should remain under seal, such that upon agreement of the parties, such restriction may be lifted and the material may be publicly filed without further order of the Court.

7.  APO Material received by defense counsel shall be maintained in a safe and secure manner by defense counsel and any personnel for whose conduct defense counsel is responsible; shall not be possessed by the defendant, except in the presence of the defendant's counsel and any personnel for whose conduct defense counsel is responsible; and shall not be disclosed in any form by the defendant, his counsel, or any personnel for whose conduct defense counsel is responsible except as set forth herein.

8.  AEO Material received by defense counsel shall be maintained on an attorney's eyes only basis, and the defense shall not share any AEO Material or the content of the AEO Material

---

[1] Personal identifying information of victims (names, contact information, dates of birth, other PII, etc.) shall be redacted from any materials to be shared with personnel and prospective witnesses pursuant to this paragraph.

2023.11.26

with any other persons, including the defendant, except for any personnel for whose conduct defense counsel is responsible.  All visual depictions, including any photograph, film, video, picture, or image, of sexually explicit conduct or nudity, will be designated as AEO regardless of whether it has been designated as such by the Government.[2]  At the discretion of the Government, certain AEO Material depicting sexually explicit conduct or nudity may be made available for in-person inspection only.[3]

### Other Provisions

9.   This Order does not prevent the disclosure of any Disclosure Material in any hearing or trial held in this action, or to any judge or magistrate judge, for purposes of this action but, except to the extent provided otherwise below, shall not be disclosed or used in any form in any other civil litigation, arbitration, or other private or alternative dispute resolution. All filings should comply with the privacy protection provisions of Fed. R. Crim. P. 49.1, this District's Local Rules, this District's ECF Privacy Policy,[4] and the above provisions.

10. The Government's designation of material will be controlling absent contrary order of the Court. The parties shall meet and confer regarding any dispute over such designations, after

---

[2] This provision is limited as follows: such material located on the defendant's devices or cloud accounts shall be designated as "APO," which the defendant may view under the following agreed upon conditions: (1) the material is viewed by the defendant in the presence of defense counsel, (2) on a device approved by the Government, (3) in an approved private room in the jail facility or other facility approved by the Government, and (4) defense counsel ensures that such material will be not be accessible or viewable by incarcerated individuals other than the defendant, visitors, or others who are not part of the defense.

[3] ███████████████████████████████████████████████████████████, these materials will be made available for inspection only and not electronically produced. The defendant may view ████████ in the presence of defense counsel at the Daniel Patrick Moynihan Courthouse, while monitored by law enforcement officials.

[4] Accessible at https://www.nysd.uscourts.gov/sites/default/files/pdf/egovtact042005.pdf.

2023.11.26

which the defense may seek de-designation by the Court. The Government may authorize, in writing, disclosure of Disclosure Material beyond that otherwise permitted by this Order without further Order of this Court.

11. The defense shall provide a copy of this Order to prospective witnesses and persons retained by counsel to whom the defense intends to disclose Disclosure Material in advance of such disclosure. All such persons shall be subject to the terms of this Order if they review such material. Defense counsel shall maintain a record of what information has been disclosed to which such persons, consistent with Paragraph 6(c) above.

12. Except for Disclosure Material that has been made part of the record of this case, the defense shall return to the Government or securely destroy or delete all Disclosure Material, including any ESI, within 30 days of the expiration of the period for direct appeal from any verdict in the above-captioned case; the period of direct appeal from any order dismissing any of the charges in the above-captioned case; and the granting of any motion made on behalf of the Government dismissing any charges in the above-captioned case, whichever date is later, subject to defense counsel's obligation to retain client files under the Rules of Professional Conduct. If Disclosure Material is provided to any personnel for whose conduct defense counsel is responsible or prospective witnesses, defense counsel shall make reasonable efforts to seek the return or destruction of such materials.

2023.11.26

## **Retention of Jurisdiction**

13. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney

by: _M. Foster_____                    Date: _October 4, 2024_____
    Meredith Foster
    Emily A. Johnson
    Madison Reddick Smyser
    Christy Slavik
    Mitzi Steiner
    Assistant United States Attorneys

    _____                 Date: _October 4, 2024_____
    Marc Agnifilo, Esq.
    Teny Geragos, Esq.
    Counsel for Sean Combs

SO ORDERED:

Dated:  New York, New York
        October _7_, 2024                      _____
                                               HON. ARUN SUBRAMANIAN
                                               UNITED STATES DISTRICT JUDGE

2023.11.26

**Attachment A to Protective Order**
**United States v. Combs, 24 Cr. 542 (AS)**

| Printed Name | Signature | Date |
|---|---|---|
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

2023.11.26

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| United States of America<br><br>v.<br><br>SEAN COMBS,<br>    a/k/a "Puff Daddy,"<br>    a/k/a "P. Diddy,"<br>    a/k/a "Diddy,"<br>    a/k/a "PD,"<br>    a/k/a "Love,"<br><br>                    *Defendant.* | **Addendum to Protective Order**<br><br>**S1 24 Cr. 542 (AS)** |

Upon the joint application of the United States of America and counsel to the defendant, and the defendant having requested discovery under Fed. R. Crim. P. 16, the Court hereby finds and orders as follows with respect to the material described in footnote 3 of the October 7, 2024 Protective Order (*see* ECF No. 26) (the "Footnote 3 Material"):

WHEREAS, on January 14, 2025, the defendant moved to amend the protective order to treat the Footnote 3 Material as APO Material pursuant to the Protective Order,

WHEREAS, on January 29, 2025, the Court denied the defendant's application to amend the protective order without prejudice, and directed the parties to engage in further discussions,

WHEREAS, the parties have negotiated the restrictions below to govern the storage of, and access to, the Footnote 3 Materials by defense counsel, the defendant, and retained experts,

NOW, THEREFORE, FOR GOOD CAUSE SHOWN, IT IS HEREBY ORDERED:

1. The Footnote 3 Material will be produced via two encrypted hard drives (the "Drives") to Teny Geragos, who will have sole custody of the Drives, which will be stored in a secure location at the Agnifilo Intrater LLP office at 445 Park Avenue, 7th floor, New York, NY 10022.

The Footnote 3 Material will not be viewed on, or copied to, a computer that connects to the internet.

2.  The password to the encrypted Drives will be provided by the U.S. Attorney's Office for the Southern District of New York solely to Teny Geragos.

3.  The defendant's retained audio and visual enhancement expert (the "A/V Expert") may be provided one of the two encrypted Drives. Teny Geragos may share the password to the Drive only with the A/V Expert. The A/V Expert may attempt to enhance the audio or visual quality of the Footnote 3 Material and to independently review and analyze its metadata. This work will be performed by the A/V Expert on a computer that has internet access disabled while the work is performed. If the A/V Expert creates any different versions of the Footnote 3 Material, either video or still image, such enhanced material will be saved to the encrypted Drive provided to the A/V Expert by Agnifilo Intrater LLP. No copies of the Footnote 3 Material, or any enhancements made thereto, will be saved on the computer used to perform work by the A/V Expert.

4.  Agnifilo Intrater LLP will submit to the Court (*ex parte* and under seal) a list of individuals who view the Footnote 3 Material, including any enhanced versions of the Footnote 3 Material created by the A/V Expert. The individuals permitted to view the Footnote 3 Material are limited to (i) retained defense experts, (ii) witnesses who are depicted in the Footnote 3 Material, and (iii) defense counsel or personnel for whose conduct defense counsel is responsible. The Footnote 3 Material will only be shown to, or viewed by, the individuals in categories (i), (ii), or (iii), above, in person on a computer that does not connect to the Internet. The Footnote 3 Material, or any portions thereof, will not be viewed on a computer connected to the Internet, any video conferencing platform, or shared via the Internet in any way.

2023.11.26

5.    Within one week following either (i) the jury's verdict, or (ii) the defendant's plea of guilty, Agnifilo Intrater LLP will return the two Drives containing the Footnote 3 Material and any enhanced versions to the U.S. Attorney's Office for the Southern District of New York, which will maintain custody of the Drives, until such time as the discovery can be destroyed in accordance with Paragraph 12 of the Protective Order.

6.    Should any of the Footnote 3 Material, enhanced versions of the Footnote 3 Material, or still images taken from the Footnote 3 Material be marked as trial exhibits and/or admitted into evidence at trial, the marked exhibits will be stored and accessed in accordance with the same requirements as the Footnote 3 Material —that is, on an encrypted hard drive, in a secure location at Agnifilo Intrater LLP's office, and viewed only on a computer without access to the Internet. The parties will meet and confer in advance of any exhibit deadlines on a method of secure transmission for marked exhibits to the opposing party and the Court.

7.    Nothing in the agreement limits either party's ability to offer the Footnote 3 Material into evidence at trial, and both parties reserve the right to raise objections to the admission of the Footnote 3 Material into evidence.

2023.11.26

**Retention of Jurisdiction**

8. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

MATTHEW PODOLSKY
Acting United States Attorney

by: _____                    Date: 2/18/2025

Maurene Comey
Meredith Foster
Emily A. Johnson
Madison Reddick Smyser
Christy Slavik
Mitzi Steiner
Assistant United States Attorneys

_____                         Date: 2/18/25

Marc Agnifilo, Esq.
Teny Geragos, Esq.
Alexandra A.E. Shapiro, Esq.
Anna Estevao, Esq.
Jason A. Driscoll, Esq.
Counsel for Sean Combs

SO ORDERED:

Dated: New York, New York
        February 20, 2025

_____

HON. ARUN SUBRAMANIAN
UNITED STATES DISTRICT JUDGE

4

2023.11.26

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| United States of America<br><br>v.<br><br>SEAN COMBS,<br>    a/k/a "Puff Daddy,"<br>    a/k/a "P. Diddy,"<br>    a/k/a "Diddy,"<br>    a/k/a "PD,"<br>    a/k/a "Love,"<br><br><div align="right">*Defendant.*</div> | **Second Addendum to Protective Order**<br><br>**S3 24 Cr. 542 (AS)** |

Upon the joint application of the United States of America and counsel to the defendant, the Court hereby finds and orders as follows with respect to the material covered by the October 7, 2024 Protective Order (*see* ECF No. 26) (the "Protective Order") as amended by the February 20, 2025 addendum to the Protective Order (*see* ECF No. 156) (the "Addendum"):

WHEREAS, on July 2, 2025, the defendant was convicted of Counts Three and Five of the S3 Superseding Indictment after a jury trial,

WHEREAS, on October 3, 2025, the defendant was sentenced on Counts Three and Five,

WHEREAS, the defendant forfeited the physical electronic devices that were seized from the defendant in connection with this case to the Government (the "Defendant's Devices"),

WHEREAS, the defendant received extractions of electronic devices, including the complete forensic imaging of the Defendant's Devices ("Extractions of the Defendant's Devices") as well as partial extractions of devices belonging to third parties (the "Third-Party Devices") in Rule 16 discovery in this case pursuant to the Protective Order,

WHEREAS, certain of the Defendant's Devices contain content related to the individuals identified as Victim-1 and -2 in the S3 Superseding Indictment, including communications, photos, videos, and other recordings ("Victim Material"),

NOW, THEREFORE, FOR GOOD CAUSE SHOWN, IT IS HEREBY ORDERED:

1.  Extractions of the Defendant's Devices and partial extractions of Third-Party Devices produced by the Government to the defense shall continue to be governed by the Protective Order, as amended by the Addendum.

2.  Extractions of the Defendant's Devices, except for any portions containing Victim Material, may be used by the defense for purposes of defending against civil litigation, arbitration, or other private or alternative dispute resolution, thereby modifying Paragraphs 5, 9, and 12 of the Protective Order to permit the use of Disclosure Material (as that term is defined the Protective Order) in any discovery exchanged, and in any hearing or trial held, in any civil action involving the Defendant subject to the conditions set forth herein.[1]  Should portions of the Extractions of the Defendant's Devices containing Victim Material be discoverable in civil litigation, arbitration, or other private or alternative dispute resolution, the parties shall meet and confer in good faith on modifying the Protective Order. The Government may authorize in writing disclosure of Victim Material beyond that permitted by this Order without further order of the Court.

3.  Notwithstanding the modifications of Paragraphs 5, 9, 12 of the Protective Order in Paragraph 2, the defense shall treat the Extractions of Defendant's Devices consistent with the provisions set forth in the Protective Order, including but not limited to Paragraphs 6-8 and 11. Any disclosure of material from the Extractions of the Defendant's Devices contemplated in

---

[1] This agreement does not obligate the Government to make a witness available for the purpose of authenticating the Extractions of the Defendant's Devices in connection with any civil proceeding.

2023.11.26

Paragraph 2 must be subject to a protective order in such civil action that provides protections for the use of such material in such civil proceeding similar to those protections provided by the Protective Order for the use of the material in the above-captioned case, subject to the rules, procedures, and/or orders of the presiding judge in any such civil proceeding..

4.  Consistent with the Protective Order, including Paragraph 8 and Footnote 2 of the Protective Order, the Extractions of Defendant's Devices shall be designated Attorney's Possession Only.  However, to the extent the Extractions of Defendant's Devices contain Victim Material, that Victim Material shall be designated AEO, and shall be destroyed by defense counsel after the criminal judgment in the above-captioned matter is final as contemplated by Paragraph 12 of the Protective Order.  Any material from the Extractions of Defendant's Devices produced in a civil action as contemplated by Paragraphs 2 and 3, above, must be produced with designations equivalent to the designations above.

5.  Partial extractions of Third-Party Devices continue to be governed by the Protective Order and are not subject to the modifications set forth in Paragraphs 2, 3, and 4, above.

6.  To the extent the defense, including the defendant, obtains the ability to access any cloud accounts that contain Victim Material, the defendant agrees to destroy such Victim Material within 30 days of the entry of this Order.  Defense shall inform the Government once all Victim Material has been destroyed from the defendant's cloud accounts.

2023.11.26

**Retention of Jurisdiction**

7.  The provisions of this Order shall not terminate at the conclusion of this criminal

prosecution and the Court will retain jurisdiction to enforce this Order following termination of

the case.

AGREED AND CONSENTED TO:

JAY CLAYTON
United States Attorney

by: _____          Date:   11/19/25
Meredith Foster
Emily A. Johnson
Madison Reddick Smyser
Christy Slavik
Mitzi Steiner
Assistant United States Attorneys

_____          Date:   11/19/25
Marc Agnifilo, Esq.
Teny Geragos, Esq.
Alexandra A.E. Shapiro, Esq.
Anna Estevao, Esq.
Jason A. Driscoll, Esq.
Brian Steel, Esq.
Nicole Westmoreland, Esq.
Counsel for Sean Combs

SO ORDERED:

Dated:  New York, New York
          November 24, 2025

_____
HON. ARUN SUBRAMANIAN
UNITED STATES DISTRICT JUDGE

2023.11.26

<u>**EXHIBIT B**</u>

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

RODNEY JONES,

                Plaintiff,

       v.

SEAN COMBS, JUSTIN DIOR COMBS, CUBA
GOODING, JR., LUCIAN CHARLES GRAINGE,
KRISTINA KHORRAM, LOVE RECORDS,
MOTOWN RECORDS, UNIVERSAL MUSIC
GROUP, COMBS GLOBAL ENTERPRISES, JOHN
and JANE DOES 1-10, and ABC CORPORATIONS 1-
10,

                Defendants.

Case No. 24-cv-01457 (JPO)

**NON-DISCLOSURE AGREEMENT**

       I, _____, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential. I agree that I will not disclose such Confidential Discovery Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will either return all discovery information to the party or attorney from whom I received it, or upon permission of the producing party, destroy such discovery information. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

**Position/Title:** _____

**Employer/Affiliation:** _____

**Business Address:** _____

_____

**Telephone:** _____

**Email:** _____

**Dated:** _____

**Signature:** _____

2