# SHER TREMONTE LLP

June 3, 2026

**BY ECF**

The Honorable J. Paul Oetken
United States District Judge
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, New York, New York 10007

Re:   *Jones v. Combs et al.*, No. 24-cv-01457 (JPO)

Dear Judge Oetken:

We write on behalf of Defendant Sean Combs ("Mr. Combs") to respectfully request a conference concerning Mr. Combs's application for (1) a protective order and (2) an **immediate stay** of Mr. Combs's June 12, 2026 deadline to respond to Plaintiff's First Set of Requests for Admissions ("RFAs"). Defense counsel attempted multiple times to telephonically meet and confer with Plaintiff's counsel regarding these issues but was met with silence: On May 28, counsel for Mr. Combs sent Plaintiff's counsel a letter raising the dispute detailed herein and requesting a meet and confer by June 2 (in light of the approaching June 12 deadline). Exhibit 1 at 3; Exhibit 2. That same day, counsel for Defendant Kristina Khorram raised similar issues with discovery directed at Ms. Khorram and also requested to meet and confer. Exhibit 1 at 2. Plaintiff's counsel did not respond. The undersigned emailed Plaintiff's counsel again on June 1 seeking to meet and confer. *Id.* at 1. Plaintiff's counsel did not respond. The undersigned *again* emailed Plaintiff's counsel on June 2 seeking to meet and confer. *Id.* Plaintiff's counsel did not respond.

## I.   BACKGROUND

Plaintiff has repeatedly made improper discovery requests and flouted court orders. First, under the original Case Management Plan and Scheduling Order, Plaintiff was required to provide HIPAA-compliant medical records release authorizations ("HIPAA Releases") by November 17, 2025. ECF No. 102 ¶ 7(g). Plaintiff purported to provide a release on April 24, 2026, but it was not HIPAA compliant. Exhibit 1 at 6-7.

On November 18, 2025, Plaintiff served a First Set of Interrogatories (the "Original Interrogatories") (Exhibit 3) and a First Set of Requests for Production (the "Original RFPs") (Exhibit 4). Exhibit 1 at 25. As defense counsel explained on December 16, 2025, the Original Interrogatories, accounting for subparts, exceeded FRCP 33(a)(1)'s 25-interrogatory limit. *Id.* at 22-24. In response, Plaintiff agreed to advise by December 23, 2025, whether Plaintiff intended to stand on the Original Interrogatories or withdraw and serve new ones. *Id.* at 15-21. Plaintiff's counsel failed to respond by that date; indeed, he failed to respond for months and even then, only after prompted by defense counsel.

On March 13, 2026, in advance of pending discovery deadlines, defense counsel reached out to Plaintiff's counsel regarding the status of discovery and inquiring whether Plaintiff intended to pursue his claims. *Id.* at 14-15. *One month later*, Plaintiff responded,

Hon. J. Paul Oetken
June 3, 2026
Page 2 of 4

and the parties agreed to a revised discovery schedule. *Id.* at 8-13. On April 14, 2026, the Court so-ordered that schedule, pursuant to which Plaintiff was required to "serve a revised first set of interrogatories by April 15, 2026." ECF No. 108. Plaintiff failed to comply with that order. Nearly one month after that deadline, on May 13, 2026, Plaintiff served new interrogatories (the "Revised Interrogatories") (Exhibit 5),[1] as well as new "First" requests for production (the "Revised RFPs")[2] (Exhibit 6), and 90 requests for admission (Exhibit 7). Exhibit 1 at 4. Most recently, Plaintiff failed to respond to Mr. Combs's Second Set of Interrogatories, responses to which were due June 1, 2026, and failed to reply to an email inquiring about the missed deadline. *Id.* at 1; Exhibit 8.[3]

## II.   THE COURT SHOULD QUASH PLAINTIFF'S IMPROPER RFAS

Plaintiff's 90 RFAs abuse FRCP 36 by improperly seeking to extract admissions about legal conclusions and vigorously disputed assertions at the heart of the litigation, about dismissed claims, and about third parties. The purpose of FRCP 36 is to narrow the issues for trial by establishing facts about which there is no genuine dispute. *See Republic of Turkey v. Christie's, Inc.*, 326 F.R.D. 394, 399 (S.D.N.Y. 2018) (denying motion to compel responses to RFAs "seek[ing] information as to fundamental disagreement at the heart of the lawsuit"). RFAs "must be direct, simple and limited to singular relevant facts" so that they can be "admitted or denied without explanation." *Dubin v. E.F. Hutton Grp., Inc.*, 125 F.R.D. 372, 375 (S.D.N.Y. 1989) (cleaned up). They should not be used to "harass the other side or in the hope that a party's adversary will simply concede essential elements" of a claim. *El-Ghazaly v. Kim*, No. 25-cv-3939, 2025 WL 3132303, at *2 (E.D.N.Y. Nov. 10, 2025) (cleaned up). Moreover, RFAs that seek purely legal conclusions are improper. *See E.E.O.C. v. Bloomberg L.P.*, No. 07-cv-8383, 2010 WL 3260150, at *1 (S.D.N.Y. Aug. 4, 2010). Where, as here, pervasive defects mire voluminous RFAs, the appropriate remedy is to quash the RFAs in their entirety rather than "undertake the oppressive task of individualized review." *Galgano v. Cnty. of Putnam*, No. 16-cv-3572, 2021 WL 3159844, at *2 (S.D.N.Y. June 30, 2021). As set forth below, Plaintiff's 90 RFAs are deficient in at least four respects.

### A.   The RFAs Improperly Seek Admissions on Legal Issues and Vigorously Disputed Assertions at the Heart of Plaintiff's Case

The RFAs attempt to make Mr. Combs adopt Plaintiff's liability narrative and legal conclusions. For example, RFA Nos. 13-15 ask Mr. Combs to admit that Plaintiff did not "voluntarily choose" to recruit sex workers; RFA No. 18 asks Mr. Combs to admit he "did

---

[1] The Revised Interrogatories suffer from same numerosity problem as the Original Interrogatories and are currently a subject of Defendants' efforts to meet and confer with Plaintiff.

[2] Mr. Combs had already expended significant resources preparing responses to the 30 Original RFPs when Plaintiff served a new "First" set of 86 RFPs supplanting the Original RFPs. Mr. Combs is forced to duplicate effort to respond to these 86 new "First" RFPs, which are highly objectionable. *See, e.g.*, Ex. 6 at RFP Nos. 15, 21 (seeking "forensic images" of all of Mr. Combs's "mobile phones, laptops, tablets, and cloud accounts" and "all financial statements" and "all federal and state tax returns" filed by Mr. Combs's businesses).

[3] This failure to comply with the governing rules and standards of professionalism is consistent with the behavior of Plaintiff's counsel that this Court previously admonished. *See* ECF No. 86 at 6-8 (warning Plaintiff's counsel that "further misconduct may lead to sanctions or to referral for discipline").

Hon. J. Paul Oetken
June 3, 2026
Page 3 of 4

not take steps to assist, protect, or intervene on behalf of Rodney Jones" when he was allegedly sexually assaulted on Mr. Combs's property; RFA Nos. 22-23 ask Mr. Combs to admit he "threatened" Plaintiff; RFA Nos. 32-33 ask Mr. Combs to admit he "transported" Plaintiff "across state lines" "for purposes of soliciting Sex Workers or engaging in commercial sex acts"; RFA Nos. 36-41 ask Mr. Combs to admit he engaged in a "deliberate and ongoing effort to 'groom'" Plaintiff, "groped and touched" Plaintiff without consent, and used promises "as inducements to secure Mr. Jones's compliance with [Mr. Combs's] sexual demands"; RFA Nos. 52 and 59 ask Mr. Combs to admit drinks were "laced" or "spike[d]" with "controlled substances"; and RFA Nos. 76-80 ask Mr. Combs to admit he "coerce[d]" Plaintiff into "commercial sex acts." These are assertions subject to "fundamental disagreement at the heart of the lawsuit," *see Republic of Turkey*, 326 F.R.D. at 399, and are precisely the type of abusive RFAs courts consistently condemn. *See El-Ghazaly*, 2025 WL 3132303, at \*2 (striking RFAs and sanctioning plaintiff $500 for serving RFAs that "repeatedly embed contested liability narratives and ask [defendants] to recount them as true") (cleaned up); *see also Dubin*, 125 F.R.D. at 375.

### B.    Plaintiff's RFAs Seek Admissions on Dismissed Claims

Plaintiff's RICO, breach of contract, and emotional distress claims have been dismissed. ECF No. 86. Despite this, RFA Nos. 1-4 and 62-66 concern the terms of Plaintiff's alleged contract and proposed compensation, all relating to the dismissed breach of contract claim; RFA Nos. 5-10 and 68-72 concern the Chalice Recording Studios shooting, which relates to the dismissed RICO claim; and RFA Nos. 30-31 and 73-75 concern allegations of transportation of drugs or firearms and financial matters, which, if anything, relate to the dismissed RICO claim. The Court should quash these requests, which are neither relevant nor proportional to the case. FRCP 26(b)(1), 36(a)(1).

### C.    Plaintiff's RFAs Improperly Seek Information about Third Parties

The RFAs ask Mr. Combs to admit facts about the conduct, knowledge, or statements of third parties, including Kristina Khorram (RFA Nos. 28-29, 44-49, 59), Brendan Paul (RFA No. 30), Justin Combs (RFA Nos. 54, 82), and Cuba Gooding, Jr. (RFA No. 43). Under Rule 36, however, a party's obligation to make "reasonable inquiry" does not include seeking information from third parties. *Dubin*, 125 F.R.D. at 374. RFAs seeking facts about conduct, knowledge, and statements of third parties are improper.

### D.    The Sheer Volume of RFAs Is Abusive

While the Federal Rules impose no numerical limit on RFAs, Plaintiff's service of 90 requests, the vast majority of which (if not all) are improper, constitutes an abuse of the discovery process. The Advisory Committee Notes to the 1970 Amendment to Rule 36 caution that "requests to admit may be so voluminous and so framed that the answering party finds the task of identifying what is in dispute and what is not unduly burdensome." Consistent therewith, courts regularly quash voluminous RFAs as oppressive, unduly burdensome, abusive, and harassing. *See, e.g.*, *Republic of Turkey*, 326 F.R.D. at 399; *Merrill*, 2024 WL 4995557, at \*2 (quashing 94 RFAs as "oppressive, unduly burdensome,

Hon. J. Paul Oetken
June 3, 2026
Page 4 of 4

and not proportional to the needs of the case" and setting maximum of 25 RFAs); *Renal Care Grp. Northwest, Inc. v. Coastal Admin. Servs., Inc.*, No. C22-1693, 2023 WL 5020406, at *1 (W.D. Wash. July 17, 2023) (striking as "unnecessarily voluminous, compound, and burdensome," demands for 74 and 44 RFAs); *El-Ghazaly*, 2025 WL 3132303, at *2-3 (striking RFAs and noting RFAs should not be used to "harass the other side") (cleaned up). The Court should do the same here.

### III.    THE COURT SHOULD STAY THE RFA RESPONSE DEADLINE

Plaintiff served the RFAs on May 13, 2026, making responses due on June 12, 2026. If Mr. Combs is required to respond to the RFAs while his motion to quash is pending, he faces the untenable choice of either (a) expending resources responding to patently improper requests, or (b) risking admission by default of disputed, central elements of the litigation. The Court has broad discretion under Rule 26(c) to stay discovery obligations pending resolution of a discovery dispute. Mr. Combs respectfully requests that the Court exercise that discretion and immediately stay his obligation to respond to the RFAs, such stay expiring 30 days after the Court resolves this motion, to the extent the Court upholds any of Plaintiff's RFAs.

### IV.    CONCLUSION AND REQUESTED RELIEF

For the foregoing reasons, we respectfully request (1) a protective order pursuant to FRCP 26(c) (a) quashing Plaintiff's First Set of RFAs, served on May 13, 2026, (b) limiting Plaintiff to no more than 25 RFAs that comply with the Federal Rules of Civil Procedure and that are "designed to identify and eliminate matters on which the parties agree" and do not "seek information as to fundamental disagreement at the heart of the lawsuit,"[4] and (c) requiring Plaintiff's discovery demands and responses to comply with the Federal Rules of Civil Procedure; and (2) an **immediate stay** of Mr. Combs's June 12, 2026, deadline to respond to the RFAs, such stay expiring 30 days after the Court resolves this motion, to the extent the Court upholds any of Plaintiff's RFAs.

Sincerely,

*/s/ Erica A. Wolff*
Erica A. Wolff
Katie Renzler
Benjamin J. Shack Sackler

CC (by ECF): All counsel of record

Enclosures

---

[4] *El-Ghazaly*, 2025 WL 3132303, at *2 (cleaned up).