# EXHIBIT 2

# SHER TREMONTE LLP

May 28, 2026

**BY EMAIL**

Tyrone A. Blackburn, Esq.
T.A. Blackburn Law, PLLC
1242 East 80th Street, 3rd Floor
Brooklyn, New York 11236
tblackburn@tablackburnlaw.com

> Re:     ***Plaintiff's Requests for Admission and Revised First Set of
> Interrogatories, Jones  v. Combs et al., No. 24-cv-01457* (S.D.N.Y.)**

Dear Mr. Blackburn:

We write on behalf of our client, Sean Combs ("Mr. Combs") to meet and confer regarding (1) Plaintiff's First Set of Interrogatories to Sean Combs, served on May 13, 2026 (the "New Interrogatories"), and (2) Plaintiff's First Set of Requests for Admission to Sean Combs, also served on May 13, 2026 (the "RFAs").  Without waiver of, and while expressly preserving all other objections as to the form, content, and scope of Plaintiff's New Interrogatories, RFAs, and new first requests for production served on May 13, 2025 (the "New RFPs"), for the reasons set forth below, the New Interrogatories and RFAs are procedurally and substantively deficient and should be withdrawn.

## I.     RELEVANT PROCEDURAL HISTORY

As you are aware, this is not the first time we have raised improprieties with Plaintiff's discovery requests.  On November 18, 2025, Plaintiff served his original First Set of Interrogatories to Defendant Sean Combs (the "Original Interrogatories") and his original First Request for Production of Documents to Defendant Sean Combs (the "Original RFPs").  Exhibit A at 12.  On December 16, 2025, we wrote to you and your co-counsel, Rodney Diggs, explaining that the Original Interrogatories were facially improper because, among other things, they far exceeded the 25-interrogatory limit (including discrete subparts) imposed by Federal Rule of Civil Procedure 33(a)(1).  *Id.* at 10-11.  We identified specific examples of the problem, including that Interrogatory No. 1 contained at least 4 discrete subparts, Interrogatory No. 3 contained at least 11 discrete subparts, and Interrogatory No. 7 contained at least 6 discrete subparts.  *Id.*  We explained that, under governing authority, because Plaintiff's Original Interrogatories exceeded the limit permitted by the Federal Rules of Civil Procedure, we were compelled to object to the Original Interrogatories in their entirety.  *Id.* at 11.

We inquired as to whether Plaintiff intended to withdraw the Original Interrogatories and serve a new set compliant with Rule 33(a)(1)'s limitations or stand on

Tyrone A. Blackburn, Esq.
May 28, 2026
Page 2 of 3

the Original Interrogatories. *Id.* That same day, Plaintiff's counsel, Rodney S. Diggs, confirmed that he would review the interrogatories and get back to defense counsel "no later than Tuesday, December 23," to confirm whether Plaintiff would withdraw and re-serve revised interrogatories or whether Plaintiff would stand on the initial interrogatories. *Id.* at 9-10. The parties agreed that if Plaintiff decided to stand on his Original Interrogatories, responses and objections would be due on December 29, 2025, and if Plaintiff decided to withdraw, then the parties would meet and confer about the service and response dates for the new interrogatories. *Id.* at 8-9.

December 23, 2025 came and went with no word from Plaintiff's counsel. On March 13, 2026, in light of the significant delay and in light of an approaching deadline for the close of all discovery, counsel for Mr. Combs emailed Plaintiff's counsel inquiring whether Mr. Jones intends to pursue his claims in this action and, if so, seeking to meet and confer regarding discovery deadlines. *Id.* at 6. Neither you nor your co-counsel responded for weeks and then, on April 13, 2026, two days before the discovery cutoff, you agreed to meet and confer regarding proposed new discovery deadlines, which resulted in a court-ordered revised discovery schedule. *Id.* at 2-6; ECF Nos. 107, 108. The Court ordered, *inter alia*, that "Plaintiff shall serve a revised first set of interrogatories by April 15, 2026." ECF No. 108.

April 15 came and went without Plaintiff serving his revised first set of interrogatories. On May 13, 2026, almost a month after the court-ordered deadline, Plaintiff served a new "Plaintiff's First Set of Interrogatories Directed at Sean Combs," a new "Plaintiff's First Set of Requests for Production of Documents Directed at Sean Combs,"[1] and, for the first time, "Plaintiff's First Set of Requests for Admission Directed at Sean Combs." Exhibit A at 1. Plaintiff's New Interrogatories appear to be Plaintiff's belated attempt to cure the deficiencies in his Original Interrogatories.

Unfortunately, the New Interrogatories suffer from the same infirmities as the Original Interrogatories, and the RFAs are independently improper for the reasons discussed below.

## II.    THE NEW INTERROGATORIES EXCEED THE RULE 33 LIMIT

The New Interrogatories are improper on their face because, in addition to being non-compliant with the Local Rules of the Southern District of New York and the scope of

---

[1] Because Plaintiff served "Plaintiff's First Set of Requests for Production of Documents Directed at Sean Combs" on May 13, 2026, Mr. Combs understands that Plaintiff has withdrawn his initial first set of requests for production served on November 18, 2025, responses to which were deferred pending Plaintiff's decision on how to proceed with his interrogatories and the contemplated meet and confer (that Plaintiff never scheduled). Exhibit A at 1, 7-9, 12.

Tyrone A. Blackburn, Esq.
May 28, 2026
Page 3 of 4

discovery under Federal Rules of Civil Procedure, they exceed the number of interrogatories permitted by Rule 33 of the Federal Rules of Civil Procedure.

Federal Rule of Civil Procedure 33(a)(1) provides that a party may serve "no more than 25 written interrogatories, including all discrete subparts," unless otherwise stipulated or ordered by the Court.  The Advisory Committee Notes to the 1993 Amendment make clear that parties "cannot evade this . . . limitation through the device of joining as 'subparts' questions that seek information about discrete separate subjects." Fed. R. Civ. P. 33(a) Advisory Committee Notes, 1993 Amendment.

The New Interrogatories purport to contain 25 numbered interrogatories but, when their discrete subparts are properly counted, contain well over 50 separate interrogatories. By way of example only:

- Interrogatory No. 3 contains at least 6 lettered subparts, each addressing a discrete subject (location before, during, and after the shooting, identity of persons present, firearms present, identity of the shooter, instructions to others, and post shooting activity).

- Interrogatory No. 5 contains at least 7 lettered subparts each addressing a discrete subject (locations of cameras, audio recording capabilities, persons with access, role of IT personnel, storage locations, retention periods, and post-litigation deletion or overwriting).

- Interrogatory No. 6 contains at least 6 lettered subparts each addressing a discrete subject (specific occasions of directing solicitation, attendance at a particular establishment, provision of a baseball cap, names of sex workers, method of payment, and other persons directed to solicit).

- Interrogatory No. 7 contains at least 5 lettered subparts each addressing a discrete subject (what was consumed, who prepared beverages, whether substances were added, observations of condition, and actions taken after incapacitation).

- Interrogatory No. 8 contains at least 5 subparts addressing at least 4 discrete subjects (identity of laced beverages, presence of underage individuals, identify of individuals who prepared laced beverages, and taking Mr. Jones's car keys).

- Interrogatory No. 9 contains at least 5 lettered subparts addressing at least 6 discrete subjects (persons who carried drug pouches, occasions of drug transport through TSA, identity of persons maintaining drug supply, instructions regarding transport, and identity and location of a "hidden room," and persons with access to the "hidden room").

- Interrogatory No. 12 contains at least 7 lettered subparts, each addressing a separate alleged statement or communication on a discrete topic.

Tyrone A. Blackburn, Esq.
May 28, 2026
Page 4 of 5

- Interrogatory No. 13 contains at least 5 lettered subparts addressing at least 4 discrete subjects (funds received, how funds were used, basis for a compensation offer, and accounts through which funds flowed).

As we explained in connection with the Original Interrogatories, because the New Interrogatories exceed the numerical limit permitted by the Federal Rules of Civil Procedure, Mr. Combs must object to them in their entirety on that basis (reserving all substantive objections until such time as the interrogatories are limited to the proper number). *See, e.g.*, *E.E.O.C. v. Beauty Enters., Inc.*, No. 01-cv-378, 2008 WL 3359252, at *2 (D. Conn. Aug. 8, 2008) (holding that "[t]o preserve its objection under Rule 33, [the defendant] had to 'object to the number of interrogatories before responding' to the interrogatories" and could not selectively choose which interrogatories to respond to); *Allahverdi v. Regents of University of New Mexico*, 228 F.R.D. 696, 698 (D.N.M. 2005) (similar); Wright & Miller's Federal Practice & Procedure § 2168.1 (3d ed. 2025) ("[I]f a party believes that the numerical limitation has been exceeded, it waives the objection if it selectively answers some of the interrogatories and objects on this ground to the rest.").

We therefore present you with the same option we presented in connection with the Original Interrogatories: please advise us by Tuesday, June 2, 2026 whether Plaintiff intends to stand on the New Interrogatories as served, or whether Plaintiff will withdraw them and serve a set that complies with Rule 33(a)(1). If Plaintiff elects to stand on the New Interrogatories, we will serve formal objections and, if necessary, seek appropriate relief from the Court.

## III.    THE REQUESTS FOR ADMISSION ARE IMPROPER AND SHOULD BE WITHDRAWN

Plaintiff's RFAs are likewise deficient for multiple reasons. Plaintiff has served 90 Requests for Admission directed at Mr. Combs, the vast majority of which are procedurally and substantively improper. We request a telephonic meet-and-confer by Tuesday, June 2, 2026, where we will ask that Plaintiff immediately withdraw the RFAs. If we cannot, after a good faith meet and confer reach a resolution, we intend to seek a protective order pursuant to Federal Rule of Civil Procedure 26(c) and in accordance with Judge Oetken's Individual Rules and Practices.

### A.    The RFAs Improperly Seek Admissions on Legal Issues and Vigorously Disputed Assertions at the Heart of Plaintiff's Case

The purpose of Rule 36 is to narrow the issues for trial by establishing facts about which there is no genuine dispute. *See Republic of Turkey v. Christie's, Inc.*, 326 F.R.D. 394, 399 (S.D.N.Y. 2018) (denying motion to compel amended responses to RFAs where the requests "do not seek to establish admission of facts about which there is no real dispute" but instead "seek information as to fundamental disagreement at the heart of the lawsuit"); *Dubin v. E.F. Hutton Grp. Inc.*, 125 F.R.D. 372, 375 (S.D.N.Y. 1989) ("The purpose of [Rule 36] is to allow for the narrowing or elimination of issues in a case. The

Tyrone A. Blackburn, Esq.
May 28, 2026
Page 5 of 6

rule is not properly speaking a discovery device, rather it is 'a procedure for obtaining admissions for the record of facts already known' by the seeker.") (quoting 8 C. Wright & A. Miller, Federal Practice and Procedure, § 2253 (1970)).  RFAs "must be direct, simple and limited to singular relevant facts" so that they can be "admitted or denied without explanation."  *Id.* (cleaned up).  RFAs should also not be used to "harass the other side or in the hope that a party's adversary will simply concede essential elements" of a claim.  *El-Ghazaly v. Kim*, No. 25-cv-3939, 2025 WL 3132303, at *2 (E.D.N.Y. Nov. 10, 2025) (cleaned up).  Finally, RFAs that seek purely legal conclusions are improper.  *See E.E.O.C. v. Bloomberg L.P.*, No. 07-cv-8383, 2010 WL 3260150, at *1 (S.D.N.Y. Aug. 4, 2010) ("[I]t would be inappropriate for a party to demand that the opposing party ratify legal conclusions that the requesting party has simply attached to operative facts.") (citation omitted).

Many of Plaintiff's 90 RFAs seek admissions on legal issues and hotly disputed matters at the very heart of Plaintiff's case.  They ask Mr. Combs to admit the truth of Plaintiff's allegations, which is precisely the opposite of what Rule 36 is designed to accomplish.  By way of example only:

- RFA Nos. 13-15 ask Mr. Combs to admit that he "directed" Plaintiff to recruit sex workers, provided him with a baseball cap as a "signal to Sex Workers that he was recruiting" them on Mr. Combs's behalf, and that Plaintiff did not "voluntarily choose to solicit Sex Workers."  These RFAs go directly to the elements of Plaintiff's TVPA claim and are the subject of fundamental disagreement.  They are improperly propounded in the (misguided) hope that Mr. Combs will simply concede essential elements.

- RFA No. 18 asks Mr. Combs to admit that he "did not take steps to assist, protect, or intervene on behalf of Rodney Jones during or after the incident with Jane Doe 1 on Thanksgiving 2022."  This RFA goes directly to the elements of Plaintiff's premises liability claim and is the subject of fundamental disagreement.  It is improperly propounded in the (misguided) hope that Mr. Combs will simply concede essential elements.

- RFA Nos. 22-23 ask Mr. Combs to admit that he "threatened Rodney Jones with physical harm" and told Plaintiff he was "willing to harm [Rodney Jones] to get what [Mr. Combs] wanted."  These RFAs are contested allegations at the heart of the TVPA coercion element.  They are improperly propounded in the (misguided) hope that Mr. Combs will simply concede essential elements.

- RFA Nos 32-33 ask Mr. Combs to admit that "Rodney Jones was transported by [Mr. Combs] or at [Mr. Combs's] direction across state lines" and "for purposes of soliciting Sex Workers or engaging in commercial sex acts."  These RFAs are direct questions about the elements of Plaintiff's TVPA claim and are subject to fundamental disagreement.  They are improperly propounded in the (misguided) hope that Mr. Combs will simply concede essential elements.

Tyrone A. Blackburn, Esq.
May 28, 2026
Page 6 of 7

- RFA No. 35 asks Mr. Combs to admit that he has "not taken all affirmative steps necessary to ensure the preservation of all recordings, communications, and documents relevant to the claims in this action." This RFA seeks an admission on a purely legal issue.

- RFA Nos. 36-41 ask Mr. Combs to admit that he engaged in a "deliberate and ongoing effort to 'groom'" Plaintiff, used professional relationships "as a tool to pressure" Plaintiff, used promises "as inducements to secure Mr. Jones's compliance with [Mr. Combs's] sexual demands," "groped and touched" Plaintiff without consent, required Plaintiff to work while Mr. Combs was naked, and required Plaintiff to be present during sexual acts. These RFAs go directly to the elements of Plaintiff's TVPA and sexual assault/harassment claims and are the subject of fundamental disagreement. They are improperly propounded in the (misguided) hope that Mr. Combs will simply concede essential elements.

- RFA Nos. 52 and 59 ask Mr. Combs to admit that liquor was "laced with controlled substances," and that Defendant Kristina Khorram "directed staff to spike bottles of champagne with ecstasy." These RFAs are direct questions about the elements of Plaintiff's TVPA claim and are subject to fundamental disagreement.

- RFA Nos. 76-80 ask Mr. Combs to admit that Plaintiff was "transported across state and international lines" and "compelled to engage in commercial sex acts," that Mr. Combs used "a combination of threats of physical harm and promises of professional advancement to coerce" Plaintiff, that Plaintiff "did not want to solicit Sex Workers or engage in sexual acts," that Mr. Combs used his "dominance in the music industry" as "leverage over Rodney Jones," and that Plaintiff "reasonably feared that refusing [Mr. Combs's] demands would result in physical harm to him or damage to his career in the music industry." These RFAs are contested allegations at the heart of various TVPA elements. They are improperly propounded in the (misguided) hope that Mr. Combs will simply concede essential elements.

These are not requests to admit undisputed facts. They are transparent attempts to have Mr. Combs concede the essential elements of Plaintiff's claims and purely legal issues, which is precisely the type of abuse that courts have consistently condemned. *See El-Ghazaly*, 2025 WL 3132303, at *2-3 (striking all RFAs and sanctioning plaintiff $500 for abusing the discovery process where RFAs "repeatedly embed contested liability narratives and ask [defendants] to recount them as true," for example, asking defendants to "Admit that Plaintiff took the AUA inservice exam after experiencing daily abuse and assault, unlike his peers who did not face such circumstances") (internal quotation marks omitted); *see also Republic of Turkey*, 326 F.R.D. at 399; *Dubin*, 125 F.R.D. at 375.

Tyrone A. Blackburn, Esq.
May 28, 2026
Page 7 of 8

### B.      Numerous RFAs Seek Admissions on Dismissed Claims

The RFAs are separately objectionable because many of them seek admissions about causes of action that have been dismissed.  The Court's March 24, 2025 Opinion and Order (ECF No. 86) dismissed Plaintiff's RICO claims, breach of contract claims, and negligent and intentional infliction of emotional distress claims.  Despite this, numerous RFAs seek admissions directed at those dismissed claims or otherwise seek wholly irrelevant information.

- RFA Nos. 1-4, 62-66 seek admissions regarding the terms of Plaintiff's alleged oral contract for performance of music production work, the compensation owed, and the adequacy of Mr. Combs's offer, all of which relate to the dismissed breach of contract claim.

- RFA Nos. 5-10, 68-72 seek admissions regarding the Chalice Recording Studios shooting, which relates to the dismissed RICO claim.

- RFA Nos. 30-31, 73-75 seek admissions regarding third parties transporting controlled substances across state lines, Love Album funds being used for parties, the use of anonymous overseas bank accounts, discussions about non-payment of taxes, and requiring third parties to carry firearms owned by Mr. Combs.  These RFAs do not relate to any current claims; if anything, they relate to the dismissed RICO claim.

Discovery directed at claims that have been dismissed is not relevant to any claim or defense and is plainly not proportional to the needs of the case.  *See* Fed. R. Civ. P. 26(b)(1).

### C.      Numerous RFAs Improperly Seek Information About Third Parties

Many of the RFAs improperly ask Mr. Combs to admit facts about the conduct, knowledge, or statements of third parties, including Kristina Khorram (RFA Nos. 28-29, 44-49, 59), Brendan Paul (RFA No. 30), Justin Combs (RFA Nos. 54, 82), Cuba Gooding, Jr. (RFA No. 43), and others that would require Mr. Combs to seek information from third parties.  A party's obligation to make "reasonable inquiry" under Rule 36 does not extend to seeking information from third parties.  *See Dubin*, 125 F.R.D. at 374 (noting "plaintiffs have not brought to this Court's attention any authority demonstrating that a party's obligation to make 'reasonable inquiry' entails seeking information from a third party absent sworn deposition testimony").  Therefore, RFAs directed at Mr. Combs that seek facts about conduct, knowledge, and statements of third parties are improper.

### D.      The Sheer Volume of RFAs Is Abusive and Serves to Harass
####         Mr. Combs

While the Federal Rules do not impose a numerical limit on RFAs, the service of 90 RFAs, the vast majority of which are improper for the reasons stated above, constitutes

Tyrone A. Blackburn, Esq.
May 28, 2026
Page 8 of 9

an abuse of the discovery process.  "[R]equests to admit may be so voluminous and so framed that the answering party finds the task of identifying what is in dispute and what is not unduly burdensome."  Fed. R. Civ. P. 36, Advisory Committee Notes, 1970 Amendment.  The volume alone suggests that the RFAs are being used not to narrow genuine issues for trial, but as a substitute for other discovery devices, which is impermissible.  *See Republic of Turkey*, 326 F.R.D. at 399; *see, e.g.*, *Merrill v. King*, No. 22-cv-10541, 2024 WL 4995557, at *2 (E.D. Mich. Dec. 5, 2024) (quashing 94 RFAs as "oppressive, unduly burdensome, and not proportional to the needs of the case, which is not overly complex" and allowing plaintiff to reserve a maximum of 25 RFAs); *Renal Care Grp. Northwest, Inc. v. Coastal Admin. Servs., Inc.*, No. C22-1693, 2023 WL 5020406, at *1 (W.D. Wash. July 17, 2023) (striking 74 RFAs served on one defendant and 44 on another because they were "unnecessarily voluminous, compound, and burdensome").  The volume is also indicative of improper harassment.  *See El-Ghazaly*, 2025 WL 3132303, at *2-3 (striking RFAs and observing that RFAs should not be used to "harass the other side") (cleaned up).

For all of these reasons, we request a telephonic meet-and-confer by Tuesday, June 2, 2026, where we will demand that Plaintiff withdraw the RFAs in their entirety.  Where voluminous RFAs are mired by pervasive defects, as these are, the proper remedy is to quash the RFAs in their entirety rather than "undertake the oppressive task of individualized review."  *Galgano v. Cnty. of Putnam*, No. 16-cv-3572, 2021 WL 3159844, at *2 (S.D.N.Y. June 30, 2021); *accord Merrill*, 2024 WL 4995557, at *2.  If Plaintiff refuses to immediately withdraw the RFAs, we intend to seek judicial relief.

## IV.    CONCLUSION

We are willing to engage in a good faith meet-and-confer in an attempt to resolve these issues without Court intervention.  Please let us know your availability for a telephonic meet and confer on or before June 2, 2026.

Please also advise us by that same date whether Plaintiff agrees to withdraw the New Interrogatories and the RFAs.  If we cannot reach a resolution following a good faith meet and confer by end of the day June 2, 2026, we will seek appropriate relief from the Court.

Sincerely,

*/s/ Erica A. Wolff*
Erica A. Wolff
Michael Tremonte
Mark Cuccaro
Katie Renzler
Benjamin J. Shack Sackler

Tyrone A. Blackburn, Esq.
May 28, 2026
Page 9 of 9


Cc (by email):

Rodney Diggs, Esq.
Ivie McNeill Wyatt Purcell & Diggs
444 S. Flower Street, Suite 3200
Los Angeles, California 90071
rdiggs@imwlaw.com

Marc S. Williams
Neil Jahss
Reuven Cohen
Cohen Williams LLP
724 South Spring Street
Ste 9th Floor
Los Angeles, CA 90014
mwilliams@cohen-williams.com
njahss@cohen-williams.com
rcohen@cohen-williams.com

# EXHIBIT A

**From:** Tyrone Blackburn
**To:** Erica Wolff
**Cc:** Neil Jahss; Benjamin J. Shack Sackler; Rodney S. Diggs; Tyrine S. Aman; Alice D. Williams; Le Chaune Metoyer; Alexandria K. Feather; Michael Tremonte; Katie Renzler; Mark Cuccaro; mwilliams@cohen-williams.com; rcohen@cohen-williams.com; jpacitti@cohen-williams.com
**Subject:** Re: Rodney Jones v. Sean Combs, et al. - Discovery Requests
**Date:** Wednesday, May 13, 2026 12:56:10 PM
**Attachments:** image001.png
image002.png
image003.png
image004.png
image005.png
image006.png
image007.png
image008.png
image009.png
Plaintiff's First Set of Requests For Production of Documents Directed at Sean Combs.pdf
Plaintiff's First Set of Requests For Admission Directed at Sean Combs.pdf
Plaintiff's First Set of Interrogatories Directed at Sean Combs.pdf
Plaintiff's First Set of Requests For Admission Directed at KK.pdf
Plaintiff's First Set of Requests For Production of Documents Directed at KK.pdf
Plaintiff's First Set of Interrogatories Directed at KK.pdf

See attached Plaintiffs' First Set of Request for Production, Request for Admission, and Request for Interrogatories.

Regards,

*Tyrone A. Blackburn, Esq.*
T. A. Blackburn Law, PLLC
1242 East 80th Street, 3rd Floor
Brooklyn, NY 11236
P: 347-342-7432
E: info@tablackburnlaw.com

Please note that using the Internet for communications with the firm will not establish an attorney-client relationship, and messages containing confidential or time-sensitive information should not be sent via this media.
CONFIDENTIALITY NOTICE TO RECIPIENT(S): This e-mail transmission (and the attachment(s) accompanying it) may contain confidential information belonging to the sender, which is protected by the attorney-client privilege. The information is only for the use of the intended recipient. If you are not the intended recipient, you are now notified that any disclosure, copying, or distribution of any information in this transmission or taking any action in reliance on the contents of this transmission is strictly prohibited. Any unauthorized interception of this transmission is illegal under the law. If you have received this transmission in error, please promptly notify the sender by replying to this e-mail and then delete all copies. Thank you.
CAUTIONARY NOTICE TO AUTHORIZED RECIPIENT(S): Unless the recipient(s) and the law firm transmitting this message are parties to a signed retainer agreement binding the law firm to act as attorney for the recipient(s), neither this law firm nor any attorney in its employ is (or may be deemed to be) acting as such attorney. Any message or data sent to any recipient(s) as a courtesy is without the benefit of any actual knowledge about the particular situation of such recipient(s) and is without any "due diligence" or similar inquiry on the part of this firm. Everything stated is purely a general comment or suggestion based on the limited facts presented to this firm.

On Wed, May 13, 2026 at 12:16 AM Tyrone Blackburn <tblackburn@tablackburnlaw.com> wrote:

See attached, Plaintiffs' response to Defendants' first set of interrogatories and document demands.

Regards,

*Tyrone A. Blackburn, Esq.*
T. A. Blackburn Law, PLLC
1242 East 80th Street, 3rd Floor
Brooklyn, NY 11236
P: 347-342-7432
E: info@tablackburnlaw.com

Please note that using the Internet for communications with the firm will not establish an attorney-client relationship, and messages containing confidential or time-sensitive information should not be sent via this media.
CONFIDENTIALITY NOTICE TO RECIPIENT(S): This e-mail transmission (and the attachment(s) accompanying it) may contain confidential information belonging to the sender, which is protected by the attorney-client privilege. The information is only for the use of the intended recipient. If you are not the intended recipient, you are now notified that any disclosure, copying, or distribution of any information in this transmission or taking any action in reliance on the contents of this transmission is strictly prohibited. Any unauthorized interception of this transmission is illegal under the law. If you have received this transmission in error, please promptly notify the sender by replying to this e-mail and then delete all copies. Thank you.
CAUTIONARY NOTICE TO AUTHORIZED RECIPIENT(S): Unless the recipient(s) and the law firm transmitting this message are parties to a signed retainer agreement binding the law firm to act as attorney for the recipient(s), neither this law firm nor any attorney in its employ is (or may be deemed to be) acting as such attorney. Any message or data sent to any recipient(s) as a courtesy is without the benefit of any actual knowledge about the particular situation of such recipient(s) and is without any "due diligence" or similar inquiry on the part of this firm. Everything stated is purely a general comment or suggestion based on the limited facts presented to this firm.

On Thu, Apr 30, 2026 at 12:23 PM Erica Wolff <EWolff@shertremonte.com> wrote:

Tyrone,

The HIPAA releases you sent are deficient in numerous ways. First, Mr. Jones failed to include an accurate and complete social security number as required. Second, Mr. Jones failed to place his initials next to the "Mental Health Information" and "Alcohol / Drug Treatment" boxes in Section 9(a) of the release forms to authorize the release of such records (which he must do because he has squarely put his mental health and drug use at issue in this litigation). Third, Mr. Jones should sign forms that specifically list in Section 9(b) of the form each firm representing Defendants in this matter – it is improper to ask us to alter the form after Mr. Jones has signed it. Please promptly correct these issues and send revised HIPAA release forms to Defendants.

In addition, it is not clear to us on what basis Plaintiff has determined to limit his releases to Dr. Angela K. Kenzslowe and Marilyn Price. Even if these were the only two providers that Plaintiff may use to support his claims (and no such representation has been made; indeed, neither Dr. Angela K. Kenzslowe nor Marilyn Price were identified in Plaintiff's initial disclosures), because Plaintiff has put in issue his drug use and his physical and mental health, including by claiming "physical,

psychological, emotional, financial, and reputational harm" (*see, e.g.,* Second Amended Complaint ¶ 308), Defendants are entitled to discovery from *all* of Plaintiff's medical and mental health providers in the period preceding and following the alleged conduct complained of in the complaint. *See, e.g., Grueling v. Breakey*, 56 A.D.2d 540, 542 (1st Dep't 1977) ("By commencing the action plaintiff put in controversy her physical condition; she cannot  now limit that controversy to the medical records she wishes disclosed.").  Accordingly, Plaintiff must provide HIPAA releases for all his healthcare providers during the period leading up to, during, and following the conduct complained of.  While this information should be provided without further process, we are attaching here Mr. Combs's Second Set of Interrogatories consisting of a single interrogatory (Interrogatory No. 9) seeking the identity of all medical and mental health providers who treated Mr. Jones from 2017 to present.  Please provide HIPAA releases for any identified medical or mental health professionals contemporaneously with your response to Interrogatory No. 9, which is due by June 1, 2026.

Regards,

Erica



**Erica A. Wolff**
**Sher Tremonte LLP**

90 Broad Street, 23rd Floor | New York, NY 10004
ewolff@shertremonte.com  |  tel: 212.202.2679  |  fax: 212.202.4156
www.shertremonte.com



This e-mail message is intended only for the personal use of the recipient(s) named above. This message may be an attorney-client communication and as such privileged and confidential and/or it may include attorney work product. If you are not an intended recipient, you may not review, copy or distribute this message. If you have received this communication in error, please notify us immediately by e-mail and delete the original message.

**From:** Tyrone Blackburn <tblackburn@tablackburnlaw.com>
**Sent:** Friday, April 24, 2026 10:44 PM
**To:** Neil Jahss <njahss@cohen-williams.com>
**Cc:** Benjamin J. Shack Sackler <bshacksackler@shertremonte.com>; Erica Wolff <EWolff@shertremonte.com>; Rodney S. Diggs <RDiggs@imwlaw.com>; Tyrine S. Aman <TAman@imwlaw.com>; Alice D. Williams <AWilliams@imwlaw.com>; Le Chaune Metoyer <LMetoyer@imwlaw.com>; Alexandria K. Feather <afeather@imwlaw.com>; Michael Tremonte <MTremonte@shertremonte.com>; Katie Renzler <KRenzler@shertremonte.com>; Mark Cuccaro <MCuccaro@shertremonte.com>; mwilliams@cohen-williams.com; rcohen@cohen-williams.com; jpacitti@cohen-williams.com
**Subject:** Re: Rodney Jones v. Sean Combs, et al. - Discovery Requests

See attached, Rodney Jones signed HIPAA Forms.  Please add the names of your firms in the appropriate spaces.

Regards,

*Tyrone A. Blackburn, Esq.*
T. A. Blackburn Law, PLLC
1242 East 80th Street, 3rd Floor
Brooklyn, NY 11236
P: 347-342-7432
E: info@tablackburnlaw.com

Please note that using the Internet for communications with the firm will not establish an attorney-client relationship, and messages containing confidential or time-sensitive information should not be sent via this media.
CONFIDENTIALITY NOTICE TO RECIPIENT(S): This e-mail transmission (and the attachment(s) accompanying it) may contain confidential information belonging to the sender, which is protected by the attorney-client privilege. The information is only for the use of the intended recipient. If you are not the intended recipient, you are now notified that any disclosure, copying, or distribution of any information in this transmission or taking any action in reliance on the contents of this transmission is strictly prohibited. Any unauthorized interception of this transmission is illegal under the law. If you have received this transmission in error, please promptly notify the sender by replying to this e-mail and then delete all copies. Thank you.
CAUTIONARY NOTICE TO AUTHORIZED RECIPIENT(S): Unless the recipient(s) and the law firm transmitting this message are parties to a signed retainer agreement binding the law firm to act as attorney for the recipient(s), neither this law firm nor any attorney in its employ is (or may be deemed to be) acting as such attorney. Any message or data sent to any recipient(s) as a courtesy is without the benefit of any actual knowledge about the particular situation of such recipient(s) and is without any "due diligence" or similar inquiry on the part of this firm. Everything stated is purely a general comment or suggestion based on the limited facts presented to this firm.

On Mon, Apr 13, 2026 at 8:47 PM Tyrone Blackburn <tblackburn@tablackburnlaw.com> wrote:

I consent

*Tyrone A. Blackburn, Esq.*
T. A. Blackburn Law, PLLC
1242 East 80th Street, 3rd Floor
Brooklyn, NY 11236
P: 347-342-7432
E: info@tablackburnlaw.com

Please note that using the Internet for communications with the firm will not establish an attorney-client relationship, and messages containing confidential or

time-sensitive information should not be sent via this media.
CONFIDENTIALITY NOTICE TO RECIPIENT(S): This e-mail transmission (and the attachment(s) accompanying it) may contain confidential information belonging to the sender, which is protected by the attorney-client privilege. The information is only for the use of the intended recipient. If you are not the intended recipient, you are now notified that any disclosure, copying, or distribution of any information in this transmission or taking any action in reliance on the contents of this transmission is strictly prohibited. Any unauthorized interception of this transmission is illegal under the law. If you have received this transmission in error, please promptly notify the sender by replying to this e-mail and then delete all copies. Thank you.
CAUTIONARY NOTICE TO AUTHORIZED RECIPIENT(S): Unless the recipient(s) and the law firm transmitting this message are parties to a signed retainer agreement binding the law firm to act as attorney for the recipient(s), neither this law firm nor any attorney in its employ is (or may be deemed to be) acting as such attorney. Any message or data sent to any recipient(s) as a courtesy is without the benefit of any actual knowledge about the particular situation of such recipient(s) and is without any "due diligence" or similar inquiry on the part of this firm. Everything stated is purely a general comment or suggestion based on the limited facts presented to this firm.

On Mon, Apr 13, 2026 at 8:46 PM Neil Jahss <njahss@cohen-williams.com> wrote:

On behalf of Ms. Khorram, we are comfortable with the letter.  You can add my electronic signature to the joint communication to the Court.

Thank you for drafting.

Neil S. Jahss

**COHEN WILLIAMS** LLP

724 South Spring Street, 9th Floor

Los Angeles, CA 90014

Tel: 213-232-5171

Cell: 310-714-6451

Fax: 213-232-5167

njahss@cohen-williams.com

www.cohen-williams.com

**From:** "Benjamin J. Shack Sackler" <bshacksackler@shertremonte.com>
**Date:** Monday, April 13, 2026 at 5:37 PM
**To:** Erica Wolff <EWolff@shertremonte.com>, Tyrone Blackburn <tblackburn@tablackburnlaw.com>
**Cc:** "Rodney S. Diggs" <RDiggs@imwlaw.com>, "Tyrine S. Aman" <TAman@imwlaw.com>, "Alice D. Williams" <AWilliams@imwlaw.com>, Le Chaune Metoyer <LMetoyer@imwlaw.com>, "Alexandria K. Feather" <afeather@imwlaw.com>, Michael Tremonte <MTremonte@shertremonte.com>, Katie Renzler <KRenzler@shertremonte.com>, Mark Cuccaro <MCuccaro@shertremonte.com>, "njahss@cohen-williams.com" <njahss@cohen-williams.com>, "mwilliams@cohen-williams.com" <mwilliams@cohen-williams.com>, "rcohen@cohen-williams.com" <rcohen@cohen-williams.com>, Jenna Pacitti <jpacitti@cohen-williams.com>
**Subject:** RE: Rodney Jones v. Sean Combs, et al. - Discovery Requests

Tyrone, Neil,

Attached is a draft letter to the court requesting the revised schedule discussed below.  Please confirm this is acceptable and we will get this on file.

Thanks,

Ben



**Benjamin J. Shack Sackler**
Sher Tremonte LLP

90 Broad Street, 23rd Floor | New York, NY 10004
bshacksackler@shertremonte.com  |  tel: 646.795.0527  |  fax: 212.202.4156
www.shertremonte.com



This e-mail message is intended only for the personal use of the recipient(s) named above. This message may be an attorney-client communication and as such privileged and confidential and/or it may include attorney work product. If you are not an intended recipient, you may not review, copy or distribute this message. If you have received this communication in error, please notify us immediately by e-mail and delete the original message.

**From:** Erica Wolff <EWolff@shertremonte.com>
**Sent:** Monday, April 13, 2026 8:05 PM
**To:** Tyrone Blackburn <tblackburn@tablackburnlaw.com>
**Cc:** Benjamin J. Shack Sackler <bshacksackler@shertremonte.com>; Rodney S. Diggs <RDiggs@imwlaw.com>; Tyrine S. Aman <TAman@imwlaw.com>; Alice D. Williams

<AWilliams@imwlaw.com>; Le Chaune Metoyer <LMetoyer@imwlaw.com>; Alexandria K. Feather <afeather@imwlaw.com>; Michael Tremonte <MTremonte@shertremonte.com>; Katie Renzler <KRenzler@shertremonte.com>; Mark Cuccaro <MCuccaro@shertremonte.com>; njahss@cohen-williams.com; mwilliams@cohen-williams.com; rcohen@cohen-williams.com; jpacitti@cohen-williams.com

**Subject:** RE: Rodney Jones v. Sean Combs, et al. - Discovery Requests

That's fine with us. Will circulate a joint letter shortly for sign off.



**Erica A. Wolff**
**Sher Tremonte LLP**

90 Broad Street, 23rd Floor | New York, NY 10004

ewolff@shertremonte.com  |  tel: 212.202.2679  |  fax: 212.202.4156

www.shertremonte.com

This e-mail message is intended only for the personal use of the recipient(s) named above. This message may be an attorney-client communication and as such privileged and confidential and/or it may include attorney work product. If you are not an intended recipient, you may not review, copy or distribute this message. If you have received this communication in error, please notify us immediately by e-mail and delete the original message.

---

**From:** Tyrone Blackburn <tblackburn@tablackburnlaw.com>
**Sent:** Monday, April 13, 2026 8:03 PM
**To:** Erica Wolff <EWolff@shertremonte.com>
**Cc:** Benjamin J. Shack Sackler <bshacksackler@shertremonte.com>; Rodney S. Diggs <RDiggs@imwlaw.com>; Tyrine S. Aman <TAman@imwlaw.com>; Alice D. Williams <AWilliams@imwlaw.com>; Le Chaune Metoyer <LMetoyer@imwlaw.com>; Alexandria K. Feather <afeather@imwlaw.com>; Michael Tremonte <MTremonte@shertremonte.com>; Katie Renzler <KRenzler@shertremonte.com>; Mark Cuccaro <MCuccaro@shertremonte.com>; njahss@cohen-williams.com; mwilliams@cohen-williams.com; rcohen@cohen-williams.com; jpacitti@cohen-williams.com
**Subject:** Re: Rodney Jones v. Sean Combs, et al. - Discovery Requests

Yes, I agree. I would like to push the HIPAA release back to 4/24/26.  I will not be able to get a wet signature release from Plaintiff by the 17th.

*Tyrone A. Blackburn, Esq.*
T. A. Blackburn Law, PLLC
1242 East 80th Street, 3rd Floor
Brooklyn, NY 11236
P: 347-342-7432
E: info@tablackburnlaw.com

Please note that using the Internet for communications with the firm will not establish an attorney-client relationship, and messages containing confidential or time-sensitive information should not be sent via this media.
CONFIDENTIALITY NOTICE TO RECIPIENT(S): This e-mail transmission (and the attachment(s) accompanying it) may contain confidential information belonging to the sender, which is protected by the attorney-client privilege. The information is only for the use of the intended recipient. If you are not the intended recipient, you are now notified that any disclosure, copying, or distribution of any information in this transmission or taking any action in reliance on the contents of this transmission is strictly prohibited. Any unauthorized interception of this transmission is illegal under the law. If you have received this transmission in error, please promptly notify the sender by replying to this e-mail and then delete all copies. Thank you.
CAUTIONARY NOTICE TO AUTHORIZED RECIPIENT(S): Unless the recipient(s) and the law firm transmitting this message are parties to a signed retainer agreement binding the law firm to act as attorney for the recipient(s), neither this law firm nor any attorney in its employ is (or may be deemed to be) acting as such attorney. Any message or data sent to any recipient(s) as a courtesy is without the benefit of any actual knowledge about the particular situation of such recipient(s) and is without any "due diligence" or similar inquiry on the part of this firm. Everything stated is purely a general comment or suggestion based on the limited facts presented to this firm.

On Mon, Apr 13, 2026 at 7:57 PM Erica Wolff <EWolff@shertremonte.com> wrote:

> Tyrone,
>
> We propose asking the Court to amend the CMO deadlines as follows:
>
> - Deadline for Plaintiff to serve a revised first set of interrogatories: **April 15, 2026**.
> - Deadline for Plaintiff to provide HIPAA-compliant medical records release authorizations for the Defendants: **April 17, 2026**.
> - Deadline for Defendant Combs to file an amended answer to assert counterclaims   pursuant to Fed. R. Civ. P. 15(a)(2):  **June 30, 2026**.
> - Fact discovery deadline: **December 18, 2026**.
> - Deposition deadline: **December 18, 2026**
>
> Please confirm.
>
> Thanks,
>
> Erica



**Erica A. Wolff**
**Sher Tremonte LLP**

90 Broad Street, 23rd Floor | New York, NY 10004
ewolff@shertremonte.com  |  tel: 212.202.2679  |  fax: 212.202.4156
www.shertremonte.com



This e-mail message is intended only for the personal use of the recipient(s) named above. This message may be an attorney-client communication and as such privileged and confidential and/or it may include attorney work product. If you are not an intended recipient, you may not review, copy or distribute this message. If you have received this communication in error, please notify us immediately by e-mail and delete the original message.

---

**From:** Tyrone Blackburn <tblackburn@tablackburnlaw.com>
**Sent:** Monday, April 13, 2026 3:12 PM
**To:** Erica Wolff <EWolff@shertremonte.com>
**Cc:** Benjamin J. Shack Sackler <bshacksackler@shertremonte.com>; Rodney S. Diggs <RDiggs@imwlaw.com>; Tyrine S. Aman <TAman@imwlaw.com>; Alice D. Williams <AWilliams@imwlaw.com>; Le Chaune Metoyer <LMetoyer@imwlaw.com>; Alexandria K. Feather <afeather@imwlaw.com>; Michael Tremonte <MTremonte@shertremonte.com>; Katie Renzler <KRenzler@shertremonte.com>; Mark Cuccaro <MCuccaro@shertremonte.com>; njahss@cohen-williams.com; mwilliams@cohen-williams.com; rcohen@cohen-williams.com; jpacitti@cohen-williams.com
**Subject:** Re: Rodney Jones v. Sean Combs, et al. - Discovery Requests

I can send you the revised request by Wednesday.  I will also provide the Plaintiffs' answers to your demands by Wednesday as well.

Regards,

*Tyrone A. Blackburn, Esq.*
T. A. Blackburn Law, PLLC
1242 East 80th Street, 3rd Floor
Brooklyn, NY 11236
P: 347-342-7432
E: info@tablackburnlaw.com

---

Please note that using the Internet for communications with the firm will not establish an attorney-client relationship, and messages containing confidential or time-sensitive information should not be sent via this media.
CONFIDENTIALITY NOTICE TO RECIPIENT(S): This e-mail transmission (and the attachment(s) accompanying it) may contain confidential information belonging to the sender, which is protected by the attorney-client privilege. The information is only for the use of the intended recipient. If you are not the intended recipient, you are now notified that any disclosure, copying, or distribution of any information in this transmission or taking any action in reliance on the contents of this transmission is strictly prohibited. Any unauthorized interception of this transmission is illegal under the law. If you have received this transmission in error, please promptly notify the sender by replying to this e-mail and then delete all copies. Thank you.
CAUTIONARY NOTICE TO AUTHORIZED RECIPIENT(S): Unless the recipient(s) and the law firm transmitting this message are parties to a signed retainer agreement binding the law firm to act as attorney for the recipient(s), neither this law firm nor any attorney in its employ is (or may be deemed to be) acting as such attorney. Any message or data sent to any recipient(s) as a courtesy is without the benefit of any actual knowledge about the particular situation of such recipient(s) and is without any "due diligence" or similar inquiry on the part of this firm. Everything stated is purely a general comment or suggestion based on the limited facts presented to this firm.

On Mon, Apr 13, 2026 at 3:08 PM Erica Wolff <EWolff@shertremonte.com> wrote:

Tyrone,

We will give some thought to new dates given where things stand now and circulate a proposed revised schedule for review later today so that we can file with the Court before the end of the day. In the meantime, please let us know Plaintiff's position on the question of whether he intends to stand on the interrogatories previously served notwithstanding the deficiencies we raised, and if not, how much time Plaintiff wants to revise them.

-Erica



**Erica A. Wolff**
**Sher Tremonte LLP**

90 Broad Street, 23rd Floor | New York, NY 10004
ewolff@shertremonte.com  |  tel: 212.202.2679  |  fax: 212.202.4156
www.shertremonte.com

This e-mail message is intended only for the personal use of the recipient(s) named above. This message may be an attorney-client communication and as such privileged and confidential and/or it may include attorney work product. If you are not an intended recipient, you may not review, copy or distribute this message. If you have received this communication in error, please notify us immediately by e-mail and delete the original message.

**From:** Tyrone Blackburn <tblackburn@tablackburnlaw.com>
**Sent:** Monday, April 13, 2026 10:24 AM
**To:** Benjamin J. Shack Sackler <bshacksackler@shertremonte.com>
**Cc:** Rodney S. Diggs <RDiggs@imwlaw.com>; Erica Wolff <EWolff@shertremonte.com>; Tyrine S. Aman <TAman@imwlaw.com>; Alice D. Williams <AWilliams@imwlaw.com>; Le Chaune Metoyer <LMetoyer@imwlaw.com>; Alexandria K. Feather <afeather@imwlaw.com>; Michael Tremonte <MTremonte@shertremonte.com>; Katie Renzler <KRenzler@shertremonte.com>; Mark Cuccaro <MCuccaro@shertremonte.com>; njahss@cohen-williams.com; mwilliams@cohen-williams.com; rcohen@cohen-williams.com; jpacitti@cohen-williams.com
**Subject:** Re: Rodney Jones v. Sean Combs, et al. - Discovery Requests

Good morning all,

We consent to the adjournment of the fact discovery deadline.  It is unclear what claims your client intends to file against Mr. Jones, but if you want to file a cross-complaint, then so be it. If you would like to meet to discuss a proposed new timeline, please let me know.  I am pretty free today.  Erica, if you have time after the 2 pm Gardner v. Combs status conference, we can jump on a call to discuss.

Regards,

*Tyrone A. Blackburn, Esq.*
T. A. Blackburn Law, PLLC
1242 East 80th Street, 3rd Floor
Brooklyn, NY 11236
P: 347-342-7432
E: info@tablackburnlaw.com

Please note that using the Internet for communications with the firm will not establish an attorney-client relationship, and messages containing confidential or time-sensitive information should not be sent via this media.
CONFIDENTIALITY NOTICE TO RECIPIENT(S): This e-mail transmission (and the attachment(s) accompanying it) may contain confidential information belonging to the sender, which is protected by the attorney-client privilege. The information is only for the use of the intended recipient. If you are not the intended recipient, you are now notified that any disclosure, copying, or distribution of any information in this transmission or taking any action in reliance on the contents of this transmission is strictly prohibited. Any unauthorized interception of this transmission is illegal under the law. If you have received this transmission in error, please promptly notify the sender by replying to this e-mail and then delete all copies. Thank you.
CAUTIONARY NOTICE TO AUTHORIZED RECIPIENT(S): Unless the recipient(s) and the law firm transmitting this message are parties to a signed retainer agreement binding the law firm to act as attorney for the recipient(s), neither this law firm nor any attorney in its employ is (or may be deemed to be) acting as such attorney. Any message or data sent to any recipient(s) as a courtesy is without the benefit of any actual knowledge about the particular situation of such recipient(s) and is without any "due diligence" or similar inquiry on the part of this firm. Everything stated is purely a general comment or suggestion based on the limited facts presented to this firm.

On Fri, Mar 13, 2026 at 1:19 PM Ben Shack Sackler <bshacksackler@shertremonte.com> wrote:

Hi Rodney,

In December we agreed that you would advise us by December 23, 2025 if you intended to stand on the interrogatories you previously served notwithstanding the deficiencies we raised, that if you did not, you would advise us how much time you wanted to revise them, and that we would then meet and confer concerning revised deadlines for responses to the initial discovery demands (interrogatories + document demands). We never heard back from you and it is accordingly unclear to us whether Jones intends to pursue his claims. If he does, we need to meet and confer about scheduling going forward, and most immediately, to stipulate to adjourn the March 16, 2026 deadlines for contention interrogatories, requests for admission, and meeting and conferring on expert disclosures – which obviously doesn't work considering where things stand with preliminary discovery.

We would also need to seek leave from the Court to adjourn the April 15, 2026 fact discovery deadline. If Mr. Jones is pursuing his claims, we would seek to adjourn the discovery schedule by 8 months to provide the parties sufficient time to start and complete discovery, taking into consideration that we expect to soon file a motion for leave to amend our answer to assert counterclaims against Mr. Jones arising from recent conduct and facts that have emerged as a result of such conduct.

Please confirm today that we are stipulating to adjourn the March 16, 2026 deadlines (with an adjourn date to be determined once we have met and conferred). And please let us know by next week (1) whether Mr. Jones intends to pursue his claims; (2) if so, whether you agree to jointly move the court to extend the April 15 fact discovery deadline; and (3) whether you consent to us amending our answer which will include counterclaims.

Thanks,

Ben

6

**Benjamin J. Shack Sackler**
**Sher Tremonte LLP**

90 Broad Street, 23rd Floor | New York, NY 10004
bshacksackler@shertremonte.com  |  tel: 646.795.0527  |  fax: 212.202.4156
www.shertremonte.com

This e-mail message is intended only for the personal use of the recipient(s) named above. This message may be an attorney-client communication and as such privileged and confidential and/or it may include attorney work product. If you are not an intended recipient, you may not review, copy or distribute this message. If you have received this communication in error, please notify us immediately by e-mail and delete the original message.

---

**From:** Rodney S. Diggs <RDiggs@imwlaw.com>
**Sent:** Thursday, December 18, 2025 4:31 AM
**To:** Erica Wolff <EWolff@shertremonte.com>
**Cc:** Tyrone Blackburn <tblackburn@tablackburnlaw.com>; Tyrine S. Aman <TAman@imwlaw.com>; Alice D. Williams <AWilliams@imwlaw.com>; Le Chaune Metoyer <LMetoyer@imwlaw.com>; Alexandria K. Feather <afeather@imwlaw.com>; Michael Tremonte <MTremonte@shertremonte.com>; Katie Renzler <KRenzler@shertremonte.com>; Mark Cuccaro <MCuccaro@shertremonte.com>; njahss@cohen-williams.com; mwilliams@cohen-williams.com; rcohen@cohen-williams.com; jpacitti@cohen-williams.com
**Subject:** Re: Rodney Jones v. Sean Combs, et al. - Discovery Requests

Hi Erica

The latter is what I was proposing.  My apologies for any confusion.

# IMW
**IVIE McNEILL WYATT**
**PURCELL & DIGGS**

**Rodney S. Diggs | Director**
**IVIE McNEILL WYATT PURCELL & DIGGS**
444 South Flower Street, Suite 3200
Los Angeles, CA 90071
Phone: (213) 489-0028 | Fax: (213) 489-0552
RDiggs@imwlaw.com | www.imwlaw.com
*"A Tradition of Excellence Since 1943"*

**CONFIDENTIALITY NOTICE**
This electronic mail transmission, including any attachments, may contain confidential information which is legally privileged. The information is intended only for the use of the individual or entity named above and may contain information that may be protected by the attorney-client privilege, work-product doctrine, or other privileges, and may be restricted from disclosure by applicable state and federal law. If you are not the intended recipient, you are hereby NOTIFIED that any disclosure, copying, distribution or taking of any action in reliance on the information is strictly prohibited. If you have received this electronically mailed information in error, please notify the sender immediately and permanently delete all copies of the original e-mail and any attached documentation.

**SERVICE NOTICE**
Rodney S. Diggs and Ivie McNeill Wyatt Purcell & Diggs, APLC do not accept or consent to the service of process, motions, pleadings, documents, or any other items by electronic format. Correspondence via electronic format does not indicate agreement or consent to acceptance of service in such format unless otherwise agreed upon or required by law.

> On Dec 17, 2025, at 1:42 PM, Erica Wolff <EWolff@shertremonte.com> wrote:

> Rodney,

> Rodney, I am not entirely sure I understand your proposal. Per our earlier stipulation, if you decide to stand on your interrogatories, then responses and objections to them would be due December 29. And if you decide to withdraw, then we agreed to meet and confer about the service and response dates for the new interrogatories.

> Are you proposing that responses and objections to document demands be due on the same day as responses and objections to interrogatories (i.e. on Dec. 29 if you stand on your interrogatories, and if you instead decided to withdraw, then on a later date to be agreed upon by the parties)? If so, that makes sense to us.

> For avoidance of doubt, I am proposing that the foregoing would apply to all parties so we would have consistent schedules.

> Thanks,

> Erica

<image001.png>    **Erica A. Wolff**
**Sher Tremonte LLP**

90 Broad Street, 23rd Floor | New York, NY 10004

ewolff@shertremonte.com   |   tel: 212.202.2670   |   fax: 212.202.4156
www.shertremonte.com

<image002.png>  <image003.png>  <image004.png>

This e-mail message is intended only for the personal use of the recipient(s) named above. This message may be an attorney-client communication and as such privileged and confidential and/or it may include attorney work product. If you are not an intended recipient, you may not review, copy or distribute this message. If you have received this communication in error, please notify us immediately by e-mail and delete the original message.

---

**From:** Rodney S. Diggs <RDiggs@imwlaw.com>
**Sent:** Wednesday, December 17, 2025 2:27 PM
**To:** Erica Wolff <EWolff@shertremonte.com>; Tyrone Blackburn <tblackburn@tablackburnlaw.com>
**Cc:** Tyrine S. Aman <TAman@imwlaw.com>; Alice D. Williams <AWilliams@imwlaw.com>; Le Chaune Metoyer <LMetoyer@imwlaw.com>; Alexandria K. Feather <afeather@imwlaw.com>; Michael Tremonte <MTremonte@shertremonte.com>; Katie Renzler <KRenzler@shertremonte.com>; Mark Cuccaro <MCuccaro@shertremonte.com>; njahss@cohen-williams.com; mwilliams@cohen-williams.com; rcohen@cohen-williams.com; jpacitti@cohen-williams.com
**Subject:** RE: Rodney Jones v. Sean Combs, et al. - Discovery Requests

Erica –

Here is what makes sense to me, if we stay the document demand until we meet and confer next week. However, in the event we do withdraw the interrogatories then the clock starts ticking on the production of documents. Alternatively, if we believe the interrogatories stand, then we will agree on a date that both interrogatories and document demands are due. Does that work?

<image005.png>
**Rodney S. Diggs** | **Director**
**IVIE McNEILL WYATT PURCELL & DIGGS**
444 South Flower Street, Suite 3200
Los Angeles, CA 90071
Phone: (213) 489-0028 | Fax: (213) 489-0552
RDiggs@imwlaw.com | www.imwlaw.com

*"A Tradition of Excellence Since 1943"*

**CONFIDENTIALITY NOTICE**
This electronic mail transmission, including any attachments, may contain confidential information which is legally privileged. The information is intended only for the use of the individual or entity named above and may contain information that may be protected by the attorney-client privilege, work-product doctrine, or other privileges, and may be restricted from disclosure by applicable state and federal law. If you are not the intended recipient, you are hereby NOTIFIED that any disclosure, copying, distribution or taking of any action in reliance on the information is strictly prohibited. If you have received this electronically mailed information in error, please notify the sender immediately and permanently delete all copies of the original e-mail and any attached documentation.

**SERVICE NOTICE**
Rodney S. Diggs and Ivie McNeill Wyatt Purcell & Diggs, APLC do not accept or consent to the service of process, motions, pleadings, documents, or any other items by electronic format. Correspondence via electronic format does not indicate agreement or consent to acceptance of service in such format unless otherwise agreed upon or required by law.

---

**From:** Erica Wolff <EWolff@shertremonte.com>
**Sent:** Wednesday, December 17, 2025 11:21 AM
**To:** Rodney S. Diggs <RDiggs@imwlaw.com>; Tyrone Blackburn <tblackburn@tablackburnlaw.com>
**Cc:** Tyrine S. Aman <TAman@imwlaw.com>; Alice D. Williams <AWilliams@imwlaw.com>; Le Chaune Metoyer <LMetoyer@imwlaw.com>; Alexandria K. Feather <afeather@imwlaw.com>; Michael Tremonte <MTremonte@shertremonte.com>; Katie Renzler <KRenzler@shertremonte.com>; Mark Cuccaro <MCuccaro@shertremonte.com>; njahss@cohen-williams.com; mwilliams@cohen-williams.com; rcohen@cohen-williams.com; jpacitti@cohen-williams.com
**Subject:** RE: Rodney Jones v. Sean Combs, et al. - Discovery Requests

Thanks, Rodney. Can we likewise stipulate to adjourn the service of written responses and objection to document demands consistent with the adjournment of interrogatory responses and objections agreed to below? I have not yet had a chance to review the proposed edits on the protective order you sent yesterday, but I hope to review and revert shortly on that.

<image001.png>    **Erica A. Wolff**
**Sher Tremonte LLP**

90 Broad Street, 23rd Floor | New York, NY 10004
ewolff@shertremonte.com   |   tel: 212.202.2670   |   fax: 212.202.4156
www.shertremonte.com

<image002.png>  <image003.png>  <image004.png>

This e-mail message is intended only for the personal use of the recipient(s) named above. This message may be an attorney-client communication and as such privileged and confidential and/or it may include attorney work product. If you are not an intended recipient, you may not review, copy or distribute this message. If you have received this communication in error, please notify us immediately by e-mail and delete the original message.

<image006.jpg>

---

**From:** Rodney S. Diggs <RDiggs@imwlaw.com>
**Sent:** Tuesday, December 16, 2025 6:09 PM
**To:** Erica Wolff <EWolff@shertremonte.com>; Tyrone Blackburn <tblackburn@tablackburnlaw.com>
**Cc:** Tyrine S. Aman <TAman@imwlaw.com>; Alice D. Williams <AWilliams@imwlaw.com>; Le Chaune Metoyer <LMetoyer@imwlaw.com>; Alexandria K. Feather <afeather@imwlaw.com>; Michael Tremonte <MTremonte@shertremonte.com>; Katie Renzler <KRenzler@shertremonte.com>; Mark Cuccaro <MCuccaro@shertremonte.com>; njahss@cohen-williams.com; mwilliams@cohen-williams.com; rcohen@cohen-williams.com; jpacitti@cohen-williams.com

**Subject:** RE: Rodney Jones v. Sean Combs, et al. - Discovery Requests

That works for me.

<image005.png>
**Rodney S. Diggs** | **Director**
**IVIE McNEILL WYATT PURCELL & DIGGS**
444 South Flower Street, Suite 3200
Los Angeles, CA 90071
Phone: (213) 489-0028 | Fax: (213) 489-0552
RDiggs@imwlaw.com | www.imwlaw.com

*"A Tradition of Excellence Since 1943"*

**CONFIDENTIALITY NOTICE**
This electronic mail transmission, including any attachments, may contain confidential information which is legally privileged. The information is intended only for the use of the individual or entity named above and may contain information that may be protected by the attorney-client privilege, work-product doctrine, or other privileges, and may be restricted from disclosure by applicable state and federal law. If you are not the intended recipient, you are hereby NOTIFIED that any disclosure, copying, distribution or taking of any action in reliance on the information is strictly prohibited. If you have received this electronically mailed information in error, please notify the sender immediately and permanently delete all copies of the original e-mail and any attached documentation.

**SERVICE NOTICE**
Rodney S. Diggs and Ivie McNeill Wyatt Purcell & Diggs, APLC do not accept or consent to the service of process, motions, pleadings, documents, or any other items by electronic format. Correspondence via electronic format does not indicate agreement or consent to acceptance of service in such format unless otherwise agreed upon or required by law.

**From:** Erica Wolff <EWolff@shertremonte.com>
**Sent:** Tuesday, December 16, 2025 2:23 PM
**To:** Rodney S. Diggs <RDiggs@imwlaw.com>; Tyrone Blackburn <tblackburn@tablackburnlaw.com>
**Cc:** Tyrine S. Aman <TAman@imwlaw.com>; Alice D. Williams <AWilliams@imwlaw.com>; Le Chaune Metoyer <LMetoyer@imwlaw.com>; Alexandria K. Feather <afeather@imwlaw.com>; Michael Tremonte <MTremonte@shertremonte.com>; Katie Renzler <KRenzler@shertremonte.com>; Mark Cuccaro <MCuccaro@shertremonte.com>; njahss@cohen-williams.com; mwilliams@cohen-williams.com; rcohen@cohen-williams.com; jpacitti@cohen-williams.com
**Subject:** RE: Rodney Jones v. Sean Combs, et al. - Discovery Requests

Rodney,

Thanks for your prompt response. We are fine with your getting back to us by December 23 provided we stipulate (by email is fine) that Defendants' time to respond to the Plaintiff's First Set of Interrogatories is extended accordingly. Also, because members of our team will be out of the office much of next week with the Holidays and school breaks, I would ask that should you decide on December 23 to stand on the current interrogatories then we would have until December 29 to respond. And if you decide to withdraw and revise Plaintiff's interrogatories, we can meet and confer by email concerning how much time you would like to complete revisions. Does that work for everyone?

Thanks,
Erica

<image001.png>    **Erica A. Wolff**
**Sher Tremonte LLP**

90 Broad Street, 23rd Floor | New York, NY 10004
ewolff@shertremonte.com   |   tel: 212.202.2679   |   fax: 212.202.4156
www.shertremonte.com

<image002.png>  <image003.png>  <image004.png>

This e-mail message is intended only for the personal use of the recipient(s) named above. This message may be an attorney-client communication and as such privileged and confidential and/or it may include attorney work product. If you are not an intended recipient, you may not review, copy or distribute this message. If you have received this communication in error, please notify us immediately by e-mail and delete the original message.

<image006.jpg>

**From:** Rodney S. Diggs <RDiggs@imwlaw.com>
**Sent:** Tuesday, December 16, 2025 4:14 PM
**To:** Erica Wolff <EWolff@shertremonte.com>; Tyrone Blackburn <tblackburn@tablackburnlaw.com>
**Cc:** Tyrine S. Aman <TAman@imwlaw.com>; Alice D. Williams <AWilliams@imwlaw.com>; Le Chaune Metoyer <LMetoyer@imwlaw.com>; Alexandria K. Feather <afeather@imwlaw.com>; Michael Tremonte <MTremonte@shertremonte.com>; Katie Renzler <KRenzler@shertremonte.com>; Mark Cuccaro <MCuccaro@shertremonte.com>; njahss@cohen-williams.com; mwilliams@cohen-williams.com; rcohen@cohen-williams.com; jpacitti@cohen-williams.com
**Subject:** RE: Rodney Jones v. Sean Combs, et al. - Discovery Requests

Hi Erica –

Thank you for reaching out and for taking the time to meet and confer on Plaintiff's First Set of Interrogatories. I appreciate your concerns regarding Rule 33(a)(1)'s limitations and will carefully review the interrogatories to assess whether any subparts constitute "discrete subparts" as opposed to logically and factually related components of a single interrogatory.

That said, I do want to note that your characterization of certain interrogatories appears to misconstrue the well-established distinction between permissible related subparts and impermissible discrete subparts. By way of example, your objection to Interrogatory No. 1 lacks merit. Courts routinely hold that requests for basic identifying information—including a party's name, aliases, addresses, telephone numbers, and email addresses—constitute a single interrogatory because these subparts are logically and factually interrelated to the singular subject of identifying and contacting the responding party. Your attempt to fragment routine identification requests into four separate interrogatories—(1) full name and aliases; (2) current residence address; (3) all residence addresses during the Period; and (4) all telephone numbers and email addresses used during the Period—is inconsistent with both the text and purpose of Rule 33.

However, I will review the interrogatories propounded. Could I get back to you by no later than Tuesday, December 23rd to review and let you know whether will withdraw? Please let me know if that is acceptable.

Best,

Rodney

<image005.png> | **Director**
**Rodney S. Diggs** | **Director**
**IVIE McNEILL WYATT PURCELL & DIGGS**
444 South Flower Street, Suite 3200
Los Angeles, CA 90071
Phone: (213) 489-0028 | Fax: (213) 489-0552
RDiggs@imwlaw.com | www.imwlaw.com

*"A Tradition of Excellence Since 1943"*

**CONFIDENTIALITY NOTICE**
This electronic mail transmission, including any attachments, may contain confidential information which is legally privileged. The information is intended only for the use of the individual or entity named above and may contain information that may be protected by the attorney-client privilege, work-product doctrine, or other privileges, and may be restricted from disclosure by applicable state and federal law. If you are not the intended recipient, you are hereby NOTIFIED that any disclosure, copying, distribution or taking of any action in reliance on the information is strictly prohibited. If you have received this electronically mailed information in error, please notify the sender immediately and permanently delete all copies of the original e-mail and any attached documentation.

**SERVICE NOTICE**
Rodney S. Diggs and Ivie McNeill Wyatt Purcell & Diggs, APLC do not accept or consent to the service of process, motions, pleadings, documents, or any other items by electronic format. Correspondence via electronic format does not indicate agreement or consent to acceptance of service in such format unless otherwise agreed upon or required by law.

**From:** Erica Wolff <EWolff@shertremonte.com>
**Sent:** Tuesday, December 16, 2025 12:22 PM
**To:** Rodney S. Diggs <RDiggs@imwlaw.com>; Tyrone Blackburn <tblackburn@tablackburnlaw.com>
**Cc:** Tyrine S. Aman <TAman@imwlaw.com>; Alice D. Williams <AWilliams@imwlaw.com>; Le Chaune Metoyer <LMetoyer@imwlaw.com>; Alexandria K. Feather <afeather@imwlaw.com>; Michael Tremonte <MTremonte@shertremonte.com>; Katie Renzler <KRenzler@shertremonte.com>; Mark Cuccaro <MCuccaro@shertremonte.com>; njahss@cohen-williams.com; mwilliams@cohen-williams.com; rcohen@cohen-williams.com; jpacitti@cohen-williams.com
**Subject:** RE: Rodney Jones v. Sean Combs, et al. - Discovery Requests

Rodney, Tyrone,

I'm writing to meet and confer on Plaintiff's First Set of Interrogatories to Defendant Sean Combs which you served by email on November 18, 2025 ("Plaintiff's First Set of Interrogatories").

Without waiver of, and while expressly preserving all other objections as to the form, content, and scope of Plaintiff's First Set of Interrogatories, we note that Plaintiff's First Set of Interrogatories are improper on their face because (among other things) they exceed the number of interrogatories permitted by the Federal Rules of Civil Procedure and the Combs Defendants intend to object to them on that ground (among others).

Federal Rule of Civil Procedure 33 provides that: "Unless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, ***including all discrete subparts***." Fed. R. Civ. P. 33(a)(1) (emphasis added). "Parties cannot evade [the interrogatory number] limitation through the device of joining as 'subparts' questions that seek information about discrete separate subjects." Fed. R. Civ. P. 33(a) advisory committee's notes 1993 Amendment.

Plaintiff's First Set of Interrogatories purport to propound 25 numbered interrogatories, but considering their "discrete subparts," actually consist of well over 50 interrogatories. By way of example only:

1. "Interrogatory No. 1" contains at least 4 discrete requests about separate subjects:

   (1) full name and aliases;

   (2) current residence address;

   (3) all residence addresses during the Period; and

   (4) all telephone numbers and email addresses used during the Period;

1. "Interrogatory No. 3" contains at least 11 discrete requests about separate subjects, including:

   (1) Defendant's arrival time;

   (2) a narrative of Defendant's activities on a particular day;

   (3) identity of a third party;

   (4) circumstances of a shooting;

   (5) identity of a perpetrator;

   (6) location of a shooting;

   (7) identification of weapons;

   (8) identities of owners of weapons;

   (9) a narrative of circumstances relating to presence of weapons;

   (10) a narrative of Defendant's activities following a particular event; and

   (11) identification of communications.

1. "Interrogatory No. 7" contains at least 6 discrete requests about separate subjects, including:

   (1) employment start date;

   (2) terms of employment;

   (3) compensation;

   (4) identification of work product;

   (5) credits and royalty points; and

   (6) end date of employment.

1. "Interrogatory No. 4" contains at least 3 discrete requests about separate subjects, including:

   (1) information about sex workers;

   (2) information about controlled substances; and

   (3) information about alcoholic beverages.

Because Plaintiff's First Set of Interrogatories exceeds the limit permitted by the Federal Rules of Civil Procedure we must object to Plaintiff's First Set of Interrogatories in their entirety. *See, e.g., E.E.O.C. v. Beauty Enterprises, Inc.*, 2008 WL 3359252 (D. Conn. Aug. 8, 2008) (holding that "[t]o preserve its objection under Rule 33, [the defendant] had to 'object to the number of interrogatories before responding' to the interrogatories" and could not selectively choose which interrogatories to respond to); *Allahverdi v. Regents of University of New Mexico*, 228 F.R.F. 696 (D.N.M. 2005) (similar); Wright & Miller's Federal Practice & Procedure § 2168.1 (3d ed. 2025) ("if a party believes that the numerical limitation has been exceeded, it waives the objection if it selectively answers some of the interrogatories and objects on this ground to the rest.").

Please let us know whether, in light of the foregoing, Plaintiff would like to withdraw Plaintiff's First Set of Interrogatories and serve a new set compliant with Rule 33(a)(1)'s limitations. If so, we are happy to meet and confer today or tomorrow on a schedule for serving the same. And if it would be productive to meet and confer further about any of the foregoing by telephone please let us know some times you are available later **today or tomorrow**.

Thank you,

Erica

&lt;image001.png&gt;

**Erica A. Wolff**
**Sher Tremonte LLP**

90 Broad Street, 23rd Floor | New York, NY 10004
ewolff@shertremonte.com  |  tel: 212.202.2679  |  fax: 212.202.4156
www.shertremonte.com

&lt;image002.png&gt;  &lt;image003.png&gt;  &lt;image004.png&gt;

This e-mail message is intended only for the personal use of the recipient(s) named above. This message may be an attorney-client communication and as such privileged and confidential and/or it may include attorney work product. If you are not an intended recipient, you may not review, copy or distribute this message. If you have received this communication in error, please notify us immediately by e-mail and delete the original message.

&lt;image006.jpg&gt;

**From:** Alexandria K. Feather &lt;afeather@imwlaw.com&gt;
**Sent:** Tuesday, November 18, 2025 2:25 AM

11

**To:** Erica Wolff <EWolff@shertremonte.com>; Michael Tremonte <MTremonte@shertremonte.com>; Katie Renzler <KRenzler@shertremonte.com>; Mark Cuccaro <MCuccaro@shertremonte.com>; njahss@cohen-williams.com; mwilliams@cohen-williams.com; rcohen@cohen-williams.com; jpacitti@cohen-williams.com
**Cc:** Rodney S. Diggs <RDiggs@imwlaw.com>; Tyrine S. Aman <TAman@imwlaw.com>; Alice D. Williams <AWilliams@imwlaw.com>; Le Chaune Metoyer <LMetoyer@imwlaw.com>; Tyrone Blackburn <tblackburn@tablackburnlaw.com>
**Subject:** Rodney Jones v. Sean Combs, et al. - Discovery Requests

**On behalf of Rodney S. Diggs**

Attached please find the following documents in connection with the above-referenced matter:

1. Plaintiff's First Set of Interrogatories to Defendant Sean Combs;
2. Plaintiff's First Set of Interrogatories to Defendant Kristina Khorram;
3. Plaintiff's First Request for Production of Documents to Defendant Sean Combs; and
4. Plaintiff's First Request for Production of Documents to Defendant Kristina Khorram

Thank you

<image005.png>
**Alexandria K. Feather** | **Legal Secretary**
**IVIE McNEILL WYATT PURCELL & DIGGS**
444 South Flower Street, Suite 3200
Los Angeles, CA 90071
Phone: (213) 489-0028
afeather@imwlaw.com | www.imwlaw.com

*"A Tradition of Excellence Since 1943"*

**CONFIDENTIALITY NOTICE**
This electronic mail transmission, including any attachments, may contain confidential information which is legally privileged. The information is intended only for the use of the individual or entity named above and may contain information that may be protected by the attorney-client privilege, work-product doctrine, or other privileges, and may be restricted from disclosure by applicable state and federal law. If you are not the intended recipient, you are hereby NOTIFIED that any disclosure, copying, distribution or taking of any action in reliance on the information is strictly prohibited. If you have received this electronically mailed information in error, please notify the sender immediately and permanently delete all copies of the original e-mail and any attached documentation.

**SERVICE NOTICE**
Alexandria K. Feather and Ivie McNeill Wyatt Purcell & Diggs, APLC do not accept or consent to the service of process, motions, pleadings, documents, or any other items by electronic format. Correspondence via electronic format does not indicate agreement or consent to acceptance of service in such format unless otherwise agreed upon or required by law.