# EXHIBIT 4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RODNEY JONES,<br><br>   Plaintiff,<br><br>v.<br><br>SEAN COMBS, JUSTIN DIOR COMBS, LUCIAN CHARLES GRAINGE, KRISTINA KHORRAM, LOVE RECORDS, MOTOWN RECORDS, UNIVERSAL MUSIC GROUP, COMBS GLOBAL ENTERPRISES, JOHN and JANE DOES 1-10 and ABC CORPORATIONS, 1-10<br><br>   Defendants. | Case No.: 24-cv-01457 (JPO)<br><br><br>**PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT SEAN COMBS** |

Propounding Party:  Plaintiff Rodney Jones

Responding Party:  Defendant Sean Combs

Set No.:     One

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiff Rodney Jones requests that Defendant Sean Combs produce for inspection and copying the following documents and electronically stored information within thirty (30) days of service hereof. Documents should be produced in their native format with all metadata intact.

## DEFINITIONS AND INSTRUCTIONS

1. **"You," "your," or "Defendant"** means Defendant Sean Combs and his agents, representatives, employees, attorneys, investigators, or any other person acting or purporting to act on his behalf.

2. **"Plaintiff" or "Mr. Jones"** means Rodney Jones.

3. **"Document"** has the meaning set forth in Fed. R. Civ. P. 34(a) and includes all electronically stored information (ESI), including but not limited to emails, text messages, social media communications, photographs, videos, audio recordings, and metadata.

4. **"Communication"** means any transmission of information by any means, including but not limited to conversations, discussions, meetings, telephone calls, emails, text messages, instant messages, social media messages, letters, memoranda, or any other form of information exchange.

5. **"The Period"** means September 1, 2022 through November 30, 2023, unless otherwise specified.

6. **"Identify" or "Identification"** when referring to:

- A person means to state their full name, current or last known address, telephone number, email address, and job title or relationship to you;

- A document means to state its date, author, addressee, type, subject matter, present location, and custodian;

- A communication means to state its date, participants, manner of communication, and substance.

**7. "Chalice Recording Studios" or "CRS"** means the recording studio located at 842/845 Highland Avenue, Los Angeles, California 90038.

**8. "Love Album" or "Love Album Off the Grid"** means the album produced during the Period.

**9. "Writers Camp"** means the September 2022 music production event held at Chalice Recording Studios.

**10. "Incident"** means the shooting that occurred at Chalice Recording Studios on or about September 12, 2022.

**11. "Sex worker"** has its common meaning and includes prostitutes, escorts, or any person engaged to provide sexual services for compensation.

**12. "Drugs" or "controlled substances"** includes but is not limited to cocaine, GHB, ecstasy, ketamine, marijuana, mushrooms, and any other illegal or prescription drugs not prescribed to the user.

13. **"Concerning" or "relating to"** means referring to, describing, evidencing, reflecting, constituting, mentioning, or in any way pertaining to, directly or indirectly, in whole or in part.

## INSTRUCTIONS:

**1. Scope of Request.** These requests call for production of all documents and electronically stored information ("ESI") in your possession, custody, or control, regardless of whether such documents or ESI are in your personal possession or in the possession of your attorneys, agents, employees, representatives, investigators, consultants, experts, or any other person acting or purporting to act on your behalf. Documents or ESI are deemed to be within your control if you have the right, authority, or practical ability to obtain them from another person or entity, even if not in your actual physical possession.

**2. Time Period.** Unless otherwise specified, these requests seek documents and ESI from September 1, 2022 through November 30, 2023 ("the Period"). However, if documents or ESI from outside this time period are relevant to any request, or if you contend that documents outside this period are necessary to understand documents within the Period, you shall produce such documents.

**3. Production Format and Organization.**

(a) **Native Format:** All ESI shall be produced in native format with all metadata intact, including but not limited to:

- Author and recipient information
- Creation, modification, send, and receive dates and times
- File names and paths

- Track changes and comments

- Hidden text and embedded data

- Email headers and routing information

(b) **Exceptions:** If native production is not reasonably feasible for particular documents, you may produce such documents as searchable PDF files with extracted text and a metadata load file, provided you notify Plaintiff's counsel in advance and obtain agreement.

(c) **Organization:** Documents shall be organized and labeled to correspond to the categories in these requests. If a document is responsive to multiple requests, you need only produce one copy but shall identify all requests to which it is responsive.

(d) **Bates Numbering:** All documents shall bear unique Bates numbers in a format agreed upon by the parties. Sequential numbering shall be maintained for document families (e.g., email with attachments).

(e) **Document Families:** Email chains shall be produced with all attachments. Do not separate attachments from their parent emails. Maintain parent-child relationships in production.

(f) **Production Media:** Documents may be produced on encrypted external hard drives, USB drives, or via secure file transfer protocol (SFTP) or other secure electronic means agreed upon by the parties.

**4. Electronically Stored Information.**

(a) Your responses must include all ESI, including but not limited to:

- Emails and email attachments

- Text messages (SMS and messaging applications including but not limited to WhatsApp, iMessage, Signal, Telegram, Instagram Direct Messages, Facebook Messenger, Snapchat)

- Social media posts, messages, and communications

- Cloud-based documents and files

- Database records and entries

- Voicemails (with transcripts if available)

- Audio and video recordings

- Digital photographs and images

- Metadata and system data

- Backup files and archives

- Deleted files that are recoverable

- Calendar entries and appointment records

- Spreadsheets and databases

- Presentations

- GPS and location data

- Website content and screenshots

(b) If any responsive ESI has been deleted, destroyed, or is otherwise unavailable, identify such ESI by date, author, recipients, subject matter, custodian, and reason for unavailability. If such ESI can be recovered or restored, you shall do so and produce it.

(c) For text messages and instant messages, produce the complete conversation thread showing all participants, dates, times, and message content. Include any embedded images, videos, links, or other content.

**5. Audio and Video Recordings.**

(a) All audio and video recordings shall be produced in their original format with all associated metadata.

(b) For audio recordings, provide transcripts if available. If transcripts are not available, Plaintiff reserves the right to request that you prepare transcripts at your expense for recordings used in depositions or court proceedings.

(c) For video recordings, identify the date, time, location, persons depicted, person who made the recording, and device used.

**6. Documents No Longer in Possession.** If any document or ESI responsive to these requests was formerly in your possession, custody, or control but is no longer available, state:

- The nature of the document or ESI
- The date of the document or ESI

- The author(s) and recipient(s)

- The subject matter

- The disposition of the document or ESI (including date and manner of destruction, deletion, loss, or transfer)

- The reason the document or ESI is no longer available

- The identity of all persons having knowledge of the document or ESI

- The identity of the person who destroyed, deleted, lost, or transferred the document or ESI

**7. Duty to Preserve.** You are under a continuing obligation to preserve all documents and ESI that may be relevant to this litigation. This includes implementing a litigation hold to prevent destruction, deletion, alteration, or modification of documents and ESI. The duty to preserve extends to:

- Active files and systems

- Archived materials

- Backup systems

- Cloud storage

- Personal devices used for business purposes

- Social media accounts

- Third-party custodians

**8. Privileged Documents.**

(a) If you withhold any document or ESI on the grounds of privilege, work product immunity, or any other ground, you shall provide a privilege log in accordance with Federal Rule of Civil Procedure 26(b)(5) and the Local Civil Rules of the Southern District of New York.

(b) The privilege log shall identify each withheld document with sufficient detail to permit assessment of the claim, including:

- Document type (e.g., email, letter, memorandum)

- Date of creation

- Author(s)

- All recipients and persons copied

- All persons to whom the document was distributed or shown

- Subject matter (described with sufficient specificity without revealing privileged information)

- Number of pages

- Privilege(s) claimed

- Factual basis for the privilege claim

(c) The privilege log shall be provided within thirty (30) days of your production deadline or as otherwise agreed by the parties.

(d) Documents protected solely by a claim of confidentiality shall be produced subject to the Protective Order and shall not be withheld.

## 9.  Objections.

(a) All objections must be stated with specificity and must set forth all factual and legal grounds for the objection. General or boilerplate objections are insufficient.

(b) If you object to any portion of a request, you must produce all responsive documents and ESI to which you do not object.

(c) An objection based on burden must identify the specific burden with particularity, including the time and expense required to comply.

(d) An objection based on relevance, proportionality, or scope must explain why the requested materials are not relevant or proportional to the needs of the case.

(e) You may not object to production on the grounds that the information is equally available to Plaintiff, is publicly available, or is in Plaintiff's possession unless you specifically identify where Plaintiff may obtain such information.

**10. Continuing Obligation.** These requests are continuing in nature. You are required to supplement your production if you discover additional responsive documents or ESI after your initial production. Supplemental productions shall be

made promptly upon discovery of additional responsive materials and in any event within fourteen (14) days of discovery.

**11. Redactions.**

(a) Redactions are permitted only to exclude information that is:

- Protected by a valid privilege (which must be logged)

- Private personal information of non-parties not relevant to this litigation (e.g., Social Security numbers, financial account numbers, dates of birth of minors)

- Information subject to privacy laws or regulations

(b) All redactions must be identified in your production letter, stating the basis for each redaction.

(c) Redactions for relevance are not permitted. If a portion of a document is responsive, the entire document must be produced.

**12. Definitions Apply.** All definitions set forth in the Interrogatories propounded concurrently herewith apply equally to these Requests for Production.

**13. Production of Original Documents.** If you contend that copies of documents are insufficient to adequately represent the original (for example, documents with distinctive formatting, handwritten annotations, or other characteristics not captured in copies), you shall make the original available for

inspection, or clearly indicate which documents exist in original form and should be inspected.

**14. Third-Party Documents.** These requests include documents created by third parties if such documents are in your possession, custody, or control. You shall produce all responsive third-party documents and identify the source of such documents.

**15. Personal Devices and Accounts.**

(a) These requests include documents and ESI stored on or transmitted through personal devices, personal email accounts, personal social media accounts, and personal messaging applications if such devices or accounts were used for matters related to this litigation or the events at issue.

(b) This includes but is not limited to:

- Personal cell phones
- Personal computers and tablets
- Personal email accounts (e.g., Gmail, Yahoo, iCloud)
- Personal messaging apps
- Personal social media accounts
- Personal cloud storage (e.g., Dropbox, Google Drive, iCloud)

**16. Production Deadline.** Unless otherwise ordered by the Court or agreed upon by the parties, all responsive documents and ESI shall be produced within

thirty (30) days of service of these requests. If you require additional time, you must meet and confer with Plaintiff's counsel to establish a reasonable rolling production schedule.

**17. Production Letter.** Your production shall be accompanied by a letter identifying:

- The requests to which documents are responsive

- The custodians from whom documents were collected

- The date range of documents produced

- The file format and organization system used

- Any limitations on the production (with explanation)

- Any technical issues encountered

- Any privileged documents withheld (with reference to privilege log)

- Any documents that could not be located or produced (with explanation)

- The total number of pages or files produced

**18. Cooperation in Resolving Disputes.** Before filing any motion to compel or for protective order concerning these requests, the parties shall meet and confer in good faith in accordance with Federal Rule of Civil Procedure 37(a)(1) and the Local Civil Rules of the Southern District of New York. During such conference, the parties shall discuss:

- The specific discovery at issue

- The burden and expense of production

- The relevance and proportionality of the requests

- Potential compromises or limitations

- Technical issues or challenges

- Proposed resolutions

**19. Confidential Information.** Documents containing confidential, private, or sensitive information shall be designated in accordance with the Protective Order entered in this case. Failure to designate documents at the time of production does not waive your right to later designate such documents as confidential, provided you do so promptly and provide notice to all parties.

**20. Authentication.** All documents produced shall be deemed authenticated for purposes of admissibility at trial or in connection with motions, subject to any objections based on relevance or other grounds not related to authentication.

**21. No Waiver by Production.** The inadvertent production of privileged or work product materials shall not constitute a waiver of any applicable privilege or protection. Upon notice that privileged material was produced, the Receiving Party shall comply with the procedures set forth in the Protective Order and Federal Rule of Evidence 502.

**22. Form of Production Agreement.** The parties agree to meet and confer within seven (7) days of service of these requests to discuss and attempt to reach agreement on:

- Specific format for ESI production
- Metadata fields to be produced
- De-duplication protocols
- Search terms for ESI (if applicable)
- Custodians from whom ESI will be collected
- Date ranges for collection
- Production schedule
- Any technical issues or concerns

**23. Social Media Content.**

(a) For social media posts, provide:

- Screenshots or native content showing the complete post
- All comments and reactions
- Date and time of posting
- Platform (e.g., Instagram, Facebook, Twitter/X, TikTok)
- Account from which posted
- Privacy settings at time of posting
- Engagement metrics if available

(b) For social media messages (DMs), provide complete conversation threads with all participants, dates, times, and embedded content.

(c) If social media content has been deleted, provide any archived copies, screenshots, or records of such content, and identify when and why it was deleted.

**24. Financial Records.** For financial records, including bank statements, credit card statements, wire transfers, checks, and payment records, produce:

- Complete statements showing all transactions

- Both sides of cancelled checks

- Wire transfer confirmations and instructions

- Invoices and receipts corresponding to payments

- Any correspondence related to payments

**25. Reasonable Inquiry Required.** You are required to make a reasonable inquiry to identify and locate all responsive documents and ESI. This includes:

- Interviewing relevant custodians

- Searching appropriate file locations

- Reviewing backup and archive systems

- Contacting third parties who may have relevant documents

- Using appropriate search terms and technology

- Taking reasonable steps to obtain documents from former employees or agents

## REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT

## SEAN COMBS

### REQUEST FOR PRODUCTION NO. 1:

All documents concerning the shooting incident at Chalice Recording Studios on

September 12, 2022, including but not limited to:

- Communications with law enforcement

- Communications with any witness

- Medical records or reports concerning the victim

- Photographs or videos

- Security camera footage

- Insurance claims or reports

- Communications with attorneys

- Witness statements

- Any investigation reports

- Communications with Chalice Recording Studios staff

### REQUEST FOR PRODUCTION NO. 2:

All documents concerning firearms you owned, possessed, or had access to during

the Period, including purchase records, registration documents, transfer documents,

licenses, and photographs.

**REQUEST FOR PRODUCTION NO. 3:**

All documents concerning your relationship with Rodney Jones during the Period, including:

- Employment agreements or contracts (written or memorialized oral agreements)

- Communications between you and Mr. Jones

- Communications concerning Mr. Jones

- Work schedules or assignments

- Payment records

- Credit or royalty agreements

- Producer agreements

- Publishing agreements

**REQUEST FOR PRODUCTION NO. 4:**

All documents evidencing any payment or promised payment to Rodney Jones during the Period, including bank statements, wire transfer records, checks, invoices, payment authorizations, and accounting records.

**REQUEST FOR PRODUCTION NO. 5:**

All communications between you and Kristina Khorram during the Period concerning Rodney Jones.

**REQUEST FOR PRODUCTION NO. 6:**

All communications between you and Rodney Jones during the Period, including but not limited to emails, text messages, instant messages, social media messages, letters, and voice messages or recordings.

**REQUEST FOR PRODUCTION NO. 7:**

All documents concerning complaints by Rodney Jones about your conduct, including communications with Kristina Khorram, human resources personnel, attorneys, or any other person.

**REQUEST FOR PRODUCTION NO. 8:**

All documents concerning the provision of sex workers during the Period, including:

- Communications arranging for sex workers

- Payment records for sex workers

- Lists or contact information for sex workers

- Communications with agencies or individuals who provided sex workers

- Calendar entries or schedules reflecting presence of sex workers

**REQUEST FOR PRODUCTION NO. 9:**

All documents concerning the acquisition, possession, distribution, or use of controlled substances during the Period, including:

- Communications with persons who provided drugs

- Payment records for drugs

- Communications concerning drug use

- Photographs or videos depicting drug use or possession

## REQUEST FOR PRODUCTION NO. 10:

All documents concerning Kristina Khorram's role, responsibilities, and authority

during the Period, including:

- Employment agreements or contracts

- Job descriptions

- Communications defining her authority

- Communications in which she acted on your behalf

- Communications between you and Ms. Khorram

## REQUEST FOR PRODUCTION NO. 11:

All documents concerning the "Love Album Off the Grid," including:

- Recording session schedules

- Studio rental agreements

- Lists of contributors and their roles

- Payment records for contributors

- Credit and royalty allocation documents

- Marketing and promotion materials

- Budget documents

- Accounting records

## REQUEST FOR PRODUCTION NO. 12:

All documents concerning the Writers Camp held at Chalice Recording Studios in September 2022, including:

- Attendance lists

- Schedules

- Security logs

- Communications about the event

- Rental agreements with CRS

- Payment records

## REQUEST FOR PRODUCTION NO. 13:

All video recordings, audio recordings, or photographs you created or possessed during the Period in which Rodney Jones appears or which were created at locations where Mr. Jones was present.

## REQUEST FOR PRODUCTION NO. 14:

All recordings (audio or video) made at any location during the Period, including but not limited to recordings made at Chalice Recording Studios, your homes in Los Angeles, Miami, and New York, or on any yacht or vessel.

**REQUEST FOR PRODUCTION NO. 15:**

All documents concerning travel during the Period involving Rodney Jones,

including:

- Flight records and itineraries

- Hotel reservations

- Rental car reservations

- Yacht or vessel charter agreements

- Travel expense records

- Calendar entries

**REQUEST FOR PRODUCTION NO. 16:**

All documents concerning properties you owned, leased, rented, or otherwise

controlled during the Period, including:

- Lease or rental agreements

- Purchase documents

- Addresses and access information

- Security logs or records

**REQUEST FOR PRODUCTION NO. 17:**

All communications with Faheem Muhammad during the Period.

**REQUEST FOR PRODUCTION NO. 18:**

All communications with law enforcement agencies during the Period concerning

any alleged criminal conduct.

**REQUEST FOR PRODUCTION NO. 19:**

All documents concerning allegations of sexual misconduct made against you at

any time, including:

- Complaints or demand letters

- Communications with attorneys

- Settlement agreements

- Non-disclosure agreements

- Court filings

- Investigation reports

**REQUEST FOR PRODUCTION NO. 20:**

All documents concerning settlements or payments made to resolve claims of

sexual misconduct, harassment, assault, or trafficking at any time, including

settlement agreements, releases, payment records, and communications concerning

such settlements.

**REQUEST FOR PRODUCTION NO. 21:**

All social media posts, messages, or communications you created or sent during the Period concerning Rodney Jones, the Love Album, or activities during the Period.

**REQUEST FOR PRODUCTION NO. 22:**

All calendar entries, schedules, or appointment records for the Period showing your activities and appointments.

**REQUEST FOR PRODUCTION NO. 23:**

All documents concerning communications with or instructions to persons identified as Brendan Paul, Frankie Santella, Moy Baun, or Stevie J during the Period.

**REQUEST FOR PRODUCTION NO. 24:**

All documents concerning the September 2022 shooting incident at Chalice Recording Studios that you provided to or received from your attorneys, Shawn Holley or any other counsel.

**REQUEST FOR PRODUCTION NO. 25:**

All bank statements, financial records, or accounting records for the Period showing payments to Rodney Jones, Kristina Khorram, or any of the individuals identified in Request No. 23.

**REQUEST FOR PRODUCTION NO. 26:**

All documents concerning insurance policies that may provide coverage for the claims in this lawsuit.

**REQUEST FOR PRODUCTION NO. 27:**

All documents sufficient to show the ownership structure and officers of Combs Global Enterprises and Love Records during the Period.

**REQUEST FOR PRODUCTION NO. 28:**

All non-disclosure agreements or confidentiality agreements signed by any person during the Period in connection with your activities or business.

**REQUEST FOR PRODUCTION NO. 29:**

All communications or documents concerning Cuba Gooding Jr.'s interactions with Rodney Jones during the Period.

///

///

///

///

///

///

///

**REQUEST FOR PRODUCTION NO. 30:**

All documents identified in your responses to Plaintiff's interrogatories.


Dated:  November 17, 2025

IVIE McNEILL WYATT PURCELL & DIGGS, APLC


By:      _/s/ Rodney S. Diggs_
Rodney S. Diggs, Esq. (admitted *pro hac vice)*
444 S. Flower Street, Suite 3200
Los Angeles, CA 90071
Tel: (213) 489-0028

Tyrone Anthony Blackburn
T. A. Blackburn Law, PLLC.
1242 East 80th Street
3rd Floor
11236
Brooklyn, NY 11236
347-342-7432

Attorneys for Plaintiff

## PROOF OF SERVICE
## 24-cv-01457 (JPO)

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 444 S. Flower Street, Suite 3200, Los Angeles, CA 90071.

On November 17, 2025, I served true copies of the following document(s) described as **PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT SEAN COMBS** on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be sent from e-mail afeather@imwlaw.com to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on November 17, 2025, at Los Angeles, California.

*Alexandria Feather*
Alexandria Feather

**SERVICE LIST**

| | |
|---|---|
| Erica Ashley Wolff<br>Michael Tremonte<br>Katie Elizabeth Renzler<br>Mark Elliot Cuccaro<br>Sher Tremonte LLP<br>90 Broad Street<br>New York, NY 10004<br>212-202-2600<br>Email: ewolff@shertremonte.com<br>Email: mtremonte@shertremonte.com<br>Email: krenzler@shertremonte.com<br>Email: mcuccaro@shertremonte.com | Attorneys for Defendant Sean Combs, Love Records, Combs Global Enterprises |
| Reuven L. Cohen<br>Marc S. Williams<br>Neil S. Jahss<br>724 South Spring Street, 9th Floor<br>Los Angeles, California 90014<br>(213) 232-5160<br>Email: njahss@cohen-williams.com<br>Email: mwilliams@cohen-williams.com<br>Email: rcohen@cohen-williams.com<br>Email: jpacitti@cohen-williams.com | Attorneys for Defendant Kristina Khorram |