# EXHIBIT 5

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| RODNEY JONES,<br>                    *Plaintiff*,<br>-against-<br><br>SEAN COMBS,<br>JUSTIN DIOR COMBS,<br>CUBA GOODING JR.,<br>LUCIAN CHARLES GRAINGE,<br>KRISTINA KHORRAM,<br>LOVE RECORDS,<br>MOTOWN RECORDS,<br>UNIVERSAL MUSIC GROUP,<br>COMBS GLOBAL ENTERPRISES,<br>JOHN and JANE DOES 1-10 and<br>ABC CORPORATIONS. 1-10,<br>                    *Defendants*. | Case No.: 24-cv-01457<br><br>Plaintiff's First Set of Interrogatories<br>Directed at Sean Combs |

Plaintiff Rodney Jones ("Plaintiff" or "Mr. Jones"), by and through his counsel, hereby serves the following Interrogatories upon Defendant Sean Combs ("Defendant" or "Combs"), individually and in all capacities, pursuant to Federal Rule of Civil Procedure 33. Defendant is required to respond fully, in writing and under oath, within thirty (30) days of service.

DEFINITIONS

As used in these Interrogatories, the following terms have the meanings set forth below:

1. "You," "Your," or "Combs" means Defendant Sean Combs, also known as Puff Daddy, P. Diddy, Diddy, Puffy, Brother Love, and Love, individually and in all capacities, including as principal of Love Records, Inc. and Combs Global Enterprises.

2. "Plaintiff" or "Jones" means Rodney "Lil Rod" Jones, Jr., Plaintiff in the above-captioned action.

3. "Love Album" means the album titled "The Love Album: Off the Grid," released on or about September 23, 2023, and all sessions, recordings, camps, and events related to its creation.

4. "Relevant Period" means September 1, 2022, through the date of your response to these Interrogatories.

5. "Chalice" or "CRS" means Chalice Recording Studios located at 845 Highland Avenue, Los Angeles, California 90038.

6. "Yacht" means the vessel chartered by You or on Your behalf from on or about December 23, 2022, through on or about January 4, 2023, in the waters of Saint-Barthélemy, Sint Maarten, and the United States Virgin Islands.

7. "Club Love" means the parties and events hosted by You at Chalice or at Your residences in connection with the creation of the Love Album.

8. "Sex Workers" means any person solicited, recruited, transported, paid, or directed to engage in commercial sex acts at Your direction or for Your benefit.

9. "Laced Beverage" means any alcoholic or non-alcoholic beverage to which a controlled substance, narcotic, or drug was added without the full knowledge and consent of each person consuming it.

10. "Drug Pouch" or "Black Pouch" means any bag, fanny pack, Prada pouch, or similar container used to store or transport illegal narcotics for Your use or distribution during the Relevant Period.

11. "NDA" means any non-disclosure, confidentiality, or non-disparagement agreement.

12. "Chalice Shooting" means the shooting incident that occurred at or in the vicinity of Chalice Recording Studios in the early morning hours of September 12, 2022, in which the individual referred to as "G" sustained gunshot wounds.

13. "Surveillance System" means all video cameras, audio recording devices, CCTV monitors, digital video recorders, remote access systems, and related equipment installed or maintained at Your residences, on the Yacht, or at any studio used during the Relevant Period.

14. "Communication" means any oral, written, or electronic transmission of information, including but not limited to emails, text messages, DMs, WhatsApp messages, iMessages, Telegram messages, voice memos, phone calls, and in-person discussions.

15. "Enterprise" means the organization described in the Complaint as the "Combs RICO and TVPA Enterprise," including You, Kristina Khorram, Brendan Paul, DeForrest Taylor, Moy Baun, Frankie Santella, Faheem Muhammad, and any other employees, associates, or agents who participated in the conduct alleged in the Complaint.

2

16. "Person" means any individual, corporation, partnership, limited liability company, joint venture, trust, governmental entity, or other organization.

17. "Identify" when referring to a person means to state their full name, last known address, telephone number, email address, and relationship to You.

## INSTRUCTIONS

1. Continuing Duty. These Interrogatories are continuing in nature. If, after responding, you obtain or discover additional information responsive to any Interrogatory, you are required to supplement Your response promptly pursuant to Federal Rule of Civil Procedure 26(e).

2. Oath. Responses must be made under oath and signed by You personally, not only by counsel.

3. Objections. If You object to any Interrogatory or any part thereof, state the specific grounds for Your objection with particularity. Do not use blanket or boilerplate objections. If You object to part of an Interrogatory, respond fully to the unobjectionable part.

4. Privilege. If You withhold any information on grounds of attorney-client privilege, work product doctrine, or any other privilege, identify the subject matter withheld, the privilege claimed, and sufficient information to enable Plaintiff to assess the claim.

5. Scope. Unless otherwise specified, all Interrogatories cover the Relevant Period and all geographic locations where Plaintiff Jones lived, worked, or traveled with You, including Los Angeles, California; Miami, Florida; New York City; Saint-Barthélemy; Sint Maarten; and the United States Virgin Islands.

6. Spoliation Notice. All documents, communications, ESI, video, audio, and physical evidence in Your possession, custody, or control that is potentially relevant to this action must be preserved. Destruction of such evidence may result in sanctions, adverse inference instructions, or other remedies.

7. Knowledge. Each answer should be based upon all information available to You, including information in the possession of Your agents, employees, attorneys, or other representatives.

## INTERROGATORIES

INTERROGATORY NO. 1: State all positions, titles, and roles You held during the Relevant Period in connection with any entity involved in the conception, funding, recording, production, promotion, or release of the Love Album, including Love Records, Inc., Combs Global

3

Enterprises, Bad Boy Records, and any joint venture with Universal Music Group or Motown Records. For each, state Your dates of service and a description of Your duties and authority.

INTERROGATORY NO. 2: Describe in complete detail every agreement — oral or written — You contend existed between You and Plaintiff Rodney Jones concerning his engagement as a producer, musician, and/or employee on the Love Album, including:

    (a)  The specific compensation terms agreed upon, including per-song fees, royalty points, producer credits, publishing rights, and any other promised consideration;
    (b)  When, where, and how each agreement was reached;
    (c)  Every person present during any such negotiation or agreement;
    (d)  Whether You contend any such agreement was ever modified, and if so, how;
    (e)  The total amount You contend Mr. Jones was owed; and
    (f)  The total amount actually paid to Mr. Jones and the dates of any such payments.

INTERROGATORY NO. 3: Describe in complete detail Your knowledge of and all involvement in the shooting of the individual referred to as "G" at or near Chalice Recording Studios on or about September 12, 2022, including:

    (a)  Your precise location before, during, and after the gunshots were fired;
    (b)  The identity and location of every person present in or near Studio A and the adjacent restroom at the time of the shooting;
    (c)  All firearms in Your possession or in the possession of any person accompanying You on that date;
    (d)  The identity of the person(s) who fired the weapon(s);
    (e)  All instructions, directions, or requests You made to any person — including Rodney Jones — regarding what to tell law enforcement, medical personnel, or the media about the shooting; and
    (f)  All steps You took after the shooting, including Your departure from Chalice, communications with Your security personnel, and communications with law enforcement.

INTERROGATORY NO. 4: State whether You directed Rodney Jones, or any other person present at Chalice on September 12, 2022, to tell law enforcement that "G" was shot outside the studio in a "drive-by shooting." If so:

    (a)  State the exact instructions You gave, to the best of Your recollection;
    (b)  Identify every person to whom You gave such instructions;
    (c)  Identify every person present when such instructions were given; and
    (d)  Identify Faheem Muhammad's role, if any, in communicating with the LAPD following the shooting.

INTERROGATORY NO. 5: Describe in complete detail all video and audio surveillance systems installed or maintained in Your residences and on the Yacht during the Relevant Period, including:

4

(a) Each location equipped with cameras or recording devices, room by room;

(b) Whether the systems recorded audio in addition to video;

(c) The identity of all persons with access to the live feeds and stored recordings;

(d) The role of Jose Cruz or any other IT or security personnel in maintaining or accessing the system;

(e) Where recordings were stored;

(f) How long recordings were retained before being overwritten or deleted; and

(g) Whether any recordings from the Relevant Period have been deleted, overwritten, or transferred since February 26, 2024.

INTERROGATORY NO. 6: Describe in complete detail all communications, instructions, and directions You gave to Rodney Jones — or anyone else on Your behalf — regarding soliciting, recruiting, transporting, or paying Sex Workers during the Relevant Period, including:

(a) Each specific occasion on which You directed Mr. Jones to solicit Sex Workers, including date, location, and instructions given;

(b) All occasions on which You directed Mr. Jones to attend Booby Trap on the River, at 3615 NW S River Dr, Miami, FL 33142;

(c) Whether You provided Mr. Jones with a "Bad Boy" baseball cap to use as a signal to Sex Workers, and if so, describe its purpose;

(d) The names or aliases of each Sex Worker solicited through Mr. Jones;

(e) The method and source of payment for Sex Workers; and

(f) Every other person You directed to solicit Sex Workers on Your behalf during the Relevant Period.

INTERROGATORY NO. 7: For each incident in which Rodney Jones alleges he was drugged — including the July 2, 2023, California listening party, the February 2, 2023, incident at 2 Star Island, and the Thanksgiving 2022 gathering — describe:

(a) What Rodney Jones consumed in Your presence at each event;

(b) Who provided or prepared the beverages;

(c) Whether any controlled substance was added to any beverage Mr. Jones consumed in Your presence, and if not, state the basis for Your denial;

(d) Your observations of Mr. Jones's condition following consumption; and

(e) All actions You took — or directed others to take — with respect to Mr. Jones after he lost consciousness or became incapacitated.

INTERROGATORY NO. 8: Describe in complete detail all occasions during the Relevant Period in which:

(a) You directed or permitted controlled substances to be added to beverages served to guests at Your residences, the Yacht, Chalice, or any other location;

(b) DeLeon tequila, Cîroc, Moët champagne, or any other beverage was laced with ecstasy, GHB, or any other substance;

(c) Underage individuals were present at Club Love or any gathering hosted by You;

(d) Kristina Khorram, Brendan Paul, Moy Baun, or DeForrest Taylor prepared or distributed Laced Beverages; and

(e) You took Mr. Jones's car keys to prevent him from leaving Your premises.

INTERROGATORY NO. 9: Identify every person who, during the Relevant Period, obtained, stored, transported, or distributed illegal drugs for Your use or the use of Your guests, including:

(a) All persons who carried the Drug Pouch or any similar container;

(b) All occasions on which Brendan Paul, Moy Baun, DeForrest Taylor, or Kristina Khorram transported drugs through TSA in carry-on luggage, including the date, departure and destination cities, and substances transported;

(c) The identity and role of all persons responsible for maintaining a supply of ecstasy, cocaine, GHB, ketamine, marijuana, mushrooms, and "Tucci" at Your residences;

(d) All instructions You gave regarding the transport of drugs across state or international borders; and

(e) The identity and location of the "hidden room" in Your bedroom closet, and all persons authorized to access it.

INTERROGATORY NO. 10: Describe Your account of each incident in which Rodney Jones alleges You engaged in unwanted sexual conduct toward him, including:

(a) All occasions on which You contend You touched, groped, or made physical contact with Mr. Jones's person;

(b) The circumstances under which Mr. Jones worked in Your bathroom while You were present;

(c) Whether You showed Mr. Jones any video depicting a person You identified as Stevie J engaging in sexual conduct, and if so, the circumstances and Your purpose;

(d) Whether You told Mr. Jones that engaging in homosexual acts was "a normal practice in the music industry";

(e) Whether You promised Mr. Jones a Grammy Award for Producer of the Year in exchange for engaging in sexual acts; and

(f) All communications between You and Kristina Khorram regarding Mr. Jones's sexual orientation, comfort, or complaints about Your conduct.

INTERROGATORY NO. 11: Describe in complete detail the events at Your Miami home on Thanksgiving Day and night 2022, including:

(a) All persons present;

(b) Whether You offered cocaine to Rodney Jones and/or DeForrest Taylor in Your studio bathroom;

(c) Your knowledge of and role in — or failure to prevent — the sexual assault on Rodney Jones by Jane Doe 1;

(d) Whether You were aware that Jane Doe 1 entered the bathroom where Mr. Jones was present; and

(e) Your reaction to the assault and any steps You took — or failed to take — to assist Mr. Jones.

6

INTERROGATORY NO. 12: Describe all communications in which You:

(a) Threatened to "eat" Rodney Jones's face;

(b) Stated that You were willing to kill Your own mother or that You would not hesitate to harm Mr. Jones;

(c) Displayed firearms to Mr. Jones or any other person in Your home during the Relevant Period;

(d) Bragged to Mr. Jones about "getting away with" prior shootings or violent incidents, including the 1999 New York City nightclub shooting;

(e) Stated that You did not pay taxes and used anonymous overseas accounts to handle financial matters;

(f) Told Mr. Jones that Faheem Muhammad could "make people and problems disappear"; and

(g) Directed Stevie J, DeForrest Taylor, or any other person to send threatening messages to Rodney Jones after he publicly requested payment.

For each, state the date, location, all persons present, and your exact words to the best of your recollection.

INTERROGATORY NO. 13: Describe in complete detail:

(a) All funds You or Your entities received from UMG, Motown Records, or any related entity in connection with the Love Album, including amount, date, payor, and stated purpose;

(b) How those funds were used, including amounts allocated for studios, travel, the Yacht, Club Love events, and Sex Workers;

(c) Whether any Love Album funds were used to pay for Club Love parties, the Chalice Writers' Camp, Sex Workers, or any activity unrelated to legitimate recording costs;

(d) The basis for Your offer of $29,000 to Rodney Jones as total compensation for nine produced songs, thirteen months of work, and multiple instruments played; and

(e) All accounts — domestic or foreign — through which Love Album–related funds flowed.

INTERROGATORY NO. 14: Describe in complete detail:

(a) All NDAs You caused to be prepared or executed in connection with Chalice, Your residences, the Yacht, Club Love, or the Love Album during the Relevant Period;

(b) Whether You required attendees of the September 2022 Chalice Writers' Camp to sign NDAs;

(c) Whether Rodney Jones was asked to sign any NDA;

(d) Whether any NDA was intended to prevent disclosure of criminal conduct, including the Chalice Shooting, sex trafficking, or drug distribution; and

(e) Whether any NDA was enforced or threatened against any person who sought to speak about events alleged in the Complaint.

INTERROGATORY NO. 15: Identify all devices, accounts, and storage locations that may contain recordings, photos, texts, emails, or other evidence relevant to this action, including:

7

(a) All mobile phones used by You during the Relevant Period, including carrier, phone number, and current location of each device;

(b) All email accounts, cloud storage accounts, and social media accounts used during the Relevant Period;

(c) Whether any recordings made by Rodney Jones at Your direction were copied, transferred, or retained by You;

(d) Whether any surveillance recordings depicting Rodney Jones, Club Love, or studio sessions were stored, archived, or transmitted to any third party; and

(e) All steps taken since February 26, 2024, to preserve — or alternatively, to delete, overwrite, or transfer — any potentially relevant ESI.

INTERROGATORY NO. 16: Identify all persons who You believe have knowledge of the events alleged in the Complaint, including for each: (a) full name and last known contact information; (b) subject matter of their knowledge; and (c) whether they were employed by You or any of Your entities during the Relevant Period.

INTERROGATORY NO. 17: For each affirmative defense You assert or intend to assert in this action, state all facts, identify all documents, and identify all persons with knowledge that You contend support that defense as applied to Rodney Jones's claims.

INTERROGATORY NO. 18: Identify every Business Entity in which You hold or have held any ownership, equity, membership, partnership, or financial interest at any time from January 1, 2010, through the date of Your response, including:

(a) The full legal name of each Business Entity;
(b) The state and country of formation or incorporation;
(c) The type of entity (e.g., LLC, corporation, LP, general partnership, trust, shell company);
(d) Your ownership percentage or financial interest in each entity;
(e) The date You acquired Your interest and, if applicable, the date You divested;
(f) The principal place of business and registered agent for each entity;
(g) The primary business purpose or activity of each entity;
(h) Whether any such entity was formed, funded, or used in connection with the Love Album, the events alleged in the Complaint, or any payment to or for Rodney Jones; and
(i) Whether any such entity is currently active, dormant, dissolved, or in bankruptcy.

INTERROGATORY NO. 19: Identify every Business Entity in which You hold or have held an ownership or financial interest through a nominee, agent, trust, or intermediary — meaning any entity not held directly in Your name — including:

(a) The full legal name of the entity;
(b) The name of the nominee, agent, trustee, or intermediary through whom the interest is held;
(c) The nature and extent of Your beneficial interest;

8

(d) The purpose for which the entity was formed or used; and

(e) Whether any such entity was used to receive, transfer, or conceal funds related to the events alleged in the Complaint.

INTERROGATORY NO. 20: Identify every Business Account held in the name of or controlled by any Business Entity in which You have or have had an ownership interest, including:

(a) The name of the financial institution;

(b) The account holder name(s);

(c) The account number (last four digits only, unless otherwise ordered by the Court);

(d) The approximate date the account was opened and, if applicable, closed;

(e) The primary purpose of the account; and

(f) Whether any such account received funds from Universal Music Group, Motown Records, or any entity affiliated with the Love Album during the Relevant Period.

INTERROGATORY NO. 21: Identify every Business Partner — individual or entity — in any Business Entity in which You hold or have held an interest, including:

(a) The full legal name and last known contact information of each Business Partner;

(b) The name of the Business Entity in which they are or were Your partner;

(c) The nature and extent of their ownership or financial interest;

(d) The date the partnership, joint venture, or co-ownership arrangement began and, if applicable, ended;

(e) Whether any Business Partner is also a law enforcement officer, government official, or public figure; and

(f) Whether any Business Partner has provided You with financial assistance, security services, or legal assistance in connection with the events alleged in the Complaint.

INTERROGATORY NO. 22: For each corporation or formal business entity identified in response to Supplemental Interrogatory No. 18, identify all current and former officers, directors, managers, and authorized signatories, including:

(a) Their full name and title;

(b) Their dates of service; and

(c) Whether they had authority to execute contracts, authorize payments, or access business accounts on Your behalf during the Relevant Period.

INTERROGATORY NO. 23: For each Business Entity identified in response to Supplemental Interrogatory No. 18, describe the primary sources of revenue during the Relevant Period, including:

(a) Whether any revenue was derived from or related to the Love Album;

(b) Whether any revenue was derived from or related to Club Love events, the Chalice Writers' Camp, or the Yacht charter;

(c) Whether any revenue was received from Universal Music Group, Motown Records, or any affiliated label; and

(d) Whether any revenue was received from anonymous, overseas, or otherwise unidentified sources.

INTERROGATORY NO. 24: Identify every private aviation provider, charter company, fractional jet program, or private aircraft owner whose services You used during the Relevant Period to transport Yourself, Your staff, guests, or Rodney Jones, including:

(a) The full legal name and contact information of each aviation provider or charter company;
(b) The tail number(s) of each aircraft used;
(c) The approximate dates of use;
(d) Whether flights were booked in Your name, the name of any Business Entity, or through a third party;
(e) The method of payment for each service; and
(f) Whether Rodney Jones was a passenger on any such flight, and if so, identify each flight by date, departure city, and destination city.

INTERROGATORY NO. 25: Identify every Private Aviation flight You took during the Relevant Period, including:

(a) The date of each flight;
(b) The departure city and airport;
(c) The destination city and airport;
(d) The tail number and type of aircraft;
(e) The charter company or aircraft owner;
(f) All passengers aboard each flight, including Rodney Jones, Kristina Khorram, Brendan Paul, DeForrest Taylor, Moy Baun, and any other members of Your staff or entourage; and
(g) The business or personal purpose of each flight.

Dated: May 12, 2026
Brooklyn, New York

/s/ *Tyrone A. Blackburn*
Tyrone A. Blackburn
T. A. BLACKBURN LAW, PLLC
1242 East 80th Street, 3rd Floor
Brooklyn, NY 11236
tblackburn@tablackburnlaw.com
*Attorneys for Plaintiff Rodney Jones*

10

<u>Defendant Sean Combs's Verification of Responses to Plaintiff's First Set of Interrogatories</u>

I, Sean Combs, declare and certify as follows:

1.  I am the Defendant in the above-captioned action. I am over the age of eighteen (18) years and am competent to make this Verification.
2.  I have read Plaintiff Rodney Jones's First Set of Interrogatories Directed to Defendant Sean Combs in the above-captioned matter and the responses thereto.
3.  The responses set forth therein are based upon my personal knowledge, upon information supplied to me by my attorneys, and upon information gathered from my agents, employees, and representatives while preparing these responses.
4.  To the best of my knowledge, information, and belief, the responses are true, correct, and complete as of the date stated below.
5.  I understand that these responses are made under oath and subject to the penalties of perjury under 28 U.S.C. § 1746 and 18 U.S.C. § 1621.
6.  I understand that I have a continuing duty pursuant to Federal Rule of Civil Procedure 26(e) to supplement or correct these responses in a timely manner if I learn that any response is in some material respect incomplete or incorrect.
7.  I understand that any false statement made herein may subject me to criminal prosecution for perjury or making a false statement, as well as to sanctions and adverse evidentiary consequences in this civil proceeding.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on: _____, 2026

Signature: _____

Printed Name: SEAN COMBS

Address:

*Subscribed and sworn to before me this _____ day of _____, 2026.*
Notary Public: _____
My Commission Expires:

*(Notary Seal)*

11