# EXHIBIT 7

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| RODNEY JONES,<br>                    *Plaintiff*,<br>-against-<br><br>SEAN COMBS,<br>JUSTIN DIOR COMBS,<br>CUBA GOODING JR.,<br>LUCIAN CHARLES GRAINGE,<br>KRISTINA KHORRAM,<br>LOVE RECORDS,<br>MOTOWN RECORDS,<br>UNIVERSAL MUSIC GROUP,<br>COMBS GLOBAL ENTERPRISES,<br>JOHN and JANE DOES 1-10 and<br>ABC CORPORATIONS. 1-10,<br>                    *Defendants*. | Case No.: 24-cv-01457<br><br>Plaintiff's First Set of Requests for Admission<br>Directed at Sean Combs |

Plaintiff Rodney Jones ("Plaintiff" or "Mr. Jones"), by and through his counsel, hereby serves the following Requests for Admission upon Defendant Sean Combs ("Defendant" or "Combs"), individually and in all capacities, pursuant to Federal Rule of Civil Procedure 36. Defendant is required to admit or deny each request in writing within thirty (30) days of service. If You cannot admit or deny a request in full, You must admit as much as is true and specifically deny only the remainder. A denial must fairly respond to the substance of the matter. Failure to timely respond will result in the matter being deemed admitted pursuant to Fed. R. Civ. P. 36(a)(3).

DEFINITIONS

As used in these Requests for Admission, the following terms have the meanings set forth below:

1. "You," "Your," or "Combs" means Defendant Sean Combs, also known as Puff Daddy, P. Diddy, Diddy, Puffy, Brother Love, and Love, individually and in all capacities, including as principal of Love Records, Inc. and Combs Global Enterprises.

2. "Plaintiff" or "Jones" means Rodney "Lil Rod" Jones, Jr., Plaintiff in the above-captioned action.

3. "Love Album" means the album titled "The Love Album: Off the Grid," released on or about September 23, 2023, and all sessions, recordings, camps, and events related to its creation.

4. "Relevant Period" means September 1, 2022, through the date of your response to these Requests.

5. "Chalice" or "CRS" means Chalice Recording Studios located at 845 Highland Avenue, Los Angeles, California 90038.

6. "Yacht" means the vessel chartered by You or on Your behalf from on or about December 23, 2022, through on or about January 4, 2023, in the waters of Saint-Barthélemy, Sint Maarten, and the United States Virgin Islands.

7. "Club Love" means the parties and events hosted by You at Chalice or at Your residences in connection with the creation of the Love Album.

8. "Sex Workers" means any person solicited, recruited, transported, paid, or directed to engage in commercial sex acts at Your direction or for Your benefit.

9. "Laced Beverage" means any alcoholic or non-alcoholic beverage to which a controlled substance, narcotic, or drug was added without the full knowledge and consent of each person consuming it.

10. "NDA" means any non-disclosure, confidentiality, or non-disparagement agreement.

11. "Chalice Shooting" means the shooting incident that occurred at or in the vicinity of Chalice Recording Studios in the early morning hours of September 12, 2022, in which the individual referred to as "G" sustained gunshot wounds.

12. "Surveillance System" means all video cameras, audio recording devices, CCTV monitors, digital video recorders, remote access systems, and related equipment installed or maintained at Your residences, on the Yacht, or at any studio used during the Relevant Period.

13. "Complaint" means the Second Amended Complaint filed in this action on April 12, 2024 (ECF No. 38).

14. "Jane Doe 1" means the individual identified in the Complaint as "Yung Miami's cousin."

15. "Enterprise" means the organization described in the Complaint as the "Combs RICO and TVPA Enterprise," including You, Kristina Khorram, Brendan Paul, DeForrest Taylor, Moy Baun, Frankie Santella, Faheem Muhammad, and any other employees, associates, or agents who participated in the conduct alleged in the Complaint.

## INSTRUCTIONS

1. Obligation to Respond. You must admit or deny each request. If You cannot truthfully admit or deny a matter, You must state in detail why You cannot do so.

2. Partial Admissions. If You admit part of a request and deny part, specify which part You admit and which part You deny.

3. Good Faith. You may not object to a request solely on the ground that it presents a genuine issue for trial. Objections must be based on legitimate legal grounds stated with specificity.

4. Effect of Admission. Any matter admitted is conclusively established for purposes of this action pursuant to Fed. R. Civ. P. 36(b) unless the Court permits withdrawal or amendment.

5. Deemed Admissions. Any request not responded to within thirty (30) days of service will be deemed admitted by operation of Fed. R. Civ. P. 36(a)(3).

6. Scope. Unless otherwise specified, all requests cover the Relevant Period and all locations where Plaintiff Jones lived, worked, or traveled with You.

7. Continuing Duty. If You later learn that a prior response is in some material respect incomplete or incorrect, You must amend or supplement Your response promptly pursuant to Fed. R. Civ. P. 26(e).

## REQUESTS FOR ADMISSION

RFA NO. 1 — Admit that Rodney Jones produced music for the Love Album between September 2022 and September 2023.

RFA NO. 2 — Admit that the compensation package Mr. Jones alleges — including a per-song fee of $20,000, four royalty points, producer credits, and retention of publishing rights — was the basis on which You engaged him to work on the Love Album.

RFA NO. 3 — Admit that You never paid Rodney Jones the full compensation he was owed under the terms of his engagement as a producer on the Love Album.

RFA NO. 4 — Admit that Your final offer of compensation to Rodney Jones for his work on the Love Album was $29,000.

RFA NO. 5 — Admit that a person referred to in the Complaint as "G" sustained gunshot wounds inside a restroom at Chalice Recording Studios in the early morning hours of September 12, 2022.

RFA NO. 6 — Admit that "G" was not shot outside Chalice Recording Studios in a drive-by robbery, as was reported to law enforcement.

3

RFA NO. 7 — Admit that You or Your agents directed at least one person present at Chalice on September 12, 2022, to tell law enforcement that "G" had been shot outside the studio.

RFA NO. 8 — Admit that You caused or permitted Rodney Jones to be present at Chalice Recording Studios on September 12, 2022, within approximately two feet of the restroom where the Chalice Shooting occurred.

RFA NO. 9 — Admit that You caused or permitted attendees of the September 2022 Chalice Writers' Camp to sign non-disclosure agreements prior to the Chalice Shooting.

RFA NO. 10 — Admit that Rodney Jones did not sign any NDA related to the Chalice Writers' Camp or the events alleged in the Complaint.

RFA NO. 11 — Admit that Your residences in Los Angeles and Miami were equipped with interior video surveillance cameras that recorded footage of the interior rooms of those residences during the Relevant Period.

RFA NO. 12 — Admit that Rodney Jones was unaware of the existence of interior surveillance cameras in Your residences until several months after he began living with You.

RFA NO. 13 — Admit that You directed Rodney Jones, on multiple occasions during the Relevant Period, to recruit Sex Workers on Your behalf.

RFA NO. 14 — Admit that You provided Rodney Jones with a "Bad Boy" baseball cap and directed him to wear it at Booby Trap on the River in Miami as a signal to Sex Workers that he was recruiting on Your behalf.

RFA NO. 15 — Admit that Rodney Jones did not voluntarily choose to solicit Sex Workers at Booby Trap on the River but did so because You directed and compelled him to.

RFA NO. 16 — Admit that on Thanksgiving night 2022, at Your Miami home, You offered cocaine to Rodney Jones.

RFA NO. 17 — Admit that You were present at Your Miami home on Thanksgiving 2022 when Jane Doe 1 entered the restroom where Rodney Jones was present.

RFA NO. 18 — Admit that You did not take steps to assist, protect, or intervene on behalf of Rodney Jones during or after the incident with Jane Doe 1 on Thanksgiving 2022.

RFA NO. 19 — Admit that on or about July 2, 2023, at Your California residence, You required Rodney Jones to remain on the premises against his will, including by taking his car keys to prevent him from leaving.

4

RFA NO. 20 — Admit that on or about July 2, 2023, at Your California residence, Rodney Jones consumed a Laced Beverage in Your presence and subsequently lost consciousness.

RFA NO. 21 — Admit that on or about February 2, 2023, at Your Miami residence, Rodney Jones lost consciousness and awoke in a state of confusion consistent with having consumed a substance without his knowledge or consent.

RFA NO. 22 — Admit that You threatened Rodney Jones with physical harm on at least one occasion during the Relevant Period.

RFA NO. 23 — Admit that You told Rodney Jones, on one or more occasions, that You were willing to harm him to get what You wanted.

RFA NO. 24 — Admit that You showed Rodney Jones a video You attributed to music producer Steven Aaron Jordan ("Stevie J") depicting him engaging in sexual conduct with another man.

RFA NO. 25 — Admit that You told Rodney Jones that engaging in homosexual acts was "a normal practice in the music industry."

RFA NO. 26 — Admit that You promised Rodney Jones a Grammy Award for Producer of the Year in exchange for his compliance with Your demands during the Relevant Period.

RFA NO. 27 — Admit that Rodney Jones repeatedly informed You that he was a heterosexual male who was not interested in sexual activity with men.

RFA NO. 28 — Admit that Kristina Khorram was present at Your residences and on the Yacht during events alleged in the Complaint.

RFA NO. 29 — Admit that Kristina Khorram had knowledge of Your sexual conduct toward Rodney Jones and did not take steps to stop it.

RFA NO. 30 — Admit that Brendan Paul transported controlled substances in his carry-on luggage on at least one international flight taken with You during the Relevant Period.

RFA NO. 31 — Admit that Love Album–related funds received from Universal Music Group or Motown Records were used, in whole or in part, to pay for Club Love parties, the Yacht charter, or the Chalice Writers' Camp.

RFA NO. 32 — Admit that Rodney Jones was transported by You or at Your direction across state lines between California, New York, Florida, and the United States Virgin Islands, and internationally to Saint-Barthélemy, during the Relevant Period.

RFA NO. 33 — Admit that Rodney Jones was transported to the above locations at least in part for purposes of soliciting Sex Workers or engaging in commercial sex acts at Your direction.

5

RFA NO. 34 — Admit that You have in Your possession, custody, or control electronic recordings that depict events, persons, or locations described in the Complaint.

RFA NO. 35 — Admit that since the filing of this action on February 26, 2024, You have not taken all affirmative steps necessary to ensure the preservation of all recordings, communications, and documents relevant to the claims in this action.

RFA NO. 36 — Admit that throughout the Relevant Period, You engaged in a deliberate and ongoing effort to "groom" Rodney Jones into accepting sexual contact with You.

RFA NO. 37 — Admit that You used Your professional relationship with Stevie J, and Mr. Jones's admiration of Stevie J, as a tool to pressure Mr. Jones into considering homosexual acts.

RFA NO. 38 — Admit that You used access to Grammy Awards, record label executives, and financial promises as inducements to secure Mr. Jones's compliance with Your sexual demands.

RFA NO. 39 — Admit that You groped and touched Rodney Jones's anus and groin without his consent on more than one occasion during the Relevant Period.

RFA NO. 40 — Admit that You required Rodney Jones to work in Your bathroom while You walked around naked and showered in a clear glass enclosure.

RFA NO. 41 — Admit that You required Rodney Jones to remain present when You engaged in sexual acts with other persons in Your residences.

RFA NO. 42 — Admit that You introduced Rodney Jones to Cuba Gooding, Jr. on the Yacht and deliberately left them alone together in the makeshift studio after suggesting that Gooding "get to know" Mr. Jones.

RFA NO. 43 — Admit that You were aware that Cuba Gooding, Jr. had a history of alleged sexual misconduct at the time You introduced him to Rodney Jones on the Yacht.

RFA NO. 44 — Admit that Kristina Khorram told Rodney Jones that Your sexual conduct toward him was just Your "way of showing that he likes you."

RFA NO. 45 — Admit that Kristina Khorram told Rodney Jones words to the effect of "Sean will be Sean" when Mr. Jones complained about Your sexual conduct.

RFA NO. 46 — Admit that Kristina Khorram directed Rodney Jones, on at least one occasion, to order Sex Workers for You.

RFA NO. 47 — Admit that Kristina Khorram was aware of the presence of Sex Workers at Your residences, the Yacht, and Club Love events during the Relevant Period.

6

RFA NO. 48 — Admit that Kristina Khorram had access to the hidden room in Your bedroom closet where cash and drugs were stored.

RFA NO. 49 — Admit that Kristina Khorram directed Your staff to ensure You remained supplied with controlled substances throughout the Relevant Period.

RFA NO. 50 — Admit that You converted the parking lot at Chalice Recording Studios into a makeshift nightclub called "Club Love" during the September 2022 Writers' Camp.

RFA NO. 51 — Admit that You required every person working on the Love Album at Chalice to consume shots of DeLeon tequila and dismissed or distrusted any person who refused.

RFA NO. 52 — Admit that the shots of DeLeon tequila distributed at Club Love events during the Chalice Writers' Camp were laced with controlled substances.

RFA NO. 53 — Admit that Sex Workers were present at Club Love events held at Chalice Recording Studios during the September 2022 Writers' Camp.

RFA NO. 54 — Admit that Justin Combs solicited or brought Sex Workers to Chalice Recording Studios on at least one occasion during the Relevant Period.

RFA NO. 55 — Admit that You did not require Justin Combs, Brendan Paul, Moy Baun, or DeForrest Taylor to sign NDAs covering the events at the Chalice Writers' Camp.

RFA NO. 56 — Admit that You chartered the Yacht for the period from approximately December 23, 2022, through January 4, 2023, in the waters of Saint-Barthélemy, Sint Maarten, and the United States Virgin Islands.

RFA NO. 57 — Admit that a recording studio was set up on the Yacht during that charter period for purposes of continuing production on the Love Album.

RFA NO. 58 — Admit that controlled substances were consumed on the Yacht during that charter period by You, Your guests, and/or members of Your staff.

RFA NO. 59 — Admit that Kristina Khorram directed staff to spike bottles of champagne with ecstasy on or about December 31, 2022, aboard the Yacht.

RFA NO. 60 — Admit that Sex Workers were present on the Yacht during the charter period.

RFA NO. 61 — Admit that Christian Combs was present on the Yacht during the charter period.

RFA NO. 62 — Admit that Rodney Jones is listed as a producer on the following songs on the released version of the Love Album: *Deliver Me, Stay PT 1, Reachin', What's Love, Stay Awhile, Moments, Need Somebody, Homecoming,* and *Tough Love.*

7

RFA NO. 63 — Admit that Rodney Jones also played instruments on one or more songs on the Love Album beyond those on which he received a producer credit.

RFA NO. 64 — Admit that You, Love Records, Motown Records, and/or Universal Music Group commercially released and profited from the Love Album without fully compensating Rodney Jones.

RFA NO. 65 — Admit that You offered Rodney Jones $29,000 as full compensation for thirteen months of work and nine produced songs and that Mr. Jones rejected that offer as inadequate.

RFA NO. 66 — Admit that You refused to provide Rodney Jones with his publishing rights for the songs he produced on the Love Album.

RFA NO. 67 — Admit that after Rodney Jones publicly posted on social media requesting payment for his work, You or persons acting on Your behalf sent him threatening communications.

RFA NO. 68 — Admit that You informed Rodney Jones that Faheem Muhammad, Your head of security, had relationships with law enforcement that could be used to make "problems disappear."

RFA NO. 69 — Admit that Faheem Muhammad communicated with LAPD officers following the Chalice Shooting on September 12, 2022.

RFA NO. 70 — Admit that no arrests were made by the LAPD in connection with the Chalice Shooting despite officers being present at the scene and observing blood in the restroom where "G" was shot.

RFA NO. 71 — Admit that You hired a cleaning crew to clean the restroom at Chalice Recording Studios where "G" was shot following the Chalice Shooting.

RFA NO. 72 — Admit that You bragged to Rodney Jones about having avoided legal consequences for prior acts of violence, including the 1999 New York City nightclub shooting.

RFA NO. 73 — Admit that You told Rodney Jones that You used anonymous overseas bank accounts to conduct financial transactions so that payments could not be traced back to You.

RFA NO. 74 — Admit that You told Rodney Jones that only "poor people pay taxes."

RFA NO. 75 — Admit that You required Rodney Jones and/or Brendan Paul to carry firearms on their person when accompanying You in public during the Relevant Period.

RFA NO. 76 — Admit that Rodney Jones was transported across state and international lines, at Your direction and expense, to locations where he was compelled to engage in commercial sex acts or to solicit Sex Workers.

8

RFA NO. 77 — Admit that You used a combination of threats of physical harm and promises of professional advancement to coerce Rodney Jones into participating in commercial sex acts against his will.

RFA NO. 78 — Admit that Rodney Jones told You, on more than one occasion, that he did not want to solicit Sex Workers or engage in sexual acts.

RFA NO. 79 — Admit that You used Your dominance in the music industry and Your relationships with Grammy Award organizers and record label executives as leverage over Rodney Jones during the Relevant Period.

RFA NO. 80 — Admit that Rodney Jones reasonably feared that refusing Your demands would result in physical harm to him or damage to his career in the music industry.

RFA NO. 81 — Admit that at the July 2, 2023, listening party at Your California residence, at least five women who appeared to be under the age of sixteen were present.

RFA NO. 82 — Admit that Justin Combs brought underage women to parties at Your residences on more than one occasion during the Relevant Period.

RFA NO. 83 — Admit that Laced Beverages were served at the July 2, 2023, California listening party at which individuals who appeared to be underage were present.

RFA NO. 84 — Admit that You did not take steps to remove underage persons from Your California residence on July 2, 2023, after You became aware of their presence.

RFA NO. 85 — Admit that You required Rodney Jones to record You constantly during the Relevant Period because You did not like to repeat Yourself.

RFA NO. 86 — Admit that on multiple occasions You personally took Rodney Jones's cell phone and began recording Yourself.

RFA NO. 87 — Admit that because of Your direction, Rodney Jones accumulated hundreds of hours of audio and video recordings depicting events at Your residences, the Yacht, and Chalice during the Relevant Period.

RFA NO. 88 — Admit that You are aware that Rodney Jones possesses photographs of Sex Workers in Your home taken the morning after one or more incidents alleged in the Complaint.

RFA NO. 89 — Admit that You are aware that Rodney Jones possesses photographs and/or video of the restroom at Chalice Recording Studios showing blood consistent with the Chalice Shooting.

9

RFA NO. 90 — Admit that You are aware that Rodney Jones possesses Uber receipts reflecting Sex Worker transportation to Your Miami residence at 2 Star Island Drive on dates including November 29, 2022, through December 3, 2022, and January 26, 2023, through February 9, 2023.

Dated: May 12, 2026
Brooklyn, New York

/s/ *Tyrone A. Blackburn*
Tyrone A. Blackburn
T. A. BLACKBURN LAW, PLLC
1242 East 80th Street, 3rd Floor
Brooklyn, NY 11236
tblackburn@tablackburnlaw.com
*Attorneys for Plaintiff Rodney Jones*

10

Certification Of Responses to Plaintiff's First Set of Requests for Admission

I, Sean Combs, declare and certify as follows:

1. I am the Defendant in the above-captioned action. I am over the age of eighteen (18) years and am competent to make this Certification.
2. I have read Plaintiff Rodney Jones's First Set of Requests for Admission (RFA Nos. 1–35) and Second Set of Requests for Admission (RFA Nos. 36–90) Directed to Defendant Sean Combs in the above-captioned matter and the responses thereto.
3. I have reviewed and considered each Request for Admission individually and have made a reasonable inquiry — including inquiry of my counsel, agents, and representatives — sufficient to enable me to admit or deny each request as required by Federal Rule of Civil Procedure 36(a)(4).
4. Where I have admitted a matter, I do so because, after reasonable inquiry, the matter is true.
5. Where I have denied a matter, I do so in good faith because, after reasonable inquiry, I cannot truthfully admit it.
6. Where I have stated that I lack sufficient knowledge or information to admit or deny a matter, that statement is made in good faith after reasonable inquiry and reflects a genuine lack of knowledge or information.
7. I understand that any matter admitted in response to a Request for Admission is conclusively established for purposes of this action pursuant to Federal Rule of Civil Procedure 36(b), unless the Court permits withdrawal or amendment upon good cause shown.
8. I understand that if I fail to admit the truth of any matter and Plaintiff later proves that matter to be true, the Court may order me to pay the reasonable expenses, including attorneys' fees, incurred by Plaintiff in making that proof, pursuant to Federal Rule of Civil Procedure 37(c)(2).
9. I understand that these responses are subject to the requirements of Federal Rule of Civil Procedure 26(e) and that I have a continuing duty to amend or supplement any response that I learn to be incomplete or incorrect in any material respect.
10. I certify that the responses set forth herein are truthful, complete, and made in good faith to the best of my knowledge, information, and belief as of the date stated below.
11. I understand that any false statement made herein may subject me to criminal prosecution for perjury or making a false statement under 28 U.S.C. § 1746 and 18 U.S.C. § 1621, as well as to sanctions and adverse evidentiary consequences in this civil proceeding.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on: _____, 2026

Signature: _____

Printed Name: SEAN COMBS

Address:

11

*Subscribed and sworn to before me this _____ day of _____, 2026.*
Notary Public: _____
My Commission Expires:

*(Notary Seal)*

12