# EXHIBIT 8

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

RODNEY JONES,

               Plaintiff,

      v.

SEAN COMBS, JUSTIN DIOR COMBS, CUBA
GOODING, JR., LUCIAN CHARLES GRAINGE,
KRISTINA KHORRAM, LOVE RECORDS,
MOTOWN RECORDS, UNIVERSAL MUSIC
GROUP, COMBS GLOBAL ENTERPRISES, JOHN
and JANE DOES 1-10; and ABC CORPORATIONS 1-
10,

               Defendants.

Case No. 24-cv-01457 (JPO)

**DEFENDANT SEAN COMBS'S SECOND SET OF INTERROGATORIES**
**TO PLAINTIFF RODNEY JONES**

Pursuant to Federal Rules of Civil Procedure 26 and 33, Defendant Sean Combs ("Mr. Combs"), by and through his undersigned attorneys, Sher Tremonte LLP, hereby demand that Plaintiff Rodney Jones ("Plaintiff" or "Jones"), provide answers under oath to the following interrogatories, to be served by electronic transmission to ewolff@shertremonte.com, krenzler@shertremonte.com, and bshacksackler@shertremonte.com within 30 days of the service of these interrogatories (the "Interrogatories") or by such other time as may be mutually agreed upon by the parties.

**DEFINITIONS AND INSTRUCTIONS**

The definitions set forth in Local Civil Rule 26.3 for the Southern District of New York, together with other definitions set forth below shall apply unless specifically indicated:

1

1.      "Identify" with respect to a person or entity means to give, to the extent known, the person or entity's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment.

2.      "Communication" or "Communications" shall mean the transmittal of information (in the form of facts, ideas, inquiries or otherwise), including verbally or via telephone, letter, text message, voicemail, e-mail, social media post, and social media message.

3.      "Document" and "Documents" shall be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A).  A draft or non-identical copy is a separate document within the meaning of this term.

4.      "Person" shall mean any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

5.      "You" and "Your" shall mean plaintiff Rodney Jones and any persons or entities acting on Rodney Jones's behalf or within his control, including representatives or legal counsel.

6.      "Sean Combs" or "Mr. Combs" shall mean defendant Sean Combs and any persons or entities acting on Sean Combs's behalf or within his control, including representatives or legal counsel.

7.      "Jane Doe 1" shall mean the Person identified as Jane Doe 1 or Yung Miami's Cousin or Young Miami's cousin and or assistant in Your Complaint and any persons or entities acting on that Person's behalf or within her control, including representatives or legal counsel.

8.      "Cuba Gooding Jr." shall mean Cuba Gooding Jr. and any persons or entities acting on Cuba Gooding Jr.'s behalf or within his control, including representatives or legal counsel.

9.      "Complaint" refers to the Second Amended Complaint filed in this matter, *Rodney Jones v. Sean Combs et al.,* Civil Action No. 24-cv-1457 (JPO), ECF No. 38 (April 12, 2024).

2

10.    "Defendant" shall mean any defendant named in Your Complaint.

11.    "Alleged Incidents" shall mean any conduct you allege supports any of the remaining causes of action in Your Complaint, including (a) each incident of alleged assault or harassment of You by any Defendant between approximately October 2022 and October 2023; (b) each incident of alleged assault of You by Jane Doe 1 on or around Thanksgiving 2022; (c) each incident of alleged assault of You by Cuba Gooding Jr. in approximately January 2023; (d) each incident of alleged recruitment, enticement, harboring, transportation, provision, obtaining, advertisement, maintenance, patronization, or solicitation of You in connection with any commercial sex act, or any benefit obtained from such acts, by any Defendant between approximately September 2022 and November 2023; (e) each incident of alleged force, threat of force, fraud, or coercion, or combination of such means by any Defendant between approximately September 2022 and November 2023 used to allegedly cause You to engage in commercial sex acts; and (f) each incident of alleged payment for, facilitation of, perpetration, and participation in any alleged violations of 18 U.S.C. § 1591(a)(1) by any Defendant. The term "Alleged Incidents" includes each individual occurrence of the allegations listed above, all such occurrences collectively, and any portion of any individual occurrence.

12.    "Concerning" shall mean relating to, referring to, describing, evidencing, or constituting.

13.    "Relating to" means constituting, pertaining to, making reference to, comprising, evidencing, alluding to, responding to, connected with, commenting on, with respect to, about, regarding, resulting from, embodying, explaining, supporting, contradicting, discussing, showing, describing, reflecting, analyzing, setting forth, in respect of, having a relationship to, or in any way being factually, legally, or logically connected to, in whole or in part, the stated subject matter.

3

14. "Any," "all," and "each" shall be construed as encompassing any and all.

15. The connectives "and" or "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

16. "Including" means including but not limited to and including without limitation.

17. All grounds for objection shall be stated with specificity.

18. All documents referred to or relied upon any person in answering or providing information to answer any interrogatory propounded herein and all documents identified in response to any interrogatory propounded herein shall be produced to Sean Combs.

**SECOND SET OF INTERROGATORIES**

**INTERROGATORY NO. 9:** Identify all medical and mental health providers who treated You for the period of 2018 to present.

Dated: New York, New York
   April 30, 2026

SHER TREMONTE LLP

By:  */s/ Erica A. Wolff*

   Erica A. Wolff
   Michael Tremonte
   Mark Cuccaro
   Katie Renzler
   Benjamin J. Shack Sackler
   90 Broad Street, 23rd Floor
   New York, NY 10004
   (212) 202-2600
   mtremonte@shertremonte.com
   ewolff@shertremonte.com
   mcuccaro@shertremonte.com
   krenzler@shertremonte.com
   bshacksackler@shertremonte.com

   *Attorneys for Defendant Sean Combs*

4

## CERTIFICATE OF SERVICE

I, Erica Wolff, hereby certify that on April 30, 2026, I served the foregoing document by (1) electronic mail to all counsel at their e-mail addresses listed below, as agreed upon by the parties pursuant to Fed. R. Civ. P. 5(b)(2)(E):

IVIE MCNEILL WYATT PURCELL & DIGGS

Rodney Diggs
444 S. Flower Street
Suite 3200
Los Angeles, CA 90071
Tel: (213) 489-0552
rdiggs@imwlaw.com

T. A. BLACKBURN LAW, PLLC

Tyrone Anthony Blackburn
1242 East 80th St.
3d Floor
Brooklyn, NY 11236
Tel: (347)-342-7432
tblackburn@tablackburnlaw.com

*Attorneys for Rodney Jones*

5

COHEN WILLIAMS LLP

Marc S. Williams
Neil Jahss
Reuven Cohen
724 South Spring Street
Ste 9th Floor
Los Angeles, CA 90014
Tel: (213) 232-5163
mwilliams@cohen-williams.com
njahss@cohen-williams.com
rcohen@cohen-williams.com

*Attorneys for Kristina Khorram*

/s/ Erica A. Wolff

Erica A. Wolff

6