Neil S. Jahss
Tel: 213-232-5171
njahss@cohen-williams.com

# COHEN WILLIAMS LLP

June 3, 2026

VIA ELECTRONIC FILING

The Honorable J. Paul Oetken
United States District Judge
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, New York, New York 10007

**Re:  *Jones v. Combs et al.*, No. 24-cv-01457 (JPO)**

Dear Judge Oetken:

Defendant Kristina Khorram respectfully joins Defendant Sean Combs's June 3, 2026 letter motion concerning Plaintiff's Requests for Admission directed to him.  On May 13, 2026, Plaintiff served a separate set of RFAs on Ms. Khorram, and those requests suffer from many of the same defects identified in Mr. Combs's submission.  Accordingly, Ms. Khorram respectfully requests the same relief from the Court with respect to the RFAs directed to her.

The procedural history described in Mr. Combs's submission applies equally to the RFAs served on Ms. Khorram, and we do not repeat it here.  As reflected in the attached May 28, 2026 meet-and-confer email, Ms. Khorram advised Plaintiff that the RFAs directed to her raise the same concerns addressed in Mr. Combs's submission and requested that Plaintiff withdraw and revise them.  Plaintiff did not respond to Ms. Khorram's offer to meet and confer.  Copies of Plaintiff's RFAs directed to Ms. Khorram and her meet-and-confer correspondence are attached as Exhibits 1 and 2.

Like the RFAs served on Mr. Combs, many of the RFAs directed to Ms. Khorram improperly seek admissions concerning vigorously disputed allegations at the heart of Plaintiff's case.  For example, RFA Nos. 6-9 ask Ms. Khorram to admit that Plaintiff complained to her about Mr. Combs's alleged sexual misconduct, that she responded dismissively to those complaints, and that she failed to take action in response.  RFA No. 10 asks Ms. Khorram to admit that she "worked with Combs to groom Rodney Jones into accepting a homosexual relationship with Combs."  RFA No. 15 asks her to admit that she was aware Combs "used a combination of threats and promises to coerce Rodney Jones into soliciting Sex Workers against his will."  RFA No. 24 asks her to admit that she was aware that Combs used "Laced Beverages as a means of obtaining and maintaining control" over Jones.  RFA No. 39 asks her to admit that she financially benefited from participation in the alleged "Enterprise" despite knowledge of TVPA violations.  And RFA No. 40 asks her to admit that she "knew or recklessly disregarded" the likelihood that Jones was "being coerced into commercial sex acts."  These are not requests directed to discrete, undisputed facts capable of narrowing issues for trial.  They seek

---

724 South Spring Street, 9th Floor
Los Angeles, CA 90014

Tel: 213-232-5160
Fax: 213-232-5167
www.cohen-williams.com

admissions concerning the central allegations Plaintiff must prove to establish liability.  The examples above are merely representative.  The same approach appears throughout the RFAs.

The RFAs also impermissibly seek admissions concerning allegations that formed part of Plaintiff's dismissed civil RICO cause of action.  RFAs 16-21, 25-27 focus on alleged drug procurement and the transportation and distribution of controlled substances.  RFAs 34-36 seek admissions concerning alleged surveillance systems, surveillance footage, and communications with security personnel regarding those systems.  RFAs 38 and 39 seek admissions concerning the alleged "Enterprise," a central component of Plaintiff's dismissed civil RICO claim.  Like the RFAs identified in Mr. Combs's submission, these requests seek admissions concerning Plaintiff's broader criminal-enterprise narrative rather than the single sex-trafficking claim that remains in the case as to Ms. Khorram.

Although fewer in number than those served on Mr. Combs, the RFAs directed to Ms. Khorram are no less improper.  The issue is not merely the number of requests.  It is that Plaintiff uses dozens of RFAs to seek admissions concerning disputed factual allegations that go to the core merits of his remaining claim, as well as allegations removed from the case.  Rule 36 does not require a party to walk through an opponent's factual narrative allegation by allegation, providing admissions or denials concerning the central issues in dispute or matters outside the scope of the remaining claim.

For these reasons, and for the reasons stated in Mr. Combs's submission, Ms. Khorram respectfully requests the same relief with respect to the RFAs directed to her: (1) a protective order pursuant to FRCP 26(c) quashing Plaintiff's First Set of Requests for Admission served on Ms. Khorram on May 13, 2026, limiting Plaintiff to no more than 25 RFAs that comply with the Federal Rules of Civil Procedure and that are designed to identify and eliminate matters on which the parties agree and do not seek information as to fundamental disagreement at the heart of the lawsuit, and requiring Plaintiff's discovery demands and responses to comply with the Federal Rules of Civil Procedure; and (2) an **immediate stay** of Ms. Khorram's June 12, 2026 deadline to respond to the RFAs, such stay expiring 30 days after the Court resolves this motion, to the extent the Court upholds any of Plaintiff's RFAs.

Sincerely,

Reuven L. Cohen
Marc S. Williams (admitted *pro hac vice*)
Neil S. Jahss (admitted *pro hac vice*)
Cohen Williams LLP
Attorneys for Defendant Kristina Khorram

cc (by ECF): All counsel of record

Enclosures