# EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| RODNEY JONES,<br>　　　　　*Plaintiff*,<br>-against-<br><br>SEAN COMBS,<br>JUSTIN DIOR COMBS,<br>CUBA GOODING JR.,<br>LUCIAN CHARLES GRAINGE,<br>KRISTINA KHORRAM,<br>LOVE RECORDS,<br>MOTOWN RECORDS,<br>UNIVERSAL MUSIC GROUP,<br>COMBS GLOBAL ENTERPRISES,<br>JOHN and JANE DOES 1-10 and<br>ABC CORPORATIONS. 1-10,<br>　　　　　*Defendants*. | Case No.: 24-cv-01457<br><br>Plaintiff's First Set of Requests for Admission Directed at Kristina Khorram |

Plaintiff Rodney Jones, by and through his counsel, hereby serves the following Requests for Admission upon Defendant Kristina Khorram pursuant to Federal Rule of Civil Procedure 36. Defendant is required to admit or deny each request in writing within thirty (30) days of service. If You cannot admit or deny a request in full, You must admit as much as is true and specifically deny only the remainder. Failure to timely respond will result in the matter being deemed admitted pursuant to Fed. R. Civ. P. 36(a)(3).

<u>DEFINITIONS</u>

As used in these Requests for Admission, the following terms have the meanings set forth below:

1. "You," "Your," or "Khorram" means Defendant Kristina Khorram, individually and in her capacity as Chief of Staff to Sean Combs and Combs Global Enterprises, and any agent, employee, or representative acting on her behalf.

2. "Combs" means Defendant Sean Combs, also known as Puff Daddy, P. Diddy, Diddy, Puffy, Brother Love, and Love.

3. "Plaintiff" or "Jones" means Rodney "Lil Rod" Jones, Jr., Plaintiff in the above-captioned action.

4. "Enterprise" means the organization described in the Complaint as the "Combs RICO and TVPA Enterprise," including Combs, You, Brendan Paul, DeForrest Taylor, Moy Baun,

Frankie Santella, Faheem Muhammad, and any other employees, associates, or agents who participated in the conduct alleged in the Complaint.

5. "Love Album" means the album titled "The Love Album: Off the Grid," released on or about September 23, 2023, and all sessions, recordings, camps, and events related to its creation.

6. "Relevant Period" means September 1, 2022, through the date of your response to these Interrogatories.

7. "Properties" means every residence, studio, office, or real property owned, leased, rented, or used by Combs during the Relevant Period, including 200 South Mapleton Drive, Los Angeles, CA; 1550 N. El Centro Ave, Los Angeles, CA; 2 Star Island Drive, Miami Beach, FL; 1 Star Island Drive, Miami Beach, FL; and any New York City residence.

8. "Yacht" means the vessel chartered by or on behalf of Combs from on or about December 23, 2022, through on or about January 4, 2023, in the waters of Saint-Barthélemy, Sint Maarten, and the United States Virgin Islands.

9. "Club Love" means the parties and events hosted by Combs at Chalice or at his properties in connection with the creation of the Love Album.

10. "Chalice" or "CRS" means Chalice Recording Studios located at 845 Highland Avenue, Los Angeles, California 90038.

11. "Sex Workers" means any person solicited, recruited, transported, paid, or directed to engage in commercial sex acts at Combs's direction or for his benefit.

12. "Laced Beverage" means any alcoholic or non-alcoholic beverage to which a controlled substance, narcotic, or drug was added without the full knowledge and consent of each person consuming it.

13. "Drug Pouch" or "Black Pouch" means any bag, fanny pack, Prada pouch, or similar container used to store or transport illegal narcotics for Combs's use or distribution.

14. "NDA" means any non-disclosure, confidentiality, or non-disparagement agreement.

15. "Chalice Shooting" means the shooting incident at or near Chalice Recording Studios in the early morning hours of September 12, 2022, in which the individual referred to as "G" sustained gunshot wounds.

16. "Document" means any written, printed, typed, recorded, electronic, or graphic matter in any form or medium.

2

17. "Communication" means any oral, written, or electronic transmission of information, including emails, texts, DMs, WhatsApp, iMessages, Telegram, voice memos, and in-person discussions.

18. "Identify" when referring to a person means to state their full name, last known address, telephone number, email address, and relationship to You.

INSTRUCTIONS

1. Obligation to Respond. You must admit or deny each request. If You cannot truthfully admit or deny, state in detail why You cannot do so.

2. Partial Admissions. If You admit part of a request and deny part, specify which part You admit and which You deny.

3. Good Faith. Objections must be based on legitimate legal grounds stated with specificity. You may not object solely on the ground that a request presents a genuine issue for trial.

4. Effect of Admission. Any matter admitted is conclusively established for purposes of this action pursuant to Fed. R. Civ. P. 36(b).

5. Deemed Admissions. Any request not responded to within thirty (30) days will be deemed admitted.

6. Continuing Duty. Supplement responses promptly if You learn that any prior response is incomplete or incorrect.

REQUESTS FOR ADMISSION

RFA NO. 1 — Admit that during the Relevant Period You served as Chief of Staff to Defendant Sean Combs and Combs Global Enterprises.

RFA NO. 2 — Admit that in Your role as Chief of Staff You managed the day-to-day operations of Combs's personal and professional life, including his residences, staff, travel, and business affairs.

RFA NO. 3 — Admit that Brendan Paul, DeForrest Taylor, Moy Baun, and Frankie Santella reported to You or were under Your supervision during the Relevant Period.

RFA NO. 4 — Admit that You had authority to give instructions to Combs's household staff, including butlers, chefs, and housekeepers, during the Relevant Period.

RFA NO. 5 — Admit that You were aware of Rodney Jones's engagement to produce music for the Love Album during the Relevant Period.

3

RFA NO. 6 — Admit that Rodney Jones complained to You about Combs's sexual conduct toward him during the Relevant Period.

RFA NO. 7 — Admit that when Rodney Jones complained to You about Combs's sexual conduct, You told him that Combs's behavior was just his "way of showing that he likes you."

RFA NO. 8 — Admit that You told Rodney Jones words to the effect of "Sean will be Sean" in response to his complaints about Combs's sexual conduct toward him.

RFA NO. 9 — Admit that You did not take steps to stop, report, or otherwise address Combs's sexual conduct toward Rodney Jones after he complained to You about it.

RFA NO. 10 — Admit that You worked with Combs to groom Rodney Jones into accepting a homosexual relationship with Combs, as alleged in the Complaint.

RFA NO. 11 — Admit that You directed Rodney Jones, on at least one occasion, to order Sex Workers for Combs.

RFA NO. 12 — Admit that You were aware that Combs directed Rodney Jones to recruit Sex Workers from Booby Trap on the River in Miami.

RFA NO. 13 — Admit that You were aware of the presence of Sex Workers at Combs's Properties and at Club Love events during the Relevant Period.

RFA NO. 14 — Admit that You coordinated or approved the transportation of Sex Workers to Combs's Properties or the Yacht during the Relevant Period.

RFA NO. 15 — Admit that You were aware that Combs used a combination of threats and promises to coerce Rodney Jones into soliciting Sex Workers against his will.

RFA NO. 16 — Admit that during the Relevant Period You directed members of Combs's staff to procure controlled substances for Combs's consumption.

RFA NO. 17 — Admit that You directed staff to keep Combs supplied with laced gummies, pills, or other controlled substances on a regular basis during the Relevant Period.

RFA NO. 18 — Admit that You directed household staff — including butlers, chefs, and housekeepers — to carry the Drug Pouch or similar containers filled with controlled substances during the Relevant Period.

RFA NO. 19 — Admit that You ordered and distributed ecstasy, cocaine, GHB, ketamine, marijuana, mushrooms, or Tuci to Combs and his guests at his properties, on the Yacht, or at Club Love events during the Relevant Period.

4

RFA NO. 20 — Admit that You had access to the hidden room in Combs's bedroom closet where cash and controlled substances were stored during the Relevant Period.

RFA NO. 21 — Admit that You directed or permitted controlled substances to be added to beverages served to guests at Club Love events or other gatherings hosted by Combs during the Relevant Period.

RFA NO. 22 — Admit that You directed staff to spike bottles of champagne with ecstasy on or about December 31, 2022, aboard the Yacht.

RFA NO. 23 — Admit that You were present on one or more occasions when Rodney Jones consumed a beverage that had been laced with a controlled substance without his knowledge.

RFA NO. 24 — Admit that You were aware that Combs used Laced Beverages as a means of obtaining and maintaining control over persons in his presence, including Rodney Jones.

RFA NO. 25 — Admit that during the Relevant Period, on at least one occasion, You directed Brendan Paul, Moy Baun, or DeForrest Taylor to transport controlled substances in carry-on luggage through TSA airport checkpoints.

RFA NO. 26 — Admit that You were present on or about November 22, 2022, December 22, 2022, April 28, 2023, and/or November 4, 2023, when controlled substances were transported through TSA checkpoints in carry-on luggage.

RFA NO. 27 — Admit that You were aware that Brendan Paul regularly transported cocaine and other controlled substances in his carry-on luggage on flights with Combs during the Relevant Period.

RFA NO. 28 — Admit that You received information about the Chalice Shooting on or about September 12, 2022.

RFA NO. 29 — Admit that You were aware that Combs directed witnesses to the Chalice Shooting to tell law enforcement that "G" had been shot outside the studio in a drive-by.

RFA NO. 30 — Admit that You communicated with Combs's attorneys or security personnel about the Chalice Shooting and the account to be given to law enforcement.

RFA NO. 31 — Admit that You were involved in the preparation, distribution, or enforcement of NDAs in connection with the Chalice Writers' Camp or other events hosted by Combs during the Relevant Period.

5

RFA NO. 32 — Admit that You were aware that NDAs used in connection with Combs's events were intended, at least in part, to prevent disclosure of criminal conduct, including sex trafficking, drug distribution, and the Chalice Shooting.

RFA NO. 33 — Admit that You signed a non-disclosure or confidentiality agreement with Combs or any of his entities in connection with Your employment.

RFA NO. 34 — Admit that You were aware of the existence of hidden cameras installed in the interior rooms of Combs's Properties during the Relevant Period.

RFA NO. 35 — Admit that You had access to the surveillance feeds or recordings from Combs's Properties during the Relevant Period.

RFA NO. 36 — Admit that You communicated with Jose Cruz or any other IT or security personnel about the surveillance footage from Combs's Properties.

RFA NO. 37 — Admit that You received financial compensation from Combs and/or Combs Global Enterprises for Your role as Chief of Staff during the Relevant Period.

RFA NO. 38 — Admit that Your compensation from Combs was contingent, in whole or in part, on Your management of the day-to-day operations of the Enterprise, including managing staff who procured drugs and Sex Workers.

RFA NO. 39 — Admit that You benefited financially from Your participation in the Enterprise during the Relevant Period, notwithstanding Your knowledge of Combs's TVPA violations.

RFA NO. 40 — Admit that You knew or recklessly disregarded the likelihood that Rodney Jones was being coerced into commercial sex acts during the Relevant Period.

RFA NO. 41 — Admit that since the filing of this action on February 26, 2024, You have communicated with Sean Combs or his attorneys about the allegations in the Complaint.

RFA NO. 42 — Admit that since the filing of this action on February 26, 2024, You have not taken all affirmative steps necessary to preserve all communications, recordings, and documents in Your possession relevant to the claims in this action.

RFA NO. 43 — Admit that You possess communications with Combs, Brendan Paul, DeForrest Taylor, Moy Baun, or Frankie Santella that are relevant to the events alleged in the Complaint.

RFA NO. 44 — Admit that You possess or have possessed recordings, photographs, or other evidence depicting events alleged in the Complaint.

RFA NO. 45 — Admit that You have not voluntarily produced to Plaintiff any documents, communications, or recordings in Your possession that are relevant to the claims in this action.

6

Dated: May 12, 2026
Brooklyn, New York

/s/ *Tyrone A. Blackburn*
Tyrone A. Blackburn
T. A. BLACKBURN LAW, PLLC
1242 East 80th Street, 3rd Floor
Brooklyn, NY 11236
tblackburn@tablackburnlaw.com
*Attorneys for Plaintiff Rodney Jones*

7

<u>Defendant Kristina Khorram's Certification of Responses</u>
<u>To Plaintiff's First Set of Requests For Admission</u>

I, Kristina Khorram, declare and certify as follows:

1. I am a Defendant in the above-captioned action. I am over the age of eighteen (18) years, am of sound mind, and am competent to make this Certification.
2. I have read and carefully reviewed Plaintiff Rodney Jones's First Set of Requests for Admission Directed to Defendant Kristina Khorram (RFA Nos. 1 through 45) in the above-captioned matter and the responses set forth therein.
3. In preparing my responses, I made a reasonable inquiry into the facts as required by Federal Rule of Civil Procedure 36(a)(4). That inquiry included review of documents and communications in my possession, custody, or control, and consultation with my counsel and, where appropriate, with persons having relevant knowledge.
4. Where I have admitted a matter, I do so because, after reasonable inquiry, I believe the matter to be true.
5. Where I have denied a matter, I do so in good faith because, after reasonable inquiry, I cannot truthfully admit it.
6. Where I have stated that I lack sufficient knowledge or information to admit or deny a matter, I have made that response in good faith after conducting a reasonable inquiry, and the information known or readily obtainable by me is insufficient to enable me to admit or deny the matter.
7. I understand that any matter admitted in response to a Request for Admission is conclusively established for purposes of this action pursuant to Federal Rule of Civil Procedure 36(b), unless the Court permits withdrawal or amendment upon a showing of good cause and absence of prejudice to the opposing party.
8. I understand that if I fail to admit the truth of any matter and Plaintiff later proves that matter to be true at trial or otherwise, the Court may — upon motion — order me to pay the reasonable expenses, including attorneys' fees, that Plaintiff incurred in making that proof, pursuant to Federal Rule of Civil Procedure 37(c)(2), unless:
   (a) the request was held objectionable under Rule 36(a);
   (b) the admission sought was of no substantial importance;
   (c) I had a reasonable ground to believe that I might prevail on the matter; or
   (d) there was other good reason for my failure to admit.
9. I understand that I have a continuing duty pursuant to Federal Rule of Civil Procedure 26(e) to amend or supplement any response that I learn, in some material respect, to be incomplete or incorrect, and that such supplementation must be made in a timely manner.
10. I have not withheld any admission based solely on a technical reading of a request that would be inconsistent with a good faith response.
11. I understand that these responses are submitted in a federal civil proceeding and that any materially false, misleading, or incomplete response may subject me to:
    (a) sanctions under Federal Rules of Civil Procedure 37 and 11;
    (b) adverse inference instructions or other evidentiary consequences at trial;
    (c) civil contempt; and
    (d) criminal prosecution for perjury or making false statements under 28 U.S.C. § 1746 and 18 U.S.C. § 1621.

8

12. I certify that my responses to Plaintiff's First Set of Requests for Admission (RFA Nos. 1 through 45) are truthful, complete, and made in good faith to the best of my knowledge, information, and belief as of the date set forth below.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on: _____, 2026

Signature: _____
Printed Name: KRISTINA KHORRAM
Address:

*Subscribed and sworn to before me this _____ day of _____, 2026.*
Notary Public: _____
My Commission Expires:

*(Notary Seal)*

9