**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

RODNEY JONES,
Plaintiff,

v.

SEAN COMBS, JUSTIN DIOR COMBS, CUBA GOODING, JR., LUCIAN CHARLES GRAINGE, KRISTINA KHORRAM, LOVE RECORDS, MOTOWN RECORDS, UNIVERSAL MUSIC GROUP, COMBS GLOBAL ENTERPRISES, JOHN and JANE DOES 1-10; and ABC CORPORATIONS 1-10,
Defendants.

SEAN COMBS,
Counterclaim-Plaintiff,

v.

RODNEY JONES,
Counterclaim-Defendant.

Case No. 24-cv-01457 (JPO)

**DECLARATION OF MICHAEL TREMONTE IN SUPPORT OF**
**SHER TREMONTE LLP'S MOTION TO WITHDRAW AS COUNSEL**

I, Michael Tremonte, Esq., an attorney duly admitted in the State of New York, affirm under penalties of perjury as follows:

1. I am a partner at the law firm of Sher Tremonte LLP ("Sher Tremonte" or the "Firm") and am counsel of record for Defendant and Counterclaimant Sean Combs ( "Mr. Combs") in this matter, along with my colleagues Erica A. Wolff, Esq., Mark Cuccaro, Esq., Katie Renzler, Esq., and Benjamin J. Shack Sackler, Esq. I am fully familiar with the facts and circumstances regarding this motion and the underlying action.

2. I respectfully submit this affirmation in support of Sher Tremonte's motion for all Sher Tremonte lawyers to withdraw as counsel for Mr. Combs and for a retaining lien, pursuant to Rule 1.4 of the Local Civil Rules of the United States District Court for the Southern and Eastern Districts of New York.

3. I also respectfully request a stay of all deadlines in this matter for 30 days to allow Mr. Combs sufficient time to obtain new counsel.

4. Sher Tremonte, and each of its individual lawyers who have appeared in this action, seeks an order to be relieved as counsel for Mr. Combs pursuant to Local Rule 1.4 and based upon the professional circumstances described in Rule 1.16(c)(5) and (7) of New York Rules of Professional Conduct because (1) Mr. Combs has not paid a substantial balance of attorney's fees, costs, and expenses; and (2) Sher Tremonte's representation has been rendered unreasonably difficult by Mr. Combs's lack of cooperation and communication, resulting in a breakdown in the attorney-client relationship.

5. The New York Rules of Professional Conduct permit a lawyer to withdraw as counsel, with the Court's permission, when *inter alia* the "withdrawal can be accomplished without material adverse effect on the interests of the client," N.Y. Rules of Pro. Conduct 1.16(c)(1), the client "deliberately disregards an agreement or obligation to the lawyer as to expenses or fees," *id.* at Rule 1.16(c)(5), or the client "fails to cooperate in or otherwise renders the engagement unreasonably difficult for the lawyer to carry out," *id.* at Rule 1.16(c)(7). All of these conditions are present here.

6. First, Mr. Combs is in substantial arrears in paying Sher Tremonte's legal fees. For many months, while Sher Tremonte has been rendering legal services, Mr. Combs has not remitted

any payment for the substantial balance of attorney's fees, costs, and expenses incurred during Sher Tremonte's representation of him in this matter.

7. More specifically, Mr. Combs has not paid Sher Tremonte anything for over six months and his last payment related to fees and expenses that were incurred in late 2025. Accordingly, a substantial portion of the total overdue balance consists of invoices that are over 90 days in arrears. Should the Court wish to consider additional information regarding these unpaid fees and expenses, Sher Tremonte will make such information available to the Court for *in camera* review.

8. Given the volume of work across this and numerous other cases, the magnitude of the past due balances, and the absence of any payments for over six months, the continued representation of Mr. Combs would necessarily result in an unreasonable financial burden on Sher Tremonte.

9. In addition to Mr. Combs's refusal to pay in accordance with the express terms of his agreement to do so, there has been a total breakdown in cooperation and communication between Mr. Combs and the Firm. Mr. Combs has declined to make himself available for timely, substantive, and direct communications about his cases for over four months. The Firm's representation has been rendered unreasonably difficult by Mr. Combs's lack of cooperation, resulting in a breakdown in attorney-client communications and rendering Sher Tremonte incapable of continuing to provide effective legal services to Mr. Combs. *See Farmer v. Hyde Your Eyes Optical, Inc.*, 60 F. Supp. 3d 441, 445 (S.D.N.Y 2014) (internal citations and quotations omitted) ("Satisfactory reasons for withdrawal include a client's lack of cooperation, including lack of communication with counsel, and the existence of irreconcilable conflict between attorney and client."). Should the Court require further details concerning Mr. Combs's refusal to cooperate

and the breakdown in attorney-client communications between Mr. Combs and the Firm, Sher Tremonte will make such information available to the Court for *in camera* review.

10. Finally, granting the application will not have a material adverse effect on the interests of Mr. Combs. Mr. Combs recently filed an amended answer and counterclaims in this matter, and the parties are in the early stages of discovery. Trial is not scheduled, and there are no hearings that would be delayed by the Firm's withdrawal. Mr. Combs will not be prejudiced by the withdrawal.

11. For the foregoing reasons, Sher Tremonte requests that the Court grant the instant motion to withdraw as counsel for Mr. Combs.

12. Sher Tremonte seeks a retaining lien against Mr. Combs's files in this case until the Firm's fees are paid. *See Karimian v. Time Equities, Inc.*, No. 10-CV-3773, 2011 WL 1900092, at *6 (S.D.N.Y. May 11, 2011) (granting retaining lien upon attorney withdrawal).

13. Mr. Combs has been notified on multiple occasions both by mail to Mr. Combs and through email to Mr. Combs's power of attorney that Sher Tremonte would seek to withdraw as counsel unless Sher Tremonte's legal fees were paid and Mr. Combs made himself available for timely, substantive, and direct communications about this case.

14. For example, Mr. Combs was notified by mail on September 3, 2026 (and Mr. Combs's power of attorney was notified on the same date by email) that counsel would seek to withdraw due to nonpayment of legal fees and a breakdown in attorney-client communications. Subsequently, Sher Tremonte again notified Mr. Combs by mail on September 11, 2026 (and Mr. Combs's power of attorney was notified on the same date (by email) that counsel would seek to withdraw due to nonpayment of legal fees and a breakdown in attorney-client communications.

15. Mr. Combs will be provided a copy of these papers in their as-filed form.

16. Sher Tremonte respectfully requests that the Court grant the motion for leave to withdraw as counsel and stay all deadlines for 30 days to permit Mr. Combs to retain new counsel.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: New York, New York
September 24, 2026

*/s/ Michael Tremonte*
Michael Tremonte